IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSE SEEWALD, ) | |
| JINGER VUOLO and JOY DUGGAR, ) | |
| Plaintiffs, ) | |
| ) | Case No. 5:17-cv-05089-TLB |
| v. ) | |
| ) | |
| CITY OF SPRINGDALE, et al, ) | |
| Defendants. ) | |

## MOTION TO INTERVENE

COMES NOW, Movant Josh Duggar, by and through undersigned counsel, pursuant to Rule 24 of the Federal Rules of Civil Procedure, and hereby moves the Court to recognize his right to intervention under Rule 24(a), or, in the alternative, to allow his permissive intervention under Rule 24(b), and in support whereof, states and alleges as follows:

### I.  STANDING

Prior to the determination that Movant has either a right to intervene, or is eligible for permissive intervention, he must establish his Article III standing.  The standing requirements are of three parts: (1) injury; (2) causation, and (3) redressability.  *National Parks Conservation Association v. United States Environmental Protection Agency*, 759 F.3d 969, 974 (8th Cir. 2014).

Movant was the subject of a child abuse investigation conducted by members of the Springdale (Arkansas) Police Department and Washington County (Arkansas) Sheriff's Office resulting in reports created, collected or compiled by or on behalf of the Arkansas Department of Human Services ("DHS") in 2006 when he was a juvenile.  Arkansas law, A.C.A. § 12-8-505, requires that all child abuse investigations be operated and conducted in accordance with the

1

Arkansas Child Maltreatment Act, A.C.A. § 12-18-101 et seq.  The Child Maltreatment Act, requires that:

> Any data, records, reports or documents that are created, collected, or compiled by or on behalf of the Department of Human Services, the Department of Arkansas State Police, or other entity authorized under this chapter to perform investigations or provide services to children, individuals, or families shall not be subject to disclosure under the Freedom of Information Act of 1967, § 25-19-101 et seq.

A.C.A. § 12-18-104.  Since the Act mandates that the allegations and identities contained in the child abuse investigations records shall not be disclosed to the public, Movant had a reasonable expectation that the confidentiality of those records would be maintained and after a certain time, expunged.

Despite the clear language of the Arkansas law, the investigative records were released, negligently, intentionally or maliciously, by authorities of the City of Springdale and Washington County to a tabloid magazine with worldwide distribution, which records became the topic of scandalous reporting of international scope given the celebrity status of the alleged victims and the alleged juvenile offender.  As a direct and proximate result of the illegal, and arguably criminal, act in the release of those records by the separate State actor Defendants and the subsequent publication of those protected records by Defendant media companies, Movant has suffered severe emotional distress, embarrassment, humiliation and economic harm both to his personal and professional reputations.  Movant's injuries can be redressed, as much as they reasonably can be, through recovery or restitution of monetary damages and equitable relief, the award of punitive damages and attorney's fees as will be requested.

## II.  INTERVENTION

The Federal Rules of Civil Procedure, Rule 24, provides for intervention by anyone who claims an interest in pending litigation by two methods: (a) by right, or (b) by permission of the

Court. Movant is entitled to intervention by right in that, as the underage juvenile offender who was the subject of the child abuse investigative reports released by the State investigative agencies in violation of Arkansas law and, therefore, the primary focus of the legislative purpose in protecting juvenile records due to the stigma and other negative consequences including hindered educational opportunities and diminished employment prospects associated with a criminal history, the existing parties cannot adequately represent his interest. Fed.R.Civ.P. 24(a)(2). Since Rule 24 is to be construed liberally, all doubts are to be resolved in favor of Movant's Motion. *United States v. Union Electric Co.*, 64 F.3d 1152, 1158 (8th Cir. 1995).

a. Intervention of Right (Rule 24(a))

A court must permit intervention under Rule 24(a)(2) to anyone who: (1) files a timely motion to intervene, (2) claims an interest relating to the property or transaction that is the subject of the action, (3) is situated so that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect that interest, and (4) is not adequately represented by the existing parties. *National Parks Conservation Association*, supra at 975. Movant meets all the requirements.

First of all, Movant makes a timely motion. The original Complaint and Jury Demand was filed by Plaintiffs on May 18, 2017. While there exists no strict definition of timeliness, a motion to intervene made this soon after initiation of this action surely may be deemed timely.

Secondly, as a subject of the child abuse investigation reports protected by Arkansas law, Movant has a sufficient and continuing interest in seeing those rights recognized and protected not only for his sake, but for similarly situated juveniles. "The Rule promotes the efficient and orderly use of judicial resources by allowing persons, who might otherwise have to bring a lawsuit on their own to protect their interests or vindicate their rights, to join an ongoing lawsuit

instead." *Mausolf v. Babbitt*, 85 F.3d 1295 (8th Cir. 1996). The damages caused to Movant by the dissemination of confidential reports in violation of Arkansas law is similar, if not identical to, that caused to Plaintiffs in this case, but for a slight difference in perspective. Intervention by Movant will promote the "efficient and orderly use" of resources as suggested in *Mausolf*.

Third, a judgment rendered in favor of Plaintiffs would not remedy the financial, emotional and reputational damages incurred by Movant, and an adverse judgment would cause the injuries to his earning potential and reputation to accrue into perpetuity. *Id*. "The rule does not require . . . that appellants demonstrate to a certainty that their interests *will* be impaired in the ongoing action. It requires only that they show that the disposition of the action '*may* as a practical matter' impair their interests." *Little Rock School District v. Pulaski County Special School District*, 738 F.2d 82 (8th Cir. 1984).

Fourth, while existing Plaintiffs have endured harsh and unwarranted public scrutiny, have been forced to confront traumatic experiences revisited upon them by release of the protected reports, have had the most private and painful aspects of their lived exposed and experienced a wave of public humiliation due to the misconduct of Defendants, there have been some aspects of that public exposure that has elicited sympathy worldwide, and rightfully so. Not so with Movant, however, for which the confidential, highly sensitive, intensely personal and humiliating nature of the information contained in the released reports has subjected him to exposure only in an intensely negative light for actions he engaged in as an indiscrete youth and that will continue to haunt him and cause him financial and emotional injury for the rest of his life. Plaintiffs cannot properly represent that interest. Since there is only a minimum burden required of Movant to show such inadequacy, he has done so. *Mille Lacs Band of Chippewa Indians*, 989 F.2d 994 (8th Cir. 1993).

4

Movant, having satisfactorily met all the requirements of Rule 24(a) should be granted intervention by right.

### b. Permissive Intervention (Rule 24(b))

While Movant believes he possesses the right to intervene under Rule 24(a)(2), he also prays in the alternative for leave of the Court for permissive intervention pursuant to Rule 24(b). Normally, parties seeking permissive intervention pursuant to Rule 24(b) must show: (1) an independent ground for jurisdiction, (2) timeliness of the motion, and (3) that the applicant's claim or defense and the main action have a question of law or fact in common. *United States v. Union Elec. Co.,* 64 F.3d 1152, 1170 n. 9 (8th Cir.1995). Again, this motion is timely.

Movant, as do Plaintiffs herein, seeks damages, *inter alia*, under 42 U.S.C. § 1983 against the State actors in this case, giving the Court an independent basis for jurisdiction under 28 U.S.C. §§ 1331, 1343 and 1367. "It is abundantly clear that one reason the [§ 1983] legislation was passed was to afford a federal right in federal courts because, by reason of prejudice, passion, neglect, intolerance or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges, and immunities guaranteed by the Fourteenth Amendment might be denied by the state agencies." *Monroe v. Pape*, 365 U.S. 167 (1961).

In satisfaction of the third element of permissive joinder, given that Movant is the subject of the investigative reports that were illegally released in which the identities of Plaintiff victims were also released, he can most assuredly claim that he shares those common questions of law or fact.

Pursuant to F.R.C.P Rule 24(c), a copy of Plaintiff-Intervenor Complaint in Intervention setting forth his claims for which intervention is sought is attached hereto as Exhibit A.

5

WHEREFORE, Movant Josh Duggar, prays for an Order of the Court recognizing his right of intervention under Rule 24(a) of the Federal Rules of Civil Procedure, or, in the alternative, granting him permissive intervention under Rule 24(b), and for such other and further relief the Court deems just and proper.

Respectfully submitted,

STORY LAW FIRM, PLLC

By /s/ Travis W. Story_____
Travis W. Story (2008274)
Gregory F. Payne (2017008)
438 E. Millsap Rd., Suite 103
Fayetteville, AR  72703
(479) 443-3700
Fax (479) 443-3701
travis@storylawfirm.com
greg@storylawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Intervene has been served this 2nd day of June, 2017 to the following counsel by CM/ECF:

Shawn Daniels and
Sarah Jewell
Hare, Wynn, Newell and Newton, LLP
129 W. Sunbridge Drive
Fayetteville, AR  72703

Robert O'Brien,
Steven Bledsoe and
Lauren Wulfe
Larson O'Brien LLP
555 South Flower Street, Suite 4400
Los Angeles, CA  90071

/s/ Travis W. Story_____
Travis W. Story