**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR** — **PLAINTIFFS**

**V.** — **CASE NO. 5:17-CV-05089-TLB**

**CITY OF SPRINGDALE, ARKANSAS;**
**WASHINGTON COUNTY, ARKANSAS;**
**KATHY O'KELLEY, in her individual and official capacities;**
**ERNEST CATE, in his individual and official capacities;**
**RICK HOYT, in his individual and official capacities;**
**STEVE ZEGA, in his official capacity;**
**BAUER PUBLISHING COMPANY, L.P.;**
**BAUER MAGAZINE, L.P.;**
**BAUER MEDIA GROUP, INC.;**
**BAUER, INC.;**
**HEINRICH BAUER NORTH AMERICA, INC.;**
**BAUER MEDIA GROUP USA, LLC; and**
**DOES 1-10, inclusive** — **DEFENDANTS**

**BRIEF IN SUPPORT OF MOTION TO STAY ON BEHALF SEPARATE DEFENDANTS CITY OF SPRINGDALE, ERNEST CATE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, AND KATHY O'KELLEY, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES**

COME NOW the Separate Defendants, City of Springdale, Ernest Cate ("Cate"), in his individual and official capacities, and Kathy O'Kelley "(O'Kelley"), in her individual and official capacities (collectively referred to herein as the "Springdale Defendants"), by and through the undersigned attorneys, and for their Brief in Support of Motion to Stay state:

## I. INTRODUCTION

The Plaintiffs have sued the Springdale Defendants alleging that they violated the Plaintiffs' constitutional rights and committed certain intentional torts by releasing a redacted police report pursuant to the Arkansas Freedom of Information Act ("FOIA"). The Plaintiffs, as stated in the Complaint, have alleged the following six causes of action against the City

Defendants: 1) tort of invasion of privacy – public disclosure of private fact in violation of Arkansas law; 2) tort of invasion of privacy – intrusion upon seclusion in violation of Arkansas law; 3) tort of outrage in violation of Arkansas law; 4) violation of Arkansas Constitution – due process; 5) violation of 42 U.S.C. § 1983 – Fourteenth Amendment Due Process; and 6) violation of 42 U.S.C. § 1983 – *Monell.* These six causes of action alleged against the Springdale Defendants can generally be categorized as three tort claims and three constitutional claims.

The Springdale Defendants have filed a motion to dismiss Plaintiffs' claims against them in their entirety as a matter of law and also pursuant to Fed. R. Civ. P. 12(b)(6) on the bases that: 1) Cate, individually, and O'Kelley, individually, are entitled to qualified immunity on Plaintiffs' constitutional claims; 2) all Springdale Defendants are entitled to both statutory and qualified immunity from the Plaintiffs' tort claims; 3) the Plaintiffs have failed to state a claim for constitutional violations against the City of Springdale; and 4) the Plaintiffs have failed to state a claim for state tort claims against Springdale Defendants. For the reason set forth below, the Springdale Defendants request that this Court stay this proceeding in its entirety pending the resolution qualified and statutory immunity issues.

## II. LEGAL ARGUMENT

The Springdale Defendants request that the Court stay the pre-trial activities, as described below in this proceeding pending the resolution of the motion to dismiss on immunity grounds and during the pendency of any subsequent interlocutory appeals that may follow. The Springdale Defendants request that the stay include a stay of the Rule 26(f) Conference, Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1), Rule 26(f) Report, any other action required under Fed. R. Civ. P. 26, deadlines to amend the pleadings or file third party claims, any further

scheduling, discovery, and trial. Springdale Defendants further request that the Court preclude the parties or their agents or representatives from using the Arkansas FOIA to circumvent the requested stay.[1]

A stay pending resolution of the qualified and statutory immunity issues is appropriate here. Qualified immunity is an immunity from suit, not a mere defense to liability. The Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (quotation omitted). "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991). The United States Supreme Court, in addressing qualified immunity, specifically held that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Siegert, v. Gilley*, 500 U.S. at 233. As explained by the United States Supreme Court, the benefit conferred by qualified immunity to individual officials is, for the most part, lost as litigation proceeds past motion practice. *Puerto Rico Aqueduct &*

[1] Arkansas FOIA recognizes that courts can limit access to documents. See Ark. Code Ann. § 25-19-105(b)(8) ("Documents that are protected from disclosure by order or rule of court" are not subject to disclosure.) Arkansas courts also recognize that even under Arkansas's broad FOIA law, a "trial court has the inherent authority to protect the integrity of the court in actions pending before it and may issue appropriate protective orders[.]" *City of Fayetteville v. Edmark*, 304 Ark. 179, 192, 801 S.W.2d 275, 282 (1990). Federal courts also have the authority to regulate discovery. See Fed. R. Civ. P. 26. Arkansas federal courts have issued orders limiting or precluding the use of FOIA by litigant parties. *See, e.g., Sanders v. Davis*, Case No. 5:12-CV-00017 KGB (E.D. Ark. May 3, 2013), Doc. No. 15 (providing temporary reprieve from complying with Arkansas FOIA to allow court to study issue); *McMillan v. Live Nation Entertainment*, Case No. 4:11-CV-00332 JMM (E.D. Ark. May 24, 2011), Doc. No. 22 (creating rules for Arkansas FOIA requests); *Frazier v. The City of Pine Bluff, Arkansas*, Case No. 5:16-CV-00135 BSM (E.D. Ark. August 5, 2016), Doc. No. 25 (creating rules for Arkansas FOIA requests).

*Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 113 S. Ct. 684, 685, 121 L. Ed. 2d 605 (1993).

The Springdale Defendants are entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings. A stay of the pre-trial proceedings is appropriate as the Complaint may be dismissed, in whole or in part, by this Court or on an appeal as of right. Furthermore, discovery would not affect resolution of the Motion to Dismiss and would be wasteful and burdensome at this point. Finally, the Plaintiffs cannot establish prejudice with respect to the requested stay as the Springdale Defendants have recently produced in excess of 3000 pages of documents in response to an FOIA request by the Plaintiffs. A copy of the Plaintiffs' FOIA request and the Springdale Defendants' response is attached hereto as Exhibit A and B, respectively.

If the Court declines to issue a stay of the pre-trial proceedings, justice and governing law require that the Court to issue an order limiting the pre-trial litigation, pending the resolution of the immunity issues, including during the pendency of any interlocutory appeals. The Court has great flexibility in determining the time, manner and scope of discovery. *See, Crawford-El v. Britton*, 523 U.S. 574, 597–98, 118 S. Ct. 1584, 1596, 140 L. Ed. 2d 759 (1998) (holding the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.) Such flexibility allows the Court to create a discovery plan which best serves the interests of justice and the needs of a particular case. See Fed. R. Civ. P. 16(a)(3) (recognizing the purpose of discouraging wasteful pretrial activities); 16(c)(6) (recognizing the Court's authority to control the scheduling of discovery and disclosures); 16(c)(16) (recognizing the

Court's ability to take appropriate action "to facilitate the just, speedy, and inexpensive disposition of the action").

## III. CONCLUSION

For the reasons set forth herein, the Springdale Defendants respectfully request that this Court stay any and all pre-trial proceedings as described herein above in this case until such time as the qualified and statutory immunity issues are resolved, whether by resolution of the pending Motion to Dismiss or any interlocutory appeals that may follow as a matter of right.

Respectfully Submitted,

/s/ Thomas N. Kieklak
Thomas N. Kieklak (Ark. Bar No. 92262)
Email: tkieklak@arkansaslaw.com
R. Justin Eichmann (Ark. Bar No. 2003145)
E-mail: jeichmann@arkansaslaw.com
HARRINGTON, MILLER, KIEKLAK, EICHMANN & BROWN, P.A.
4710 S. Thompson, Suite 102
Springdale, AR 72764
Phone: (479) 751-6464
Fax: (479) 751-3715

and

Susan Keller Kendall (Ark. Bar No. 98119)
KENDALL LAW FIRM, PLLC
3706 Pinnacle Hills Parkway, Suite 201
Rogers, Arkansas 72758
Email: skk@kendalllawfirm.com
Phone: (479) 464-9828
Fax: (479) 464-9768
**COUNSEL FOR SPRINGDALE DEFENDANTS**

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on the 29th day of June, 2017, a true and correct copy of the above and foregoing Brief in Support of Motion to Stay on Behalf of Separate Defendants was filed with the Clerk via the CM/ECF system which will send notification of filing to the following:

Lauren S. Wulfe
Robert C. O'Brien
Steven E. Bledsoe
LARSON O'BRIEN, LLP
555 S. Flower Street
Suite 4400
Los Angeles, CA 90071
(213) 436-4888
lwulfe@larsonobrienlaw.com
robrien@larsonobrienlaw.com
sbledsoe@larsonobrienlaw.com

Shawn B. Daniels
Sara C. Jewell
HARE, WYNN, NEWELL & NEWTON, LLP
129 W. Sunbridge Drive
Fayetteville, AR 72703
479-521-7000
Fax: 479-437-2007
shawm@hwnn.com
sjewell@hwnn.com

Cynthia W. Kolb
CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.
500 President Clinton Avenue
Suite 200
Little Rock, AR 72201
(501) 371-9999
Fax: (501) 371-0035
ckolb@cgwg.com

/s/Thomas N. Kieklak
Thomas N. Kieklak (Ark. Bar No. 92262)
Email: tkieklak@arkansaslaw.com
HARRINGTON, MILLER, KIEKLAK,
EICHMANN & BROWN, P.A.
*Attorney for Springdale Defendants*
4710 S. Thompson, Suite 102
Springdale, AR 72764
Phone: (479) 751-6464
Fax: (479) 751-3715