IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JILL DILLARD; JESSA SEEWALD;
JINGER VUOLO; and JOY DUGGAR                                              PLAINTIFFS

V.                               CASE NO. 5:17-CV-5089

CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
KATHY O'KELLEY, in her individual and
official capacities; ERNEST CATE, in his
individual and official capacities; RICK HOYT,
in his individual and official capacities;
STEVE ZEGA, in his official capacity;
BAUER PUBLISHING COMPANY, L.P.;
BAUER MAGAZINE, L.P.; BAUER MEDIA
GROUP, INC.; BAUER, INC.; HEINRICH BAUER
NORTH AMERICA, INC.; BAUER MEDIA GROUP
USA, LLC; and DOES 1–10, inclusive                                         DEFENDANTS

## OPINION AND ORDER

Currently before the Court are the Motion to Stay filed by Defendants City of Springdale, Ernest Cate, and Kathy O'Kelley (collectively, "Springdale Defendants") (Doc. 23); the Response (Doc. 31) filed by Plaintiffs Jill Dillard, Jessa Seewald, Jinger Vuolo, and Joy Duggar (collectively, "Plaintiffs"); and the Motion to Adopt, Incorporate, and Join (Doc. 33) filed by Defendants Washington County, Rick Hoyt, and Steve Zega (collectively, "Washington County Defendants"). As further explained below, both Motions are **GRANTED IN PART AND DENIED IN PART**.

Plaintiffs filed their Complaint (Doc. 1) on May 18, 2017, asserting various causes of action under 42 U.S.C. § 1983, the Constitutions of the United States and the State of Arkansas, and the common law of Arkansas. The Springdale Defendants and the

1

Washington County Defendants have filed Motions to Dismiss the Complaint, asserting various defenses including qualified immunity. See Docs. 21, 29.[1] Those Motions to Dismiss are still pending.

This Court has entered an Initial Scheduling Order (Doc. 34) imposing deadlines for the parties to confer, report, and exchange initial disclosures under Fed. R. Civ. P. 26, and setting a case management hearing for September 25, 2017. The Springdale and Washington County Defendants have asked the Court to stay this proceeding, including all obligations and hearings imposed by the Initial Scheduling Order, observing that "[q]ualified immunity is an immunity from suit, not a mere defense to liability," (Doc. 24, p. 3), and contending that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed," *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Plaintiffs do not oppose the requested stay, except for two caveats. First, although the Springdale and Washington County Defendants request that the stay endure through the pendency of any subsequent interlocutory appeals, Plaintiffs object that it would be premature to decide at this time whether the stay should remain in place after the Motions to Dismiss are ruled upon. Second, Plaintiffs object to the Springdale and Washington County Defendants' request that the stay enjoin Plaintiffs from making any requests for public records under the Freedom of Information Act ("FOIA").

The Court will stay all obligations to confer, report, and exchange initial disclosures that were discussed in the Initial Scheduling Order until the Court has ruled on the pending Motions to Dismiss. However, this stay will apply only to the reciprocal obligations

---

[1] There are other defendants in this case who have not yet filed any pleading or motion in response to the Complaint. Their deadline to do so is August 22, 2017. See Doc. 15.

between Plaintiffs and the Springdale and Washington County Defendants—not to those obligations between Plaintiffs and the other Defendants who have not yet filed any responsive pleadings in this case. Furthermore, the Court will not stay the case management hearing currently set for September 25, because it will receive oral argument on those Motions at that hearing if it has not already ruled on them by then. The Court will not make any decision at this time as to whether the stay should extend beyond its ruling on the Motions to Dismiss, but after such ruling is made any party should feel free to seek a further stay to whatever extent it believes such a stay would be appropriate.

The Court will not impose any restrictions at this time on Plaintiffs' ability to make FOIA requests. The Court recognizes that the Arkansas FOIA exempts from production any "[d]ocuments that are protected from disclosure by order or rule of court." Ark. Code Ann. § 25-19-105(b)(8). The Court also recognizes that the Supreme Court of Arkansas has long recognized that "[a] trial court has the inherent authority to protect the integrity of the court in actions pending before it and may issue appropriate protective orders that would provide FOIA exemption under Section 25-19-105(b)(8)." *City of Fayetteville v. Edmark*, 304 Ark. 179, 191 (1990). But the requested stay in this case is premised entirely on certain Defendants' asserted right to immunity from suit. There is not currently any protective order in this case that could potentially be circumvented through FOIA requests. And the Court does not see how immunity from suit would imply any sort of immunity from Arkansas FOIA obligations; at any rate, none of the cases cited by Defendants stand for this proposition. *See* Doc. 24, p. 3 n.1 (collecting cases).

**IT IS THEREFORE ORDERED** that the Motion to Stay filed by Defendants City of Springdale, Ernest Cate, and Kathy O'Kelley (Doc. 23) and the Motion to Adopt, Incorporate, and Join filed by Defendants Washington County, Rick Hoyt, and Steve Zega (Doc. 33) are each **GRANTED IN PART AND DENIED IN PART** as described above.

**IT IS SO ORDERED** on this 20th day of July, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE