IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JILL DILLARD, JESSA SEEWALD,**  PLAINTIFFS
**JINGER VUOLO, and JOY DUGGAR**

vs                     CASE NO. 5:17-CV-05089-TLB

**CITY OF SPRINGDALE, ARKANSAS;**  DEFENDANTS
**WASHINGTON COUNTY, ARKANSAS;**
**KATHY O'KELLEY, in her individual and**
**official capacities;**
**ERNEST CATE, in his individual and official capacities;**
**RICK HOYT, in his individual and official capacities;**
**STEVE ZEGA, in his official capacity;**
**BAUER PUBLISHING COMPANY, L.P.;**
**BAUER MAGAZINE, L.P.;**
**BAUER MEDIA GROUP, INC.;**
**BAUER, INC.;**
**HEINRICH BAUER NORTH AMERICA, INC.;**
**BAUER MEDIA GROUP USA, LLC; and**
**DOES 1-10, inclusive**

## REPLY TO PLAINTIFFS' OPPOSITION TO CITY DEFENDANTS' MOTION TO DISMISS

COME NOW the Separate Defendants, City of Springdale ("City"), Ernest Cate ("Cate"), in his individual and official capacities, and Kathy O'Kelley ("O'Kelley"), in her individual and official capacities (collectively referred to herein as the "Springdale Defendants"), by and through the undersigned attorneys, and for their Brief in Support of Motion to Dismiss state as follows:

### I.      INTRODUCTION

In addition to establishing that Plaintiffs have failed to allege facts necessary to establish its constitutional and state law tort claims against the Springdale Defendants, the Springdale Defendants have set forth that Cate and O'Kelley are entitled to qualified immunity against all

1

such claims and that they should be dismissed. *See* Motion to Dismiss of Separate Defendants City of Springdale, Ernest Cate, in his Individual and Official Capacities, and Kathy O'Kelley in her Individual and Official Capacities (Docket No. 21) and Brief in Support of Motion to Dismiss of Separate Defendants City of Springdale, Ernest Cate, in his Individual and Official Capacities, and Kathy O'Kelley in her Individual and Official Capacities (Docket No. 22). Despite attempts to do so in their Response, Plaintiffs still cannot meet the pleading requirements for their constitutional and state law tort claims. Plaintiffs' alleged facts do not permit their case to move forward against the Springdale Defendants, and thus their claims must now be dismissed against the Springdale Defendants with prejudice.

## II.   ARGUMENT

### A. Plaintiffs' Factual Allegations Amount At Best to Negligence and Do Not Reach the Deliberate Indifference Standard Required by § 1983.

In Response to the Defendants' Motion to Dismiss, the Plaintiffs set forth in their Brief in Support of Plaintiffs' Opposition to City Defendants' Motion to Dismiss (Docket No. 32) that the conduct alleged in their Complaint meets the high burden of culpability required in order to establish a § 1983 substantive due process claim. This case is governed by Eighth Circuit precedent in *Hart v. Little Rock*, a case where the plaintiffs alleged that the release of police officer's personnel files to the lawyer of a criminal defendant was a violation of § 1983 substantive due process rights of the police officers. *Hart v. Little Rock*, 432 F.3d 801 (8th Cir. 2005). As in this case, the plaintiffs in *Hart* failed to meet the requisite standard of culpability because they could not establish that at the precise moment the defendant released the records that she "recognized and deliberately disregarded the substantial risk of serious harm." *Id* at 807.

Plaintiffs' Complaint and Response contains no allegations in the Complaint or argument that reaches the high bar of culpability described in *Hart*. In fact, the Plaintiffs ignore the

2

elements of deliberate indifference and instead rest on assertions of mere negligence, using words such as "hastily and improperly", "failed to consult", "attempted to take back...but were too late" and "belated request" all of which signify at best a mistake or negligence, and not intentional conduct arising to deliberate indifference. (See Response pp. 4-5).[1]  Or, that despite the redactions of the Plaintiffs' names and other identifying information, that web-sites and blogs dedicated to Plaintiffs' notoriety could sleuth the identities through the length of the redactions that were made to the Offense Report.  (See *Response* 10-11; *Complaint* paragraph 67).   The only allegation that tries to approach the required culpability appears to be the wholly imagined and factless motive in which Cate and O'Kelley are seeking to capitalize on the potential for publicity.  (*See Response* p. 4 and *Complaint* paragraphs 53 & 54).  There are simply no facts alleged by the Plaintiffs to support this fictional motive, and as such the allegations cannot support the required element of culpability. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "we are not bound to accept as true a legal conclusion couched as a factual allegation") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007).

    **B.** **Plaintiffs Misstate Eighth Circuit Jurisprudence in the Attempt to Broaden What Constitutes Clearly Established Law for Qualified Immunity.**

Cate and O'Kelley are entitled to dismissal under qualified immunity because the law pertaining to disclosure of the Offense Report was not clearly established.  As set forth in the Springdale Defendants' Motion to Dismiss, there was no law to clearly establish that the release of a redacted police report pursuant to a FOIA request would violate the constitutional rights of

---

[1] Plaintiffs have taken liberties with the allegations in their Complaint and Response to confuse the interactions between Abtin Mehdizadegan and the City Defendants to also include the "In Touch Defendants".   For the purposes of the Motion to Dismiss, this confusion is immaterial except to the extent that it appears designed to add greater weight to already threadbare allegations.

the Plaintiffs. Because no such law exists, Plaintiff's contend that the Eighth Circuit takes a "broad view" of what constitutes clearly established law. This is an incorrect statement Eighth Circuit law in the Eighth Circuit. (See *Response Brief* pp. 12-13). In fact, the United States Supreme Court has admonished lower court's application of such a broad test. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015) (citation omitted). The correct inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Mullenix*, 136 S.Ct. at 308. "There does not need to be a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Wallace v. City of Alexander, Arkansas*, 843 F.3d 763 (8th Cir. 2016) (*citing Al-Kidd*, 563 U.S. at 741); *Williams v. Jackson*, 600 F.3d 1001, 1013 (8th Cir. 2010) (citation omitted). Indeed, "the contours of a right are sufficiently clear that *every* reasonable official would have understood what he is doing violates that right." *Al-Kidd*, 563 U.S. at 741 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)) (emphasis added) (internal quotations omitted). With no such broad view to be applied, and with the constitutional question following well short of being "beyond debate", Cate and O'Kelley must be granted qualified immunity.

1. **Plaintiff's Misplaced Reliance on Arkansas Attorney General Opinions In No Way Demonstrates Clearly Settled Law.**

The Attorney General's opinions relied upon by the Plaintiffs do not have the precedential value to *clearly establish* the law in this area, and are a tacit admission that there is not clear caselaw which would put Cate and O'Kelley, no less "every reasonable officer" on notice that their actions clearly violated the Plaintiffs' rights. For example, Ark. Op. Atty. Gen No. 2009-173 opines that Ark. Code. Ann § 16-90-1104(b) *probably* qualifies as a FOIA exemption even though, as Plaintiffs admit, the exemption is not express. Ark. Op. Atty. Gen. No. 2003-157 is misapplied, and has been selectively quoted by the Plaintiffs, as Ark. Code. Ann

§ 9-27-352 only protects certain juvenile records, those pertaining to arrest, detention or juvenile court, none of which are implicated by Springdale Offense Report. Ark. Op. Atty. Gen. No. 2016-068 was issued well after the disclosure of the Offense Report. Arkansas Attorney General opinions are not binding precedent. *See Ark. Prof'l. Bail Bondsman Licensing Bd. v. Oudin*, 348 Ark. 48, 69 S.W.3d 855 (2002); see also *Carroll v. Hobbs*, 2014 Ark. 395, 5, 442 S.W.3d 834, 838 (2014). Nothing could be farther from "clearly established law" than reliance on these three opinions, except for Plaintiffs' additional reliance on an order from Judge Zimmerman's juvenile court that was issued *after* the disclosure of the Offense Report was made.

2. **The Arkansas Legislature's Passage of Act 891 of 2017 Establishes that the Law of Disclosure Was Not Clearly Established at the Time of Disclosure.**

In their 2017 regular session, the Arkansas Legislature passed an Act, in which the law regarding the release of records that are plainly similar to the Offense Report redacted and released in this case. Act 891 of 2017, which was approved on April 4, 2017, amends the Arkansas law concerning confidential juvenile records that are not subject to disclosure under the Arkansas FOIA. The new Act adds the following clarifying language to the juvenile:

> "…and the records of an investigation that is conducted when the allege offender is and adult and relates to an offense that occurred when the alleged offender was a juvenile."

Act 891 of 2017, lines 27-29.

This addition to the juvenile code, referenced at paragraphs 7 and 71 of the Complaint, follows the fact pattern of their complaint to the letter (Plaintiffs' allege that the perpetrator was a minor when the offenses to them occurred at paragraph 2 of the Complaint). While Plaintiffs urge that the law governing release of such records was clearly established, the Arkansas legislature made changes that, at the very least, clarify the law of disclosure in Arkansas. The fact that this law, integral to the Plaintiffs' claims, was altered to specifically address the situation in Plaintiffs'

5

complaint, a year after disclosure, is dispositive that the law surrounding disclosure under the FOIA, relied upon by Plaintiffs, was anything but clearly established. Cate and O'Kelley must thus be afforded dismissal under qualified immunity.

## II.     Plaintiffs' Response Fails to Support a Claim for Municipal Liability.

Plaintiffs allege that Cate was a final policy maker through a delegation of authority from the City Council. This assertion is not true on its face. Plaintiffs' Response cite to Springdale Municipal Code § 2-86 and Springdale Personnel & Procedures Manual, § 3.7[2] to set forth the concept, not unique to government entities across the county, whereby the department heads in the city are to supply responses to FOIA requests. The policy provides that if those department heads for the City need assistance with a request, then the department head seek legal advice from the City Attorney (in the language of the code, the City Attorney "shall confer with the department head on the action to be taken"). Under the most generous of interpretations of the code and policy enacted by the City Council, the City Council delegates authority to respond to FOIA requests to City department heads and sets forth that these department heads can receive legal advice. The provision of legal advice does not make Cate a final policymaker, and Plaintiffs have provided no law to that effect even though it is their burden to do so, and instead they rely upon a letter sent from Judge Zimmerman to Cate *after* the disclosure that mentions the word "policy". Such an after-the-fact letter by a juvenile judge does not make Cate a policymaker, but even further, the referenced letter does not appear anywhere in the Complaint and thus is outside of the pleadings before the Court. "However, it is axiomatic that a complaint

---

[2] Neither Springdale Municipal Code § 2-86 nor the Springdale Personnel & Procedures Manual, § 3.7 are contained in the Plaintiffs' Complaint and are improperly raised for the first time in their Response to the Motion to Dismiss. Further, Springdale Personnel & Procedures Manual, § 3.7 is titled "Conduct with the Media" and is only partially reproduced by Plaintiffs in their Response. The argument that Cate is a final policymaker is premised entirely on matters lying outside the scope of the pleadings and improper for the purposes of this motion.

may not be amended by the briefs in opposition to a motion to dismiss." *Morgan Distributing Company, Inc. v. Unidynamic Corporation*, 868 F.2d 992, 995 (8th Cir.1989) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

To determine whether a government official serves as the final policymaker, we consult two sources: "(1) 'state and local positive law' and (2) state and local '"custom or usage" having the force of law.'" *Thompson v. Shock*, 852 F.3d 786, 793 (8th Cir. 2017) (quoting *Jett v. Dall. Indep. Sch. Dist., 491 U.S. 701*, 737 (1989)). The fact that a particular official -- even a policymaking official -- has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-483 (1986) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822-824 (1985). The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable. No allegation of state and local positive law or state and local custom and usage having the force of law has been made, nor any distinction that would raise the legal advice provided to City department heads by the City Attorney, as more than an exercise of discretion. As Plaintiffs conceded that O'Kelley is not a policymaker, there is no path to municipal liability for the Plaintiffs in this case; therefore the City of Springdale should be dismissed.

### III. Springdale Defendants are not Liable for the Torts Alleged in the Complaint.

Plaintiffs' allegations against Springdale Defendants amount to negligence, only. *See, supra.* In their response, Plaintiffs are unable to point to any *factual* allegations – only conclusions – to support their claims of intentional torts against the Springdale Defendants. Factual allegations asserting negligent actions are the death knell to the Plaintiffs' intentional tort claims.

For example, with respect to Plaintiffs' claim for the tort of invasion of privacy based upon intrusion upon seclusion, such tort occurs when an actor "believes, or is substantially certain, that he lacks the necessary legal or personal permission to commit the intrusive act." *Wal-Mart Stores, Inc. v. Lee*, 348 Ark. 707, 721, 74 S.W.3d 634, 645 (2002). Notably, the standard is not whether the Springdale Defendants "knew or should have known" that they lacked the necessary legal authority or permission to release the redacted police report. The standard is much more demanding in that the Plaintiffs must plead that the Springdale Defendants believed or were substantially certain that they lacked the necessary legal authority. The Plaintiffs have not – and cannot – plead facts to establish that Cate or O'Kelley believed or were substantially certain that the release of the redacted police report pursuant to the FOIA would violate the Plaintiffs' privacy rights. As set forth *supra,* the law was not clearly established at the time of the release of the redacted report to establish that Springdale Defendants lacked legal authority or permission to release the redacted police report. Plaintiffs attempt to cure their pleading deficiency by arguing the conclusion that the "City Defendants acted out of desire for publicity." (*Response* p. 28.) This is not a fact, but rather a mere conclusion seeking to assign motive.

Ignoring the Plaintiffs' wholly unsupported conclusions and accepting only their facts as true, the Plaintiffs have alleged mere negligence against the Springdale Defendants to establish their intentional torts claims. As such, the Plaintiffs' claim must be dismissed.

## CONCLUSION

Plaintiffs have crafted a case against the Springdale Defendants and others using factual allegations, which taken as true at this stage for the analysis under the Motion to Dismiss, amount to negligence. Their conclusions of motive lack any facts required under the federal

rules, therefore do not help them meet the substantial burden of deliberate indifference. The Springdale Defendants are entitled to dismissal of all claims, and Cate and O'Kelley are specifically and rightfully entitled to the protections provided by qualified immunity. Finally, the tort theories advanced by the Plaintiffs lack the requisite allegations of intentional conduct necessary to sustain these claims and the individuals are entitled to tort immunity from these claims.

Respectfully Submitted,

/s/ R. Justin Eichmann
R. Justin Eichmann (Ark. Bar No. 2003145)
E-mail:  jeichmann@arkansaslaw.com
Thomas N. Kieklak (Ark. Bar No. 92262)
Email:  tkieklak@arkansaslaw.com
HARRINGTON, MILLER, KIEKLAK,
EICHMANN & BROWN, P.A.
4710 S. Thompson, Suite 102
Springdale, AR  72764
Phone: (479) 751-6464
Fax: (479) 751-3715

and

Susan Keller Kendall (Ark. Bar No. 98119)
KENDALL LAW FIRM, PLLC
3706 Pinnacle Hills Parkway, Suite 201
Rogers, Arkansas 72758
Email:  skk@kendalllawfirm.com
Phone: (479) 464-9828
Fax: (479) 464-9768
**COUNSEL FOR SPRINGDALE DEFENDANTS**

## CERTIFICATE OF SERVICE

  I, the undersigned, do hereby certify that on 25th day of July, 2017, a true and correct copy of the above and foregoing was filed with the Clerk via the CM/ECF system which will send notification of filing to the following:

| | |
|---|---|
| Lauren S. Wulfe<br>Robert C. O'Brien<br>Steven E. Bledsoe<br>LARSON O'BRIEN, LLP<br>555 S. Flower Street<br>Suite 4400<br>Los Angeles, CA 90071<br>(213) 436-4888<br>lwulfe@larsonobrienlaw.com<br>robrien@larsonobrienlaw.com<br>sbledsoe@larsonobrienlaw.com | Shawn B. Daniels<br>Sara C. Jewell<br>HARE, WYNN, NEWELL & NEWTON, LLP<br>129 W. Sunbridge Drive<br>Fayetteville, AR 72703<br>479-521-7000<br>Fax: 479-437-2007<br>shawm@hwnn.com<br>sjewell@hwnn.com |
| Cynthia W. Kolb<br>CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.<br>500 President Clinton Avenue<br>Suite 200<br>Little Rock, AR 72201<br>(501) 371-9999<br>Fax: (501) 371-0035<br>ckolb@cgwg.com | Elizabeth Anne McNamara<br>Jamie Somoza Raghu<br>Davis Wright Tremaine LLP<br>1251 Avenue of the Americas, 21st Floor<br>New York, NY 10020<br>lizmcnamara@dwt.com<br>jamieraghu@dwt.com |
| Jason E. Owens<br>Rainwater, Holt & Sexton, P.A.<br>P.O. Box 17250<br>Little Rock, AR 72222-7250<br>owens@rainfirm.com | |

            /s/ R. Justin Eichmann
            R. Justin Eichmann
            Arkansas Bar No. 2003145
            HARRINGTON, MILLER, KIEKLAK,
            EICHMANN AND BROWN, P.A.
            *Attorney for Springdale Defendants*
            4710 S. Thompson, Suite 102
            Springdale, AR 72764
            (479)751-6464