IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JILL DILLARD, JESSA SEEWALD,
JINGER VUOLO, and JOY DUGGAR                                          PLAINTIFFS

V.                              CASE NO. 5:17-CV-5089

CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
KATHY O'KELLEY, in her individual and
official capacities; ERNEST CATE, in his
individual and official capacities; RICK HOYT,
in his individual and official capacities;
STEVE ZEGA, in his official capacity;
BAUER PUBLISHING COMPANY, L.P.;
BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP,
INC.; BAUER, INC.; HEINRICH BAUER NORTH
AMERICA, INC.; BAUER MEDIA GROUP USA, LLC;
and DOES 1-10, inclusive                                              DEFENDANTS

## AMENDED
## INITIAL SCHEDULING ORDER

This Order supercedes and replaces the Initial Scheduling Order issued on July 17, 2017 (Doc. 34). **IT IS HEREBY ORDERED** that the following dates, deadlines, and procedures shall govern the initial proceedings in this matter:

1. **A Case Management Hearing is reset for OCTOBER 13, 2017, at 1:30 Pm in the fifth floor courtroom in Fayetteville.**[1]

This hearing will be the scheduling conference contemplated by Fed. R. Civ. P. 16(b)(1)(B). The purpose of this conference is to assess the pretrial needs of the

---

[1] Out of area attorneys may request in writing (via email - tlbinfo@arwd.uscourts.gov) to participate by phone if they so choose. Such attorney(s) should promptly provide chambers with contact information for the teleconference operator.

case and to assist the Court in crafting an appropriately tailored Case Management Order. Counsel should be prepared to identify and discuss all genuinely disputed issues of fact and law and the matters set forth in the parties' Rule 26(f) Report. The Court will also hear argument on any pending motions which may be ripe for consideration.

2. **The parties shall jointly conduct a Rule 26(f) Conference by no later than SEPTEMBER 15, 2017.**

*In preparation for* the parties' conference, Counsel should confer with their respective clients as soon as possible to assess the nature, scope, and accessibility of the information and documents subject to timely disclose pursuant to Rule 26(a)(1). In addition to the informational and descriptive disclosures *required* by Rule 26(a)(1), the parties must discuss and are **strongly encouraged** to agree upon the early identification and actual production (or inspection) of documents—instead of waiting for formal discovery requests. Ideally, any documents that are central to the parties' claims, damages, and defenses, should be provided with the "Initial Disclosures."

*During* the parties' Rule 26(f) conference, the discussions should focus on:

    (1)    The types and scope of discovery and the length of time necessary to complete it;

    (2)    Applicable topics and items set forth at Rule 26(f)(2) and (3);

    (3)    Other matters necessary to prepare the Joint Rule 26(f) Report and attachments;

   (4) Counsel's respective expectations as to the scope and categorical content of the information and documents to be provided or inspected as part of the required Initial Disclosures; and

   (5) The identification of the core discovery documents reasonably capable of production with the required Initial Disclosures, as well as the scope, logistics, feasibility, and timing of such production.

3. **The parties shall jointly prepare and file a Rule 26(f) Report by no later than SEPTEMBER 29, 2017.** *DO NOT USE* **the report outline contemplated by Local Rule 26.1. Instead, the parties must use the outline and format found here.**[2]

4. **Each party shall make their Initial Disclosures as required by Fed. R. Civ. P. 26(a)(1)—and produce core discovery documents as agreed—by no later than OCTOBER 6, 2017.**

  Ordinarily, the fact that a dispositive motion is pending does not excuse the obligation to provide mandatory disclosures pursuant to Rule 26(a)(1). However, where reasonable and appropriate, a party may object to making Initial Disclosures pursuant to Rule 26(a)(1)(C), and any such objections will be addressed during the Case Management Hearing.[3] In the absence of an appropriate objection, the Court expects the parties to provide all responsive disclosures and complete any agreed

---

[2] Or follow this link to an electronic version of the outline on the Court's website - http://www.arwd.uscourts.gov/judge-brooks-forms

[3] An appropriate objection as to any particular required disclosure shall not relieve the party from providing disclosures as to non-objectionable matters.

document production by no later than the specified deadline.[4]  Any alleged deficiencies and/or the need for supplemental disclosures should be brought to the Court's attention prior to or during the Case Management Hearing.

5.   **The Trial Date will be set during the Case Management Hearing**.

The parties should discuss and realistically assess the amount of time reasonably necessary to complete discovery, as this is the Court's main consideration when setting the trial term and other case management deadlines. The Court will typically adopt the parties' reasonable and mutually agreed discovery deadline—with the understanding that the trial date set during the Case Management Hearing is "firm" and no continuances will be granted absent extraordinary good cause.  Counsel should also discuss and determine a consensus estimate of how long the trial will last.  Counsel attending the Case Management Hearing must be authorized to discuss and commit to scheduling deadlines and trial dates.  Any conflicts or objections to the Court's proposed trial dates must be made known at that time.  Counsel should bring their calendars and any other information necessary to determine conflicts with proposed trial dates.

6.   **Commencement of Discovery**.  The parties may commence formal discovery in accordance with the Rules.  See Fed.R.Civ.P. 26(d).

7.   **No Waiver of Privilege**.  Pursuant to Fed. R. Evid. 502(d), the Court hereby orders that any inadvertent disclosure of privileged information or documentation in response to *any* discovery production, including Rule 26(a)(1) disclosures and agreed document productions, shall not constitute a waiver of any applicable privileges in this

---

[4] Upon advance written request–for good cause shown–the Court may extend the deadline for required and/or agreed document productions.

4

case, or in any other case or respect.  The purpose of this provision is to reduce the concern of a party that it must conduct exhaustive and expensive pre-production review of information/documents prior to producing the same.

8. **Motions**.  Counsel must be prepared to argue any motions–dispositive or otherwise–that become ripe for consideration on or before the Case Management Hearing.

**IT IS SO ORDERED** on this 31st day of July, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE