**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**JILL DILLARD, JESSA SEEWALD,**                    **PLAINTIFFS**
**JINGER VUOLO, and JOY DUGGAR**

**vs.**                    **CASE NO. 5:17-5089-TLB**

**CITY OF SPRINGDALE, ARKANSAS;**                    **DEFENDANTS**
**WASHINGTON COUNTY, ARKANSAS;**
**KATHY O'KELLEY, in her individual and**
**official capacities;**
**ERNEST CASE, in his individual and official capacities;**
**RICK HOYT, in his individual and official capacities;**
**STEVE ZEGA, in his official capacity;**
**BAUER PUBLISHING COMPANY, L.P.;**
**BAUER MAGAZINE, L.P.;**
**BAUER MEDIA GROUP, INC.;**
**BAUER, INC.;**
**HEINRICH BAUER NORTH AMERICA, INC.;**
**BAUER MEDIA GROUP USA, LLC; and**
**DOES 1-10, inclusive**

**BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE SUBMITTED ON BEHALF OF SEPARATE DEFENDANTS CITY OF SPRINGDALE, ERNEST CATE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, AND KATHY O'KELLEY IN HER INDIVIDUAL AND OFFICIAL CAPACITIES**

### I. Introduction

The Separate Defendants, City of Springdale, Ernest Cate ("Cate"), in his individual and official capacities, and Kathy O'Kelley ("O'Kelley"), in her individual and official capacities (collectively referred to herein as the "Springdale Defendants" ) move this Court pursuant to Rule 42 of the Federal Rules of Civil Procedure to consolidate for all purposes, including discovery and trial, two actions pending before this Court: 1) Case No. 5:17-5089-TLB (hereinafter referred to as the "First Duggar Case"); and 2) Case No. No. 5:17-5125-TLB (hereinafter referred to as the "Josh Duggar Case").   The Springdale Defendants are submitting Motions to Consolidate and supporting

briefs in both actions, contemporaneously.

Rule 42 of the Federal Rules of Civil Procedure allows consolidation of actions that share common questions of law and fact.   The First Duggar Case and the Josh Duggar Case share effectively identical questions of law and fact.  Indeed, it appears as though the Complaint filed in the Josh Duggar case is the same Complaint filed in the First Duggar Case with minor changes.  The questions of fact, questions of law, legal claims and legal defenses are the same.  Consolidation of the two actions for all purposes will save all parties and this Court unnecessary cost and delay. Subjecting the Springdale Defendants to two separate trials on the same issues of fact and law would highly prejudice the Springdale Defendants and subject them to the risk of inconsistent rulings.  For the reasons set forth herein, the Springdale Defendants respectfully move this Court to consolidate the actions.

## II.  Factual Background

In both Duggar cases, the Plaintiffs have made allegations against the Springdale Defendants; Washington County as well as certain individuals and officials of Washington County (collectively referred to herein as "Washington County Defendants");  and various corporate entities alleged to own, control and/or publish In Touch Weekly (collectively referred to herein as "In Touch Defendants").  In both cases, the Plaintiffs have alleged:  1) the Springdale Defendants wrongfully released a redacted police report pursuant to an Arkansas Freedom of Information Act (FOIA) request; 2) the Washington County Defendants wrongfully released a redacted police report pursuant to an FOIA request; and 3) In Touch wrongfully published the information contained in both police reports.     As alleged by all the Plaintiffs, the City and the County police reports contained information regarding an investigation that Josh Duggar engaged in inappropriate sexual contact with the Plaintiffs in the First Duggar Case.

On May 18, 2017, the Plaintiffs in the First Duggar case filed their complaint and alleged the

following causes of action:

    a.  Allegations against all Defendants:
       1)  Invasion of Privacy – Public Disclosure of Private Facts;
       2)  Invasion of Privacy – Intrusion Upon Seclusion;
       3)  Tort of Outrage

    b.  Allegations against In Touch:
       1)  Invasion of Privacy – Appropriation;

    c.  Allegations against Springdale Defendants and Washington County Defendants:
       1)  Violation of the Arkansas Constitution – Due Process;
       2)  42 U.S.C. § 1983 – Fourteenth Amendment Due Process; and
       3)  42 U.S.C. § 1983 – *Monell.*

(Complaint in First Duggar Case, Docket No. 1)

On June 2, 2017, Josh Duggar filed a Motion to Intervene in the First Duggar Case (Docket

No. 11) whereby he sought to intervene by right and by permission pursuant to Fed. R. Civ. P. 24(a)

and (b), respectively.  Josh Duggar attached to his Motion to Intervene a proposed Complaint in

Intervention.  (First Duggar Case, Docket No. 11, Ex. A).  Josh Duggar's proposed Complaint in

Intervention is the same Complaint filed by the Plaintiffs in the First Duggar Case except that Josh

Duggar substituted himself as the Plaintiff.  In arguing that he was entitled to intervene in the First

Duggar Case, Josh Duggar argued:

> The damages caused to [Josh Duggar] by the dissemination of
> confidential reports in violation of Arkansas law is (sic) similar, if not
> identical to, that caused to Plaintiffs in [the First Duggar Case], but
> for slight differences in perspective.  Intervention by [Josh Duggar]
> will promote the "efficient and orderly use" of resources[.]

 (First Duggar Case, Docket No. 11, p. 4).  Josh Duggar further argued that he could "most

assuredly" claim that he shares common questions of law or facts with the Plaintiffs in the First

Duggar Case.  (First Duggar Case, Docket No. 11, p. 5.)

On June 16, 2017, Josh Duggar moved to withdraw his Motion to Intervene in the First Duggar Case. (First Duggar Case, Docket No. 13.)  Also on June 16, 2017, this Court granted the Motion to Withdraw the Motion to Intervene by text order.

On July 6, 2017, after withdrawing his Motion to Intervene, Josh Duggar filed his own action before this Court in Case No. 5:17-5125-TLB.   The Complaint filed by Josh Duggar is, again, virtually identical to the Plaintiffs' Complaint filed in the First Duggar Case.   The only changes between the legal claims asserted in the First Duggar Case and that in the Josh Duggar Case are that Josh Duggar:  1) dropped all individual capacity claims except for those against Chief O'Kelley; 2) added an official capacity claim against the Mayor of Springdale[1] ; 3) added the defendant Cross, Gunter Witherspoon & Galchus, P.C., a law firm representing In Touch with respect to its FOIA requests, to his invasion of privacy claim; and 4) added the State of Arkansas, Department of Human Services to his § 1983 claim.   These changes are immaterial for purposes of consolidation.   Josh Duggar asserts the very same claims based upon the same release of the same police reports as the Plaintiff in the First Duggar Case.  Josh Duggar claims mirror those of  his sisters and are:  1) Invasion of Privacy – Public Disclosure of Private Facts;  2) Invasion of Privacy – Intrusion Upon Seclusion; 3) Tort of Outrage; 4) Invasion of Privacy – Appropriation; 5) Violation of the Arkansas Constitution – Due Process; 6) 42 U.S.C. § 1983 – Fourteenth Amendment Due Process; and 7) 42 U.S.C. § 1983 – *Monell.*   The questions of fact, questions of law, legal claims and legal defenses thereto are still identical.

---

[1] The addition of a claim against Doug Sprouse, in his official capacity as Mayor of the City of Springdale, provides no distinction between the two Complaints.  The official capacity claim is actually a claim against the City of Springdale, which is also a named defendant in the First Duggar Case.  "[A] suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Elder–Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir.2006) *(citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)).

### III.  Legal Argument

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> (a)  Consolidation. If actions before the court involve a common question of
>       law or fact, the court may:
>       (1) join for hearing or trial any or all matters at issue in the actions;
>       (2) consolidate the actions; or
>       (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).    A motion to consolidate, pursuant to Rule 42(a), Federal Rules of Civil

Procedure, is entrusted to the sound discretion of the Court, and an order of consolidation will be

upheld unless there has been a clear abuse of that discretion.  *E.E.O.C. v. HBE Corp.,* 135 F.3d 543,

550 (8th Cir. 1998) (upholding consolidation of two separate plaintiffs' race discrimination cases

brought against the same defendant where the cases shared common questions of law and fact).

Consolidation is a valuable and important tool of judicial administration as it can expedite the trial,

avoid duplication of effort, and promote consistency.  *See Muldrow v. United States*, 2007 WL

582184, *4 (E.D. Ark. February 20, 2007) (*citing Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d

121, 130 (2d Cir. 1999)).

In the present case, the two actions are virtually identical.  In both cases, the Plaintiffs assert

the same causes of action for the same release of the same police reports for which the Defendants

will assert the same legal defenses.  The disputed and undisputed facts in both cases are the same; the

evidence to be presented in both cases is the same; the witnesses will undoubtedly be the same; the

Plaintiffs' legal claims are the same; and the defenses thereto are the same.   Furthermore, the cases

are at the same stage of litigation and neither case has commenced discovery.  The Defendants will

be prejudiced if the actions are not consolidated as they will be forced to duplicate its discovery

efforts and the trial.  To hold two different trials on the same legal and factual issues will create a

risk of inconsistent adjudications of common factual and legal issues, a risk of inconsistent verdicts,

5

confusion, unnecessary repetition, and excessive costs, and is contrary to the principle and purpose of consolidation.   Conversely, consolidation would pose no significant risk of confusion or unfairness to any of the Plaintiffs.  The factors favoring consolidation outweigh any opposing considerations as there are none.

## IV. Conclusion

For the reasons set forth in the Motion to Consolidate and the supporting brief, Springdale Defendants respectfully requests that the Court grant their Motion to Consolidate pursuant to Fed. R. Civ. P. 42(a) thereby consolidating into a single action Case No. 5:17-CV-05089-TLB and Case No. 5:17-CV-5125-TLB.

Respectfully Submitted,

/s/ Thomas N. Kieklak
Thomas N. Kieklak (Ark. Bar No. 92262)
Email:  tkieklak@arkansaslaw.com
R. Justin Eichmann (Ark. Bar No. 2003145)
E-mail:  jeichmann@arkansaslaw.com
HARRINGTON, MILLER, KIEKLAK,
EICHMANN & BROWN, P.A.
4710 S. Thompson, Suite 102
Springdale, AR  72764
Phone: (479) 751-6464
Fax: (479) 751-3715

and

Susan Keller Kendall (Ark. Bar No. 98119)
KENDALL LAW FIRM, PLLC
3706 Pinnacle Hills Parkway, Suite 201
Rogers, Arkansas 72758
Email:  skk@kendalllawfirm.com
Phone: (479) 464-9828
Fax: (479) 464-9768
**COUNSEL FOR SPRINGDALE DEFENDANTS**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on 10th day of August, 2017, a true and correct copy of the above and foregoing was filed with the Clerk via the CM/ECF system which will send notification of filing to the following:

| | |
|---|---|
| Lauren S. Wulfe<br>Robert C.  O'Brien<br>Steven E. Bledsoe<br>LARSON O'BRIEN, LLP<br>555 S. Flower Street<br>Suite 4400<br>Los Angeles, CA 90071<br>(213) 436-4888<br>lwulfe@larsonobrienlaw.com<br>robrien@larsonobrienlaw.com<br>sbledsoe@larsonobrienlaw.com | Shawn B. Daniels<br>Sara C. Jewell<br>HARE, WYNN, NEWELL & NEWTON, LLP<br>129 W. Sunbridge Drive<br>Fayetteville, AR 72703<br>479-521-7000<br>Fax: 479-437-2007<br>shawm@hwnn.com<br>sjewell@hwnn.com |
| Cynthia W. Kolb<br>CROSS, GUNTER, WITHERSPOON &<br>GALCHUS, P.C.<br>500 President Clinton Avenue<br>Suite 200<br>Little Rock, AR 72201<br>(501) 371-9999<br>Fax: (501) 371-0035<br>ckolb@cgwg.com | Elizabeth Anne McNamara<br>Jamie Somoza Raghu<br>Davis Wright Tremaine LLP<br>1251 Avenue of the Americas, 21st Floor<br>New York, NY 10020<br>lizmcnamara@dwt.com<br>jamieraghu@dwt.com |
| Jason E. Owens<br>Rainwater, Holt & Sexton, P.A.<br>P.O. Box 17250<br>Little Rock, AR 72222-7250<br>owens@rainfirm.com | |

/s/ Thomas N. Kieklak
Thomas N. Kieklak
Arkansas Bar No. 92262
HARRINGTON, MILLER, KIEKLAK,
EICHMANN AND BROWN, P.A.
*Attorney for Springdale Defendants*
4710 S. Thompson, Suite 102
Springdale, AR 72764
(479)751-6464