### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT ARKANSAS
### FAYETTEVILLE DIVISION

------------------------------------------------------------- x

JILL DILLARD, JESSA SEEWALD, JINGER
VUOLO, and JOY DUGGAR,

              Plaintiffs,

           - against -

CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
KATHY O'KELLEY, in her individual and
official capacities; ERNEST CATE, in his
individual and official capacities; RICK HOYT,
in his individual and official capacities; STEVE
ZEGA, in his official capacity; BAUER
PUBLISHING COMPANY, L.P.; BAUER
MAGAZINE, L.P.; BAUER MEDIA GROUP,
INC.; BAUER, INC.; HEINRICH BAUER
NORTH AMERICA, INC.; BAUER MEDIA
GROUP USA, LLC; and DOES 1-10, inclusive,

              Defendants.

------------------------------------------------------------- x

Civil Action No.: 17 Civ. 5089 (TLB)

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY BY DEFENDANTS BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA SALES, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; AND <u>BAUER MEDIA GROUP USA, LLC</u>

Defendants, Bauer Publishing Company, L.P.; Bauer Magazine, L.P. ("Bauer

Magazine"); Bauer Media Sales, Inc.; Bauer, Inc.; Heinrich Bauer North America, Inc.; and

Bauer Media Group USA, LLC (collectively, the "Bauer Defendants") hereby submit this

memorandum of law in support of their motion for an order staying this proceeding and

discovery until the Court rules on the Bauer Defendants' motion to dismiss.

### <u>INTRODUCTION</u>

Plaintiffs, Jill Dillard, Jessa Seewald, Jinger Vuolo, and Joy Duggar (collectively, the

"Plaintiffs") are part of the famous television family known as the "Duggars" who starred on the

reality television show *19 Kids and Counting* on the TLC cable network from 2008 to 2015.  On May 18, 2017, Plaintiffs filed claims for invasion of privacy and tort of outrage against the Bauer Defendants for Bauer Magazine's publication of articles and police reports related to the Springdale Police Department and Sheriff's Office 2006 investigation into allegations, later admitted, that Plaintiffs' brother, Josh Duggar, sexually abused Plaintiffs and another female on multiple occasions in 2002 and 2003.  Compl. ¶¶ 77-126.  The published police reports were released by the Springdale Police Department and Sheriff's Office "under color of law" to Bauer Magazine pursuant to Freedom of Information Act requests "for the express purpose of publication."  *Id.* at ¶¶ 5, 6, 56, 59.  The articles at issue in this action[1] were published on the *In Touch* website and in the magazine between May 19, 2015 and June 3, 2015, *id.* ¶ 93, nearly two years before Plaintiffs filed this action.

The Bauer Defendants have filed a motion to dismiss Plaintiffs' claims against them in their entirety pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted on multiple independent grounds.  *First*, unequivocal U.S. Supreme Court precedent establishes that claims arising out of the publication of lawfully obtained truthful information are protected from liability under the First Amendment, even where the information at issue is highly personal or made available contrary to law, like in violation of a state statute prohibiting the publication of a rape victim's name.  *See Florida Star v. B.J.F.*, 491 U.S. 524 (1989); *Cox Broad. Corp. v. Cohn*, 420 U.S. 469 (1975).  *Second*, Plaintiffs' claims independently fail for the basic reason that they do not plausibly plead the critical elements of each of the alleged claims:  (1) public disclosure of private facts claim fails because the articles

---

[1] Plaintiffs allege that over eight articles were published in the magazine *In Touch Weekly* ("*In Touch*") and related website between May 19, 2015 and June 3, 2015. *Id.* ¶ 93.  Yet, the Complaint only specifically identifies four of the eight articles published during this period. *Id.* ¶¶ 51, 66, 72, 74.

at issue address matters of public concern and the police reports themselves establish that Josh

Duggar's admitted assaults were well known within Plaintiffs' church community; (2)

appropriation claim fails for the basic reason that the articles at issue are newsworthy, not

commercial speech; (3) intrusion claim fails because the alleged actions did not amount to

actionable intrusion, such as a physical intrusion on Plaintiffs' space; nor were Defendants

"substantially certain" that they lacked the legal right to publish, as required for the claim; and

(4) outrage claim fails because publishing information obtained directly from the police does not

begin to rise to the level of conduct "so outrageous in character and so extreme in degree, as to

go beyond all possible bound of decency."  *Wolfe v. Fayetteville, Arkansas Sch. Dist.,* 600 F.

Supp. 2d 1011, 1022 (W.D. Ark. 2009).  *Lastly*, Plaintiffs' claims are also immune from liability,

and thus subject to dismissal, under Arkansas' Citizen Participation in Government Act,

Arkansas Code Ann. §§ 16-63-501 *et seq.* (the "Anti-SLAPP statute").  For any and all three of

the above reasons, the Bauer Defendants' motion to dismiss should be granted and Plaintiffs'

entire action against the Bauer Defendants dismissed.  Accordingly, the Bauer Defendants

respectfully request that this Court stay this proceeding in its entirety pending resolution of the

Bauer Defendants' motion to dismiss.

## <u>ARGUMENT</u>

### A. This Court Has Broad Discretion To Control Discovery And Stay Proceedings Pending Resolution Of The Bauer Defendants' Motion To Dismiss

This Court has broad discretion to control discovery, including whether to stay discovery.

*See Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) ("the power to stay proceedings is

incidental to the power inherent in every court to control the disposition of the causes on its

docket with economy of time and effort for itself, for counsel, and for litigants.  We have often

recognized a district court's inherent power to manage and control its docket.") (citing *Landis v.*

*N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir. 1990) (*per curiam*)); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("This Court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). Moreover, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1), including an order that delays the commencement of discovery while the court decides a potentially dispositive motion. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 608 (D. Nev. 2011).

A stay of discovery pending a decision on a dispositive motion is an appropriate exercise of the district court's discretion. *See Ballard v. Heneman*, 548 F.3d 1132, 1136-37 (8th Cir. 2008); *Tilley v. United States*, 270 F. Supp. 2d 731, 734-35 (M.D.N.C. 2003); *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 5 (D.D.C. 2001). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (stating that doors of discovery should not be open to a party who fails to adequately plead a cause of action). Courts have repeatedly held that efficiency is promoted by staying proceedings—particularly discovery—until pending dispositive motions are resolved. *See*, *e.g.*, *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (stay of discovery was appropriate while a motion for judgment on the pleadings was pending); *Tilley*, 270 F. Supp. 2d at 735 n.1 (granting a protective order staying discovery pending a decision on a motion to dismiss and a motion for summary judgment); *Johnson v. New York Univ. School of Ed.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (stay of discovery was proper while resolution of a dispositive motion was pending); *Chavous*, 201 F.R.D. at 2 ("[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending") (internal

4

quotations omitted); *United States v. Cnty. of Nassau*, 188 F.R.D. 187, 188-89 (E.D.N.Y. 1999)

(finding "good cause" to stay discovery due to a pending dispositive motion to dismiss).  Where,

as here, "resolution of these purely legal issues *does* dispose of the case  . . . a stay will have

prevented waste of assets through needless fact discovery."  *Lazar v. Charles Schwab & Co. Inc.*,

No. 14 Civ. 1511, 2014 WL 12551210, at *2 (D. Ariz. Sept. 19, 2014).  However, even "[i]f

resolution of the motion to dismiss does *not* dispose of the case, it will focus the scope of

discovery by identifying the governing law and the issues relevant to its application," thereby

promoting efficiency.  *Id.*  Here, a stay of discovery and proceedings will highly benefit the

"just, speedy, and inexpensive" resolution of this case, Fed. R. Civ. P. 1, while allowing

proceedings to continue will lead only to costly and wasteful proceedings.

### B.  A Stay Of This Proceeding Pending Resolution Of The Bauer Defendants' Motion To Dismiss Will Avoid Unnecessary And Costly Discovery

The Bauer Defendants' pending motion to dismiss is dispositive of all issues in this

action against the Bauer Defendants.  If granted, there will be no need for discovery.  Even in the

event that the motion to dismiss is denied, in part or whole, the scope of the relevant issues will

be identified and narrowed through resolution of the motion to dismiss.  Moreover, without a

stay, the Bauer Defendants will suffer the hardship of substantial intrusions into its editorial

processes and the chilling effect on its First Amendment rights posed by the pendency of such an

action.

The pending motion to dismiss also raises issues of immunity pursuant to Arkansas'

Anti-SLAPP statute, which provides that "[a]ny person making a privileged communication or

performing an act in furtherance of the right of free speech or the right to petition government for

a redress of grievances . . . in connection with an issue of public interest or concern shall be

immune from civil liability . . . ."  Ark. Code Ann. § 16-63-504.  Courts have found stays of

proceedings appropriate where issues of immunity are raised.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The trial court did not abuse its discretion by staying discovery until the immunity issue was decided.").  *See also Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.").[2]

While the Bauer Defendants would be unduly burdened by allowing this proceeding and discovery to continue while their dispositive motion to dismiss is pending, Plaintiffs are not prejudiced by a stay.  The only effect of a stay on Plaintiffs would be to limit their ability to conduct discovery before the Bauer Defendants' rights have been adjudicated.  This is hardly prejudicial.  Plaintiffs were well aware that the articles at issue, including copies of the police reports, were published on the *In Touch* website and in the magazine but still waited almost two years before commencing this action.  Indeed, within days of the articles publications, Plaintiffs' Jessa Seewald and Jill Dillard appeared in a national televised appearance on Fox News' *The Kelly Files* and identified themselves as among Josh's victims.  *See* Fox News Interview of Jessa Seewald and Jill Dillard by Megyn Kelly, June 5, 2015.  Plaintiffs clearly were not compelled to pursue their claims in a prompt manner and a brief delay of this proceeding while the Bauer Defendants' motion to dismiss is pending will not prejudice them.  In fact, similar to the Bauer Defendants, even if the motion to dismiss is denied Plaintiffs will benefit from a stay because

---

[2] Pursuant to Arkansas' Anti-SLAPP statute, "upon the filing of a motion to dismiss or a motion to strike under § 16-63-506" "[a]ll discovery and any pending hearings or motions in an action for a claim governed by § 16-63-505 shall be stayed."  Ark. Code Ann. § 16-63-507.  Accordingly, while the Court has discretion and should exercise that discretion to stay discovery pending the resolution of the Bauer Defendants' motion to dismiss for the reasons discussed here, a stay of the proceeding and discovery is also proper under Section 507 of the Anti-SLAPP statute.

any decision will focus the scope of discovery and relevant issues, leading to more efficient discovery.  Moreover, while no factual discovery is required to decide the Bauer Defendants' motion to dismiss, as stated by the City of Springdale, Ernest Cate, and Kathy O'Kelley (collectively, the "City Defendants") in their motion to stay, the City Defendants have already produced over 3,000 pages in response to Plaintiffs' FOIA request.  *See* City Defendants' Br. in Support of Mot. to Stay, at 4, Exs. A and B.

In short, without a stay the Bauer Defendants will be negatively impacted while the imposition of a stay has no prejudicial effect on Plaintiffs.  Accordingly, the Bauer Defendants request that the Court stay the pre-trial activities in this proceeding pending the resolution of the Bauer Defendants' motion to dismiss including a stay of the Rule 26(f) Conference, Initial Disclosures pursuant to Fed. R. Civ. P 26(a)(1), Rule 26(f) Report, any other action required under Fed. R. Civ. P. 26, Case Management Hearing, deadlines to amend pleadings or file third party claims, and any further scheduling order, discovery, or trial.

## CONCLUSION

For the reasons set forth herein, the Bauer Defendants respectfully request the Court stay any and all pre-trail proceedings and discovery as described herein until such time as the Court rules on the Bauer Defendants' motion to dismiss.

Dated: New York, New York
      August 22, 2017

                Respectfully submitted,

                DAVIS WRIGHT TREMAINE LLP

                By:  /s/ Elizabeth A. McNamara
                Elizabeth A. McNamara
                Jamie S. Raghu
                1251 Avenue of the Americas, 21st Floor
                New York, New York 10020
                Phone: (212) 489-8230
                Fax: (212) 489-8340
                Email:   lizmcnamara@dwt.com
                        jamieraghu@dwt.com

                Cynthia W. Kolb
                CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.
                500 President Clinton Avenue, Suite 200
                Little Rock, Arkansas 72201
                Telephone: (501) 371-9999
                Fax: (501) 371-0035
                Email:      ckolb@cgwg.com

                *Attorneys for Defendants Bauer Publishing Company, L.P.; Bauer Magazine, L.P.; Bauer Media Sales, Inc.; Bauer, Inc.; Heinrich Bauer North America, Inc.; and Bauer Media Group USA, LLC*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 22nd day of August, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

   Lauren Wulfe
   Robert O'Brien
   Steven Bledsoe
   Larson O'Brien LLP
   555 S. Flower Street
   Suite 4400
   Los Angeles, CA 90071

   Sarah Coppola Jewell
   Shawn B. Daniels
   Hare Wynn Newell Newton LLP
   129 West Sunbridge Drive
   Fayetteville, AR 72703

   Jason E. Owens
   Rainwater, Holt & Sexton, P.A.
   P.O. Box 17250
   Little Rock, AR 72222-7250

   Robert Justin Eichmann
   Thomas N. Kieklak
   Harrington, Miller, Kieklak, Eichmann & Brown, P.A.
   4710 S. Thompson, Ste. 102
   Springdale, AR 72764

   Susan Keller Kendall
   Kendall Law Firm, PLLC
   3706 Pinnacle Hills Parkway
   Suite 201
   Rogers, AR 72758

         /s/ Jamie S. Raghu