IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| **JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR** | **PLAINTIFFS** |
| vs. | CASE NO. 5:17-CV-5089-TLB |
| **CITY OF SPRINGDALE, ARKANSAS; WASHINGTON COUNTY, ARKANSAS; KATHY O'KELLEY, in her individual and official capacities; ERNEST CATE, in his individual and official capacities; RICK HOYT, in his individual and official capacities; STEVE ZEGA, in his official capacity; BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC; and DOES 1-10, inclusive** | **DEFENDANTS** |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
CITY DEFENDANTS' MOTION TO CONSOLIDATE AND
BAUER DEFENDANTS' MOTION IN SUPPORT OF CITY DEFENDANTS'
MOTION TO CONSOLIDATE[1]**

**I.      INTRODUCTION**

Defendants City of Springdale, Ernest Cate, and Kathy O'Kelley's (collectively "City Defendants") Motion to Consolidate is nothing more than a conclusory list of similarities that City Defendants suggest exist between this action (the "Dillard Action") and a separate case filed by a separate plaintiff, *Duggar v. City of Springdale et al.*, Case No. 5:17-CV-5125-TLB (the "Josh Duggar Action"). However, by City Defendants' own admission, the Dillard Action and the Josh

---

[1] The City Defendants' Motion to Consolidate and accompanying Brief in Support, ECF Nos. 41, 42, respectively. The Bauer Defendants' Motion in Support of the City Defendants' Motion to Consolidate, ECF 48.

Duggar Action are not identical. There are different defendants, different claims against the defendants, and plaintiffs assert different protections under Arkansas law.

City Defendants entirely ignore that consolidation is not based solely on similarity of the cases. The court must also consider the prejudice to the parties, including the non-moving party. Here, consolidation is improper due to the high degree of prejudice and confusion that certainly would occur should these cases be litigated and tried together.

For these reasons, Plaintiffs Jill Dillard, Jessa Seewald, Jinger Vuolo, and Joy Duggar (collectively "Dillard Plaintiffs") request the Court deny City Defendants' Motion to Consolidate.

## II.     RELEVANT FACTS

On May 18, 2017, the Dillard Plaintiffs filed their complaint alleging: (1) Invasion of Privacy – Public Disclosure of Private Fact; (2) Invasion of Privacy – Intrusion Upon Seclusion; (3) Invasion of Privacy – Appropriation; (4) Violation of the Arkansas Constitution – Due Process; (5) Section 1983 - Violation of Fourteenth Amendment Due Process; (6) Section 1983 – *Monell*; and (7) Tort of Outrage. Three groups of defendants were named: City Defendants, County Defendants, and Bauer Defendants. Complaint, May 18, 2017, ECF No. 1.

Two weeks later, Josh Duggar filed a Motion to Intervene, June 2, 2017, ECF No. 11.[2] Realizing that his claims differed from those of the Dillard Plaintiffs, on June 16, 2017, Josh Duggar moved to withdraw his Motion to Intervene. *See* Motion to Withdraw, June 16, 2017, ECF No. 13. The Court granted the Motion to Withdraw the same day. *See* Text Order Granting Motion to Withdraw, June 16, 2017, ECF No. 14.

---

[2] City Defendants refer heavily in their brief to statements made in Josh Duggar's Motion to Intervene. Josh Duggar is not a party to this case. Furthermore, those statements were not endorsed, approved, or otherwise accepted by the Dillard Plaintiffs. As set forth in this memorandum, the Dillard Plaintiffs strongly disagree with any statements made in the Motion to Intervene.

2

Then on July 6, 2017, Josh Duggar filed a separate action, Case No. 5:17-cv-5125-TLB. As will be discussed, these actions have significant differences that should preclude their consolidation.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) provides that "If actions before the court involve a common question of law or fact, the court may . . . join for hearing or trial any or all matters at issue in the actions." Fed. R. Civ. P. 42(a). Though a motion to consolidate is "entrusted to the sound discretion of the court . . . that discretion is not unbounded." *Peters v. Woodbury Cnty, Iowa*, 291 F.R.D. 316, 318 (N.D. Iowa 2013) (citing *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994) and *United States E.P.A. v. City of Green Forest, Ark.*, 921 F.2d 1394 (8th Cir. 1990)). Thus, "[c]onsolidation is inappropriate . . . if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

### IV. ARGUMENT

**A. City Defendants Have Not Met Their Burden Of Demonstrating That Common Issues Of Fact And Law Exist.**

The party seeking consolidation bears the burden of showing that it would promote judicial convenience and economy. *See Ecolab Inc. v. Schmidt*, 2015 WL 12803640, at *2 (D.N.D. Aug. 11, 2015). But instead of demonstrating how and why common issues of fact and law exist in the Dillard Action and the Josh Duggar Action, City Defendants merely assert that the two actions are "virtually identical." City Defendants' Brief In Support of Motion to Consolidate ("Mot. to Consolidate"), Aug. 10, 2017, ECF No. 42. However, the two actions are not virtually identical and differ in critical respects.

As City Defendants concede, the Dillard Action and Josh Duggar Action involve different defendants, and some of the same people are named defendants but in differing capacities. For example, the Dillard Action alleges individual capacity claims against Defendants Cate and Rick Hoyt, while the Josh Duggar Action does not. Mot. to Consolidate at 4. The Josh Duggar Action adds as defendants the Mayor of the City of Springdale in his official capacity and the Arkansas Department of Human Services. *Id.* Neither are defendants in the Dillard Action. The Josh Duggar Action also adds as defendant the law firm of Cross, Gunter, Witherspoon and Galchus, P.C. ("CGWG"), who submitted Freedom of Information requests to the City and County Defendants on behalf of the Bauer Defendants. In the Dillard Action, CGWG serves as counsel of record for the Bauer Defendants. These differences in defendants, their named capacities, and related claims increases the likelihood that defendants will <u>not</u> "assert the same legal defenses"[3] to the claims, including damages claims, of the Dillard Plaintiffs versus Josh Duggar.

Notably, the Josh Duggar Action adds privacy claims against CGWG. *Id.* The addition of CGWG as defendant in the Josh Duggar Action creates an entirely new category of defendant with distinct defenses and issues (e.g., co-defendant status with the Bauer Defendants will raise attorney-client privilege and work-product privilege issues, likely inapplicable to the Dillard Action). It is unfair, prejudicial, and wholly inconvenient to subject the Dillard Plaintiffs to delays in their case due to distinct issues related to this defendant. Cynthia Kolb of CGWG has appeared of record and local counsel for the Bauer Defendants in the Dillard Action.[4] City

---

[3] Mot. To Consolidate at 5.

[4] Ms. Kolb, with co-counsel, has filed Bauer Defendants' Motion in Support of the City Defendants' Motion to Consolidate, ECF No. 48, agreeing with City Defendants the Dillard Action and the Josh Duggar Action should be consolidated for all purposes. This Response in Opposition is filed as to the Bauer Defendants' motion as well.

Defendants and now the Bauer Defendants have failed to note that CGWG is a named defendant in the Josh Duggar Action, but local co-counsel of record for the Bauer Defendants in the Dillard Action.  Consolidation would color the Dillard Plaintiffs as participants in a claim against a law firm they never brought nor intended to bring. This would confuse jurors.

Poignantly, City Defendants overlook the essential fact that the Dillard Action plaintiffs are the victims of sexual assault while Josh Duggar is the perpetrator.  "Surely the rights of those accused of crimes and those who are their victims must differ with respect to privacy concerns." *The Florida Star v. B.J.F.*, 491 U.S. 524, 545 (1989) (White, J., dissenting).  In fact, this notion is supported by one of the very Arkansas statutes upon which the Dillard Plaintiffs rely— Arkansas Code Annotated section 16-90-1104(b) – which expressly protects victims of sex crimes from improper disclosure of public information directly or indirectly identifying them as victims of that crime.[5]  As then-minor victims of sex crimes, the Dillard Plaintiffs are protected by this statute.  Josh Duggar is not.

One of the critical aspects in the Dillard Action is the wrongful identification of <u>victims</u> of sex crimes. Not only victims, but here, victims who were minors at the time of the crimes. Consolidating the victims of sex crimes with the perpetrator obliterates the strong policy of protecting the identity and policy of non-disclosure of the identity of victims of sex crimes.

This difference between the Dillard Plaintiffs and Josh Duggar is particularly relevant with respect to damages.  The damages here are distinctly personal and heavily dependent on each plaintiff's relationship to the Offense Report and Police Report at issue in each case.

---

[5] Ark. Code Ann. § 16-90-1104(b): "A law enforcement agency shall not disclose to the public information directly or indirectly identifying the victim of a sex offense except to the extent that disclosure is: (1) Of the site of the sex offense; (2) Required by law; (3) Necessary for law enforcement purposes; or (4) Permitted by the court for good cause."

Damages suffered by an assailant whose identity is revealed to the public will be categorically and significantly different than the damages suffered by his victims under the same circumstances.

As these obvious and clear distinctions illustrate the Dillard Action and the Josh Duggar Action are not identical. City Defendants' Motion to Consolidate should be denied.

### B. Fairness, Convenience, and Economy Concerns Counsel Against Consolidation.

City Defendants contend that "consolidation would pose no significant risk of confusion or unfairness to any of the Plaintiffs." Mot. to Dismiss at 6. This is false. This argument clearly ignores the fact that the Dillard Plaintiffs are not just "victims," but <u>are the victims of Josh Duggar</u>, the plaintiff whose case City Defendants and the Bauer Defendants seek to combine with the Dillard Action. The consolidation of privacy claims brought by victims of sexual assault with those brought by the perpetrator is certain to create confusion and cause prejudice to the Dillard Plaintiffs. Consolidation would force the Dillard Plaintiffs to sit alongside their assailant during a trial—a trial which is certain to discuss the allegations of their sexual assaults. Forcing the victims to join their claims with their perpetrator's claims would further traumatize the very victims Arkansas law is designed to protect.

Any "convenience" to the defendants by consolidation is clearly outweighed by the harm to the Dillard Plaintiffs. Consolidation is clearly unfair, prejudicial, and against the public policy of the state of Arkansas.

Moreover, the Dillard Plaintiffs have maintained since the filing of their complaint the Dillard Action concerns redressing the re-victimization of victims of sexual molestation. Consolidating the Dillard Action with the Josh Duggar Action will fundamentally change and undermine that purpose. It would be entirely contradictory to bring a case to vindicate victims'

rights only to have the work in that case ultimately benefit the perpetrator. Deciding claims based on protecting victims of sex crimes from disclosure, while at the same time, having those claims consolidated with the perpetrator of those crimes will be confusing to the jury. It would be next to impossible for a jury to ignore the perpetrator sitting next to the victims, yet decide the different issues, different claims and different damages that apply for victims as compared to perpetrator. Consolidation would undoubtedly give the false impression that the victims and the perpetrator are "in this together."

Contrary to Defendants' assertions, consolidation will pose a significant risk of confusion to the jury and unfairness to the Dillard Plaintiffs.

## CONCLUSION

For the reasons articulated above, City Defendants' motion to consolidate should be denied.

Date:  August 24, 2017                                            Respectfully submitted,


/s/  Shawn B. Daniels

Shawn B. Daniels, AR No. 99126
Sarah C. Jewell, AR No. 2015169
HARE, WYNN, NEWELL & NEWTON, LLP
129 W. Sunbridge Drive
Fayetteville, AR 72703
479-521-7000
shawn@hwnn.com
sjewell@hwnn.com

and

Robert C. O'Brien (admitted *pro hac vice*)
Steven E. Bledsoe (admitted *pro hac vice*)
Lauren S. Wulfe (admitted *pro hac vice*)

LARSON O'BRIEN LLP
555 South Flower Street, Suite 4400 Los Angeles, California 90071
213-436-4888
robrien@larsonobrienlaw.com
sbledsoe@larsonobrienlaw.com
lwulfe@larsonobrienlaw.com

*Attorneys for Plaintiffs JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR*

## CERTIFICATE OF SERVICE

       I, Shawn Daniels, do hereby certify that on the 24th day of August, 2017, a true and correct copy of the above and foregoing Response to City Defendants' Motion to Consolidate and Bauer Defendants' Motion in Support (ECF 41, 42, 48) was filed with the Clerk via the CM/ECF system, which will send notification of filing to the following:

Thomas N. Kieklak
Robert Justin Eichmann
Harrington Miller Neihouse Kieklak PA
113 E. Emma Ave.
P.O. Box 687
Springdale, AR 72764
tkieklak@arkansaslaw.com
jeichmann@arkansaslaw.com

and

Susan Keller Kendall
Kendall Law Firm, PLLC
3706 Pinnacle Hills Parkway
Suite 201
Rogers, AR 72758
skk@kendalllawfirm.com
*Attorneys for City Defendants*

Jason E. Owens
Rainwater Holt & Sexton, P.A.
P.O. Box 17250
Little Rock AR  72222-7250
owens@rainfirm.org
*Attorneys for County Defendants*

Cynthia W. Kolb
Cross, Gunter, Witherspoon & Galchus, P.C.
500 President Clinton Ave Ste 200
Little Rock, AR 72201
ckolb@cgwg.com

Elizabeth Anne McNamara
Davis Wright Tremaine LLP
1251 Avenue of the Americas
21st Floor
New York, NY 10020
lizmcnamara@dwt.com

Jamie Somoza Raghu
Davis Wright Tremaine LLP
1251 Avenue of the Americas
21st Floor
New York, NY 10020
jamieraghu@dwt.com

*Attorneys for Bauer Defendants*

  /s/ Shawn B. Daniels_____