IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| **JILL DILLARD, JESSA SEEWALD,** | **PLAINTIFFS** |
| **JINGER VUOLO, and JOY DUGGAR** | |
| | |
| vs.                    CASE NO. 5:17-5089-TLB | |
| | |
| **CITY OF SPRINGDALE, ARKANSAS;** | **DEFENDANTS** |
| **WASHINGTON COUNTY, ARKANSAS;** | |
| **KATHY O'KELLEY, in her individual and** | |
| **official capacities;** | |
| **ERNEST CATE, in his individual and official capacities;** | |
| **RICK HOYT, in his individual and official capacities;** | |
| **STEVE ZEGA, in his official capacity;** | |
| **BAUER PUBLISHING COMPANY, L.P.;** | |
| **BAUER MAGAZINE, L.P.;** | |
| **BAUER MEDIA GROUP, INC.;** | |
| **BAUER, INC.;** | |
| **HEINRICH BAUER NORTH AMERICA, INC.;** | |
| **BAUER MEDIA GROUP USA, LLC; and** | |
| **DOES 1-10, inclusive** | |

**REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO CONSOLIDATE SUBMITTED ON BEHALF OF SEPARATE DEFENDANTS CITY OF SPRINGDALE, ERNEST CATE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, AND KATHY O'KELLEY IN HER INDIVIDUAL AND OFFICIAL CAPACITIES,**

The Separate Defendants, City of Springdale, Ernest Cate ("Cate"), in his individual and official capacities, and Kathy O'Kelley ("O'Kelley"), in her individual and official capacities (collectively referred to herein as the "Springdale Defendants") have moved this Court pursuant to Rule 42 of the Federal Rules of Civil Procedure to consolidate for all purposes, including discovery and trial, two actions pending before this Court: 1) Case No. 5:17-5089-TLB (hereinafter referred to as the "First Duggar Case"); and 2) Case No. No. 5:17-5125-TLB (hereinafter referred to as the

"Josh Duggar Case"). The Plaintiffs oppose the consolidation.[1] As set forth herein, the Plaintiffs' arguments are without merit and the cases must be consolidated.

The Plaintiffs first argue that the two cases do not have common issues of fact and law. This argument is wholly without merit. Both cases center on the allegedly wrongful release of a redacted police report pursuant to the Arkansas Freedom of Information Act. The crux of both cases is the legality of the exact same release of the exact same record. The questions of fact, questions of law, legal claims and legal defenses regarding the release are the same.

The Plaintiffs seek to distinguish Joshua Duggar's claims but such distinctions are nominal and do not weigh against consolidation. For example, the Plaintiffs point to the fact that Joshua Duggar added Mayor Doug Sprouse in his official capacity as a defendant. The City of Springdale was already a named defendant in both cases and the addition of Mayor Sprouse in his official capacity provides absolutely no distinction between the Plaintiffs' claims and Joshua Duggar's claims. A "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Elder–Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir.2006) (*citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)). Likewise, Joshua Duggar's addition of Cross, Gunter Witherspoon & Galchus, PC ("CGWG") as a defendant does not weigh against consolidation. Although not clear by Joshua Duggar's complaint, it appears that he is arguing that CGWG is vicariously liable for the allegedly wrongful acts of the Bauer Defendants. This addition does not substantially alter the appropriateness of consolidation, as the Plaintiffs in both cases have asserted identical claims against the Bauer Defendants. Further, the factual

---

[1] In the Josh Duggar case, Josh Duggar filed a Response to the Springdale Defendants' Motion to Dismiss wherein he incorporated by reference the Plaintiff's Response in the First Duggar Case. As such, this Reply addresses the responses filed in both cases.

2

allegations underpinning Joshua Duggar's claim against CGWG echo allegations made in the First Duggar Case.

The Plaintiffs also argue that because their damages differ from those of their brother, the cases should not be consolidated. There are five Plaintiffs between the two cases. Each of the five Plaintiffs have claims for damages that are specific to him or her. However, all of their claims for damages are premised upon, again, the same release of the same record. The fact that each of the five Plaintiffs has an individual claim for damages that is specific to him or her does not justify five different trials, with each one resulting in a potentially different verdict on the legality of the same release of the same report. Undoubtedly, the Springdale Defendants would be prejudiced by five different trials to five different juries. Likewise, the Springdale Defendants will be prejudiced by trying the same issues of liability two different times to two different juries with a serious potential of inconsistent verdicts.

The Plaintiffs then attempt to confuse the issues by arguing that victims of molestation should not have to go to trial with the perpetrator of such molestation. The Plaintiffs argue that the "City Defendants overlook the essential fact that the Dillard Action plaintiffs are the victims of sexual assault while Josh Duggar is the perpetrator." (Plaintiffs' Response, Docket No. 49, p.5.) The Plaintiffs' argument is misplaced. This is not a case about the criminal victimization of the Plaintiffs by their brother. This is not a case in which four Plaintiffs claim damages as a result of Joshua Duggar's sexual assault upon them. This is a case about the release of a document by the City of Springdale pursuant to the Arkansas Freedom of Information Act.

The Plaintiffs also argue that they will be revictimized if they are required to "sit alongside their assailant during a trial." (Plaintiffs' Response, Docket No. 49, p. 6). Again, the Plaintiffs'

argument is without merit. Following the sexual assaults, Joshua Duggar and his sisters successfully contracted with the TLC network and have appeared together as a family in over 200 television episodes and specials. Moreover, after the release of the report in question, the Plaintiffs have made public statements defending their brother and continue to publicly support one another. Undoubtedly, the Plaintiffs are seeking to minimize Joshua Duggar's involvement in their case for fear that the jury will apportion blame to him and not the Springdale Defendants as the cause of the Plaintiffs' damages. The likelihood that the jury may, in fact, blame Joshua Duggar is not alleviated by separate trials. Joshua Duggar will have a central role in both cases whether as a party or as a witness.

For the reasons stated in its Motion and in this Reply, the Springdale Defendants request that the cases be consolidated for all purposes, including discovery and trial. Should the Court decline to consolidate the cases for all purposes, the Springdale Defendants respectfully request that the cases be consolidated for discovery purposes and that the motion to consolidate for trial purposes be analyzed at the conclusion of discovery.

Respectfully Submitted,

/s/ Susan Keller Kendall
Susan Keller Kendall (Ark. Bar No. 98119)
KENDALL LAW FIRM, PLLC
3706 Pinnacle Hills Parkway, Suite 201
Rogers, Arkansas 72758
Email:  skk@kendalllawfirm.com
Phone: (479) 464-9828
Fax: (479) 464-9768

And

Thomas N. Kieklak (Ark. Bar No. 92262)
Email:  tkieklak@arkansaslaw.com
R. Justin Eichmann (Ark. Bar No. 2003145)

        E-mail:  jeichmann@arkansaslaw.com
        HARRINGTON, MILLER, KIEKLAK,
        EICHMANN & BROWN, P.A.
        4710 S. Thompson, Suite 102
        Springdale, AR  72764
        Phone: (479) 751-6464
        Fax: (479) 751-3715


        **COUNSEL FOR SPRINGDALE**
        **DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on 1st day of September, 2017, a true and correct copy of the above and foregoing was filed with the Clerk via the CM/ECF system which will send notification of filing to the following:

| | |
|---|---|
| Lauren S. Wulfe<br>Robert C. O'Brien<br>Steven E. Bledsoe<br>LARSON O'BRIEN, LLP<br>555 S. Flower Street<br>Suite 4400<br>Los Angeles, CA 90071<br>(213) 436-4888<br>lwulfe@larsonobrienlaw.com<br>robrien@larsonobrienlaw.com<br>sbledsoe@larsonobrienlaw.com | Shawn B. Daniels<br>Sara C. Jewell<br>HARE, WYNN, NEWELL & NEWTON, LLP<br>129 W. Sunbridge Drive<br>Fayetteville, AR 72703<br>479-521-7000<br>Fax: 479-437-2007<br>shawm@hwnn.com<br>sjewell@hwnn.com |
| Cynthia W. Kolb<br>CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.<br>500 President Clinton Avenue<br>Suite 200<br>Little Rock, AR 72201<br>(501) 371-9999<br>Fax: (501) 371-0035<br>ckolb@cgwg.com | Elizabeth Anne McNamara<br>Jamie Somoza Raghu<br>Davis Wright Tremaine LLP<br>1251 Avenue of the Americas, 21st Floor<br>New York, NY 10020<br>lizmcnamara@dwt.com<br>jamieraghu@dwt.com |
| Jason E. Owens<br>Rainwater, Holt & Sexton, P.A.<br>P.O. Box 17250<br>Little Rock, AR 72222-7250<br>owens@rainfirm.com | |

/s/ Susan Keller Kendall
Susan Keller Kendall (Ark. Bar No. 98119)