IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR | PLAINTIFFS |
| v. | CASE NO. 5:17-5089-TLB |
| CITY OF SPRINGDALE, ARKANSAS; WASHINGTON COUNTY, ARKANSAS; KATHY O'KELLEY, in her individual and official capacities; ERNEST CATE, in his individual and official capacities; RICK HOYT, in his individual and official capacities; STEVE ZEGA, in his official capacity; BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC; and DOES 1-10, inclusive | DEFENDANTS |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO BAUER DEFENDANTS'
MOTION TO STAY**

**I.    INTRODUCTION**

Plaintiffs Jill Dillard, Jessa Seewald, Jinger Vuolo, and Joy Duggar (collectively "Plaintiffs") respectfully request that this Court deny Defendants Bauer Publishing Company, L.P, Bauer Magazine, L.P., Bauer Media Sales, Inc., Bauer, Inc., Heinrich Bauer North America, Inc. and Bauer Media Group USA, LLC's (collectively, "Bauer Defendants") Motion to Stay.[1]  Bauer Defendants seek a stay of all proceedings, including discovery, the initial Rule 26(f) Conference, Initial Disclosures, the Rule 26(f) Report, and the initial Case Management

---

[1] Doc. 46.

Hearing set by the court.  Motion to Stay at 7, Aug. 22, 2017, ECF No. 47.  Because a motion to stay discovery is "tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Federal Rule of Civil Procedure 26(c)(2)," the party requesting the stay must make a specific factual showing that the interest of justice and considerations of prejudice and undue burden to the parties require the stay.  *See* § 26:334 Showing of good cause, 10A Fed. Proc., L. Ed. § 26:334.  It is, however, "black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay."  *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006).  Moreover, the interests of justice and considerations of prejudice counsel against the grant of a stay.  Thus, for the reasons set forth herein, the Bauer Defendants' Motion to Stay should be denied.

**II.     RELEVANT FACTS**

On May 18, 2017, Plaintiffs filed a complaint against Bauer Defendants and others seeking to redress the blatant violation of Plaintiffs' privacy rights.  *See* Complaint ¶ 1, May 18, 2017, ECF No. 1 ("Compl.").  Plaintiffs' alleged claims of invasion of privacy—public disclosure of private fact, invasion of privacy—intrusion upon seclusion, invasion of privacy—appropriation, and the tort of outrage against the Bauer Defendants based on Bauer Defendants' callous and improper publication of information contained in reports kept by the City of Springdale and Washington County.  Those reports contained explicit details regarding a 2006 investigation into allegations that Plaintiffs' brother, Josh Duggar, sexually molested Plaintiffs while they were still minors.  *Id.* at ¶ 5.  The information in those reports was solicited from Plaintiffs and others under a promise of confidentiality, which was later reconfirmed with the filing of a Family in Need of Services ("FINS") affidavit and institution of private, confidential hearings pursuant to that affidavit.  *Id.* at ¶ 5.

2

Although these reports were exempt from disclosure under Arkansas law, nine and a half years later, Bauer Defendants, through their attorneys Cross, Gunter, Witherspoon & Galchus, P.C., requested copies of the reports. *Id.* ¶¶ 6, 48. Not content with merely receiving the information, on May 21, 2015, *In Touch Weekly* posted a partially-redacted copy of one of the reports on its publically-accessible website. *Id.* ¶ 65. That same afternoon, in response to Bauer Defendants' publication, Judge Stacy Zimmerman, a juvenile court judge for the Circuit Court of Washington County, Arkansas, entered an order expunging the report from the public record to protect the identities of the victims. *Id.* ¶ 70. Judge Zimmerman later issued two supplemental orders ruling that juvenile records, including Plaintiffs' interviews and the information about their sexual assaults contained in the reports, are confidential and thereby not subject to FOIA disclosure under the "liberally construed" Arkansas Juvenile Code. *Id.*

Nevertheless, seeking to capitalize on continued publicity generated by Plaintiffs' plight, Bauer Defendants continued to publish copies of the reports on their website or provided links to prior articles containing the Reports or including actual images from the report.[2] *Id*. In just a week and a half, Bauer Defendants posted or approved the posting of at least eight articles including copies of the report itself and/or details of confidential interviews contained therein. *Id.*

Despite these clear violations of Plaintiffs' privacy rights, Bauer Defendants filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Concurrently with the filing of the motion to dismiss, Bauer Defendants filed a motion

---

[2] http://www.intouchweekly.com/posts/jim-bob-duggar-stopped-cooperating-with-police-during-josh-s-molestation-investigation-59483; http://www.intouchweekly.com/posts/josh-duggar-chilling-molestation-confession-in-new-police-report-59752.

to stay seeking a stay of proceedings, including discovery, due to the pendency of the motion to dismiss. Because Bauer Defendants present no other justification for the stay than their pending motion to dismiss, the motion to stay should be denied.

## III.  THE PROCEEDINGS AGAINST BAUER DEFENDANTS SHOULD NOT BE STAYED.

Under Federal Rule of Civil Procedure 26(c), a party may move the court for a protective order staying discovery only upon a showing of good cause. *See* Fed. R. Civ. P. 26(c). Bauer Defendants base their purported good cause solely on their pending motion to dismiss and the potential that the motion to dismiss *could* dispose of the case or narrow the scope of discovery. Mot. to Stay at 4-5. However, "it, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006); *see also Ministerio Roca Solida v. U.S. Dept. of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013) ("[T]o establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion."). Bauer Defendants have failed to show any good cause beyond the mere filing of a Rule 12(b)(6) motion and the burdens of responding to discovery pending this motions. On that basis alone, their motion should be denied.

Further, the cases cited by Bauer Defendants also are distinguishable. For example, *Ballard* involved motions to stay pending resolution of a motion to dismiss and a motion for summary judgment that implicated issues of government immunity, which is inapplicable to the Bauer Defendants. 548 F.3d at 1137. The Eighth Circuit affirmed the stay because the *Ballard* plaintiff had failed to seek discovery on the issues raised in the motion when he had the opportunity and thus could not claim prejudice from the stay. *Id.* Similarly, *Tilley* involved a

request for a stay pending resolution of a motion for summary judgment brought by the government after the deadline for discovery had past.  270 F. Supp. 2d at 734.  Likewise, *Chavous* involved a suit against a municipal entities and the parties in *Chavous* agreed that resolution of the motion would dispose of the entire case, which is not the case here as claims remain against defendants other than the Bauer Defendants.  201 F.R.D. at 3.

Furthermore, the proposed stay does not conserve judicial resources and will unfairly prejudice Plaintiffs.  Bauer Defendants contend that a stay will avoid unnecessary and costly discovery and on that basis, the court should grant the stay.  However, this is merely a reiteration of their prior argument that good cause exists based on the pendency of a motion to dismiss.

Bauer Defendants also argue that the court should stay the proceedings because their Motion to Dismiss raises issues of immunity pursuant to the Arkansas Anti-SLAPP.  However, for the reasons stated in Plaintiffs' Opposition to the Motion to Dismiss, filed concurrently herewith and incorporated by reference, the Arkansas Anti-SLAPP statute simply does not apply to this case and does not bar Plaintiffs' claim.  Arkansas' Anti-SLAPP statutes are commonly known as the "Citizen Participation in Government Act" (hereinafter "the Act").  *See* Caleb Patterson, *Have I Been Slapped? Arkansas' Attempt to Curb Abusive Litigation: The Citizen Participation in Government Act*, 60 ARK. L. REV. 506, 520 (2007) (citing Ark. Code. Ann. §§ 16-63-502 *et seq*. (2005)).  In short, the purpose of and public policy behind the Arkansas anti-SLAPP statute is clear: "it is in the public interest to encourage participation by the citizens of the State of Arkansas in matters of public significance through the exercise of their constitutional rights of freedom of speech and the right to petition government for a redress of grievances." A.C.A. § 16-63-502.  Such public policies are inapplicable to a lurid article published on a national website for public consumption with the commercial goal of increasing readership of *In*

5

*Touch Weekly*'s online and print articles.  As Bauer Defendants have made no showing of an entitlement immunity, this grounds for a stay is inapplicable.

Plaintiffs, by contrast, would suffer prejudice from a stay.  Bauer Defendants contend that Plaintiffs will not suffer prejudice because they were fully aware of the articles more than two years prior but did not sue at the time.  However, Plaintiffs' claims are timely and clearly within the applicable three-year statute of limitations.  Potential plaintiffs should not be forced to file lawsuits immediately upon learning facts that may constitute of claim due to fear of a potential stay once that claim is filed.  In fact, requiring immediate filing to avoid a stay would run counter to the purposes of a stay as it could potentially waste judicial resources through the filing of unnecessary and poorly reasoned complaints.  Plaintiffs' decision to wait to file their lawsuit is not only entirely lawful, but was also necessary as the inherently personal nature of this dispute necessitated careful deliberation on the part of Plaintiffs.  Further, Bauer Defendants' reliance on documents produced by the City Defendants as grounds for a stay of claims against them is misplaced.  That production does not contain any documents related specifically to *In Touch Weekly's* publication and concern only the City's decision to release the records to *In Touch Weekly*.  Thus, to the extent the Bauer Defendants were involved in City Defendants' decision to release Plaintiffs' records, those documents would be in the City's FOIA production.  However, any documents related solely to Bauer Defendants would not.

## IV.    CONCLUSION

For the reasons articulated above, Bauer Defendants' motion to stay should be denied.

Respectfully Submitted,


/s/     Shawn B. Daniels
Shawn B. Daniels, Arkansas Bar No. 99126
Sarah C. Jewell, Arkansas Bar No. 2015169
Hare, Wynn, Newell & Newton, L.L.P.
129 West Sunbridge Drive
Fayetteville, AR 72703
Phone: 479-521-7000
shawn@hwnn.com
sjewell@hwnn.com

and

Robert O'Brien (admitted *pro hac vice*)
Steven Bledsoe (admitted *pro hac vice*)
Lauren Wulfe (admitted *pro hac vice*)
Larson O'Brien LLP
555 S. Flower Street, Suite 4400
Los Angeles, CA 90071
Phone: 213-436-4888
robrien@larsonobrienlaw.com
sbledsoe@larsonobrienlaw.com
lwulfe@larsonobrienlaw.com

*Attorneys for Plaintiffs JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of September, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Jason E. Owens
Rainwater, Holt & Sexton, P.A.
P.O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas 72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
owens@rainfirm.com
*Attorneys For County Defendants*

Susan Keller Kendall
Kendall Drewyor Law Firm
3706 Pinnacle Hills Parkway
Suite 201
Rogers, AR 72758
skk@kendalllawfirm.com

Thomas N. Kieklak
Robert Justin Eichmann
Harrington, Miller, Kieklak, Eichmann & Brown, P.A.
P.O. Box 687
113 East Emma Avenue
Springdale, AR 72765-6765
tkieklak@arkansaslaw.com
jeichmann@arkansaslaw.com

*Attorneys For City Defendants*

Cynthia W. Kolb
Cross, Gunter, Witherspoon & Galchus, P.
500 President Clinton Avenue
Suite 200
Little Rock, AR 72201
ckolb@cgwg.com

Elizabeth Anne McNamara
Davis Wright Tremaine LLP
1251 Avenue of the Americas
21st Floor
New York, NY 10020
lizmcnamara@dwt.com

Jamie Somoza Raghu
Davis Wright Tremaine LLP
1251 Avenue of the Americas
21st Floor
New York, NY 10020
jamieraghu@dwt.com

*Attorneys For Bauer Defendants*

/s/ Shawn B. Daniels