UNITED STATES DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FAYETTEVILLE DIVISION

---

JILL DILLARD, JESSA SEEWALD, JINGER
VUOLO, and JOY DUGGAR,

          Plaintiffs,

          - against -

CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
KATHY O'KELLEY, in her individual and
official capacities; ERNEST CATE, in his
individual and official capacities; RICK HOYT,
in his individual and official capacities; STEVE
ZEGA, in his official capacity; BAUER
PUBLISHING COMPANY, L.P.; BAUER
MAGAZINE, L.P.; BAUER MEDIA GROUP,
INC.; BAUER, INC.; HEINRICH BAUER
NORTH AMERICA, INC.; BAUER MEDIA
GROUP USA, LLC; and DOES 1-10, inclusive,

          Defendants.

Civil Action No.: 17 Civ. 5089 (TLB)

---

**MOTION FOR LEAVE TO FILE REPLY BRIEF SUBMITTED ON BEHALF OF
DEFENDANTS BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.;
BAUER MEDIA SALES, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA,
INC.; AND BAUER MEDIA GROUP USA, LLC**

Defendants, Bauer Publishing Company, L.P.; Bauer Magazine, L.P.; Bauer Media Sales, Inc., formerly known as Bauer Media Group, Inc.; Bauer, Inc.; Heinrich Bauer North America, Inc.; and Bauer Media Group USA, LLC (collectively, the "Bauer Defendants") by their attorneys, Davis Wright Tremaine LLP and Cross, Gunter, Witherspoon & Galchus, P.C., states:

1. The Bauer Defendants filed their Motion to Dismiss (Docket No. 43) and supporting brief (Docket No. 44) on August 22, 2017.

2. The Plaintiffs filed a response in opposition to the Bauer Defendants Motion to Dismiss on September 5, 2017 (Docket No. 54).

3. Because of the importance of the issues at hand, the Bauer Defendants would like to reply to Plaintiffs' response and therefore request leave to file the reply brief, which is submitted contemporaneously with this motion as Exhibit A.

WHEREFORE, the Bauer Defendants respectfully request that the Court grant them leave to file the reply brief submitted contemporaneously with this motion as Exhibit A.

Dated: New York, New York
September 12, 2017

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/ Elizabeth A. McNamara
Elizabeth A. McNamara
Jamie S. Raghu
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Phone: (212) 489-8230
Fax: (212) 489-8340
Email:   lizmcnamara@dwt.com
              jamieraghu@dwt.com

Cynthia W. Kolb
CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 371-9999
Fax: (501) 371-0035
Email:   ckolb@cgwg.com

*Attorneys for Defendants Bauer Publishing Company, L.P.; Bauer Magazine, L.P.; Bauer Media Sales, Inc.; Bauer, Inc.; Heinrich Bauer North America, Inc.; and Bauer Media Group USA, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of September, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Lauren Wulfe
Robert O'Brien
Steven Bledsoe
Larson O'Brien LLP
555 S. Flower Street
Suite 4400
Los Angeles, CA 90071

Sarah Coppola Jewell
Shawn B. Daniels
Hare Wynn Newell Newton LLP
129 West Sunbridge Drive
Fayetteville, AR 72703

Jason E. Owens
Rainwater, Holt & Sexton, P.A.
P.O. Box 17250
Little Rock, AR 72222-7250

Robert Justin Eichmann
Thomas N. Kieklak
Harrington, Miller, Kieklak, Eichmann & Brown, P.A.
4710 S. Thompson, Ste. 102
Springdale, AR 72764

Susan Keller Kendall
Kendall Law Firm, PLLC
3706 Pinnacle Hills Parkway
Suite 201
Rogers, AR 72758

                    /s/ Jamie S. Raghu

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT ARKANSAS
## FAYETTEVILLE DIVISION

------------------------------------------------------------- x
JILL DILLARD, JESSA SEEWALD, JINGER : 
VUOLO, and JOY DUGGAR, : Civil Action No.: 17 Civ. 5089 (TLB)
 :
Plaintiffs, :
 :
- against - :
 :
CITY OF SPRINGDALE, ARKANSAS; :
WASHINGTON COUNTY, ARKANSAS; :
KATHY O'KELLEY, in her individual and :
official capacities; ERNEST CATE, in his :
individual and official capacities; RICK HOYT, :
in his individual and official capacities; STEVE :
ZEGA, in his official capacity; BAUER :
PUBLISHING COMPANY, L.P.; BAUER :
MAGAZINE, L.P.; BAUER MEDIA GROUP, :
INC.; BAUER, INC.; HEINRICH BAUER :
NORTH AMERICA, INC.; BAUER MEDIA :
GROUP USA, LLC; and DOES 1-10, inclusive, :
 :
Defendants. :
 :
------------------------------------------------------------- x

**REPLY TO PLAINTIFFS' OPPOSITION TO BAUER DEFENDANTS' MOTION TO**
**<u>DISMISS PLAINTIFFS' COMPLAINT</u>**

The Bauer Defendants[1] hereby submit this memorandum of law in further support of their motion pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing the Complaint and reasonable expenses, including attorneys' fees, resulting from Plaintiffs filing this action pursuant to Arkansas Code Ann. § 16-63-506.

## INTRODUCTION

On this motion, the Bauer Defendants set forth the controlling and unequivocal United States Supreme Court precedent, *and* Arkansas' own controlling Supreme Court precedent holding that when the press lawfully obtains truthful, newsworthy information – like the Offense and Incident Reports at issue here that were released to Bauer under FOIA – its publication cannot be prohibited or punished consistent with the First Amendment. *See Florida Star v. B.J.F.,* 491 U.S. 524, 532 (1989); *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 492 (1975); *Whiteside v. Russellville Newspapers, Inc.*, 295 S.W.3d 798, 801 (Ark. 2009), *cert. denied*, 130 S. Ct. 247 (2009). This basic principle ends this action, plain and simple. Thus, perhaps understandably, Plaintiffs' opposition just ignores this dispositive law and instead resorts to an already refuted argument: because they claim it was unlawful for the City and County Defendants to *disclose* the Reports to Bauer Magazine, the *publication* of those Reports is also unlawful. Yet, *Florida Star* squarely rejected this same false equation. In short, while Plaintiffs can ignore reality, they cannot ignore the consequences of this reality. The law dictates the dismissal of this action.

This Court need go no further than this controlling Constitutional law that requires dismissal of this action. But, independent of this fundamental principle, the action fails because Plaintiffs do not plausibly allege claims for invasion of privacy and outrage. Once again,

---

[1] This memorandum uses the same defined terms as used in the Bauer Defendants' motion to dismiss (ECF Dkt. No. 44).

Plaintiffs simply ignore and fail to rebut the arguments raised by the Bauer Defendants in their motion to dismiss that Plaintiffs' (1) public disclosure of private facts claim fails because the Articles address matters of public concern and Josh Duggar's admitted assaults were well known within Plaintiffs' church community; (2) appropriation claim fails because the Articles are newsworthy, not commercial speech; (3) intrusion claim fails because the alleged actions did not amount to actionable intrusion, such as a physical intrusion on Plaintiffs' space, nor were the Bauer Defendants "substantially certain" that they lacked the legal right to publish; and (4) outrage claim fails because publishing information obtained directly from the police does not begin to rise to the level of conduct required for such a claim.

Finally, by its plain language, Arkansas' Anti-SLAPP statute applies to Plaintiffs' claims and requires their dismissal. Ark. Code Ann. §§ 16-63-501 *et seq.* The Articles are protected from civil liability under Section 504 as they plainly involve an act "in furtherance of the right to free-speech." Similar Anti-SLAPP statutes, including one that Arkansas expressly modeled its statute on, are applied to news reports protecting publishers from liability. Because Plaintiffs have not verified their claims, and have made no attempt to argue that their claims could be verified in compliance with the Anti-SLAPP statute, they must be dismissed. For these multiple and independent reasons, as well as those reasons identified in the Bauer Defendants' motion to dismiss, Plaintiffs' claims should be dismissed.

## ARGUMENT

**I.   PLAINTIFFS IGNORE THE UNBROKEN LINE OF SUPREME COURT PRECEDENT ESTABLISHING THAT THE FIRST AMENDMENT BARS PLAINTIFFS' CLAIMS AGAINST THE BAUER DEFENDANTS NOTWITHSTANDING WHETHER THE CITY OR COUNTY DEFENDANTS ACTED PROPERLY IN DISCLOSING THE REPORTS**

It has been uniformly recognized through decades of Supreme Court precedent and lower court decisions that when the press lawfully obtains truthful, newsworthy information its

publication cannot be prohibited or punished.  *See Smith v. Daily Mail Publ'g Co.*, 443 U.S. 97, 102-03 (1979) ("Our recent decisions demonstrate that state action to punish the publication of truthful information seldom can satisfy constitutional standards . . . . if a newspaper lawfully obtains truthful information about a matter of public significance then state officials may not constitutionally punish publication of the information, absent a need to further a state interest of the highest order.").  *See also Florida Star*, 491 U.S. at 532; *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 837-38 (1978); *Cox Broad. Corp.*, 420 U.S. at 492; *C.L., M.L. ex rel. C.A.L. v. Vill. Of Riverside*, No. 13 Civ. 1476, 2013 WL 4538836, at *2 (N.D. Ill Aug. 27, 2013); *Gates v. Discovery Commc'ns, Inc.*, 101 P.3d 552, 562 (Cal. 2004); *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 471 (Tex. 1995); *Fann v. City of Fairview, Tenn.*, 905 S.W.2d 167, 172 (Tenn. Ct. App. 1994).

Plaintiffs make no real effort to address, let alone distinguish, this controlling law.[2] Instead, Plaintiffs first resort to the very argument previously rejected by the U.S. Supreme Court:  because the City and County Defendants disclosed the Offense and Incident Reports to Bauer Magazine allegedly in violation of Arkansas law, Bauer Magazine's publication of the Reports is somehow unlawful.[3]  Yet, as established on this motion, and ignored by Plaintiffs, the Supreme Court in *Florida Star* held that it is "not . . . unlawful for a newspaper to receive [reports] when furnished by the government" even where "state officials are not required to

---

[2] Plaintiffs only cite *Florida Star* in passing and, even then, merely observe that *Florida Star* and its progeny are limited to their specific facts.  Pls.' Opp'n at 10 (citing *Ross v. Midwest Commc'n Inc.*, 870 F.2d 271, 275 (5th Cir. 1989)).  Yet, *Ross* does not even mention *Florida Star* and even more troubling for Plaintiffs, the Fifth Circuit in *Ross* held that the publication of a rape victim's name and the details of the rape were protected from liability.  *Ross*, 870 F.2d at 275.  Further, Plaintiffs make no attempt to distinguish the facts of *Florida Star*, from the facts at issue here, nor could they.  Their own complaint establishes that the Reports were released to Bauer Magazine pursuant to FOIA requests.  Compl. ¶¶ 46, 49, 56, 59.

[3] As discussed in the Bauer Defendants' motion to dismiss, the City and County Defendants have argued that the release of the Offense and Incident Reports was proper under Arkansas' FOIA statute.  Bauer Defs.' Mot. to Dismiss at 13 n.10.

3

disclose such reports" and that "the fact that the Department apparently failed to fulfill its obligation under [the applicable statute] not to 'cause or allow to be . . . published' the name of a sexual offense victim" did not "make the newspaper's ensuing receipt of this information unlawful." 491 U.S. at 536. In other words, the fact that the police did not adhere to Florida's statute, did not make the newspaper's receipt and publication of that information unlawful. *Id.* On comparable facts, the Supreme Court of Arkansas followed *Florida Star*'s clear holding finding that the First Amendment protected a newspaper's publication of a rape victim's name based on a police report and witness statements *even if* those reports should not have been made available to the newspaper. *See Whiteside*, 295 S.W.3d at 802-03 ("the Newspaper should not be faulted for obtaining the report on the [police records] system when it was placed there by an employee of the police department devoid of any restrictions . . . . While the release of a specific portion of the report may have been a mistake made by the police, it was not the result of any wrongdoing by the Newspaper.").

In short, whether it was proper for the Springdale Police Department and the Sheriff's Office to release the Reports to Bauer Magazine pursuant to its proper FOIA requests is irrelevant. Once the Springdale Police Department and the Sheriff's Office released the Reports to Bauer Magazine, publication of that information is not actionable. *See*, *e.g.*, *Florida Star*, 491 U.S. at 536. It is "not incumbent upon" the Bauer Defendants "to determine what information could or could not be published *after* its release by the police." *Whiteside*, 295 S.W.3d at 804 (emphasis added). Even if Bauer Magazine had reason to know the Reports should not have been released consistent with Arkansas law—which they did not—the publication of the Articles would *still* be protected under the First Amendment. *See Bartnicki v. Vopper*, 532 U.S. 514, 535 (2001) (holding that despite knowledge of the illegal source of the intercepted communications,

4

the First Amendment *still* protected the defendants' public disclosures).

Next, Plaintiffs attempt to argue that the Bauer Defendants were somehow complicit in the purported unlawful disclosure of the Reports. *See* Pls.' Opp'n at 6-7. But nothing in the undisputed sequence of events supports any wrongdoing by the Bauer Defendants. Thus, for example, the alleged fact that the Chief of Police was good friends with a partner at the law firm that issued the FOIA requests says nothing, and most certainly does not support unlawfulness on the part of Bauer Magazine. *Id.* at 7. Nor is Plaintiffs' position furthered by the observation that the information in the FOIA requests and prior reporting "suggests that the Bauer Defendants were receiving information from an inside source." *Id.* If true, that is only basic reporting, not impropriety. More troubling, however, is Plaintiffs' suggestion that their privacy was invaded before the FOIA release, observing that in the May 19 Article "Defendants began publishing details about Plaintiffs' sexual abuse *before* even receiving responses to its FOIA requests." Pls.' Opp'n at 7, 10, 17 (emphasis original). Plaintiffs have already admitted in filings in *this* action before *this* Court that the May 19 Article, which was published before the Offense and Incident Reports were received by Bauer magazine,

> addressed only the bare facts that Josh [Duggar] had been investigated in relation to molestation accusations made while he was a minor. The story did not reveal any [sic] the information at the heart of this lawsuit. It revealed *nothing about the victims or details of the sexual assaults* as that information was not yet known to the public or part of the public record.

Pls.' Opp'n to City Defs.' Mot. to Dismiss, at 25. *See also id.* at 11. (Emphasis added) Plaintiffs are bound by their filings in this action and they cannot now rely on this very same Article as evidence that the Bauer Defendants' invaded their privacy *before* release of the Reports via FOIA where they previously took the exact opposite position before *this* Court.

Finally, Plaintiffs vainly try to argue that the "lurid details" disclosed by the Articles are

5

not matters of legitimate public concern. Pls.' Opp'n at 8, 11. But, again, Plaintiffs just ignore the controlling Supreme Court law and do not cite a single case to support their position. As the Supreme Court precedent establishes, a news article about a criminal sexual assault investigation "concern[s] 'a matter of public significance'" because "the commission, and investigation, of a violent crime which had been reported to authorities" "involve[s] a matter of paramount public import." *Florida Star*, 491 U.S. at 537. *See also Cox Broadcasting Corp.*, 420 U.S. at 492; *Lowe v. Hearst Communications,* 414 F. Supp. 2d 669, 674 (W.D. Texas 2005).

  Nor is there any basis to parse out newsworthy and non-newsworthy facts to impose liability based on publication of purportedly non-newsworthy facts, where, as here, the publication is of legitimate public concern and the facts published are related to the newsworthy topic. *See* Bauer Defs.' Mot. to Dismiss at 19 n.16. *See also Lowe v. Hearst Commc'ns, Inc.*, 487 F.3d 246, 251 (5th Cir. 2007) ("This Circuit has declined to get involved in deciding the newsworthiness of specific details in a newsworthy story where the details were 'substantially related' to the story."); *Gilbert v. Med. Econ. Co.*, 665 F.2d 305, 308–09 (10th Cir. 1981) (finding that purportedly non-newsworthy details were "connected to the newsworthy topic" and thus, protected); *C.L., M.L. ex rel. C.A.L.*, 2013 WL 4538836, at *3 (rejecting plaintiff's argument that "the public's legitimate interest does not extend to the explicit and prurient details of the minor plaintiffs' allegations" because even assuming "that details about the sexual abuse of minors falls within the scope of 'highly personal information . . .the Individual Defendants cannot be held liable for disseminating a lawfully obtained police report that touches on matters of legitimate public concern, even if the report also contains private details falling outside the scope of public's interest.'").[4] Here, the facts disclosed in the Reports

---

[4] Even the *Ross* case cited by Plaintiffs expressly cautioned courts to "resist the temptation to edit journalists aggressively" because "[r]eporters must have some freedom to respond to journalistic exigencies without fear that

are not only related to Josh Duggar's felony sexual assault but also independently address issues of public concern including the fact that the allegations were not brought to the attention of the police for well over a year and, even then, the police officer did not follow policy and report the allegations to the Arkansas Child Abuse Hotline.  *See* Bauer Defs.' Mot. to Dismiss at 16-19.

Plaintiffs' decision to ignore controlling and unequivocal United States Supreme Court precedent that claims arising out of the publication of lawfully obtained truthful information cannot withstand First Amendment scrutiny does not change the necessary result.  Plaintiffs' claims against the Bauer Defendants must be dismissed.

## II.     THE ARTICLES ARE PROTECTED UNDER THE FAIR REPORT PRIVILEGE

Plaintiffs do not dispute that Arkansas recognizes the fair report privilege as stated in the Restatement (Second) of Torts § 611.  *See Butler v. Hearst-Argyle Television, Inc.*, 49 S.W.3d 116, 119 (Ark. 2001); *Whiteside*, 295 S.W.3d at 801.  Instead, Plaintiffs argue that the fair report privilege applies *only* when a defamation claim is brought.  *See* Pls.' Opp'n at 16.  Not true.  In *Butler*, which recognized and applied the fair report privilege, plaintiff brought a claim for invasion of privacy in addition to a defamation claim and the action was dismissed under the fair report privilege.  49 S.W.3d at 117.  The Restatement likewise states that the fair report privilege applies to claims for "either defamation *or* for invasion of the right to privacy."  Restatement (Second) of Torts § 611, cmt. b (emphasis added).  Equally unavailing is Plaintiffs' contention that the fair report privilege protects only public meetings or reports.  Pls.' Opp'n at 16.  It is well established that the fair report privilege protects reports of all official proceedings, including police reports.  *See* Restatement (Second) of Torts § 611; *Butler*, 49 S.W.3d at 119 (holding that police reports and witness statements are "reports of official proceedings" subject to the fair

---

even a slight, and understandable, mistake will subject them to liability.  Exuberant judicial blue-pencilling after-the-fact would blunt the quills of even the most honorable journalists."  *Ross*, 870 F.2d at 275.

7

report privilege). Accordingly, Plaintiffs' claims also fail because they are protected by the fair report privilege.

### III.  PLAINTIFFS FAIL TO PLAUSIBLY STATE NECESSARY ELEMENTS FOR EACH CLAIM UNDER ARKANSAS LAW

#### A.  Plaintiffs Fail To State A Claim For Invasion Of Privacy – Public Disclosure Of Private Facts

Even if somehow Plaintiffs' claim was not barred by the First Amendment or privileged under the fair report doctrine, it would still fail since the Articles clearly address issues of legitimate public concern. *See In re Dunbar*, 446 B.R. 306, 314 (Bankr. E.D. Ark. 2011) (a required element of a claim for public disclosure of private facts is that "the matter publicized is of a kind that . . . is not of legitimate concern to the public."); Bauer Defs.' Mot. to Dismiss at 16-19. As set forth above, reports on criminal investigations are consistently found to be newsworthy and a matter of public concern. *See supra* at 6. Moreover, despite Plaintiffs' unsubstantiated allegation that "[a]ll facts at issue here remained private," the Reports clearly indicate that the facts regarding Josh Duggar's molestation of his sisters were not private when published. "Elders" from the Duggars' church, a family friend, a separate individual who reported the abuse, and Cpl. Joseph Hutchins of the Arkansas State Police (who took no action concerning the report) all were aware of Josh Duggar's sexual assaults prior to the publication of the Articles. *See* Incident Report at 6-7; Offense Report at 15. Even presuming the facts as alleged are true, Plaintiffs have failed to establish the requisite elements of their invasion of privacy claim and thus, it must be dismissed.

#### B.  Plaintiffs Fail To State A Claim For Invasion of Privacy – Appropriation

For the same reason Plaintiffs' publication of private facts claim fails, Plaintiffs' appropriation claim fails. Specifically, the Articles at issue "concerns matters that are newsworthy or of legitimate public concern" and thus, cannot form the basis for Plaintiffs'

8

appropriation claim. *See*, *e.g., Battaglieri v. Mackinac Ctr. For Pub. Policy*, 680 N.W.2d 915, 917 (Mich. Ct. App. 2004). *See also* Bauer Defs.' Mot. to Dismiss at 16-19; 22-25. Plaintiffs fail to identify a single case where the publisher of a newsworthy article was held liable for appropriation. Then, Plaintiffs again ignore Supreme Court precedent establishing that the fact that an entity is engaged in the business of publishing does not mean that publication was for a commercial, non-newsworthy, purpose. *See Riley v. Nat'l Fed'n of the Blind of North Carolina, Inc.*, 487 U.S. 781, 801 (1988); *Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations*, 413 U.S. 376, 385 (1973); *New York Times Co. v. Sullivan,* 376 U.S. 254, 266 (1964). And the fact that an online Article promoted the companion newsstand edition's reporting on Duggar does not change the result. Pls.'Opp'n at 12. As the Bauer Defendants established on this motion – and Plaintiffs fail to distinguish – publishers have the constitutional right to "tout" their reporting in promotional spots or advertisements. *See Leddy v. Narragansett Television, L.P.*, 843 A.2d 481, 490 (R.I. 2004); *Lane v. Random House, Inc.*, 985 F. Supp. 141, 147 (D.D.C. 1995). In the end, Plaintiffs do little more than recite the elements of an appropriation claim without addressing the clear shortcomings identified by this motion. Accordingly, this claim must be dismissed as well.

      **C.    Plaintiffs Fail To State A Claim For Invasion of Privacy – Intrusion Upon Seclusion**

Plaintiffs' claim for intrusion upon seclusion fails to plausibly allege that an actionable intrusion occurred. *Gill v. Snow*, 644 S.W.2d 222, 224 (Tex. App. 1982) ("This type of invasion of privacy is generally associated with either a physical invasion of a person's property or by eavesdropping on another's conversation with the aid of wiretaps, microphones or spying.") *abrogated on other grounds by Cain v. Hearst Corp.*, 878 S.W.2d 577 (Tex. 1994). *See also Steinbuch v. Hachette Book Grp.*, No. 08 Civ. 00456 (JLH), 2009 WL 963588, at *3

(E.D. Ark. Apr. 8, 2009). Plaintiffs' reliance on *dicta* that the tort of intrusion includes "infringement upon a person's emotional sanctum and the notions of civility and personal dignity," Pls.' Opp'n at 14 (citing *Coombs v. J.B. Hunt Transp., Inc.*, 388 S.W.3d 456, 460-61 (Ark. Ct. App. 2012); *Fletcher v. Price Chopper Foods of Trumann, Inc.*, 220 F.3d 871, 876 (8th Cir. 2000)), does not address, as established on this motion, that neither the *dicta* in *Coombs* nor *Fletcher* supports Plaintiffs' position. In *Coombs*, unlike here, the intrusion at issue was in fact physical, *Coombs*, 388 S.W.3d at 461, while the court in *Fletcher* found an intrusion claim could not stand because "that information could otherwise have been obtained by proper means." 220 F.3d at 876. *See also* Bauer Defs.' Mot. to Dismiss at 26. Plaintiffs also make no attempt to allege, plausibly or otherwise, that the Bauer Defendants "believed or [were] substantially certain, that [they] lack[] the necessary legal or personal permission to commit the [alleged] intrusive act." *See Wal-Mart Stores, Inc. v. Lee*, 74 S.W.3d 634, 645 (Ark. 2002). The Bauer Defendants had the "necessary legal . . . permission" to publish facts related to the investigation and the Reports and thus did not believe that they lacked the legal permission required. *See supra* at 2-7; Bauer Defs.' Mot. to Dismiss at 27. Because Plaintiffs fail to allege the requisite elements of an intrusion claim, Plaintiffs' claim must be dismissed.

### D. Plaintiffs Fail To State A Claim For Tort Of Outrage

The only conduct attributed by Plaintiffs to the Bauer Defendants is the publication of newsworthy information of public concern regarding sexual assaults committed by a public figure. This conduct does not even begin to rise to the level of outrage required to plausibly allege a claim for outrage. *See* Bauer Defs.' Mot. to Dismiss at 29 (collecting cases). Plaintiffs assert no support for the contention that publishing information released by the police in response to FOIA requests is sufficient to plead a claim for the tort of outrage. The fact that

10

other news outlets purportedly declined to publish the Reports is irrelevant.[5] *See Smith*, 443 U.S. at 99 (finding newspapers could not be held liable for publishing a juvenile offender's name where that information was publically available notwithstanding the fact that one newspaper initially omitted the juvenile offender's name from publication while another newspaper published the juvenile offender's name and picture). Accordingly, Plaintiffs have not pled the required elements for their tort of outrage claim and it must be dismissed.

## IV.   PLAINTIFFS' CLAIMS ARE SUBJECT TO ARKANSAS' ANTI-SLAPP STATUTE AND MUST BE DISMISSED

By its plain language Arkansas' Anti-SLAPP statute applies to Plaintiffs' claims. Ark. Code Ann. §§ 16-63-501 *et seq*. The statute provides that "[a]ny person making a privileged communication or performing an act in furtherance of the right of free speech or the right to petition government for a redress of grievances . . . in connection with an issue of public interest or concern shall be immune from civil liability." *Id.* § 504. As established, the Articles are protected from civil liability under Section 504 as they plainly involve an act in furtherance of the right to free-speech and enjoy First Amendment protection and also fall within the non-exhaustive enumerated list of protected acts under Section 503. Bauer Defs.' Mot. to Dismiss at 29-33.

Plaintiffs incorrectly attempt to limit the Anti-SLAPP statute only to actions "exercising the right to tell the government what they believe." *See* Pls.' Opp'n at 18. The statute itself

---

[5] The articles relied upon by Plaintiffs do not state that the publications declined to publish the Reports but instead state that while the publications usually refrain from identifying the victims of sexual assault, Jill Dillard's and Jessa Seewald's names were published because they had already identified themselves as victims of Josh Duggar's sexual assault. *See* Pls.' Opp'n at 16 n.6 (citing https://www.washingtonpost.com/news/acts-of-faith/wp/2015/06/03/what-to-expect-from-the-fox-news-interview-with-josh-duggars-parents/?utm_term=.f6f3f719d965; http://www.theblaze.com/news/2015/06/03/sister-of-reality-star-josh-duggar-says-she-was-a-victim-but-defends-him/; http://atlanta.cbslocal.com/2015/06/03/josh-duggars-sister-says-she-was-victim-of-her-older-brother/). Like the Articles at issue, one of the reports also states that four of Josh Duggar's sisters were the victims of his sexual assaults. *Id.* (citing https://www.washingtonpost.com/news/acts-of-faith/wp/2015/06/03/what-to-expect-from-the-fox-news-interview-with-josh-duggars-parents/?utm_term=.f6f3f719d965).

11

recognizes that "[t]he valid exercise of the constitutional rights of freedom of speech . . . should not be chilled through abuse of the judicial process." Ark. Code Ann. § 502. Moreover, Arkansas' statute was modelled on Georgia's similar Anti-SLAPP statute, *see* P. Caleb Patterson, *Have I Been Slapped? Arkansas's Attempt to Curb Abusive Litigation: The Citizen Participation in Government Act*, 60 Ark. L. Rev. 519, 521 (2007), which has been applied to protect publishers of news reports from strategic lawsuits and liability. *See Boxcar Development Corp. v. New World Communications of Atlanta, Inc.*, No. 08 Civ. 2248, 2008 WL 1943313, at *3, *4 (Ga. Super. Ct. May 1, 2008) (finding a news report about potential government investigation into plaintiff "was an act that could reasonably be construed to be in furtherance of the right of free speech or the right to petition the government for redress of grievances . . . in connection with an issue of public interest or concern" and thus "the procedural requirements of Georgia's anti-SLAPP statute clearly apply."). *See also Armington v. Fink*, No. 09 Civ. 6785, 2010 WL 743524, at *5 (E.D. La. Feb. 24, 2010) (applying Louisiana's Anti-SLAPP statute to claims related to the New York Times Magazine's article criticizing a New Orleans hospital's handling of patients during Hurricane Katrina); *Shepard v. Schurz Commc'ns, Inc.*, 847 N.E.2d 219, 224 (Ind. Ct. App. 2006) (applying Indiana's Anti-SLAPP statute to an action brought against a newspaper for an article publicizing the fact that the town disclosed the names of over fifty individuals delinquent on their bills to a third party without permission). For these reasons, and the reasons already set forth in this motion to dismiss, the Anti-SLAPP statute applies to Plaintiffs' claims.

Plaintiffs had ten days from the filing of the Bauer Defendants' motion to dismiss to verify their claims. Ark. Code Ann. § 506. Despite this, Plaintiffs have not verified their claims, nor have they argued that they could verify their claims as required by the Anti-SLAPP statute.

12

As Plaintiffs' claims remain unverified, they must be stricken pursuant to the Anti-SLAPP statute. *Id.*

## CONCLUSION

Since Plaintiffs' claims are barred by the First Amendment and the Anti-SLAPP statute or alternatively, Plaintiffs have failed to plausibly allege facts supporting their claims, the Bauer Defendants' respectfully submit that the Court should grant their motion to dismiss the Complaint under Rule 12(b)(6) and award reasonable expenses, including attorneys' fees, incurred as a result of Plaintiffs filing this action pursuant to Arkansas Code Ann. § 16-63-506.

Dated: New York, New York
September 12, 2017

    Respectfully submitted,

    DAVIS WRIGHT TREMAINE LLP

    By:  /s/ Elizabeth A. McNamara
    Elizabeth A. McNamara
    Jamie S. Raghu
    1251 Avenue of the Americas, 21st Floor
    New York, New York 10020
    Telephone: (212) 489-8230
    Fax: (212) 489-8340
    Email:  lizmcnamara@dwt.com
           jamieraghu@dwt.com

    Cynthia W. Kolb
    CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.
    500 President Clinton Avenue, Suite 200
    Little Rock, Arkansas 72201
    Telephone: (501) 371-9999
    Fax: (501) 371-0035
    Email:    ckolb@cgwg.com

    *Attorneys for Defendants Bauer Publishing Company, L.P.; Bauer Magazine, L.P.; Bauer Media Sales, Inc.; Bauer, Inc.; Heinrich Bauer North America, Inc.; and Bauer Media Group USA, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of September, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Lauren Wulfe
Robert O'Brien
Steven Bledsoe
Larson O'Brien LLP
555 S. Flower Street
Suite 4400
Los Angeles, CA 90071

Sarah Coppola Jewell
Shawn B. Daniels
Hare Wynn Newell Newton LLP
129 West Sunbridge Drive
Fayetteville, AR 72703

Jason E. Owens
Rainwater, Holt & Sexton, P.A.
P.O. Box 17250
Little Rock, AR 72222-7250

Robert Justin Eichmann
Thomas N. Kieklak
Harrington, Miller, Kieklak, Eichmann & Brown, P.A.
4710 S. Thompson, Ste. 102
Springdale, AR 72764

Susan Keller Kendall
Kendall Law Firm, PLLC
3706 Pinnacle Hills Parkway
Suite 201
Rogers, AR 72758

                                                                                 /s/ Jamie S. Raghu