**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT ARKANSAS**
**FAYETTEVILLE DIVISION**

------------------------------------------------------------ x

JILL DILLARD, JESSA SEEWALD, JINGER
VUOLO, and JOY DUGGAR,

                Plaintiffs,

         - against -

CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
KATHY O'KELLEY, in her individual and
official capacities; ERNEST CATE, in his
individual and official capacities; RICK HOYT,
in his individual and official capacities; STEVE
ZEGA, in his official capacity; BAUER
PUBLISHING COMPANY, L.P.; BAUER
MAGAZINE, L.P.; BAUER MEDIA GROUP,
INC.; BAUER, INC.; HEINRICH BAUER
NORTH AMERICA, INC.; BAUER MEDIA
GROUP USA, LLC; and DOES 1-10, inclusive,

                Defendants.

------------------------------------------------------------ x

Civil Action No.: 17 Civ. 5089 (TLB)

## MOTION FOR LEAVE TO FILE REPLY BRIEF SUBMITTED ON BEHALF OF DEFENDANTS BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA SALES, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; AND BAUER MEDIA GROUP USA, LLC

Defendants, Bauer Publishing Company, L.P.; Bauer Magazine, L.P.; Bauer Media Sales,

Inc., formerly known as Bauer Media Group, Inc.; Bauer, Inc.; Heinrich Bauer North America,

Inc.; and Bauer Media Group USA, LLC (collectively, the "Bauer Defendants") by their

attorneys, Davis Wright Tremaine LLP and Cross, Gunter, Witherspoon & Galchus, P.C., states:

1. The Bauer Defendants filed their Motion to Stay (Docket No. 46) and supporting brief

(Docket No. 47) on August 22, 2017.

2. The Plaintiffs filed a response in opposition to the Bauer Defendants Motion to Stay on

September 5, 2017 (Docket No. 53).

3.   Because of the importance of the issues at hand, the Bauer Defendants would like to reply

to Plaintiffs' response and therefore request leave to file the reply brief, which is submitted

contemporaneously with this motion as Exhibit A.

WHEREFORE, the Bauer Defendants respectfully request that the Court grant them leave to

file the reply brief submitted contemporaneously with this motion as Exhibit A.

Dated: New York, New York
       September 12, 2017

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:  /s/ Elizabeth A. McNamara
Elizabeth A. McNamara
Jamie S. Raghu
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Phone: (212) 489-8230
Fax: (212) 489-8340
Email:   lizmcnamara@dwt.com
              jamieraghu@dwt.com

Cynthia W. Kolb
CROSS, GUNTER, WITHERSPOON & GALCHUS,
P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 371-9999
Fax: (501) 371-0035
Email:      ckolb@cgwg.com

*Attorneys for Defendants Bauer Publishing Company,
L.P.; Bauer Magazine, L.P.; Bauer Media Sales, Inc.;
Bauer, Inc.; Heinrich Bauer North America, Inc.; and
Bauer Media Group USA, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of September, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Lauren Wulfe
Robert O'Brien
Steven Bledsoe
Larson O'Brien LLP
555 S. Flower Street
Suite 4400
Los Angeles, CA 90071

Sarah Coppola Jewell
Shawn B. Daniels
Hare Wynn Newell Newton LLP
129 West Sunbridge Drive
Fayetteville, AR 72703

Jason E. Owens
Rainwater, Holt & Sexton, P.A.
P.O. Box 17250
Little Rock, AR 72222-7250

Robert Justin Eichmann
Thomas N. Kieklak
Harrington, Miller, Kieklak, Eichmann & Brown, P.A.
4710 S. Thompson, Ste. 102
Springdale, AR 72764

Susan Keller Kendall
Kendall Law Firm, PLLC
3706 Pinnacle Hills Parkway
Suite 201
Rogers, AR 72758

                                        /s/ Jamie S. Raghu

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT ARKANSAS
# FAYETTEVILLE DIVISION

-------------------------------------------------------- x

JILL DILLARD, JESSA SEEWALD, JINGER
VUOLO, and JOY DUGGAR,

                Plaintiffs,

        - against -

CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
KATHY O'KELLEY, in her individual and
official capacities; ERNEST CATE, in his
individual and official capacities; RICK HOYT,
in his individual and official capacities; STEVE
ZEGA, in his official capacity; BAUER
PUBLISHING COMPANY, L.P.; BAUER
MAGAZINE, L.P.; BAUER MEDIA GROUP,
INC.; BAUER, INC.; HEINRICH BAUER
NORTH AMERICA, INC.; BAUER MEDIA
GROUP USA, LLC; and DOES 1-10, inclusive,

                Defendants.

-------------------------------------------------------- x

Civil Action No.: 17 Civ. 5089 (TLB)

## REPLY TO PLAINTIFFS' OPPOSITION TO BAUER DEFENDANTS' MOTION TO STAY

The Bauer Defendants[1] hereby submit this memorandum of law in further support of their

motion for an order staying this proceeding and discovery until the Court rules on the Bauer

Defendants' motion to dismiss.

## INTRODUCTION

The Bauer Defendants move to stay this proceeding on the basis that it is an appropriate

exercise of the Court's discretion as they have made a strong showing through their motion to

dismiss that Plaintiffs' claims are without merit.  Through the Bauer Defendants' motion to

dismiss, which has now been fully briefed, the Bauer Defendants set forth the controlling and

---

[1] This memorandum utilizes the same defined terms as used in the Bauer Defendants' motion to stay (ECF Dkt. No. 47).

unequivocal United States Supreme Court precedent, *and* Arkansas' own controlling Supreme Court precedent holding that when the press lawfully obtains truthful, newsworthy information – like the Offense and Incident Reports at issue here that were released to Bauer Magazine under FOIA – its publication cannot be prohibited or punished consistent with the First Amendment. *See Florida Star v. B.J.F.,* 491 U.S. 524, 532 (1989); *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 492 (1975); *Whiteside v. Russellville Newspapers, Inc.*, 295 S.W.3d 798, 801 (Ark. 2009), *cert. denied*, 130 S. Ct. 247 (2009).  This basic principle ends this action.  Plaintiffs make no effort to address this dispositive law but instead resort to an already refuted argument:   because they claim it was unlawful for the City and County Defendants to *disclose* the Reports to Bauer Magazine, the *publication* of those Reports is also unlawful.  Yet, *Florida Star* squarely rejected this same false equation.  The law dictates the dismissal of this action.  For this and the other reasons articulated in the Bauer Defendants' motion to dismiss, the Bauer Defendants have made a strong showing that Plaintiffs' claims against them are entirely without merit and should be dismissed, and as a result that this proceeding should be stayed.  Accordingly, the Bauer Defendants' respectfully request that this Court stay this proceeding in its entirety pending resolution of the Bauer Defendants' motion to dismiss.

## ARGUMENT

This Court has broad discretion to control discovery, including whether to stay discovery. *See Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  We have often recognized a district court's inherent power to manage and control its docket.") (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir. 1990) (*per*

*curiam*)); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("This Court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). *See also* Fed. R. Civ. P. 26(c)(1) ("[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

Here, the Bauer Defendants do not rely solely on the fact they filed a motion to dismiss the claims against them, but instead, through their motion to dismiss have "made a strong showing that the plaintiffs['] claim[s are] unmeritorious" and should be stayed pending the resolution of their motion. *See Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). Plaintiffs' contention that some courts have found that "the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay" is misleading. Pls.' Opp'n to Bauer Defs.' Mot. to Stay at 4 (citing *Chesney*, 236 F.R.D. at 115). Courts have found that "[i]n some circumstances, a pending motion to dismiss may constitute 'good cause' for a protective order staying discovery." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). In *Chesney*, the case relied on by Plaintiffs, the court identified the relevant factors evaluated to determine whether to grant a stay, including "whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious." 236 F.R.D. at 115.[2] *See also Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. at 72 ("[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case," including reviewing "the strength of the motion. . . . district courts in this Circuit have often stated that a

---

[2] Additional factors considered by courts "when determining whether or not a stay is appropriate include: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.*

stay of discovery is appropriate where a motion 'do[es] not appear to be without foundation in law,'" "a motion for a stay [is] supported by substantial arguments for dismissal," or "there has been a strong showing that the plaintiff's claim is unmeritorious"); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013) (recognizing that courts have found "[s]taying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants.").

As discussed in depth in the Bauer Defendants' motion to dismiss, the Bauer Defendants make such a showing.  In case after case, the U.S. Supreme Court has consistently and unequivocally found that claims arising out of the publication of lawfully obtained truthful information cannot withstand First Amendment scrutiny.  *See* Bauer Defs.' Mot. to Dismiss 11-19; *Smith v. Daily Mail Publ'g Co.*, 443 U.S. 97, 102-03 (1979); *Florida Star* 491 U.S. at 532; *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 837-38 (1978); *Cox Broad. Corp.*, 420 U.S. at 492; *C.L., M.L. ex rel. C.A.L. v. Vill. Of Riverside*, No. 13 Civ. 1476, 2013 WL 4538836, at *2 (N.D. Ill Aug. 27, 2013); *Gates v. Discovery Commc'ns, Inc.*, 101 P.3d 552, 562 (Cal. 2004); *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 471 (Tex. 1995); *Fann v. City of Fairview, Tenn.*, 905 S.W.2d 167, 172 (Tenn. Ct. App. 1994).  This remains the rule even when the information at issue is highly personal or even when the information was made available contrary to law, like in violation of a state statute.  *See Florida Star*, 491 U.S. at 532; *Cox Broad. Corp.*, 420 U.S. at 492.  Plaintiffs simply ignore this dispositive law.  *See* Pls.' Opp'n.  Plaintiffs continue their practice of ignoring unfavorable legal precedent, this time in connection with the elements of their claims for invasion of privacy and the tort of outrage, which also fail.  *See* Bauer Defs.' Mot. to Dismiss 21-29; Bauer Defs.' Reply Mot. at 8-11.  Plaintiffs also ignore the plain

statutory language of the Anti-SLAPP statute.[3]  *See* Bauer Defs.' Mot. to Dismiss 29-33; Bauer

Defs.' Reply Mot. at 11-12.  The Bauer Defendants have made a strong showing that Plaintiffs'

claims are without merit, and thus, costly and burdensome discovery should be stayed.

In addition to the fact that Plaintiffs' claims are without merit, without a stay the Bauer

Defendants will suffer the hardship of substantial intrusions into its editorial processes and the

chilling effect on its First Amendment rights posed by the pendency of such an action.  Plaintiffs

do not claim otherwise.  In fact, Plaintiffs' opposition suggests Plaintiffs will seek information

related to the Bauer Defendants' editorial process.  Pls.' Opp'n at 6 (asserting that the FOIA

production received from the City Defendants "does not contain any documents related

specifically to *In Touch Weekly's* publication").[4]

Conversely, Plaintiffs suffer no hardship from a stay of the proceeding.  The fact that

Plaintiffs filed their action within the statute of limitations does not lessen the fact that staying

discovery for a short period of time while the Court decides the Bauer Defendants' motion to

dismiss does not harm Plaintiffs when they already waited two years to bring their claims.

Staying proceedings also has the additional benefit of placing the Bauer Defendants on the same

discovery schedule as the City Defendants as this Court has already granted the City Defendants'

request for a stay.  ECF Dkt. No 35.

In short, the Bauer Defendants have made a strong showing that Plaintiffs' claims are

without merit and that without a stay they will be negatively impacted while the imposition of a

stay has no prejudicial effect on Plaintiffs.  Accordingly, the Bauer Defendants request that the

Court stay the pre-trial activities in this proceeding pending the resolution of the Bauer

---

[3] Plaintiffs' contention that cases raising issues of government immunity are distinguishable from the instant action is without merit.  The Bauer Defendants' argument that Arkansas' Anti-SLAPP statute immunizes them from liability raises issues of immunity analogous to those raised in claims for government immunity.

[4] Plaintiffs do not assert that factual discovery is required to decide the Bauer Defendants' motion to dismiss.

Defendants' motion to dismiss including a stay of the Rule 26(f) Conference, Initial Disclosures

pursuant to Fed. R. Civ. P 26(a)(1), Rule 26(f) Report, any other action required under Fed. R.

Civ. P. 26, Case Management Hearing, deadlines to amend pleadings or file third party claims,

and any further scheduling order, discovery, or trial.

## <u>CONCLUSION</u>

For the reasons set forth herein, the Bauer Defendants respectfully request the Court stay

any and all pre-trail proceedings and discovery as described herein until such time as the Court

rules on the Bauer Defendants' motion to dismiss.

Dated: New York, New York
September 12, 2017

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:  /s/ Elizabeth A. McNamara
Elizabeth A. McNamara
Jamie S. Raghu
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Phone: (212) 489-8230
Fax: (212) 489-8340
Email:    lizmcnamara@dwt.com
              jamieraghu@dwt.com

Cynthia W. Kolb
CROSS, GUNTER, WITHERSPOON & GALCHUS,
P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 371-9999
Fax: (501) 371-0035
Email:       ckolb@cgwg.com

*Attorneys for Defendants Bauer Publishing Company,
L.P.; Bauer Magazine, L.P.; Bauer Media Sales, Inc.;
Bauer, Inc.; Heinrich Bauer North America, Inc.; and
Bauer Media Group USA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Lauren Wulfe
Robert O'Brien
Steven Bledsoe
Larson O'Brien LLP
555 S. Flower Street
Suite 4400
Los Angeles, CA 90071

Sarah Coppola Jewell
Shawn B. Daniels
Hare Wynn Newell Newton LLP
129 West Sunbridge Drive
Fayetteville, AR 72703

Jason E. Owens
Rainwater, Holt & Sexton, P.A.
P.O. Box 17250
Little Rock, AR 72222-7250

Robert Justin Eichmann
Thomas N. Kieklak
Harrington, Miller, Kieklak, Eichmann & Brown, P.A.
4710 S. Thompson, Ste. 102
Springdale, AR 72764

Susan Keller Kendall
Kendall Law Firm, PLLC
3706 Pinnacle Hills Parkway
Suite 201
Rogers, AR 72758

                /s/ Jamie S. Raghu