IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| **JILL DILLARD, JESSA SEEWALD,** | |
| **JINGER VUOLO, and JOY DUGGAR,** | **Plaintiffs** |
| | |
| v. | 5:17-cv-05089-TLB |
| | |
| **CITY OF SPRINGDALE, ARKANSAS;** | |
| **WASHINGTON COUNTY, ARKANSAS;** | |
| **KATHY O'KELLEY,** in her individual and | |
| official capacities; | |
| **ERNEST CATE,** in his individual and official capacities; | |
| **RICK HOYT,** in his individual and official capacities; | |
| **STEVE ZEGA,** in his official capacity; | |
| **BAUER PUBLISHING COMPANY, L.P.;** | |
| **BAUER MAGAZINE, L.P.;** | |
| **BAUER MEDIA GROUP, INC.;** | |
| **BAUER, INC.;** | |
| **HEINRICH BAUER NORTH AMERICA, INC.;** | |
| **BAUER MEDIA GROUP USA, LLC;** and | |
| **DOES 1-10,** inclusive, | **Defendants.** |

**JOINT REPORT OF THE PLAINTIFFS AND BAUER DEFENDANTS PURSUANT TO
RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiffs Jill Dillard, Jessa Seewald, Jinger Vuolo and Joy Duggar; and Defendants Bauer Publishing Company, L.P., Bauer Magazine, L.P. ("Bauer Magazine"), Bauer Media Group, Inc., Bauer, Inc., Heinrich Bauer North America, Inc., and Bauer Media Group USA, LLC, (collectively, the "Bauer Defendants") file this Joint Report Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and in compliance with the Court's Amended Initial Scheduling Order (ECF Doc. 40).[1]

1.  **Plaintiff's Statement of the Case.**

---

[1] The Court stayed discovery as to Springdale Defendants and Washington County Defendants (ECF Doc. No. 35).

This case is about the unlawful release and publication of highly confidential records detailing sexual assaults committed against Plaintiffs when they were minors and reported by them under a promise of confidentiality. In December 2006, the Washington County Sherriff's Office conducted confidential interviews of the then-minor Plaintiffs concerning sexual assaults perpetrated against them. Nine years later, Freedom of Information Act ("FOIA") requests were sent on behalf of Bauer Defendants seeking copies of the City of Springdale Police Department Offense Report, the Sherriff's Office Incident Report, and all documents related to the investigation of child sexual assault allegations against Plaintiffs' brother Josh Duggar. Bauer Defendants learned the records' contents before receiving them, and published online articles sensationalizing the soon-to-be-released records. In May 2015, *In Touch Weekly* posted a partially-redacted copy of the Offense Report the Bauer Defendants obtained through FOIA requests. That day, the Sherriff's Office released to Bauer Defendants the Incident Report with similar merely cosmetic redactions. These highly confidential records were hastily redacted and produced to meet Bauer Defendants' publication deadline, and failed to protect Plaintiffs' identities.

After City and County Defendants hastily produced the confidential records, legal counsel at Arkansas Municipal League opined that the records were not subject to FOIA and should not be released. Likewise, Circuit Court Judge Stacy Zimmerman entered orders expunging the Offense Report from the public record to protect the victims' identities and ruling that juvenile records were confidential and not subject to FOIA disclosure. City and County Defendants requested that Bauer hold off further publication, but Bauer continued to publish about Plaintiffs' childhood sexual assaults, most recently in April 2017. Plaintiffs' theories of liability against Bauer Defendants are Invasion of Privacy (Public Disclosure of Private Fact; Appropriation; Intrusion Upon Seclusion) and Tort of Outrage.

**2.     Defendant's Statement of the Case**.

Plaintiffs, members of the famous reality television family the Duggars, bring claims for invasion of privacy and the tort of outrage against the Bauer Defendants solely for their publication of truthful information in connection with the Springdale Police Department's and Sheriff's Office's investigation into Josh Duggar's sexual assault of Plaintiffs, his sister, properly obtained through FOIA requests.  As part of the investigation in December 2006, the Springdale Police Department and Sheriff's Office conducted interviews with Plaintiffs about Plaintiffs' sexual assault by their brother, which were included in official police reports.  The Bauer Defendants had no involvement in the investigation.  On May 15, 2015, Bauer Magazine, through their attorney, submitted FOIA requests to the Springdale Police Department and Sheriff's Office seeking all files related to Josh Duggar and his parents.  On May 19, 2015, Bauer Magazine published an article in connection with the police investigation into Josh Duggar.  This article did not identify the sexual assault victims or details of the investigation. On May 20 and May 21, 2015, respectively, the Springdale Police Department and the Sheriff's Office responded to the FOIA requests by sending redacted versions of the police reports to Bauer Magazine, which were later published.

Plaintiffs' claims against the Bauer Defendants are based solely on the publication of these redacted police reports, provided by the police to Bauer Magazine, and related articles. These claims cannot be sustained.  Where the press lawfully obtains truthful, newsworthy information – like the police reports released to Bauer Magazine under FOIA – its publication cannot be prohibited or punished consistent with the First Amendment notwithstanding whether it was proper for the police to release the reports to the press.  *See Florida Star v. B.J.F.,* 491 U.S. 524, 532 (1989); *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 492 (1975).  Alternatively,

Plaintiffs' claims also cannot be sustained because they required dismissal under Arkansas' Anti-SLAPP statute, Ark. Code Ann. §§ 16-63-501 *et seq.*, and Plaintiffs fail to plausibly allege the required elements of their claims.

3. **Are there any Objections pursuant to Rule 26(a)(1)(C) to providing required Initial Disclosures?**

**RESPONSE**: The parties jointly request that the Court postpone the deadline to provide Initial Disclosures pending resolution of the Bauer Defendants' pending motion to dismiss.

4. **Are there any Objections to the *timing* of Rule 26(a) Initial Disclosures?**

**RESPONSE**: These parties have agreed to request the Court postpone the deadline to provide Initial Disclosures pending resolution of the Bauer Defendants' pending motion to dismiss.

5. **Agreed Document Productions.**

**RESPONSE**: These parties identify the following documents as part of their Rule 26(a) Initial Disclosures: (1) all documents obtained pursuant to FOIA requests related to this case in that party's possession; (2) the City of Springdale, Arkansas Police Department Offense Report; (3) the Washington County, Arkansas Sherriff's Office Incident Report; and (4) the *In Touch Weekly* articles and publications at issue in this litigation. These parties agree not to produce the above-identified documents at this time as they have agreed to request the Court postpone the deadline to provide Initial Disclosures pending resolution of the Bauer Defendants' pending motion to dismiss.

**6.** **Discovery.**

**6(a).** **How many months are reasonably necessary to complete discovery—as measured from the date of the Case Management Hearing?**

**RESPONSE**: The parties agree twelve months from the date of the Case Management Hearing is an appropriate deadline to complete discovery.

**6(b).** **Do the parties seek to alter (increase or decrease) the maximum number of written discovery requests allowed by the Rules? If so, please explain.**

**RESPONSE**: No, the parties agree to the limit of 25 interrogatories as to each party, including discrete subparts.

**6(c).** **Do the parties seek to increase the maximum number of depositions allowed per side? If yes, please explain the necessity and state how many depositions per side are proposed.**

**RESPONSE**: No, the parties agree to the limit of 10 depositions allowed per side.

**6(d).** **Please characterize the scope and extent of electronic discovery contemplated by the parties as follows: (i) none; (ii) fairly simple and routine; or (iii) complex. If your answer is "Complex," then please complete and attach Schedule A.**

**RESPONSE**: The parties agree that the scope and extent of the electronic discovery contemplated is fairly simple and routine.

**6(e).** **Do you anticipate the use of Expert Witnesses at trial? If so, state proposed dates by which the parties will be in a position to provide initial and rebuttal expert disclosures pursuant Rule 26(a)(2).**

**RESPONSE**: At this time, the parties do not anticipate use of Expert Witnesses at trial. However, if it is determined during discovery that Expert Witnesses are required, the parties would like the ability to identify an expert(s) if/when the need arises.

**6(f).   Do the parties presently contemplate the need for a protective order prior to the exchange of documents or information?**

**RESPONSE**: Yes, the parties contemplate the need for a protective order prior to the exchange of documents or information. The parties will provide the Court with a proposed agreed order by October 9, 2017.

**7.   State the parties' best estimate as to the number of days reasonably necessary to fully try the case.**

**RESPONSE**: The parties estimate trial will require 5-7 days.

**8.   State whether 90 days—measured from the Case Management Hearing—is a sufficient amount of time to Add Parties and/or Amend Pleadings.**

**RESPONSE**: Yes. The parties agree that 90 days from the Case Management Hearing (January 11, 2018) is sufficient to Add Parties and/or Amend Pleadings.

**9.   Settlement Prospects.**

**RESPONSE**: These parties do not anticipate any prospect of settlement at this time. If the parties conclude that an early settlement conference may be fruitful, the parties will notify the Court.

**10.   Special Issues and Schedules.**

**RESPONSE**: None anticipated by the parties at this time.

**11.   Have all corporate parties filed the disclosure statement contemplated by Fed. R. Civ. P. 7.1?**

**RESPONSE:** The Bauer Defendants' filed the disclosure statement required by Fed. R. Civ. P. 7.1 on June 30, 2017 (ECF Doc. No. 26).

> Respectfully submitted,
> /s/Shawn B. Daniels
> Shawn B. Daniels, AR Bar 96126
> Sarah C. Jewell AR Bar 2015169

Hare, Wynn, Newell & Newton, L.L.P.
129 W. Sunbridge Dr.
Fayetteville, AR 72703
Phone: (479) 521-7000
shawn@hwnn.com
sjewell@hwnn.com

Steven Bledsoe, Admitted *Pro Hac Vice*
Robert O'Brien, Admitted *Pro Hac Vice*
Lauren Wulfe, Admitted *Pro Hac Vice*
Larson O'Brien LLP
555 S. Flower St., Ste. 4400
Los Angeles, CA 90071
Phone: (213) 436-4888
lwulfe@larsonobrienlaw.com,
robrien@larsonobrienlaw.com
*ATTORNEYS FOR PLAINTIFFS*

*and*

/s/ Elizabeth A. McNamara
Elizabeth Anne McNamara
Admitted *Pro Hac Vice*
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Phone: (212) 603-6437
lizmcnamara@dwt.com

Jamie Raghu
Admitted *Pro Hac Vice*
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Phone: (212) 603-6430
jamieraghu@dwt.com

Cynthia W. Kolb, AR Bar #200156
Cross, Gunter, Witherspoon & Galchus, P.
500 President Clinton Ave, Ste. 200
Little Rock, AR 72201
Phone: (501) 371-9999
ckolb@cgwg.com
*ATTORNEYS FOR BAUER DEFENDANTS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of September, 2017 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Jason E. Owens
Michael R. Rainwater
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas 72222-7250
Phone: (501) 868-2500
owens@rainfirm.com

*ATTORNEYS FOR COUNTY DEFENDANTS*


Susan Keller Kendall
Kendall Drewyor Law Firm
3706 Pinnacle Hills Parkway, Ste. 201
Rogers, AR 72758
skk@kendalllawfirm.com,joan@kendalllawfirm.com

Thomas N. Kieklak
Robert Justin Eichmann
Harrington, Miller, Kieklak, Eichmann & Brown, P.A.
P.O. Box 687
113 East Emma Avenue
Springdale, AR 72765-6765
tkieklak@arkansaslaw.com,cmiller@arkansaslaw.com
jeichmann@arkansaslaw.com,cmiller@arkansaslaw.com

*ATTORNEYS FOR CITY DEFENDANTS*

                                                  /s/ Shawn B. Daniels