IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JILL DILLARD, JESSA SEEWALD,                                                PLAINTIFFS
JINGER VUOLO, and JOY DUGGAR

V.                                    CASE NO. 5:17-CV-05089-TLB

CITY OF SPRINGDALE, ARKANSAS;                                               DEFENDANTS
WASHINGTON COUNTY, ARKANSAS;
KATHY O'KELLEY, in her individual and
official capacities;
ERNEST CATE, in his individual and official capacities;
RICK HOYT, in his individual and official capacities;
STEVE ZEGA, in his official capacity;
BAUER PUBLISHING COMPANY, L.P.;
BAUER MAGAZINE, L.P.;
BAUER MEDIA GROUP, INC.;
BAUER, INC.;
HEINRICH BAUER NORTH AMERICA, INC.;
BAUER MEDIA GROUP USA, LLC; and
DOES 1-10, inclusive

**BRIEF IN SUPPORT OF RENEWED MOTION TO STAY ON BEHALF SEPARATE DEFENDANTS ERNEST CATE, IN HIS INDIVIDUAL CAPACITY, AND KATHY O'KELLEY, IN HER INDIVIDUAL CAPACITY**

COME NOW the Separate Defendants, Ernest Cate ("Cate"), in his individual capacity, and Kathy O'Kelley "(O'Kelley"), in her individual capacity (collectively referred to herein as the "Springdale Defendants"), by and through the undersigned attorneys, and for their Brief in Support of Motion to Stay state:

I.       INTRODUCTION

On June 29, 2017, the Springdale Defendants filed a motion to dismiss Plaintiffs' claims against them in their entirety as a matter of law and also pursuant to Fed. R. Civ. P. 12(b)(6) on the bases that: 1) Cate, individually, and O'Kelley, individually, are entitled to qualified immunity on Plaintiffs' constitutional claims; 2) all Springdale Defendants are entitled to both

statutory and qualified immunity from the Plaintiffs' tort claims; 3) the Plaintiffs have failed to state a claim for constitutional violations against the City of Springdale; and 4) the Plaintiffs have failed to state a claim for state tort claims against Springdale Defendants. On August 29, 2017, this Court granted in part and denied in part Springdale Defendants' Motion to Dismiss. On October 10, 2017, Springdale Defendants filed a Notice of Appeal, stating that they would be taking an interlocutory appeal to the United States Court of Appeals for the Eighth Circuit on the issue of qualified and statutory immunity. For the reasons set forth below, the Springdale Defendants request that this Court stay this proceeding in its entirety pending the interlocutory appeal on the qualified and statutory immunity issues.

## II.     LEGAL ARGUMENT

The Springdale Defendants request that the Court stay the pre-trial activities, as described below in this proceeding pending the interlocutory appeal on immunity grounds. The Springdale Defendants request that the stay include a stay of the Rule 26(f) Conference, Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1), Rule 26(f) Report, any other action required under Fed. R. Civ. P. 26, deadlines to amend the pleadings or file third party claims, any further scheduling, discovery, and trial.

A stay pending the interlocutory appeal of the qualified and statutory immunity issues is appropriate here.  Qualified immunity is an immunity from suit, not a mere defense to liability. The Supreme Court of the United States has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (quotation omitted).  "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*,

500 U.S. 226, 232, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991).  The Supreme Court, in addressing qualified immunity, specifically held that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Siegert, v. Gilley,* 500 U.S. at 233. As explained by the Supreme Court, the benefit conferred by qualified immunity to individual officials is, for the most part, lost as litigation proceeds past motion practice.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 113 S. Ct. 684, 685, 121 L. Ed. 2d 605 (1993).

The Springdale Defendants are entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.   A stay of the pre-trial proceedings is appropriate as the Court of Appeals for the Eighth Circuit may find that Springdale Defendants are entitled to qualified and statutory immunity. Furthermore, discovery would be wasteful and burdensome at this point.    Finally, the Plaintiffs cannot establish prejudice with respect to the requested stay as the Springdale Defendants have recently produced in excess of 3000 pages of documents in response to an FOIA request by the Plaintiffs.  A copy of the Plaintiffs' FOIA request and the Springdale Defendants' response is attached hereto as Exhibit A and B, respectively.

If the Court declines to issue a stay of the pre-trial proceedings, justice and governing law require that the Court to issue an order limiting the pre-trial litigation, pending the interlocutory appeal on immunity.   The Court has great flexibility in determining the time, manner and scope of discovery. *See, Crawford-El v. Britton,* 523 U.S. 574, 597–98, 118 S. Ct. 1584, 1596, 140 L. Ed. 2d 759 (1998) (holding the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.)   Such flexibility allows the Court to create a

3

discovery plan which best serves the interests of justice and the needs of a particular case. See Fed. R. Civ. P. 16(a)(3) (recognizing the purpose of discouraging wasteful pretrial activities); 16(c)(6) (recognizing the Court's authority to control the scheduling of discovery and disclosures); 16(c)(16) (recognizing the Court's ability to take appropriate action "to facilitate the just, speedy, and inexpensive disposition of the action").

### III.   CONCLUSION

For the reasons set forth herein, the Springdale Defendants respectfully request that this Court stay any and all pre-trial proceedings as described herein above in this case, pending the interlocutory appeal on the issues of qualified and statutory immunity.

Respectfully Submitted,

/s/ Thomas N. Kieklak
Thomas N. Kieklak (Ark. Bar No. 92262)
Email:  tkieklak@arkansaslaw.com
R. Justin Eichmann (Ark. Bar No. 2003145)
E-mail:  jeichmann@arkansaslaw.com
HARRINGTON, MILLER, KIEKLAK,
EICHMANN & BROWN, P.A.
4710 S. Thompson, Suite 102
Springdale, AR  72764
Phone: (479) 751-6464
Fax: (479) 751-3715

and

Susan Keller Kendall (Ark. Bar No. 98119)
KENDALL LAW FIRM, PLLC
3706 Pinnacle Hills Parkway, Suite 201
Rogers, Arkansas 72758
Email:  skk@kendalllawfirm.com
Phone: (479) 464-9828
Fax: (479) 464-9768
**COUNSEL FOR SPRINGDALE DEFENDANTS**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 10th day of October 2017, a true and correct copy of the above and foregoing Brief in Support of Motion to Stay on Behalf of Separate Defendants was filed with the Clerk via the CM/ECF system which will send notification of filing to the following:

| | |
|---|---|
| Lauren S. Wulfe<br>Robert C. O'Brien<br>Steven E. Bledsoe<br>LARSON O'BRIEN, LLP<br>555 S. Flower Street<br>Suite 4400<br>Los Angeles, CA 90071<br>(213) 436-4888<br>lwulfe@larsonobrienlaw.com<br>robrien@larsonobrienlaw.com<br>sbledsoe@larsonobrienlaw.com | Shawn B. Daniels<br>Sara C. Jewell<br>HARE, WYNN, NEWELL & NEWTON, LLP<br>129 W. Sunbridge Drive<br>Fayetteville, AR 72703<br>479-521-7000<br>Fax: 479-437-2007<br>shawm@hwnn.com<br>sjewell@hwnn.com |
| Cynthia W. Kolb<br>CROSS, GUNTER, WITHERSPOON &<br>GALCHUS, P.C.<br>500 President Clinton Avenue<br>Suite 200<br>Little Rock, AR 72201<br>(501) 371-9999<br>Fax: (501) 371-0035<br>ckolb@cgwg.com | Elizabeth Anne McNamara<br>Jamie Somoza Raghu<br>Davis Wright Tremaine LLP<br>1251 Avenue of the Americas, 21st Floor<br>New York, NY 10020<br>lizmcnamara@dwt.com<br>jamieraghu@dwt.com |
| Jason E. Owens<br>Rainwater, Holt & Sexton, P.A.<br>P.O. Box 17250<br>Little Rock, AR 72222-7250<br>owens@rainfirm.com | |

/s/Thomas N. Kieklak
Thomas N. Kieklak (Ark. Bar No. 92262)