## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

JILL DILLARD; JESSA SEEWALD;
JINGER VUOLO; and JOY DUGGAR                                    **PLAINTIFFS**

**V.**                        **CASE NO. 5:17-CV-5089**

CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
KATHY O'KELLEY, in her individual and
official capacities; ERNEST CATE, in his
individual and official capacities; RICK HOYT,
in his individual and official capacities;
STEVE ZEGA, in his official capacity;
BAUER PUBLISHING COMPANY, L.P.;
BAUER MAGAZINE, L.P.; BAUER MEDIA
GROUP, INC.; BAUER, INC.; HEINRICH BAUER
NORTH AMERICA, INC.; BAUER MEDIA GROUP
USA, LLC; and DOES 1–10, inclusive                              **DEFENDANTS**

**and**

JOSHUA DUGGAR                                                  **PLAINTIFF**

**V.**                        **CASE NO. 5:17-CV-5125**

CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
THE STATE OF ARKANSAS, DEPARTMENT
OF HUMAN SERVICES; DOUG SPROUSE, in
his official capacity; KATHY O'KELLEY, in
her official and individual capacities;
ERNEST CATE, in his official capacity; RICK
HOYT, in his official capacity; STEVE ZEGA,
in his official capacity; BAUER PUBLISHING
COMPANY, L.P.; BAUER MAGAZINE, L.P.;
BAUER MEDIA GROUP, INC.; BAUER, INC.;
HEINRICH BAUER NORTH AMERICA, INC.;
BAUER MEDIA GROUP USA, LLC; CROSS,
GUNTER, WITHERSPOON & GALCHUS, P.C.;
and DOES 1–10, inclusive                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Currently before the Court in the case of *Dillard et al. v. City of Springdale et al.*, Case No. 5:17-cv-5089 ("the *Dillard* Case"), are:

- the Motion to Dismiss (Doc. 43), Memorandum of Law in Support (Doc. 44), and Declaration of Elizabeth A. McNamara in Support (Doc. 45), filed by Defendants Bauer Publishing Company, L.P., Bauer Magazine, L.P., Bauer Media Group, Inc., Bauer, Inc., Heinrich Bauer North America, Inc., and Bauer Media Group USA, LLC (collectively, "the Bauer Defendants"); the Response in Opposition (Doc. 54) filed by Plaintiffs Jill Dillard, Jessa Seewald, Jinger Vuolo, and Joy Duggar (collectively, "the *Dillard* Plaintiffs"); and the Bauer Defendants' Reply (Doc. 58);

- the Motion to Consolidate (Doc. 41) and Brief in Support (Doc. 42) filed by Defendants City of Springdale ("the City"), Ernest Cate in his official and individual capacities, and Kathy O'Kelley in her official and individual capacities (collectively, "the *Dillard* Springdale Defendants"); the Bauer Defendants' Motion to Consolidate (Doc. 48); the *Dillard* Plaintiffs' Response in Opposition (Doc. 49) to both Motions to Consolidate; and the *Dillard* Springdale Defendants' Reply (Doc. 52); and

- the Bauer Defendants' Motion to Stay (Doc. 46) and Memorandum of Law in Support (Doc. 47); Plaintiffs' Response in Opposition (Doc. 53); and the Bauer Defendants' Reply (Doc. 59).

Also currently before the Court in the case of *Duggar v. City of Springdale et al.*, Case No. 5:17-cv-5125 ("the *Duggar* Case"), are:

- the Bauer Defendants' Motion to Dismiss (Doc. 40), Memorandum of Law in Support (Doc. 41), and Declaration of Elizabeth A. McNamara in Support (Doc.

2

42); Plaintiff Joshua Duggar's Response in Opposition (Doc. 54); and the Bauer Defendants' Reply (Doc. 58);

- the Motion to Dismiss (Doc. 33) and Brief in Support (Doc. 34) filed by Defendant Cross Gunter Witherspoon & Galchus, P.C. ("Cross Gunter"); Plaintiff Joshua Duggar's Response in Opposition (Doc. 48); and Cross Gunter's Reply (Doc. 53);

- the Motion to Dismiss (Doc. 15) and Brief in Support (Doc. 16) filed by Defendants City of Springdale ("the City"), Doug Sprouse in his official capacity, Kathy O'Kelley in her official and individual capacities, and Ernest Cate in his official capacity (collectively, "the *Duggar* Springdale Defendants"); Plaintiff Joshua Duggar's Response in Opposition (Doc. 30); and the *Duggar* Springdale Defendants' Reply (Doc. 37);

- the Motion to Dismiss (Doc. 25) and Brief in Support (Doc. 26) filed by Defendants Washington County ("the County"), Rick Hoyt in his official capacity, and Steve Zega in his official capacity (collectively, "the *Duggar* Washington County Defendants"); and Plaintiff Joshua Duggar's Response in Opposition (Doc. 31); and

- the *Duggar* Springdale Defendants' Motion to Consolidate (Doc. 17) and Brief in Support (Doc. 18); the Bauer Defendants' Motion to Consolidate (Doc. 27); Plaintiff Joshua Duggar's Response in Opposition to both Motions to Consolidate (Doc. 29); and the *Duggar* Springdale Defendants' Reply (Doc. 38).

For the reasons given below, the aforementioned Motions to Dismiss are all **GRANTED**, and all of the other aforementioned Motions are **MOOT**.

## I. BACKGROUND

These two lawsuits arise out of essentially the same set of alleged facts and circumstances. The *Dillard* Case was filed in this Court on May 18, 2017, by the *Dillard* Plaintiffs, who are all sisters. The *Duggar* Case was filed in this Court on July 6, 2017, by the *Dillard* Plaintiffs' older brother, Joshua Duggar. Although there are some differences between the two Complaints with respect to the finer details of their factual allegations, as well as with respect to the identities of some Defendants, both Complaints revolve around the same general series of allegations, which the Court will summarize here as context for what follows.

Both Complaints allege that in 2015, the Bauer Defendants caused stories to be published in a web and print media tabloid publication called "In Touch Weekly," about an investigation that had been conducted nearly a decade earlier by the Springdale Police Department and the Washington County Sheriff's Office into allegations that Joshua Duggar had sexually molested the *Dillard* Plaintiffs while he and they were all minors. Both Complaints allege that the Bauer Defendants published official reports of these investigations that had been obtained from the City and County pursuant to Freedom of Information Act ("FOIA") requests, which had been submitted to the City and County by the Bauer Defendants' lawyers at Cross Gunter. Both Complaints allege that the City's and County's FOIA responses were underredacted, such that once they were published by the Bauer Defendants, it was easy for readers to infer that the *Dillard* Plaintiffs were among Joshua Duggar's victims.

Both Complaints bring four tort claims against each of the Bauer Defendants: three for various types of Invasion of Privacy, and one for Outrage. The Bauer Defendants

4

have filed motions to dismiss these claims in both cases, arguing (among other things) that it would violate the First Amendment for them to be held liable for these activities. The Court will rule on both of these motions below.

Additionally, and unlike in the *Dillard* Case, the *Duggar* Complaint brings one claim against Cross Gunter, for the tort of Invasion of Privacy. Cross Gunter has filed a motion to dismiss that claim, which the Court will rule on below.

Both Complaints bring claims against their respective Springdale and Washington County Defendants for alleged violations of the Plaintiffs' federal and state constitutional due-process rights of privacy, along with tort claims for Invasion of Privacy and Outrage. The Springdale and Washington County Defendants filed motions to dismiss in both cases, asserting (among other things) that they were entitled to various types of immunity. The Court has already ruled in a prior order on the *Dillard* Springdale and Washington County Defendants' motions to dismiss, granting them in part and denying them in part. The Court will rule on the *Duggar* Springdale and Washington County Defendants' motions to dismiss below.

In both cases, a variety of Defendants have filed motions asking this Court to consolidate the two cases or to stay the proceedings in some manner. The Court will take up these motions at the end of this Opinion and Order.

But first the Court will rule on the aforementioned motions to dismiss. After reciting the legal standard applicable to such motions, the Court will begin with the Bauer Defendants' motions to dismiss. Then it will turn to Cross Gunter's motion to dismiss, before ruling on the *Duggar* Springdale and Washington County Defendants' motions to dismiss.

## II. LEGAL STANDARD FOR MOTIONS TO DISMISS

To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept all of the Complaint's factual allegations as true, and construe them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty.; Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* In other words, while "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

## III. DISCUSSION

### A. The Bauer Defendants' Motions to Dismiss

It is rare that this Court is presented with a motion to dismiss that may be resolved simply by citing to a solitary controlling Supreme Court case. But that is essentially the

6

situation here with respect to the Bauer Defendants' Motions to Dismiss. In *Florida Star v. B.J.F.*, the United States Supreme Court reaffirmed that the First Amendment requires that "if a newspaper lawfully obtains truthful information about a matter of public significance then state officials may not constitutionally punish publication of the information, absent a need to further a state interest of the highest order." 491 U.S. 524, 533 (1989) (quoting *Smith v. Daily Mail Pub. Co.*, 443 U.S. 97, 103 (1979)) (alterations omitted).

In that case, a local police department had inadvertently included a rape victim's name in a report that was made publicly available in a police station press room. *See id.* at 527. A newspaper then published the name of that rape victim in an article, in contravention of not only a Florida statute but also the newspaper's own internal policies. *See id.* at 527–28. The victim sued the newspaper and won a verdict at trial, but the Supreme Court reversed. *See id.* at 528–29. The Court reasoned that the published information was true, *id.* at 536, that it was obtained lawfully, *id.*, and that the newspaper was entitled to presume that it was on a matter of public significance since it concerned a crime and was information that the police department saw fit to disclose in the first place, *see id.*; *cf. id.* at 535 ("[W]here the government has made certain information publicly available, it is highly anomalous to sanction persons other than the source of its release. . . . By placing the information in the public domain on official court records, the State must be presumed to have concluded that the public interest was thereby being served." (internal quotation marks omitted)). Similarly, the Court found that imposing liability on the newspaper in question was not a "narrowly tailored" means of effectuating "a state interest of the highest order," *see id.* at 541, since "the government itself provide[d] [the]

7

information to the media," *see id.* at 538. "Where, as here, the government has failed to police itself in disseminating information, it is clear . . . that the imposition of damages against the press for its subsequent publication can hardly be said to be a narrowly tailored means of safeguarding anonymity." *Id.*

Here, in the *Dillard* and *Duggar* cases, none of the Plaintiffs allege that the Bauer Defendants ever published untruthful information about them. They acknowledge that the Bauer Defendants submitted FOIA requests to the City and the County, and that the Springdale and Washington County Defendants provided the reports of the police investigation pursuant to those FOIA requests. Under the reasoning of *Florida Star*, the Bauer Defendants were entitled to assume that the information contained therein was a matter of public significance, since it was disclosed by public entities pursuant to a statute that is explicitly designed to effectuate a public policy in favor of disclosing public records. And even if one assumes that the disclosures failed to comply with Arkansas statutory redaction requirements, *Florida Star* is clear that the Bauer Defendants cannot be held liable for the City's and County's failure to follow the law. Although the Court in *Florida Star* was very careful to emphasize that its holding was "relying on limited principles that sweep no more broadly than the appropriate context of the instant case," *id.* at 533, that "appropriate context" is so strongly analogous to the facts alleged in the *Dillard* and *Duggar* Complaints that this Court believes it cannot permit the Bauer Defendants to be held liable for their conduct here without defying binding Supreme Court precedent. Accordingly, the Bauer Defendants' Motions to Dismiss will be **GRANTED** in both the *Dillard* and *Duggar* cases, and all of the Plaintiffs' claims against them will be **DISMISSED WITHOUT PREJUDICE**.

## B. Cross Gunter's Motion to Dismiss

. The Court turns now to Plaintiff Joshua Duggar's sole claim against Cross Gunter, which is for the form of Invasion of Privacy known as "Public Disclosure of Private Fact." As this Court previously discussed in its Opinion and Order on the *Dillard* Springdale and Washington County Defendants' motions to dismiss, it is not entirely clear what the elements of this tort are under Arkansas law. *See Dillard et al. v. City of Springdale et al.*, 2017 WL 4392049, at *9 & nn.9–10 (W.D. Ark. Sep. 29, 2017) (comparing the elements in Restatement (Second) of Torts § 652D with those in AMI Civil § 422). However, it is clear enough that at a minimum—and at the risk of stating the obvious— the public disclosure at issue must be of a "private fact." *See id.*

The Arkansas FOIA states that, subject to certain exemptions, "all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records." Ark. Code Ann. § 25-19-105(a)(1)(A). Here, Cross Gunter is alleged to have submitted FOIA requests for such public records to the City and the County, to have expressed its opinion to the City and County as to why it was entitled to them under law, and then to have passed the City's and County's responses along to its clients. *See* Case No. 5:17-cv-5125, ¶¶ 6, 24, 40. The Court is unaware of any caselaw addressing this point, but does not see how information can possibly be considered "private" for purposes of this tort if "any citizen of the State of Arkansas" may obtain it simply by requesting copies from the same City and County that gave copies to Cross Gunter. And if a public entity is disseminating private information because it is erroneously concluding that no FOIA exemption applies to it, then it seems to the Court that the public entity in question would be the one publicizing

9

private facts—not the parties it is disseminating them to. Accordingly, Cross Gunter's Motion to Dismiss will be **GRANTED**, and Plaintiff Joshua Duggar's claim against it will be **DISMISSED WITHOUT PREJUDICE**.

### C. The Springdale and Washington County Defendants' Motions to Dismiss

The last two Motions to Dismiss to take up here are those filed by the *Duggar* Springdale and Washington County Defendants. As already mentioned above, the Court recently granted in part and denied in part motions to dismiss that were filed by the *Dillard* Springdale and Washington County Defendants, which advanced nearly identical arguments to those found in the instant Motions. Here, as before, the parties have briefed many very complicated issues regarding various forms of sovereign immunity. However, unlike before, the Court does not believe it is necessary to delve into the murky morass of immunity issues this time, because unlike the *Dillard* Plaintiffs, Plaintiff Joshua Duggar has failed to plead sufficient facts to state any claims against any of the Springdale and Washington County Defendants.

A critical difference between the two cases is that while the *Dillard* Complaint alleged that the *Dillard* Plaintiffs' identities as Joshua Duggar's victims "were not in the public record before the FOIA disclosures were made," *Dillard et al. v. City of Springdale et al.*, 2017 WL 4392049, at *6 (W.D. Ark. Sep. 29, 2017), the same cannot be said for Joshua Duggar's role in the alleged offense. The *Duggar* Complaint acknowledges that In Touch Weekly published a story about Joshua Duggar having been "Named" in a "Underage Sex Probe" before any of the Springdale or Washington County Defendants made any FOIA disclosures to Cross Gunter or the Bauer Defendants. *See* Case No.

5:17-cv-5125, Doc 1, ¶¶ 50, 51.  This fact alone is fatal to nearly all of Joshua Duggar's claims against the Springdale and Washington County Defendants.

He brings federal and state constitutional claims against these Defendants, all of which are premised on the notion that the FOIA disclosures violated his due-process right to privacy.  But an essential element of those claims, just as with the Invasion of Privacy tort of Public Disclosure of Private Facts (which he also brings against them), is that the disclosures publicize matters that are not already in the public record.  *See McNally v. Pulitzer Pub. Co.*, 532 F.2d 69, 77–79 (8th Cir. 1976).  "There is no liability when the defendant merely gives further publicity to information about the plaintiff which is already public."  *Id.* at 78 n.12 (quoting Restatement (Second) of Torts § 652D, comment c (Tent. Draft No. 13, 1967)).  Similarly, an essential element of his claim against these Defendants for the Invasion of Privacy tort of Intrusion upon Seclusion requires that the Plaintiff's "solitude or seclusion" be intruded upon.  *See Coombs v. J.B. Hunt Transport, Inc.*, 2012 Ark. App. 24, at *4.  And again, given that an article detailing his role in the offense had already been published, the allegations against Joshua Duggar cannot be said to have been a topic of "seclusion" for him at the time the FOIA disclosures were made.

Joshua Duggar's only other claim against the Springdale and Washington County Defendants is for the tort of Outrage.  Unlike his other claims against them, this one does not have any elements explicitly premised on the privacy of information.  Rather, its elements are as follows:

> (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous, beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) the actions

11

of the defendant were the cause of the plaintiff's distress; (4) the emotional
distress sustained by the plaintiff was so severe that no reasonable person
could be expected to endure it.

*Rees v. Smith*, 2009 Ark. 169, at *5. "The test for outrage is an extremely narrow test
that is committed by the most heinous conduct." *Forrest City Mach. Works, Inc. v.
Mosbacher*, 312 Ark. 578, 585 (1993). As this Court previously observed when ruling on
the *Dillard* Springdale and Washington County Defendants' motions to dismiss, "[w]hen
evaluating the egregiousness of the conduct at issue, the Court must be '[m]indful of the
importance in which our society and the . . . law has held' the interest of which that conduct
has run afoul." *Dillard et al. v. City of Springdale et al.*, 2017 WL 4392049, at *11 (W.D.
Ark. Sep. 29, 2017) (quoting *Travelers Ins. Co. v. Smith*, 338 Ark. 81, 92 (1999)).

In the *Dillard* Case, the Court denied the Springdale and Washington County
Defendants' motions to dismiss the Plaintiffs' claim for Outrage, focusing its analysis on
our society's and the law's interest in protecting minor victims of sexual assault. However,
with respect to Plaintiff Joshua Duggar's claim for Outrage, the public interest at issue is
not the protection of minor *victims* of sexual assault, but rather of minor sexual *assailants*.
Arkansas precedent is quite clear that disseminating information—even *false*
information—about an *adult* suspect's role in alleged criminal conduct is not the sort of
"extreme and outrageous" behavior that suffices to meet the "extremely narrow test" for
outrage. *See, e.g.*, *Patrick v. Tyson Foods, Inc.*, 2016 Ark. App. 221, at *18; *Sawada v.
Walmart Stores, Inc.*, 2015 Ark. App. 549, at *15–*16. The Court is unaware of any
Arkansas cases addressing whether the same is true when the criminal suspect in
question was a minor at the time of the alleged offense. Certainly, there are laws
reflecting a public policy in favor of protecting the identities of such minors. *See, e.g.*,

12

Ark. Code Ann. § 9-27-309(j) ("Records of the arrest of a juvenile, the detention of a juvenile, proceedings under this subchapter, and the records of an investigation that is conducted when the alleged offender is an adult and relates to an offense that occurred when the alleged offender was a juvenile shall be confidential and shall not be subject to disclosure under the [FOIA], unless: (1) Authorized by a written order of the juvenile division of circuit court; (2) The arrest or the proceedings under this subchapter result in the juvenile's being formally charged in the criminal division of circuit court for a felony; or (3) As allowed under this section or § 9-27-320."). But the question here is not simply whether such a public policy exists, but rather whether our laws and society place such importance on it that running afoul of that policy would constitute "the most heinous conduct." This Court does not believe the Arkansas Supreme Court would answer that question in the affirmative, *see Marvin Lumber and Cedar Co. v. PPG Indus., Inc.*, 223 F.3d 873, 876 (8th Cir. 2000) ("Where the state law is uncertain, our task is to predict how the state supreme court would resolve the issue if faced with it."), given the general lack of protection that the tort of Outrage provides to individuals who are publicly and falsely accused of crimes.

In summary, Plaintiff Joshua Duggar has failed to plead facts sufficient to state any actionable claims against any of the *Duggar* Springdale and Washington County Defendants. Accordingly, those Defendants' Motions to Dismiss will be **GRANTED**, and all of his claims against them will be **DISMISSED WITHOUT PREJUDICE**.

### D. Motions to Consolidate and to Stay

Given the foregoing, as well as this Court's prior rulings, it would now appear that the only remaining Defendants in the *Dillard* Case are the Springdale and Washington

13

County Defendants, and that the only remaining Defendant in the *Duggar* Case is the State of Arkansas Department of Human Services—which has not yet made any filings in the *Duggar* case, and appears not to have been served with a copy of the Complaint. *See* Case No. 5:17-cv-5125, Doc. 59.   Thus, there are no longer any common parties between these two cases.   Accordingly, all pending Motions to Consolidate in both cases are now **MOOT**.

The Bauer Defendants have a pending Motion to Stay in the *Dillard* Case, but since they are being dismissed, that Motion is also now **MOOT**.   The *Dillard* Springdale and Washington County Defendants recently filed Motions to Stay the proceedings in the *Dillard* Case, pending resolution of interlocutory appeals from this Court's partial denial of their motions to dismiss in that case.   However, those Motions to Stay are not yet ripe for decision, because the *Dillard* Plaintiffs have not yet had an opportunity to respond to them.   Accordingly, the Court will take no action on them at this time.

Finally, the Court notes that it previously scheduled Case Management Hearings to be held in these two cases on October 13, 2017.   Given that the only Defendant remaining in the *Duggar* Case has not even been served with the Complaint, the Court sees no point in holding the Case Management Hearing in that case.   As for the *Dillard* Case, the only remaining Defendants there are the *Dillard* Springdale and Washington County Defendants, some of whom have recently filed interlocutory appeals, and all of whom are seeking a complete stay of the proceedings in this case pending the resolution of those appeals.   The Court believes the most efficient use of everyone's time would be to cancel the Case Management Hearing in the *Dillard* Case until it has ruled on those Motions to Stay, which presumably will ripen within roughly a week or so.   If the Court

denies those Motions to any extent, then it will promptly set a Case Management Hearing in the *Dillard* Case.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that in the case of *Dillard et al. v. City of Springdale et al.*, Case No. 5:17-cv-5089:

- the Bauer Defendants' Motion to Dismiss (Doc. 43) is **GRANTED**;

- the *Dillard* Springdale Defendants' Motion to Consolidate (Doc. 41) is **MOOT**;

- the Bauer Defendants' Motion to Consolidate (Doc. 48) is **MOOT**;

- the Bauer Defendants' Motion to Stay (Doc. 46) is **MOOT**; and

- all of the Plaintiffs' claims against Defendants Bauer Publishing Company, L.P.; Bauer Magazine, L.P.; Bauer Media Group, Inc.; Bauer, Inc.; Heinrich Bauer North America, Inc.; and Bauer Media Group USA, LLC are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that in the case of *Duggar v. City of Springdale et al.*, Case No. 5:17-cv-5125:

- the Bauer Defendants' Motion to Dismiss (Doc. 40) is **GRANTED**;

- Cross Gunter's Motion to Dismiss (Doc. 33) is **GRANTED**;

- the *Duggar* Springdale Defendants' Motion to Dismiss (Doc. 15) is **GRANTED**;

- the *Duggar* Washington County Defendants' Motion to Dismiss (Doc. 25) is **GRANTED**;

- the *Duggar* Springdale Defendants' Motion to Consolidate (Doc. 17) is **MOOT**;

- the Bauer Defendants' Motion to Consolidate (Doc. 27) is **MOOT**; and

- all of Plaintiff Joshua Duggar's claims against Defendants City of Springdale, Arkansas; Washington County, Arkansas; Doug Sprouse, in his official capacity; Kathy O'Kelley, in her official and individual capacity; Ernest Cate, in his official capacity; Rick Hoyt, in his official capacity; Steve Zega, in his official capacity; Bauer Publishing Company, L.P.; Bauer Magazine, L.P.; Bauer Media Group, Inc.; Bauer, Inc.; Heinrich Bauer North America, Inc.; and Bauer Media Group USA, LLC are **DISMISSED WITHOUT PREJUDICE**.

The Case Management Hearings currently set to be held in these cases on October 13, 2017 will be **TERMINATED** by separate order.

**IT IS SO ORDERED** on this ___12th___ day of October, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE