IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JILL DILLARD, JESSA SEEWALD,
JINGER VUOLO, and JOY DUGGAR                                                        PLAINTIFFS

vs.                                        CASE NO. 5:17-5089-TLB

CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
KATHY O'KELLEY, in her individual and
official capacities;
ERNEST CATE, in his individual and official capacities;
RICK HOYT, in his individual and official capacities;
STEVE ZEGA, in his official capacity;
BAUER PUBLISHING COMPANY, L.P.;
BAUER MAGAZINE, L.P.;
BAUER MEDIA GROUP, INC.;
BAUER INC.;
HEINRICH BAUER NORTH AMERICA, INC.;
BAUER MEDIA GROUP USA, LLC; and
DOES 1-10, inclusive                                                                  DEFENDANTS

**PLAINTIFFS' MOTION TO FOR LEAVE TO FILE AN AMENDED COMPLAINT AND
INCORPORATED BRIEF IN SUPPORT**

**I.      INTRODUCTION**

When a motion to dismiss is granted, plaintiffs should "usually be given at least one chance to amend their complaint." *Wisdom v. First Midwest Bank, of Popular Bluff*, 167 F.3d 402, 409 (8th Cir. 2009) (internal citations omitted). Moreover, under the Federal Rules of Civil Procedure, leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) ("Given the courts' liberal viewpoint towards leave to amend, it should normally be granted absent good reason for a denial."). Thus, leave to amend should be denied "only where it will result in 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, [or] futility of amendment.'" *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000).

In light of these principles, Plaintiffs Jill Dillard, Jessa Seewald, Jinger Vuolo, and Joy Duggar (collectively "Plaintiffs"), by and through counsel, respectfully move the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file the Proposed Amended Complaint submitted herewith as Exhibit A—Plaintiffs' first amended pleading—so that Plaintiffs can clarify their allegations and conform them with the evidence in a manner that addresses the concerns raised by the Court in its October 12, 2017 Memorandum Opinion and Order (the "Order").

Specifically, Plaintiffs seek to clarify their allegations that Defendants Bauer Publishing Company, L.P.; Bauer Magazine, L.P.; Bauer Media Group, Inc.; Bauer Inc.; Heinrich Bauer North America, Inc.; and Bauer Media Group USA, LLC (collectively "Bauer Defendants" or "IN TOUCH DEFENDANTS") did not "lawfully obtain" Plaintiffs' information and therefore, Bauer Defendants' conduct is not protected by the First Amendment. Such an amendment is not futile as courts have held that the First Amendment protections do not apply where the press obtains information by encouraging or participating in another's unlawful act. *See Cohen v. Cowles Media Co.*, 501 U.S. 663, 669 (1991); *Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 188 (5th Cir. 2000). Further, Plaintiffs' request—which is submitted just days after the Court's Order and prior to any discovery—is not untimely or brought in bad faith. Nor will Defendants suffer any prejudice as Plaintiffs do not allege new claims and seek only to add facts already in Defendants' possession.

For the reasons set forth below, Plaintiffs respectfully request that the Court grant them leave to file the Proposed Amended Complaint submitted herewith.

## II.      PROCEDURAL BACKGROUND

On May 18, 2017, Plaintiffs filed their Initial Complaint, ECF No. 1, seeking to redress violations of their right to privacy caused by publication of confidential information about the sexual assaults of Plaintiffs by the Bauer Defendants. On August 22, 2017, the In Touch Defendants[1] filed a Motion to Dismiss Plaintiffs' Complaint, ECF Nos. 43-44 (the "MTD") pursuant to Federal Rule of Civil Procedure 12(b)(6).

After the matter was fully briefed but prior to oral argument, the Court granted the MTD by Memorandum Opinion and Order dated October 12, 2017, ECF No. 70 (the "Order"). The Court concluded that based on the facts as alleged, "it cannot permit the Bauer Defendants to be held liable for their conduct here without defying binding Supreme court precedent." Order at 8. Notably, however, the Court dismissed Plaintiffs' claims against the Bauer Defendants without prejudice. *Id.*

## III.     THE PROPOSED AMENDED COMPLAINT

Plaintiffs' Proposed Amended Complaint maintains the causes of action and defendants from the original complaint but amends and clarifies the factual allegations against the Bauer Defendants in light of the Court's October 12, 2017 ruling on the Bauer Defendants' Motion to Dismiss. The Proposed Amended Complaint makes the following amendments:

- Complt. ¶ 4 is revised to state: Nearly ten years later, Defendants BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC (collectively, "IN TOUCH DEFENDANTS"), seeking to exploit Plaintiffs' experiences as victims of child molestation for their own gain, began soliciting and encouraging a source with knowledge of the Police Department's and the Sheriff's Office's Investigation to disclose such information in violation of the law. On or about May 15, 2015, armed with previously confidential information about the Investigation that the IN TOUCH DEFENDANTS knew was disclosed to them in violation of the law, the IN TOUCH DEFENDANTS submitted Freedom of Information Act requests seeking copies of the Offense Report, Incident

---

[1]

3

- Report, and any other documentation related to the Investigation in order to give themselves pretextual legal cover concerning their receipt of such information.

- Complt. ¶ 46 is revised to state: Plaintiffs are informed and believe, and thereupon allege, that on or about May 15, 2015, the IN TOUCH DEFENDANTS, through their attorney Abtin Mehdizadegan, submitted a Freedom of Information Act ("FOIA") request to the Police Department seeking all files related to or mentioning Josh Duggar, Michelle Duggar, Jim Bob Duggar, and multiple addresses allegedly related to the Duggars.  Despite the fact that no charges resulted from the Investigation and its results had not been made public, the FOIA request contained improperly obtained details about the Investigation, including that the IN TOUCH DEFENDANTS had cause to believe that an incident report had been filed with the Police Department and that Detective Hignite had participated in the investigation.  The IN TOUCH DEFENDANTS submitted the Freedom of Information Act requests seeking copies of the Offense Report, Incident Report, and any other documentation related to the Investigation in order to give themselves pretextual legal cover concerning their receipt of such information even though they knew that disclosure of such information was prohibited by law.

- Complt. ¶ 49 is revised to state: On information and belief, the IN TOUCH DEFENDANTS, through Mr. Mehdizadegan, also faxed a FOIA request to the Sheriff's Office on or about May 15, 2015.  Similar to the FOIA request to the Police Department, the FOIA request to the Sheriff's Office requested all files related to or mentioning Josh Duggar, Michelle Duggar, Jim Bob Duggar, and multiple addresses alleged to be related to the Duggars.  Again, although no formal charges had been filed and the Investigation was confidential, the FOIA request also stated that the IN TOUCH DEFENDANTS had cause to believe that an incident report was filed with the Sheriff's Office even though no charges had ever been brought against Josh.

- Complt. ¶ 51 is revised to state: At approximately 3:15 p.m. on May 19, 2015, the IN TOUCH DEFENDANTS posted an article on the *In Touch Weekly* website under the headline "'19 Kids and Counting' Son Named in Underage Sex Probe" (the "May 19th Post").  The May 19th Post stated the IN TOUCH DEFENDANTS were "reporting exclusively" that Josh had been investigated for sexual assault.  Although the Investigation and the contents of the Offense and Incident Reports were confidential under Arkansas law, the May 19th Post reported details from "multiple sources who have seen the police report," including that Josh was investigated for sexual assault in the fourth degree.  The post also quoted a source who "saw and read" the Reports and explained that the Reports "clearly stated that Jim Bob brought his son Josh into the Arkansas State Police and spoke to a state trooper about Josh's involvement in alleged inappropriate touching with a minor."  Additionally, the post included specific details about the Investigation, including the fact that Detective Hignite was involved and that the CITY and COUNTY had not moved forward with the case due to the statute of limitations.  Notably, the May 19th Post stated that Detective Hignite cautioned the IN TOUCH DEFENDANTS that he could not comment or discuss the Investigation because of its sensitive nature and the fact that it involved a juvenile.  The post concluded with a promotion for sales of the hardcopy

4

version of *In Touch Weekly*, noting that for "the latest inside Josh Duggar's shocking past, pick up the new issue of *In Touch Weekly*, on newsstands tomorrow!."

- Complt. ¶ 54 is revised to state: The following morning, May 20, 2015, a companion print article entitled "Josh Duggar Named In Underage Sex Probe" (the "May 20th Article") was made available for sale in the print version of *In Touch Weekly*. The May 20th Article contained many of the same details as the May 19th Post but included additional details confirming the IN TOUCH DEFENDANTS were receiving information from inside sources whom they knew were disclosing the information in violation of the law. Specifically, the May 20th Article noted that "several sources, who have seen the police report," suggested that the Reports had been buried and that a state trooper named Joseph Hutchens had "really dropped the ball." The May 20th Article further reveals that the IN TOUCH DEFENDANTS had been informed by three separate members of law enforcement that the information about the matter was confidential and not subject to disclosure, including being specifically informed that "Arkansas law prohibits any comment about confidential information regarding a minor."

- Complt. ¶ 55 is revised to state: On information and belief, neither the Police Department nor the Sheriff's Office had officially or formally responded to the FOIA requests at the time the May 20th Article was made available for purchase.

- Complt. ¶ 88 is revised to state: The IN TOUCH DEFENDANTS publicly disclosed confidential and highly personal details of Plaintiffs' sexual molestation, including where and how they were molested and that the alleged assailant was their brother. The IN TOUCH DEFENDANTS knew that the Offense Report, Incident Report, and the details contained in those documents were private and confidential information, and that Plaintiffs had reasonable expectations of privacy in that information was protected from public disclosure. By way of example, the IN TOUCH DEFENDANTS had been informed by three separate members of law enforcement that the information about the matter was confidential and not subject to disclosure, including being specifically informed that "Arkansas law prohibits any comment about confidential information regarding a minor." In addition, IN TOUCH DEFENDANTS knew that Judge Zimmerman had ordered the Offense Report and details of the Investigation sealed and excluded from disclosure under FOIA pursuant to the Arkansas Juvenile Code.

- Complt. ¶ 92 is revised to state: Prior to the IN TOUCH DEFENDANTS' unauthorized disclosure, the information related to the Investigation was not known to the general public. IN TOUCH DEFENDANTS knew that the information related to the Investigation was protected from disclosure to the general public but nevertheless the IN TOUCH DEFENDANTS actively solicited and encouraged the disclosure of such information from one or more individuals whom they knew would be and were violating the law by disclosing the information to IN TOUCH DEFENDANTS. IN TOUCH DEFENDANTS solicited and encouraged the disclosure of this information in violation of the law for the purposes of disclosing it publically for their own financial gain.

Case 5:17-cv-05089-TLB   Document 74   Filed 10/26/17   Page 6 of 15 PageID #: 612

- Complt. ¶ 101 is revised to state: On information and belief, the IN TOUCH DEFENDANTS acted intentionally and with a conscious and reckless disregard of Plaintiffs' rights.  IN TOUCH DEFENDANTS knew that the information related to the Investigation was protected from disclosure to the general public but nevertheless the IN TOUCH DEFENDANTS actively solicited and encouraged the disclosure of such information from one or more individuals whom they knew would be and were violating the law by disclosing the information to IN TOUCH DEFENDANTS.  IN TOUCH DEFENDANTS solicited and encouraged the disclosure of this information in violation of the law for the purposes of disclosing it publically for their own financial gain.

- Complt. ¶ 112 is revised to state: On information and belief, the IN TOUCH DEFENDANTS knew or should have known that they lacked the necessary authority or permission to widely publicize Plaintiffs' intimate and personal information and disclose their identities as underage victims of sexual assault.  IN TOUCH DEFENDANTS knew that the information related to the Investigation was protected from disclosure to the general public but nevertheless the IN TOUCH DEFENDANTS actively solicited and encouraged the disclosure of such information from one or more individuals whom they knew would be and were violating the law by disclosing the information to IN TOUCH DEFENDANTS.  The IN TOUCH DEFENDANTS were told by law enforcement that Arkansas law prohibits any comment about the confidential information of a minor.  The IN TOUCH DEFENDANTS had also been notified by Defendant O'KELLEY that the information contained in the Offense Report violated the Arkansas Code provisions expressly prohibiting disclosure of information identifying the victim of sexual assault.  Further, the IN TOUCH DEFENDANTS were on notice based on the Judge Zimmerman's several orders ruling the details of the Investigation sealed and excluded from FOIA disclosure.

- Complt. ¶ 125 is revised to state: IN TOUCH DEFENDANTS knew that the information related to the Investigation was protected from disclosure to the general public but nevertheless solicited and encouraged the disclosure of the information in violation of the law for the purposes of disclosing it publically and obtaining financial gain.  The IN TOUCH DEFENDANTS were told by law enforcement that Arkansas law prohibits any comment about the confidential information of a minor.  The IN TOUCH DEFENDANTS had also been notified by Defendant O'KELLEY that the information contained in the Offense Report violated the Arkansas Code provisions expressly prohibiting disclosure of information identifying the victim of sexual assault.  Further, the IN TOUCH DEFENDANTS were on notice based on the Judge Zimmerman's several orders ruling the details of the Investigation sealed and excluded from FOIA disclosure.

As explained in more detail below, the aforementioned amendments demonstrate that Plaintiffs' claims are not futile and no prejudice will result to Defendants from these additional factual allegations.

IV.     **LEGAL STANDARD**

"Federal Rule of Civil Procedure 15(a)(2) states that leave to amend should be freely given by the court when justice so requires." *George v. Davis*, 2014 WL 11395843, at *1 (W.D. Ark. July 28, 2014). While district courts have discretion to deny a post-dismissal motion for leave to amend, they "may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits." *Unites States v. Hypoguard USA, Inc.*, 559 F.3d 818, 823-824 (8th Cir. 2009). "A district court can refuse to grant leave to amend a pleading only where it will result in 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Delay alone is insufficient justification for denying leave to amend; the non-movant must demonstrate prejudice. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).

V.     **ARGUMENT**

    **A. The Proposed Amendment is Not Futile**

Plaintiffs' proposed amendment is not futile. Futility exists when the claim could not withstand a motion to dismiss under the Federal Rule of Civil Procedure 12(b)(6) standard. *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 781-84 (8th Cir. 2008). Under that standard, "the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citing *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001)).

Plaintiffs are mindful that the Court previously dismissed Plaintiffs' claims against Bauer Defendants for failure to state a claim based on the Supreme Court ruling in *Florida Star v. B.J.F.*, 491 U.S. 524 (1989) and the First Amendment. *See* Order at 8. In doing so, this Court correctly stated, "[i]n *Florida Star v. B.J.F.*, the United States Supreme Court reaffirmed that the First Amendment requires that 'if a newspaper lawfully obtains truthful information about a matter of public significance then state officials may not constitutionally punish publication of the information, absent a need to further a state interest of the highest order.'" Order at 7.

However, "truthful information sought to be published must have been lawfully acquired." *Cohen v. Cowles Media Co.*, 501 U.S. 663, 669 (1991). And, where the press obtains information by encouraging or conspiring with a third-party to commit an unlawful act, the First Amendment protections do not apply. *See Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 188 (5th Cir. 2000) (holding First Amendment did not prevent a lawsuit against a TV show for publication of illegally-intercepted private phone conversations where the TV show producers met with the interceptors, provided instructions to the interceptors, and had encouraged additional interceptions); *United States v. Sanusi*, 813 F. Supp. 149, 155 (E.D.N.Y. 1992) ("While the First Amendment provides the press with a shield from government censorship, the press may not use this protection to justify otherwise illegal action.. . . [the First Amendment] does not mean the press may, simply by raising the cry of 'newsgathering' exempt itself from all ordinary legal constraints."); *see also Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 822 (M.D.N.C. 1995) ("Thus, under *Cohen*, the First Amendment does not protect the press when it violates generally applicable criminal or civil laws in the name of newsgathering.").

Here, Plaintiffs allege that Bauer Defendants solicited and encouraged individuals to commit the unlawful act of illegally disclosing confidential information contained in an Offense

Report and Incident Report.  (*See* Proposed Am. Cmplt. ¶¶ 4, 46, 49, 51, 54, 88, 92, 101, 112, 125.)  Specifically, Bauer Defendants admit in their May 20, 2015 *In Touch Weekly* article that they had been informed by multiple law enforcement personnel that the information was confidential and not subject to disclosure, including being specifically informed that "Arkansas law prohibits any comment about confidential information regarding a minor."  (Proposed Am. Cmplt. ¶¶ 54, 88, 112, 125; Declaration of Elizabeth A. McNamara ("McNamara Decl.") Ex. A, at 5, ECF No. 45-1, Aug. 22, 2017.)  Despite this knowledge, the May 19 and 20, 2015 *In Touch Weekly* articles contain confidential details from multiple sources who had read and seen the "police report."  (Proposed Am. Cmplt. ¶¶ 46, 54; McNamara Decl. Ex. A, at 4-5.)  These facts suggest that Bauer Defendants were receiving information from inside sources whom Bauer Defendants solicited and encouraged to disclose confidential information in knowing violation of the law.  Indeed, an email from Defendant O'Kelley shows that members of the Springdale Police Department suspected that a Department source was improperly leaking information to the media due to the level of detail contained in the FOIA request and the May 19, 2015 *In Touch Weekly* article.  (Proposed Am. Cmplt. ¶ 53.)

Plaintiffs further allege that Bauer Defendants made their FOIA requests in order to give themselves pretextual legal cover concerning their receipt of information even though they knew that disclosure of such information was prohibited by law.  (Proposed Am. Cmplt. ¶¶ 4, 46.)  Notably, Plaintiffs allege that after receiving responses to their pretextual FOIA requests, Bauer Defendants were informed by the Police Department that the information could not be published and its release violated Arkansas law but that Bauer Defendants published the information in spite of this knowledge.  (Proposed Am. Cmplt. ¶¶ 67-68.)

By soliciting and encouraging the disclosure of information in knowing violation of the law, Bauer Defendants did not "lawfully obtain" Plaintiffs' information. *Florida Star*, therefore, does not apply. Accordingly, Plaintiffs' Proposed Amended Complaint sets for facts that if proven true would establish that Bauer Defendants are not entitled to First Amendment protections. *See Peavy*, 221 F.3d at 188 (First Amendment did not prohibit lawsuit where TV show producers knew tapes were illegally-intercepted and encouraged the illegal interception). The claims raised by Plaintiffs' Proposed Amended Complaint are therefore not futile.[2]

### B. The Remaining Considerations of Timeliness, Bad Faith, and Prejudice Weigh In Favor of Permitting Leave To Amend

Plaintiffs' request for leave to amend is timely and not filed in bad faith or with dilatory motive. Rule 15(a) does not prescribe any time limit within which a party may apply to the court for leave to amend. 6 Fed. Prac. & Proc. Civ. § 1488 (3d ed.). Accordingly, courts have permitted amendments to the pleadings as late as trial. *See e.g.*, *Zatina v. Greyhound Lines, Inc.*, 442 F.2d 238 (8th Cir. 1971) (permitting amendment to complaint following close of testimony at trial).

Here, Plaintiffs submit this request less than two weeks after the Court's Order and only five months after filing of the Initial Complaint. Significantly, the Court has not issued a scheduling order establishing a deadline for the parties to amend the pleadings. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (noting that where the scheduling order establishes a deadline to amend the pleadings and that deadline has past, a party must meet a more narrow "good cause" standard). In fact, no dates, including discovery cutoff dates or trial dates, have been set in this case. *See Daniel v. Farmer*, 2008 WL 5233110, at *3 (E.D. Mo. Dec. 12,

---

[2] Plaintiffs anticipate that Bauer Defendants will argue that the claims fail for the additional reasons raised in the MTD. Those arguments fail for the reasons set forth in Plaintiffs' Response In Opposition to Bauer Defendants' Motion to Dismiss, ECF No. 54, which is incorporated herein by reference.

2008) ("There has been no trial date set in this case, which weighs in favor of granting leave to amend.").

Moreover, even if Plaintiffs delayed in making their request, delay alone is insufficient to deny Plaintiffs' request. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). The non-moving parties must show undue prejudice, which Bauer Defendants will be unable to do. *See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981) ("We are not convinced that a party's opportunity to amend should be defeated, in the absence of prejudice to the opposing party, merely because he tactically chooses to delay assertion of a claim or defense.").

Bauer Defendants will not be unduly prejudiced by permitting Plaintiffs leave to file the Proposed Amended Complaint to clarify facts and claims that have been at issue since the filing of the Initial Complaint. Courts repeatedly have recognized that amendments based on similar facts as alleged in the initial complaint do not prejudice defendants. *See Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party."); *Bell*, 160 F.3d at 544 ("Cases in which abuse of discretion has been found generally involve amendments based on facts similar to the original complaint."). As shown above, Plaintiffs' proposed amendments refine their previously-alleged causes of actions but do not change the nature of the lawsuit.

Significantly, Bauer Defendants have not conducted any discovery nor provided any discovery responses which may need to be altered in light of Plaintiffs' amendments. Nor will Bauer Defendants be precluded from seeking discovery in relation to the Proposed Amended Complaint because the Court has not set discovery cutoff dates. Bauer Defendants, therefore, will have sufficient time to conduct discovery with the knowledge of Plaintiffs' slightly revised

11

claims. *See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981) ("Importantly, there is nothing in the record or the parties' briefs to indicate that the defendants are less able to conduct any necessary additional discovery at this time than they would have been if the plaintiffs' motion to amend had been filed earlier."); *M Rucker v. US Fidelis, Inc.*, 2010 WL 575734, at *2 (E.D. Mo. Feb. 11, 2010) (concluding defendants would not be unduly prejudiced by amendment where the "parties have sufficient time to complete any additional discovery that may be required by amendment").

Further, amendment is unlikely to cause prejudice to the City and County Defendants. The proposed amendments do not address or alter the claims against the City and County Defendants or the facts underlying those claims. Moreover, City and County Defendants filed Notices of Interlocutory Appeal and corresponding Motions to Stay requesting a complete stay of any and all pre-trial proceedings as well as discovery until the interlocutory appeal on qualified immunity is resolved.[3] City and County Defendants therefore will suffer no prejudice from the Proposed Amended Complaint during the pendency of the stay and will have ample time to conduct discovery based on the amended complaint once the stay is lifted. *See Moore v. Jefferson Capital Sys., LLC*, 2017 WL 2813536, at *2 (E.D. Mo. June 29, 2017) (granting motion for leave to amend two years after filing of initial complaint because case had been stayed and all discovery and trial deadlines had to be reset); *Smith v. Blitz U.S.A.*, 2012 WL 12894843, at *2 (D. Minn. Mar. 2, 2012) (finding no undue prejudice to defendants from leave to amend where claims against defendant were stayed and more than five months remained until the end discovery). *Morse v. McWhorter*, 290 F.3d 795 (6th Cir. 2002) (finding prejudice to defendant did not rise to a level warranting denial of leave to amend where discovery stay relieved defendant of the prospect of duplicative discovery).

---

[3] ECF Nos. 63-69.

Accordingly, Defendants will not be prejudiced by an order granting leave to file Plaintiffs' amended complaint.

In sum, Plaintiffs' request to file their Proposed Amended Complaint is not futile, was submitted timely and in good faith, contains claims similar to those originally asserted, and does not otherwise prejudice Bauer Defendants or City and County Defendants.  Consequently, none of the factors upon which courts may deny motions for leave to amend are present here.  Thus, Plaintiffs' motion for leave should be granted.

## VI.     CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant them leave to file the Proposed Amended Complaint submitted herewith.

Date:  October 26, 2017                                         Respectfully submitted,


/s/Shawn B. Daniels
Shawn B. Daniels, AR No. 99126
Sarah C. Jewell, AR No. 2015169
HARE, WYNN, NEWELL & NEWTON, LLP
129 W. Sunbridge Drive
Fayetteville, AR 72703
479-521-7000
shawn@hwnn.com
sjewell@hwnn.com

and

Robert C. O'Brien (admitted *pro hac vice*)
Steven E. Bledsoe (admitted *pro hac vice*)
Lauren S. Wulfe (admitted *pro hac vice*)
LARSON O'BRIEN LLP
555 South Flower Street, Suite 4400 Los Angeles, California 90071
213-436-4888

>robrien@larsonobrienlaw.com
>sbledsoe@larsonobrienlaw.com
>lwulfe@larsonobrienlaw.com
>
>*Attorneys for Plaintiffs JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR*

**CERTIFICATE OF SERVICE**

      On October 26, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Robert Justin Eichmann
Thomas N. Kieklak
Harrington, Miller, Kieklak, Eichmann
      & Brown, P.A.,
4710 S Thompson Ste 102
Springdale, AR 72764
jeichmann@arkansaslaw.com
tkieklak@arkansaslaw.com,

Susan Keller Kendall
Kendall Drewyor Law Firm
3706 Pinnacle Hills Parkway
Suite 201
Rogers, AR 72758
skk@kendalllawfirm.com

Cynthia W. Kolb
Cross, Gunter, Witherspoon
      & Galchus, P.
500 President Clinton Avenue
Suite 200
Little Rock, AR 72201
ckolb@cgwg.com,dclark@cgwg.com

Elizabeth Anne McNamara
Jamie Somoza Raghu
Davis Wright Tremaine LLP
1251 Avenue of the Americas
21st Floor
New York, NY 10020
lizmcnamara@dwt.com
jamieraghu@dwt.com


/s/Shawn B. Daniels