# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT ARKANSAS
## FAYETTEVILLE DIVISION

```
------------------------------------------------------- x
JILL DILLARD, JESSA SEEWALD, JINGER          :
VUOLO, and JOY DUGGAR,                        :        Civil Action No.: 17 Civ. 5089 (TLB)
                                              :
                  Plaintiffs,                 :
                                              :
               - against -                    :
                                              :
CITY OF SPRINGDALE, ARKANSAS;                 :
WASHINGTON COUNTY, ARKANSAS;                  :
KATHY O'KELLEY, in her individual and         :
official capacities; ERNEST CATE, in his      :
individual and official capacities; RICK HOYT,:
in his individual and official capacities; STEVE:
ZEGA, in his official capacity; BAUER         :
PUBLISHING COMPANY, L.P.; BAUER               :
MAGAZINE, L.P.; BAUER MEDIA GROUP,            :
INC.; BAUER, INC.; HEINRICH BAUER             :
NORTH AMERICA, INC.; BAUER MEDIA              :
GROUP USA, LLC; and DOES 1-10, inclusive,     :
                                              :
                  Defendants.                 :
------------------------------------------------------- x
```

# DEFENDANTS BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA SALES, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; AND BAUER MEDIA GROUP USA, LLC OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

The Bauer Defendants[1] hereby submit this memorandum of law in opposition to Plaintiffs' motion for leave to file an Amended Complaint.

## INTRODUCTION

This court dismissed it its entirety as barred by the First Amendment Plaintiffs' claims for invasion of privacy and the tort of outrage against the Bauer Defendants for their publication of accurate information obtained through FOIA requests related to the Arkansas police department's investigation into Josh Duggar's sexual assault of Plaintiffs, his sisters.  The Court held that *Florida Star* is controlling, which is one of many U.S. Supreme Court decisions finding claims arising out of the publication of lawfully obtained truthful information cannot withstand First Amendment scrutiny.  In fact, the Court held that the facts of *Florida Star* were "so strongly analogous to the facts alleged in the *Dillard* and *Duggar* Complaints that this Court believes it cannot permit the Bauer Defendants to be held liable for their conduct here without defying binding Supreme Court precedent."  ECF Dkt. No. 70 at 8.  Moreover, the Court expressly found that "the Bauer Defendants' cannot be held liable for the City's and County's [alleged] failure to follow the law."  *Id.*

Having lost before this Court, Plaintiffs now seek a second bite at the apple by requesting leave to amend the Complaint to "clarify their allegations" already made in the original Complaint and reargue that the Bauer Defendants "did not 'lawfully obtain'" the Offense and Incident Reports received pursuant to FOIA requests and thus, *Florida Star* is not controlling. Plaintiffs' motion for leave to amend the Complaint to include these allegations, however, is futile and should be denied for three independent reasons.

*First*, Plaintiffs' proposed "clarifying" allegations were already alleged in the original

---

[1] This memorandum utilizes the same defined terms as used in the Bauer Defendants' motion to dismiss (ECF Dkt. No. 44).

Complaint, were argued in the motion to dismiss briefing, and rejected by this Court.  Despite being aware of these allegations and arguments – that were all before the Court – the Court still found *Florida Star* applied to bar Plaintiffs' action.  Plaintiffs' allegations have not changed.  As with the original Complaint, Plaintiffs' proposed Amended Complaint does not allege any unlawful, or even improper, conduct by the Bauer Defendants.  Where, as here, a proposed amended complaint contains no new allegations, and in fact, the allegations were already briefed and rejected, request for leave to amend should be denied.

*Second*, nothing in the undisputed sequence of events alleged in the proposed Amended Complaint (or the original Complaint) supports any inference that the Bauer Defendants acted unlawfully.  *Florida Star* still mandates dismissal.  At most, Plaintiffs' proposed amendments amount to evidence that the Bauer Defendants' engaged in accepted newsgathering practices.  Moreover, as this Court found, even if the police reports were improperly or unlawfully released, the First Amendment *still* protects the Bauer Defendants' publication of the Reports because "illegal conduct does not suffice to remove the First Amendment shield from speech about a matter of public concern."  *Bartnicki v. Vopper*, 532 U.S. 514, 535 (2001).

*Third*, Plaintiffs' proposed amendments are futile for the separate and independent reason that Plaintiffs' proposed Amended Complaint, like the original Complaint, fails to plead the requisite elements of their tort claims.  In granting the Bauer Defendants' motion to dismiss, the Court held that the Articles at issue were matters of public concern.  Plaintiffs' proposed Amended Complaint does not address this holding and based on the Court's holding, Plaintiffs cannot state claims for public disclosure of private facts or appropriation.  Plaintiffs' proposed Amended Complaint also does not address Plaintiffs' failure to state a claim for intrusion upon seclusion and the tort of outrage as identified in the Bauer Defendants' motion to dismiss, and

they fail for the reasons stated therein.  For all of these multiple and independent reasons, Plaintiffs' request to amend the Complaint should be denied.

## FACTS

Based on the significant motion to dismiss briefing by all parties in this action, the Court's familiarity with the facts at issue is presumed.  For convenience, relevant facts are discussed briefly below.  The Court is respectfully directed to the Bauer Defendants' motion to dismiss, ECF Dkt. No. 44, for a full recitation of the facts.

**A.      Plaintiffs' Original Complaint**

Plaintiffs filed their original Complaint on May 18, 2017 and brought four causes of action against the Bauer Defendants for (1) invasion of privacy – public disclosure of private fact; (2) invasion of privacy – appropriation; (3) invasion of privacy – intrusion upon seclusion; and (4) tort of outrage.  *See* Compl. ¶¶ 77-126.  These claims were brought against the Bauer Defendants exclusively for the publication of the Offense Report, the Incident Report, and the related Articles reporting information from the Reports.

**B.      The Bauer Defendants' Motion to Dismiss**

On August 22, 2017, the Bauer Defendants moved this Court to dismiss Plaintiffs' claims against them pursuant to Fed. R. Civ. P. 12(b)(6) on multiple independent grounds, including that when the press lawfully obtains truthful, newsworthy information – like the Offense and Incident Reports at issue here that were released to Bauer Magazine under FOIA – its publication cannot be prohibited or punished consistent with the First Amendment.  ECF Dkt. No. 44.[2]

In opposition, Plaintiffs specifically argued that the First Amendment protections did not apply because they "pled sufficient facts to support Bauer Defendants' complicity in the illegal

---

[2] The Bauer Defendants also moved for dismissal because Plaintiffs' claims did not plausibly plead the critical elements of each of the alleged claims and, in the alternative, Plaintiffs' claims were also immune from liability under Arkansas' Anti-SLAPP statute.  *Id.*

release of the records of Plaintiffs' sexual abuse while they were minors" based, *inter alia*, on the

allegations that the "Bauer Defendants began publishing details about Plaintiffs' sexual abuse

*before* even receiving responses to its FOIA requests" and "the information contained in the

FOIA request and *In Touch Weekly*'s initial article [the May 19 Article] . . . suggests that Bauer

Defendants were receiving information from an inside source prior to obtaining the actual

Offense Report and Incident Report."  ECF Dkt. No. 54 at 6-7 (citing Compl. ¶¶ 50, 51)

(emphasis original).

The motion to dismiss briefing was completed on September 13, 2017, with Plaintiffs

filing an opposition on September 5, 2017, *id.*, and the Bauer Defendants filing their reply on

September 13, 2017.  ECF Dkt. No. 55, 58.  In the extensive briefing on the Bauer Defendants'

motion, at no time did Plaintiff seek leave to amend their Complaint.  A case management

hearing was scheduled for October 13, 2017 where oral argument on the motion was to occur.

ECF Dkt. No. 40.

## C.    The Court Grants the Bauer Defendants' Motion to Dismiss in its Entirety

On October 12, 2017, the Court issued its decision granting all of the then currently

pending motions to dismiss, including motions brought by the Bauer Defendants in both the

*Dillard* and *Duggar* actions.  *See* ECF Dkt. No. 70.[3]  In its decision, the Court found that this

case was wholly controlled by the Supreme Court decision in *Florida Star*, which required

dismissal:

> It is rare that this Court is presented with a motion to dismiss that
> may be resolved simply by citing to a solitary controlling Supreme
> Court case.  But that is essentially the situation here with respect to
> the Bauer Defendants' Motions to Dismiss.  In *Florida Star v.
> B.J.F.,* the United States Supreme Court reaffirmed that the First

---

[3] On September 29, 2017, the Court issued its decision granting in part and denying in part the City and County
Defendants' motions to dismiss in the *Dillard* Action.  ECF Dkt. No. 62

4

Amendment requires that 'if a newspaper lawfully obtains truthful information about a matter of public significance then state officials may not constitutionally punish publication of the information, absent a need to further a state interest of the highest order.'   491 U.S. 524, 533 (1989) (quoting *Smith v. Daily Mail Pub.* Co., 443 U.S. 97, 103 (1979)) (alterations omitted). . . .

Under the reasoning of *Florida Star,* the Bauer Defendants were entitled to assume that the information contained [in the police reports provided pursuant to the Bauer Defendants' FOIA requests] was a matter of public significance, since it was disclosed by public entities pursuant to a statute that is explicitly designed to effectuate a public policy in favor of disclosing public records. And even if one assumes that the disclosures failed to comply with Arkansas statutory redaction requirements, *Florida Star* is clear that the Bauer Defendants cannot be held liable for the City's and County's failure to follow the law.

*Id.* at 6-7, 8.  The Court then went on to find that the facts of *Florida Star* were "so strongly analogous to the facts alleged in the *Dillard* and *Duggar* Complaints that this Court believes it cannot permit the Bauer Defendants to be held liable for their conduct here without defying binding Supreme Court precedent."  *Id.* at 8.  Accordingly, the Court granted the Bauer Defendants' motion to dismiss in its entirety.

**D.    Plaintiffs' Request to Amend the Complaint**

On October 26, 2017, Plaintiffs requested leave from this Court to Amend their Complaint to "clarify their allegations that [the Bauer Defendants'] did not 'lawfully obtain' Plaintiffs information and therefore, Bauer Defendants' conduct is not protected by the First Amendment."  Pls.' Mot. at 2.  Plaintiffs' request leave to amend or add eleven (11) paragraphs, two of which include the same proposed alterations, out of the 146 paragraph Complaint.  *See id.* at 3-6.  *See also* proposed Am. Compl.  These purported clarifying amendments make three basic allegations.

*First*, that the Bauer Defendants' FOIA requests were "pretextual legal cover" because the Bauer Defendants knew about the investigation into Josh Duggar's sexual assault allegations

prior to receiving a response to the FOIA requests.  Am. Compl. ¶¶ 4, 46.  The only purportedly

new allegation is the unsupported assertion that the FOIA requests were "pretextual."

*Second*, the Bauer Defendants knew the Reports released pursuant to the FOIA requests

were confidential under Arkansas law.  Am. Compl. ¶¶ 51, 54, 88, 112.  These "clarifications"

are based exclusively on information in the May 19 Article and companion print article,

available to Plaintiffs prior to filing the original Complaint, which reported that Josh Duggar "of

the TLC hit reality show *19 Kids and Counting* was named in a police report as the 'alleged

offender' in an underage sexual abuse probe. . . .".[4]  Plaintiffs' proposed clarifications state that

the May 19 Article attributes the reported information to "multiple sources who have seen the

police report and are familiar with the case" and that Sgt. Darrel Hignite, a member of the

Springdale Police Department, is quoted in the article as saying "I can't comment or discuss [this

case] because of the sensitive nature and because it involved a juvenile."  McNamara Aff. Ex. A

at 2 (alteration in original); Am. Compl. ¶ 51.  The companion print article repeats the same

quote from Sgt. Hignite and separately quotes Ken Hunt of Washington County's Crimes

Against Children Division as saying "Arkansas law prohibits any comment about confidential

information regarding a minor" and his purported colleague, Whitney Taylor, as saying "I can't

give you any information."  McNamara Ex. A at 4; Am. Compl. ¶ 54.

The May 19 Article, however, does not in any way identify the victims of the alleged

sexual assault; nor does it contain any details concerning Josh Duggar's crime.  Indeed, as

Plaintiffs admit in filings in this action:

> the [May 19 Article] addressed only the bare facts that Josh
> [Duggar] had been investigated in relation to molestation
> accusations made while he was a minor.  The story did not reveal

---

[4] A copy of the May 19 Article, along with a copy of the companion print article, is attached as Exhibit A to the Affidavit of Elizabeth A. McNamara, executed on August 22, 2017 and submitted concurrently with the Bauer Defendants' motion to dismiss ("McNamara Aff.").  ECF Dkt. No. 45.

> any [sic] the information at the heart of this lawsuit.  It revealed
> nothing about the victims or details of the sexual assaults as that
> information was not yet known to the public or part of the public
> record.

ECF Dkt. No. 32 at 25.  *See also id.* at 11.  The companion print article likewise does not

identify any victims or include any details concerning the assault allegations.  McNamara Aff.

Ex. A at 4.

*Third,* the Bauer Defendants received information from various sources by "soliciting and

encouraging" individuals with knowledge about the investigation to disclose that information in

violation of the law.  Am. Compl. ¶¶ 4, 92, 101, 112, 125.  These allegations are also exclusively

based on the May 19 Article and companion print article.

These "clarifications" were already alleged in the original Complaint and available to

Plaintiffs prior to filing the original Complaint.  Moreover, these exact arguments were raised by

Plaintiffs in opposition to the Bauer Defendants' motion to dismiss and rejected by this Court.

Accordingly, the Court should deny Plaintiffs' request for leave to amend the Complaint as

futile.

## ARGUMENT

### I.   LEGAL STANDARD

While Federal Rule of Civil Procedure 15(a)(2) states that leave to amend should be

freely given by the court "when justice so requires," district courts have discretion to deny

motions for leave to amend.  *See Unites States v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th

Cir. 2009).  Motions to amend made after dismissal of the action is granted, like the one here, are

disfavored.  *See id.*; *In re Medtronic, Inc., Sprint Fidelis Leads Prod. Liab. Litig.*, 623 F.3d 1200,

1208 (8th Cir. 2010) ("Post-dismissal motions to amend are disfavored.").  Where plaintiffs

"do[] not have at least colorable grounds for relief, . . . is guilty of undue delay, bad faith,

dilatory motive, . . . if permission to amend would unduly prejudice the opposing party," or "if the amendment would be futile," leave should be denied. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224, 225 (8th Cir. 1994); *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 781-84 (8th Cir. 2008).

Further, leave to amend should be denied as futile where the amended pleading would not survive a motion to dismiss. *McKesson Corp. v. Grisham*, No. 3:15-CV-03026, 2015 WL 9238962, at *2 (W.D. Ark. Dec. 17, 2015). *See also In re Charter Commc'ns, Inc., Sec. Litig.*, 443 F.3d 987, 993 (8th Cir. 2006) ("Denial of a motion to amend" for futility, "particularly a motion filed after the district court's final ruling, is not an abuse of discretion")*, aff'd and remanded sub nom. Stoneridge Inv. Partners, LLC v. Sci.-Atlanta*, 552 U.S. 148 (2008). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *McKesson Corp.*, 2015 WL 9238962, at *2 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts have also denied requests for leave to amend where, like here, the proposed allegations are repetitive of the allegations in the original complaint or were available to plaintiffs prior to filing the original complaint. *See In re Medtronic, Inc.*, 623 F.3d at 1208 (affirming the district court's denial of plaintiff's motion to amend because "Plaintiffs did not seek leave to amend before the adverse dismissal ruling," "many of the allegedly newly-discovered facts were available before they filed the Master Consolidated Complaint," and the amendment "would be futile."); *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) (affirming lower court's decision denying plaintiff's motion to amend the complaint where "some of the additional allegations were repetitive of the claims in his original complaint and certainly arose even before the filing of his original complaint.").

Although Plaintiffs bring their motion under Rule 15(a)(2) for leave to amend the Complaint, Plaintiffs' motion is better characterized as one for reconsideration of the Court's decision because the proposed Amended Complaint raises the same allegations and claims as the original Complaint.  Plaintiffs' motion merely asks this Court to reconsider its decision that *Florida Star* is controlling based on no new allegations, and arguments already made and rejected by this Court.

Yet, a motion for reconsideration "serve[s] the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence," *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013) (alterations in original), and should not be used as a vehicle to present evidence that was available when the matter was initially adjudicated.  *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 922-23 (8th Cir. 2015); *Anthony v. Runyon*, 76 F.3d 210, 215 (8th Cir. 1996) (evidence presented on a motion for reconsideration "must be truly new, in the sense that it was previously unavailable"); *In re Charter Commc'ns, Inc., Sec. Litig.*, 443 F.3d at 993 ("A district court has broad discretion to reconsider an order granting dismissal or summary judgment, but [a] motion to alter or amend judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment."). Plaintiffs assert no manifest errors of law or facts in the Court's decision granting the Bauer Defendants' motion to dismiss and present no new allegations, let alone allegations based on facts not available to Plaintiffs prior to filing the original Complaint.

Plaintiffs' motion for leave to amend their Complaint fails under either standard – Rule 15(a)(2) or motion for reconsideration – and should be denied.

## II.   THIS COURT SHOULD DENY PLAINTIFFS' REQUEST FOR LEAVE TO AMEND THE COMPLAINT

### A.   As Already Decided by this Court, *Florida Star* is Controlling and Bars Plaintiffs' Complaint Against the Bauer Defendants

This Court has already recognized the decades of U.S. Supreme Court precedent, followed by decisions across the country – that when the press lawfully obtains truthful, newsworthy information its publication cannot be prohibited or punished – applies to bar Plaintiffs' action against the Bauer Defendants.  ECF Dkt. No. 70 at 6-8.  *See Smith v. Daily Mail Publ'g Co.*, 443 U.S. 97, 102-03 (1979); *Florida Star v. B.J.F.*, 491 U.S. 524, 532 (1989); *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 837-38 (1978); *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 492 (1975); *C.L., M.L. ex rel. C.A.L. v. Vill. Of Riverside*, No. 13 Civ. 1476, 2013 WL 4538836, at *2 (N.D. Ill Aug. 27, 2013).  In fact, this Court specifically found that *Florida Star* was "so strongly analogous to the facts alleged in the *Dillard* and *Duggar* Complaints that this Court believes it cannot permit the Bauer Defendants to be held liable for their conduct here without defying binding Supreme Court precedent."  ECF Dkt. No. 70 at 8.

Plaintiffs do not dispute that claims arising out of the publication of lawfully obtained truthful information cannot withstand First Amendment scrutiny.  Nor do they dispute that the Reports were received by Bauer Magazine from the Springdale Police Department and Sheriff's Office pursuant to FOIA requests.  Instead, Plaintiffs seek leave to amend the Complaint to "clarify" already pled allegations that the Bauer Defendants were somehow complicit in the alleged unlawful release of the Reports and to reargue that *Florida Star* is not controlling.  Pls.' Mot. at 2-10.  Plaintiffs' allegations, however, have not changed; they do not allege, let alone plausibly allege, that the Bauer Defendants acted unlawfully.  There is no precedent – nor do Plaintiffs cite any precedent – for the notion that bona fide FOIA requests submitted by the press are rendered "unlawful" because the press is already aware of certain facts related to the inquiry.

10

Gathering such information is called basic newsgathering.  Seeking additional information via

FOIA is obviously legal.  Nowhere in their original Complaint or the proposed Amended

Complaint do Plaintiffs allege a single fact that supports a finding that the Bauer Defendants did

anything wrong.  Accordingly, Plaintiffs' motion for leave to amend the Complaint is futile and

should be denied.

**B.      Plaintiffs' Request for Leave to Amend Must Be Denied As Futile**

**1.      The Proposed Amended Complaint Contains No New Allegations
Against the Bauer Defendants**

Plaintiffs themselves admit that their proposed amendments to the Complaint are not new

but merely allege that they "clarify" previously made allegations that the Bauer Defendants' "did

not lawfully obtain Plaintiffs' information and therefore the Bauer Defendants' conduct is not

protected by the First Amendment."  *See* Pls.' Mot. at 2 (requesting leave to amend "so that

Plaintiffs can *clarify their allegations*"); *id.* ("Plaintiffs do not allege new claims"); *id.* at 3

("*clarifies* the factual allegations against the Bauer Defendants"); *id.* at 11 (arguing Bauer

Defendants are not prejudiced by amending the complaint because the amendments "*clarify* facts

and claims that have been at issue since the filing of the Initial Complaint") (emphasis added).

In short, as acknowledged by Plaintiffs, their allegations have not changed from the original

Complaint.  Despite the Court already being aware of these factual allegations, the Court found

that *Florida Star* applied and barred liability.  ECF Dkt. No. 70 at 6-8.

Where, as here, the proposed allegations are repetitive of the allegations in the original

complaint or were available to plaintiffs prior to filing the original complaint, leave to amend

should be denied.  *See In re Medtronic, Inc.*, 623 F.3d at 1208 (affirming the district court's

denial of plaintiff's motion to amend because "Plaintiffs did not seek leave to amend before the

adverse dismissal ruling," "many of the allegedly newly-discovered facts were available before

they filed the Master Consolidated Complaint," and the amendment "would be futile."); *Becker*, 191 F.3d at 908 (affirming lower court's decision denying plaintiff's motion to amend the complaint where "some of the additional allegations were repetitive of the claims in his original complaint and certainly arose even before the filing of his original complaint."); *Stebbins v. Univ. of Arkansas*, No. CV 10-5125, 2010 WL 11537565, at *1 (W.D. Ark. Dec. 2, 2010) (denying motion for leave to amend where the proposed amendment "does not alter the existing pleadings, but merely repeats them").

Moreover, post-dismissal motions to amend, like Plaintiffs', are disfavored. *See In re Medtronic, Inc.*, 623 F.3d at 1208; *In re Charter Commc'ns, Inc., Sec. Litig.*, 443 F.3d at 993. This skepticism is particularly well-founded where, as here, the allegations are unchanged and have already been briefed and rejected by the Court. Here, the contention that the Bauer Defendants somehow were "complicit" in any unlawful actions in the release of the Reports by the City and County Defendants has already been briefed, and seemingly rejected, by this Court. *See* ECF Dkt. No. 70 at 6-8. In opposition to the Bauer Defendants' motion to dismiss, granted by this Court, Plaintiffs argued that they "pled sufficient facts to support Bauer Defendants' complicity in the illegal release of the records of Plaintiffs' sexual abuse while they were minors." ECF Dkt. No. 54 at 6-7. Plaintiffs specifically argued, *inter alia*, that the "Bauer Defendants began publishing details about Plaintiffs' sexual abuse *before* even receiving responses to its FOIA requests" and "the information contained in the FOIA request and *In Touch Weekly*'s initial article [the May 19 Article] . . . suggests that Bauer Defendants were receiving information from an inside source prior to obtaining the actual Offense Report and Incident Report." *Id.* at 7 (citing Compl. ¶¶ 50, 51).[5] Plaintiffs now contend that they should be

---

[5] Plaintiffs also argued that they sufficiently supported their allegation that the Bauer Defendants were complicit in the illegal release of the Reports of Plaintiffs' sexual abuse because the "Bauer Defendants' FOIA request was

granted leave to amend their Complaint to assert the *same* allegations as support for the *same* argument already rejected by this Court.  This argument fails for several reasons:

*First,* Plaintiffs seek leave to include purportedly clarifying allegations that the Bauer Defendants knew about the investigation into Josh Duggar's sexual assault prior to receiving a response to their FOIA requests and thus, the FOIA requests were made as "pretextual legal cover" for the receipt of such unlawfully received information.  *See* Am. Compl. ¶¶ 4, 46.  The original Complaint and Plaintiffs' opposition, however, already alleged that the Bauer Defendants stated in their FOIA requests to the Springdale Police Department and Sheriff's Office that they had cause to believe an incident report regarding Josh Duggar had been filed with the Springdale Police Department.  Compl. ¶¶ 46, 49.  The original Complaint also alleged that prior to receiving the Springdale Police Departments' and Sheriff's Office's responses to the FOIA requests, the Bauer Defendants knew about the investigation and published the fact that Josh Duggar had been investigated for sexual assault in the May 19 Article.  *See* Compl ¶ 46, 51-52.  The inclusion of the words "pretextual legal cover" does not change these allegations in any

___

submitted by a law firm with clear ties to the Springdale, Arkansas Police Department," "Defendant O'Kelley, Chief of Police for the City of Springdale, was a close personal friend of Carolyn Witherspoon, a named partner at the firm, and O'Kelley even suggested that the firm be consulted regarding the propriety of the release of the records," and that "Police Chief O'Kelley herself, rather than a public records officer, worked late into the night to produce records responsive to Bauer Defendants' FOIA request to help Bauer Defendants meet its publication deadline." ECF Dkt. No. 54 at 7 (citing Compl. ¶¶ 46, 53-56).  As already addressed and refuted by the Bauer Defendants, the alleged fact that the Chief of Police, Defendant O'Kelley was good friends with a partner at the law firm that issued the FOIA requests says nothing, and most certainly does not support unlawfulness on the part of Bauer Magazine. Similarly, Plaintiffs' allegation that Defendant O'Kelley reassured the law firm that the redacted Offense Report would be ready by the deadline required by Arkansas law to produce documents responsive to the FOIA request, Compl. ¶ 47, merely shows that Defendant O'Kelly was working to comply with a legal deadline, not any unlawful action by the Bauer Defendants.  Indeed, Plaintiffs' own allegations refute any inference of impropriety by Bauer Magazine.  For example, on the same day the City Defendants disclosed the redacted Offense Report to Bauer Magazine, the City Defendants purportedly disclosed the same redacted Offense Report to "a local news organization pursuant to a separate FOIA request."  Compl. ¶ 56.  Plaintiffs do not allege that the local news organization had any relationship with Defendant O'Kelley or the other City Defendants.  Any inference that Bauer Magazine was somehow complicit in the purported unlawful disclosure of the Reports based on an alleged friendship between Defendant O'Kelly and an attorney – not alleged to be involved with Bauer Magazine's FOIA request but merely employed by the law firm that issued the FOIA request – is not plausible in light of the other disclosure made by the City Defendants to an unrelated news organization where no purported relationship was alleged.

substantive way or support a finding of unlawful conduct by the Bauer Defendants.

*Second*, Plaintiffs seek leave to include purportedly clarifying allegations that the Bauer Defendants "solicited and encouraged" sources with knowledge of the investigation into Josh Duggar's sexual assaults to disclose that knowledge in violation of the law.  *See* Am. Compl. ¶ 4, 92, 101, 112, 125.[6]  Again, these allegations are the same allegations made in the original Complaint, were argued in the motion to dismiss briefing, and were rejected by the Court.  *See* Compl. ¶¶ 51-53; ECF Dkt. 54 at 7.  Like including the word "pretextual," merely including the words "solicited and encouraged" to previously made allegations does not alter the allegations or change implausible allegations into plausible ones.

*Lastly*, Plaintiffs seek leave to include purportedly clarifying allegations that the Bauer Defendants knew that the investigation into Josh Duggar's sexual assault was confidential because at least three sources referenced in the May 19 Article and the companion print article declined to comment on an investigation that involved a minor.  *See* Am. Compl. ¶¶ 51, 54, 88, 112.  However, Plaintiffs already argued that the Bauer Defendants knew or should have known that information related to the investigation was confidential and not to be disclosed.  *See* Compl. ¶ 86 (alleging that the Bauer Defendants "knew or should have known" that the Reports contained information "protected from public disclosure" including based on Judge Zimmerman's order).  *See also id.* ¶¶ 65, 70, 72, 110.  Plaintiffs' inclusion of references to sources identified in two articles – which Plaintiffs had access to prior to filing their original Complaint – stating that they could not comment on issues involving a minor does not alter this allegation or suggest that the Bauer Defendants were somehow barred from making their FOIA

---

[6] Even the allegations of the proposed Amended Complaint belie that any impropriety occurred.  As alleged, and as is made clear in the May 19 Article, when asked about Josh Duggar's alleged involvement in an "underage sexual abuse probe," individuals associated with the Springdale Police Department and Washington County declined to comment because it involved "confidential information regarding a minor."  Am. Compl. ¶¶ 51, 54.  When deflected, FOIA requests followed.  Again, that is not improper; it is newsgathering.

requests.

Accordingly, the Court should deny Plaintiffs' request for leave to amend the Complaint because Plaintiffs' proposed Amended Complaint contains no new allegations, the information added was clearly available to Plaintiffs before filing the original Complaint, and despite being aware of these factual allegations, the Court still found that *Florida Star* applied and barred liability.

### 2.   Like Plaintiffs' Original Complaint, Plaintiffs' Proposed Amended Complaint is Barred By The First Amendment and *Florida Star*

Plaintiffs' only argument that the First Amendment protections and specifically *Florida Star* do not apply to bar its action against the Bauer Defendants is that the Bauer Defendants purportedly acted unlawfully in obtaining the Offense and Incident Reports.  *See* Pls.' Mot. at 2. Not only has this argument already been made and seemingly rejected by this Court, but nothing in the undisputed sequence of events alleged in the proposed Amended Complaint (or the original Complaint) supports any allegation that Bauer Magazine acted unlawfully.  Moreover, Plaintiffs' proposed amendments relate exclusively to information published about Josh Duggar, not Plaintiffs, and therefore cannot support any allegation that the Bauer Defendants acted unlawfully in obtaining and publishing information related to Plaintiffs.  Thus, Plaintiffs' proposed amendments are futile and should not be permitted.

Plaintiffs seek leave from the Court to include the allegation that three sources referenced in the May 19 Article and the companion print article told the Bauer Defendants that they could not discuss the investigation into Josh Duggar because it involved a minor, and thus the Bauer Defendants knew information relating to the investigation was protected from disclosure.  Am. Compl. ¶¶ 51, 54, 88, 112.  Beyond the fact that this allegation is not new, *see supra* at 11-14, it is irrelevant.  Even if Bauer Magazine had reason to know the Reports were illegally disclosed –

which they were not – the Bauer Defendants' conduct would *still* be protected under the First

Amendment.  In *Bartnicki*, the Supreme Court assumed that the interception of the private call at

issue was unlawful and that the defendants had reason to know of its illegality.  532 U.S. at 524-

25.  The Court concluded that despite the illegal source of the intercepted communications, the

First Amendment *still* protected the defendants' public disclosures where defendants did not

unlawfully intercept the call, holding that "illegal conduct does not suffice to remove the First

Amendment shield from speech about a matter of public concern."  *Id.* at 525, 535.  Here,

Plaintiffs do not, nor can they, allege that the Reports were obtained illegally or that the Bauer

Defendants acted unlawfully.  It is undisputed that the Bauer Defendants received redacted

versions of the Offense and Incident Reports from the Springdale Police Department and

Sheriff's Office pursuant to their FOIA requests.  As already decided, whether or not the Reports

should have been released by the City and County Defendants has no bearing on the Bauer

Defendants' liability.  *See* ECF Dkt. No. 70 at 8 (citing *Florida Star*, 491 U.S. at 538).  Plaintiffs

cite no authority, nor could they, that information obtained through FOIA requests is unlawful.

In an effort to avoid *Bartnicki* and argue *Florida Star* does not apply, Plaintiffs' proposed

amendments allege that the Bauer Defendants acted unlawfully by "solicit[ing] and

encourage[ing] individuals to commit the unlawful act of illegally disclosing confidential

information contained in [the] Offense Report and Incident Report."  Pls.' Mot. at 8-9 (citing

Am. Compl. ¶¶ 4, 46, 49, 51, 54, 88, 92, 101, 112, 125).  This allegation is merely a rephrasing

of Plaintiffs' already rejected argument that the Bauer Defendants should have known that the

Offense and Incident Reports were improperly disclosed by the government.  Compl. ¶ 86 ("the

[Bauer Defendants] knew or should have known that the Offense Report, Incident Report, and

the details contained in those document were private and confidential information . . . that was

protected from public disclosure"). *See also* Compl. ¶ 110.  The Supreme Court has already

rejected this argument.  *See Florida Star*, 491 U.S. at 536 (finding the government's failure to

fulfill its obligation to avoid disclosure did not "make the newspaper's ensuing receipt of this

information unlawful.").  *See also Bartnicki*, 532 U.S. at 524-25 (concluding despite the fact

defendants knew about the illegal source of the intercepted communications, the First

Amendment *still* protected the defendants' public disclosures).

Moreover, this allegation is based solely on the May 19 Article and the companion print

article, Pls.' Mot. at 9, which reported that Josh Duggar "was named in a police report as the

alleged offender in an underage sexual abuse probe" based on multiple sources who had seen the

police report.[7]  McNamara Aff. Ex. A at 1.  Neither the May 19 Article, nor the companion print

article names Plaintiffs or in any away alludes to personal details about Plaintiffs.  *Id.*  In fact, no

information arguably related to Plaintiffs was disclosed any time prior to the release of the

Reports.  Plaintiffs' themselves admitted in filings in *this* action before *this* Court that the May

19 Article

> addressed only the *bare facts* that Josh [Duggar] had been
> investigated in relation to molestation accusations made while he
> was a minor.  The story did not reveal any [sic] the information at
> the heart of this lawsuit.  It revealed *nothing about the victims or
> details of the sexual assaults* as that information was not yet
> known to the public or part of the public record.

ECF Dkt. No. 32 at 25 (emphasis added).  *See also id.* at 11.  Plaintiffs are bound by their filings

in this action and cannot now rely on this very same Article, and its companion print article, as

evidence the information relating to Plaintiffs was unlawfully obtained.

---

[7] Plaintiffs also fail to provide any factual support for their allegation that these sources were "insider" sources from the Springdale Police Department or Sheriff's Office.  Many other individuals were aware of the allegations that Josh Duggar had sexually assaulted various victims throughout the years.  For example, in 2006 the producers of *Oprah* received a letter about an alleged molestation by Josh Duggar, Offense Report at 12, members of the Duggar's church were also aware of Josh Duggar's sexual assaults, Incident Report at 6, and an individual who called the Arkansas Child Abuse hotline to report the abuse was clearly aware of the allegations.  *See* Compl. ¶ 39; Am. Compl. ¶ 39.

Plaintiffs' allegation that the Bauer Defendants acted unlawfully by "soliciting and engaging" sources boils down to the argument that any interaction with a source for purposes of newsgathering is evidence of unlawfulness. This is patently incorrect. Interacting with sources is a normal and accepted newsgathering technique. For example, in *Smith v. Daily Mail*, an action was brought against two newspapers for publishing the name of a minor criminal offender in violation of a West Virginia statute. 443 U.S. at 102-03. The Court found that the First Amendment barred the action and condoned the newspapers' "reli[ance] upon routine newspaper reporting techniques to ascertain the identity of" the juvenile offender, including "asking various witnesses, the police, and an assistant prosecuting attorney who were at the [crime scene, the] school," *id.* 99, 103, because "[a] free press cannot be made to rely solely upon the sufferance of government to supply it with information." *Id.* at 103. The *Smith* court also extended the previously established principle that "if a newspaper lawfully obtains truthful information about a matter of public significance then state officials may not constitutionally punish publication of the information, absent a need to further a state interest of the highest order," to situations where the government was not the one that provided or allowed access to the information published. *Id.* at 100 (internal quotation marks omitted). Here, like in *Smith*, speaking with individuals knowledgeable about the investigation into Josh Duggar is merely evidence that the Bauer Defendants engaged in "routine newspaper reporting techniques," not unlawfulness.

Plaintiffs' proposed amendment that the Bauer Defendants made the FOIA requests to the Springdale Police Department and Sheriff's Office as "pretextual legal cover" for their receipt of information about the investigation that they knew was disclosed to them in violation of the law, Am. Compl. ¶¶ 4, 46, similarly fails to establish a plausible inference that the Bauer Defendants' acted unlawfully. As discussed, Plaintiffs' proposed amendment is based on the May 19 Article

and companion print article, which do not disclose information about Plaintiffs.  Both of these articles were published *after* the Bauer Defendants submitted their FOIA requests to the Springdale Police Department and Sheriff's Office on May 15, and thus establish nothing about the propriety of the Bauer Defendants' earlier made FOIA requests.  Even so, the fact that three individuals referenced in the articles believed information may have been confidential does not suggest that the Bauer Defendants should not or could not seek additional information through FOIA, or, that once that information was released by the Springdale Police Department and the Sheriff's Office, it could not be relied upon.  *See Whiteside v. Russellville Newspapers, Inc.*, 295 S.W.3d 798, 804 (Ark. 2009) (It is "not incumbent upon [the recipient] . . . to determine what information could or could not be published *after* its release by the police."), *cert. denied*, 130 S. Ct. 247 (2009).[8]

Because Plaintiffs fail to plausible allege that the Bauer Defendants acted unlawfully in obtaining the Reports, *Cohen v. Cowles Media Co.*, 501 U.S. 663 (1991) and *Peavy v. GFAA-TV, Inc.*, 221 F.3d 158 (5th Cir. 2000) are not controlling.

In *Cohen*, plaintiff, a confidential source that provided information about a candidate for governor to a newspaper based on the promise his name would remain confidential, brought an action against the newspaper for breaching their confidentiality agreement by publishing his

---

[8] Bauer Magazine's protected right to publish the Reports is similarly unaffected by a court order directing the report be expunged from the public record issued *after* the Offense Report had already been published on the *In Touch* website and other websites or by Defendant O'Kelley's "belated request" to further redact the Offense Report *after* it was already released to Bauer Magazine for the "purposes of publication."  *See* Compl. ¶¶ 65-67, 68, 70; Am. Compl. ¶¶ 67-69, 70, 72.  *See also* Compl. ¶ 10 ("Almost immediately [after posting the Offense Report], other tabloids and users on social media picked up on the article, linking to the original post or summarizing its contents"), ¶ 69 ("Numerous media outlets and websites picked up on the story, and posted links to it, further exposing millions of people to the Offense Report"); Am. Compl. ¶ 10 (same); ¶ 71 (same).  In a telling decision, *Oklahoma Publ'g Co. v. District Court*, 430 U.S. 308 (1977) (*per curiam*), the Supreme Court struck down a state-court injunction prohibiting the media from publishing the name or photograph of an 11-year-old where the public, including reporters, were previously permitted to attend a hearing where the juvenile's name and image were available, notwithstanding a state statute allowing juvenile trials to be closed to the public.  The Supreme Court held that once the truthful information was "publicly revealed" or "in the public domain" the court could not constitutionally restrain its dissemination.  *Id.* at 312 (citing *Cox Broad. Corp.*, 420 U.S. at 495).

name as the source of the information.  *Cohen*, 501 U.S. at 665-66.  The Court held that *Florida Star* was not controlling because the newspaper obtained the information, and plaintiff's name, "only by making a promise that they did not honor" and therefore, it was not clear that the newspaper had obtained plaintiff's name lawfully.  *Id.* at 671.  Here, there are no allegations that the Bauer Defendants "made a promise they did not honor" to obtain the Reports.  In fact, it is undisputed that the Bauer Defendants obtained the information that form the basis of Plaintiffs' tort claims from the Springdale Police Department and Sheriff's Office in response to their FOIA requests.  As already discussed, the information learned from unnamed sources and reported in the May 19 Article and companion print article does not, and cannot, form the basis of Plaintiffs' claims because no information about Plaintiffs was disclosed.

*Peavy* is similarly inapplicable.  In *Peavy*, plaintiffs brought an action against a television station and reporter for violating the Federal and Texas wiretap statute where plaintiffs' neighbor intercepted and recorded Plaintiffs' phone conversations, provided the recordings to the television station and reporter, and the reporter participated in the interception.  *Peavy*, 221 F.3d at 163.  The court articulated the "narrow issue" in front of them as

> whether . . . the First Amendment is violated by the Federal and Texas Acts, as applied to the use and disclosure of illegally intercepted communications about matters of public significance, by persons who: knew, or had reason to know, the communications were intercepted in violation of the Acts; but who *did not* themselves make the interceptions; but who *did* have undisputed participation concerning the interceptions to the extent defendants did."

*Id.* at 180 (emphasis original).  The *Peavy* court held that the First Amendment did not bar the Federal and Texas wiretapping action against the television station or reporter.  *Id.* at 193.  The court based its holding on the fact there was "undisputed participation concerning the interceptions" by the television station and reporter, including that at the initial meeting between

the reporter and the neighbor the reporter agreed "he wanted a copy of the tape, as well as others he (Harman) might make in the future," "instructed the [neighbors] *not* to turn the tape recorder on and off while recording intercepted conversations, and *not* to edit them, so that the tapes' authenticity could *not* be challenged," "request[ed] and pick[ed] up tapes of recorded conversations from them, and promis[ed] to expose [plaintiffs'] wrongdoing." *Id.* at 164, 170, 180 (emphasis original).

Plaintiffs' proposed amendments do not begin to rise to the level required under *Peavy* to establish "participation" by the Bauer Defendants in any unlawful conduct allegedly involved in releasing the Reports. *First*, no unlawful interception of the Reports is alleged. It is undisputed that the Reports were disclosed pursuant to Bauer Magazine's FOIA requests. *Second*, Plaintiffs do not allege that the Bauer Defendants provided any instructions to the alleged sources, made any promises to the alleged sources, or that the Bauer Defendants requested or received copies of the Reports from the sources. Plaintiffs merely allege, without any factual support, that the Bauer Defendants "solicited and encouraged" individuals to share purportedly confidential information about the investigation that disclosed no information about Plaintiffs and, most important, affirmatively allege that sources refused to provide information. These conclusory allegations fail to allege that the Bauer Defendants participated in purportedly unlawful conduct such that *Florida Star* becomes inapplicable.

Because Plaintiffs' allegations cannot establish that the Bauer Defendants' acted unlawfully, *Florida Star* applies and bars Plaintiffs' claims against the Bauer Defendants. Accordingly, Plaintiffs' request to amend the Complaint is futile and should be denied.

3. **Plaintiffs' Proposed Amendments are Futile because They Do Not Remedy Plaintiffs' Failure to Plead the Requisite Elements of their Tort Claims**

a. **Plaintiffs' Proposed Amended Complaint Fails to State a Claim for Invasion of Privacy – Public Disclosure of Private Facts**

Even if somehow Plaintiffs' proposed Amended Complaint was not barred by the First Amendment, it would still fail since the Court found the Articles at issue address issues of legitimate public concern. *See In re Dunbar*, 446 B.R. 306, 314 (Bankr. E.D. Ark. 2011) (a required element of a claim for public disclosure of private facts is that "the matter publicized is of a kind that . . . is not of legitimate concern to the public."). *See also* ECF Dkt. No. 44 at 21-22. The Court held "under the reasoning of *Florida Star*, the Bauer Defendants were entitled to assume that the information contained [in the Reports] was a matter of public concern." ECF Dkt. No. 70 at 8. Moreover, in finding *Florida Star* controlling, which requires information to be of public concern to warrant First Amendment protection, the Court also acknowledged that the Articles address matters of public concern. *See id.* ("if a newspaper lawfully obtains truthful information *about a matter of public significance* then state officials may not constitutionally punish publication of the information, absent a need to further a state interest of the highest order.") (citing *Florida Star*, 491 U.S. at 533) (emphasis added). Plaintiffs' proposed amendments do not alter the Court's finding, and therefore, cannot state a claim for publication of private fact. Thus, for this independent reason the motion should be denied as futile.

b. **Plaintiffs' Proposed Amended Complaint Fails to State A Claim For Invasion of Privacy – Appropriation**

For the same reason Plaintiffs' publication of private facts claim fails, Plaintiffs' appropriation claim fails. Specifically, the Court found that the Articles at issue were of public concern, ECF Dkt. No. 70 at 8, and thus, cannot form the basis for Plaintiffs' appropriation

claim.  *See*, *e.g.*, *Battaglieri v. Mackinac Ctr. For Pub. Policy*, 680 N.W.2d 915, 917 (Mich. Ct.

App. 2004).  Because Plaintiffs cannot state a claim for appropriation, Plaintiffs' request to

amend its Complaint should be denied as futile.

> ### c.   Plaintiffs' Proposed Amended Complaint Fails to State a Claim for Invasion of Privacy – Intrusion Upon Seclusion

Plaintiffs' claim for intrusion upon seclusion fails to plausibly allege that an actionable

intrusion occurred for the reasons already stated in the Bauer Defendants' motion to dismiss.

ECF Dkt. No. 44 at 25-27.  Plaintiffs' proposed amendments do not alter this conclusion, and

thus, should be denied as futile.

> ### d.   Plaintiffs' Proposed Amended Complaint Fails to State a Claim for Tort Of Outrage

The only conduct attributed by Plaintiffs to the Bauer Defendants is the publication of

newsworthy information of public concern regarding sexual assaults committed by a public

figure.  This conduct does not even begin to rise to the level of outrage required to plausibly

allege a claim for outrage.  *See* ECF Dkt. No. 44 at 28-29 (collecting cases).  For these reasons

and the other reasons stated in the Bauer Defendants' motion to dismiss, *id.*, Plaintiffs have not

pled the required elements for their tort of outrage claim.  Accordingly, Plaintiffs' motion for

leave to amend, which does not change this conclusion, must be denied as futile.

### III.   PLAINTIFFS' MOTION FOR LEAVE TO AMEND MUST BE DENIED AS FUTILE BECAUSE THE ARTICLES ARE PROTECTED UNDER THE FAIR REPORT PRIVILEGE AND PLAINTIFFS' CLAIMS ARE SUBJECT TO ARKANSAS' ANTI-SLAPP STATUTE

Plaintiffs' proposed Amended Complaint does not address the alternative grounds for

dismissal based on the fair report privilege and Arkansas' Anti-SLAPP statute.  For the reasons

stated in the Bauer Defendants' motion to dismiss, ECF Dkt. No. 44 at 20-21, 29-33, Plaintiffs'

proposed Amended Complaint would fail for these additional reasons and should be denied as

futile.

## **CONCLUSION**

Since Plaintiffs' proposed Amended Complaint is barred by the First Amendment and the Anti-SLAPP statute or alternatively, Plaintiffs have failed to plausibly allege facts supporting their claims, and is therefore futile, the Bauer Defendants' respectfully submit that the Court should deny Plaintiffs' motion for leave to amend the Complaint.

Dated: New York, New York
       November 9, 2017

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:  /s/ Elizabeth A. McNamara
Elizabeth A. McNamara
Jamie S. Raghu
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 489-8230
Fax: (212) 489-8340
Email:   lizmcnamara@dwt.com
              jamieraghu@dwt.com

Cynthia W. Kolb
CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 371-9999
Fax: (501) 371-0035
Email:      ckolb@cgwg.com

*Attorneys for Defendants Bauer Publishing Company, L.P.; Bauer Magazine, L.P.; Bauer Media Sales, Inc.; Bauer, Inc.; Heinrich Bauer North America, Inc.; and Bauer Media Group USA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Lauren Wulfe
Robert O'Brien
Steven Bledsoe
Larson O'Brien LLP
555 S. Flower Street
Suite 4400
Los Angeles, CA 90071

Sarah Coppola Jewell
Shawn B. Daniels
Hare Wynn Newell Newton LLP
129 West Sunbridge Drive
Fayetteville, AR 72703

Jason E. Owens
Rainwater, Holt & Sexton, P.A.
P.O. Box 17250
Little Rock, AR 72222-7250

Robert Justin Eichmann
Thomas N. Kieklak
Harrington, Miller, Kieklak, Eichmann & Brown, P.A.
4710 S. Thompson, Ste. 102
Springdale, AR 72764

Susan Keller Kendall
Kendall Law Firm, PLLC
3706 Pinnacle Hills Parkway
Suite 201
Rogers, AR 72758

_/s/ Jamie S. Raghu_____