IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JILL DILLARD, JESSA SEEWALD,**
**JINGER VUOLO, and JOY DUGGAR**                                              **PLAINTIFFS**

vs.                                    CASE NO. 5:17-5089-TLB

**CITY OF SPRINGDALE, ARKANSAS;**
**WASHINGTON COUNTY, ARKANSAS;**
**KATHY O'KELLEY, in her individual and**
**official capacities;**
**ERNEST CATE, in his individual and official capacities;**
**RICK HOYT, in his individual and official capacities;**
**STEVE ZEGA, in his official capacity;**
**BAUER PUBLISHING COMPANY, L.P.;**
**BAUER MAGAZINE, L.P.;**
**BAUER MEDIA GROUP, INC.;**
**BAUER INC.;**
**HEINRICH BAUER NORTH AMERICA, INC.;**
**BAUER MEDIA GROUP USA, LLC; and**
**DOES 1-10, inclusive**                                                        **DEFENDANTS**

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION**

**FOR LEAVE TO FILE AN AMENDED COMPLAINT**

I.   INTRODUCTION

Plaintiffs Jill Dillard, Jessa Seewald, Jinger Vuolo, and Joy Duggar (collectively "Plaintiffs") respectfully request that the Court grant them leave to file a Proposed Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure to address the concerns raised by the Court in its October 12, 2017 Memorandum Opinion and Order (the "Order") (*See* Plaintiffs' Motion, ECF No. 74 and Proposed Amended Complaint, ECF No. 74-1).  Leave to amend "should normally be granted absent good reason for a denial." *Popp Telecom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) (internal citations omitted); *see also* Fed. R. Civ. P. 15(a) (leave to amend should be "freely given when justice so requires.").  The Bauer

Defendants do not argue, nor could they, that Plaintiffs' Proposed Amended Complaint is the result of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment." *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000). Instead, the Bauer Defendants rely solely on their position that Plaintiffs' claims are barred by the First Amendment and therefore are futile.

Plaintiffs' Proposed Amended Complaint, however, presents additional factual allegations against the Bauer Defendants that cure the First Amendment issue in Plaintiffs' original complaint. The First Amendment does not protect publication of information the press obtains by encouraging or conspiring with third parties to commit unlawful acts. Here, based on Bauer Defendants' own written admissions, Plaintiffs allege in their Proposed Amended Complaint that Bauer Defendants solicited and encouraged individuals to commit unlawful acts and illegally disclose the confidential information contained in the Offense and Incident Reports. Based on the allegation that the Bauer Defendants encouraged and were complicit in the wrongful and illegal disclosure of confidential information, the claims in Plaintiffs' Proposed Amended Complaint against the Bauer Defendants are not barred by *Florida Star v. B.J.F.*, 491 U.S. 524 (1989) or the First Amendment. Accordingly, Plaintiffs' claims are not futile and the Court should grant Plaintiffs leave to amend. *See Wisdom v. First Midwest Bank, of Popular Bluff*, 167 F.3d 402, 409 (8th Cir. 2009) (internal citations omitted) (Plaintiffs should "usually be given at least one chance to amend their complaint.")

## II. ARGUMENT

### A. Plaintiffs' Proposed Amended Complaint Presents New Allegations Against the Bauer Defendants

The Bauer Defendants incorrectly assert that Plaintiffs' request for leave to amend should be denied because Plaintiffs' allegations have not changed from the original Complaint. (Opposition to Plaintiffs' Motion for Leave to Amend ("Opp."), ECF No. 79 at 9.) This is not true. Although Plaintiffs have not changed their causes of action, Plaintiffs do allege additional specific and distinct facts not appearing in the original Complaint. For example, Plaintiffs' Proposed Amended Complaint adds that the Bauer Defendants' FOIA request contained improperly obtained details about the investigation and provides specific quotes from Bauer Defendants' May 19, 2015 article demonstrating the Bauer Defendants' wrongdoing in connection with obtaining the violating material they published. (Proposed Am. Cmplt. ¶ 46.) Specifically, the Proposed Amended Complaint adds new allegations regarding the Bauer Defendants' May 20, 2015 article, including that the Bauer Defendants cited "several sources, who have seen the police report" and that they had been told "Arkansas law prohibits any comment about confidential information regarding a minor." (Proposed Am. Cmplt. ¶ 54.) The Proposed Amended Complaint thus alleges that the Bauer Defendants were admittedly on notice that the disclosure of confidential information and reports concerning minors was illegal, but that the Bauer Defendants nonetheless encouraged and solicited the illegal disclosure of the protected material by the City and County authorities.

Plaintiffs' Proposed Amended Complaint is therefore distinguishable from the proposed amendment in *Stebbins v. University of Arkansas*, No. CV 10-5125, 2010 WL 11537565 (W.D. Ark. Dec. 2, 2010), upon which the Bauer Defendants rely. The court in *Stebbins* denied

plaintiffs' proposed amendment because plaintiff did "not set forth any new factual allegations" and "merely repeat[ed] in summary form the allegations against" the defendant. *Stebbins*, 2010 11537565, at *1. Unlike in *Stebbins*, Plaintiffs allege new facts in support of their claims and, as explained in more detail below, those claims are not futile. Thus, leave to amend is proper. *See also Calif. Equity Mgmt. Grp., Inc. v. Independent Bank*, No. 3:13-CV-00227 KGB, 2014 WL 2805211, at *5 (E.D. Ark. June 20, 2014) (granting leave to amend complaint to "clarify factual allegations").

Further, the Bauer Defendants' reliance on *In re Medtronic, Inc., Spring Fidelis Leads Product Liability Litigation*, 623 F.3d 1200 (8th Cir. 2010) and *Becker v. University of Nebraska at Omaha*, 191 F.3d 904 (8th Cir. 1999) is misplaced. In *Medtronic*, the district court dismissed the plaintiffs' original consolidated complaint with prejudice because repleading, even with leave to take limited discovery, could not remedy the defects in the complaint. *See In re Medtronic, Inc. Spring Fidelis Leads Prod. Liab. Litig.*, 592 F. Supp. 2d 1147, 1165-66 (D. Minn. 2009). Further, the plaintiffs in *Medtronic* failed to demonstrate the plausibility of their claims on a motion to dismiss, a motion for reconsideration, and a motion for leave to amend. 623 F.3d at 1208. Here, however, the Court dismissed Plaintiffs' claims without prejudice suggesting that amendment could remedy the identified defects in the original Complaint. As set forth below, Plaintiffs' additional allegations remedy the any defect in their original complaint.

Finally, in *Becker*, the plaintiff waited nearly two years after initiating the case to add numerous duplicative allegations as well as new defendants. *Becker*, 191 F.3d at 907-08. In contrast, here, Plaintiffs submitted their motion less than two weeks after the Court's Order and only five months after filing of the Initial Complaint. Bauer Defendants have not alleged any prejudice or undue delay caused by Plaintiffs' request for leave to amend. There is none.

Accordingly, Plaintiffs' motion for leave to file the Proposed Amended Complaint should be granted.

### B. Plaintiffs' Proposed Amended Complaint is Not Futile

#### a. Plaintiffs' Claims Are Not Precluded By *Florida Star* and the First Amendment

Plaintiffs' Proposed Amended Complaint is not barred by *Florida Star v. B.J.F.*, 491 U.S. 524 (1989) or the First Amendment. As explained in Plaintiffs' Motion, *Florida Star* held that the state may not punish publication of *lawfully obtained* truthful information. (Mot. at 8.)

Plaintiffs' Proposed Amended Complaint alleges facts supporting the inference that the Bauer Defendants solicited and encouraged individuals to commit unlawful acts and illegally disclose the confidential information contained in the Offense and Incident Reports. For example, the Proposed Amended Complaint asserts that the Bauer Defendants sought and published confidential information from multiple sources who had seen and read the Reports despite admittedly being on notice that disclosure of the information in the Reports by such individuals was illegal. (Proposed Am. Cmplt. ¶¶ 46, 54, 88, 112, 125.) The Proposed Amended Complaint further alleges that the Springdale Police Department itself suspected that a Department source was improperly leaking information to the media due to the level of detail contained in the May 19, 2015 *In Touch Weekly* article. (Proposed Am. Cmplt. ¶ 53.) Accepting these allegations as true and construing all inferences in Plaintiffs' favor, as the Court must when deciding a motion for leave to amend, Plaintiffs' Proposed Amended Complaint suggests that Bauer Defendants were improperly receiving information from inside sources whom Bauer Defendants solicited and encouraged to disclose confidential information in knowing violation of the law. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004)

(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) and *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996)) ("A district court must accept the allegations contained in the complaint as true . . . , and all reasonable inferences from the complaint must be drawn in favor of the [plaintiff].")

Nevertheless, the Bauer Defendants contend that Plaintiffs' allegations are insufficient in light of *Bartnicki v. Vopper*, 532 U.S. 514 (2001). However, the actions alleged in the Proposed Amended Complaint go beyond those of the defendants in *Bartnicki v. Vopper*, 532 U.S. 514 (2001). The defendants in *Bartnicki* were merely passive recipients of information that they arguably knew or should have known were illegally obtained by a third party. *Id.* There were no allegations that the defendants solicited, encouraged or even spoke with the individuals conducting the illegal interceptions, and in fact, defendants never knew the identity of the person who made the interception. *See id.* at 525. Significantly, the *Bartnicki* court noted that it was not deciding the issue of whether the press may be held liable for publication of information that it unlawfully received. *Id.* at 528 n. 12.

Further, relying on *Smith v. Daily Mail Publishing Company*, 443 U.S. 97 (1979), the Bauer Defendants construe these allegations as nothing more than "accepted newsgathering practices." (Opp. at 4, 18.) The Bauer Defendants' reliance on *Smith* is misplaced. In *Smith*, two newspapers secured the name of a juvenile assailant by asking "various witnesses, the police, and an assistant prosecuting attorney" for the information. *Smith*, 443 U.S. at 99. However, there is no indication in *Smith* that the disclosure of the name of the juvenile offender was itself a violation of the law. Thus, the solicitation of the release of the juvenile's name did not encourage a violation of the law.

Conversely here, Arkansas law expressly prohibits the disclosure of the information contained in the Reports, including information related to a Family in Need of Services case and information identifying the victim of a sex crime. *See* Ark. Code Ann. § 12-18-104(a); § 9-27-309(j). The Bauer Defendants cannot use the First Amendment or *Florida Star* as protection to justify their unlawful conduct—soliciting and encouraging the violation of these statutes—"simply by raising the cry of 'newsgathering.'" *United States v. Sanusi*, 813 F. Supp. 149, 155 (E.D.N.Y. 1992); *see Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 188 (5th Cir. 2000) (holding First Amendment did not prevent a lawsuit against a TV show for publication of illegally-intercepted private phone conversations where the TV show producers met with the interceptors, provided instructions to the interceptors, and had encouraged additional interceptions); *Cohen v. Cowles Media Co.*, 501 U.S. 663, 669 (1991) (First Amendment does not prohibit application of laws of generally applicability on the press).

The Bauer Defendants' attempts to distinguish *Cohen* and *Peavy* are unavailing. The Bauer Defendants claim that *Cohen* does not apply because there are no allegations that the Bauer Defendants "made a promise they did not honor" to obtain the Reports. (Opp. at 20.) The *Cohen* court, however, determined breach of a promise was merely one way in which obtaining information may be unlawful. *See Cohen*, 5001 U.S. 663 at 669-70 (listing other generally applicable laws that could deem information unlawfully obtained). The *Cohen* court's ruling, therefore, does not foreclose upon other means as being deemed unlawful. *See Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 822 (M.D.N.C. 1995) (recognizing *Cohen*'s application to situations where the press violates "generally applicable criminal or civil laws" in the name of newsgathering).

Similarly, in *Peavy*, the court held that First Amendment protections did not apply because the evidence *at the summary judgment stage* demonstrated the defendant television station had participated in securing illegally-intercepted private phone conversations. *Peavy*, 221 F.3d 158 (5th Cir. 2000). Relying on *Peavy*, the Bauer Defendants appear to contend that Plaintiffs must allege specific instructions or requests by the Bauer Defendants in support of the illegal solicitation and encouragement. (Opp. at 20-21). Not so. Plaintiffs must demonstrate only that relief is plausible based on "the allegations in the complaint" and "all reasonable inferences in favor of the nonmoving party." Plaintiffs need not allege each instance of improper conduct at the pleading stage. Accepting all reasonable inferences from the facts as alleged in Plaintiffs' Proposed Amended Complaint, Plaintiffs allege sufficient facts to establish that the Bauer Defendants did not lawfully obtain information and that their FOIA requests were merely pretextual cover to shield against liability from their actions. Therefore, Plaintiffs' Proposed Amended Complaint is not barred by *Florida Star* and the Bauer Defendants' conduct is not protected by the First Amendment.

      b.   <u>Plaintiffs' Complaint Pleads The Requisite Elements of The Tort Claims</u>

The Bauer Defendants erroneously contend that Plaintiffs' invasion of privacy tort claims fail because the Court already determined their publications concerned matters of public significance. (Opp. at 22-23.) Not true. While certain basic facts, such as dates and general locations may have been crucial to newsworthy reporting on the allegations, the graphic descriptions included by the Bauer Defendants were not. (*See* Plaintiffs' Response to the Bauer Defendants' Motion to Dismiss ("Response to MTD") at 9, ECF No. 54.) Moreover, the Court permitted Plaintiffs' parallel tort claims to proceed against the City and County Defendants,

suggesting that at least some information in the Offense and Incident Reports was not a matter of legitimate public concern. (*See* Memo. Opinion & Order at 22, ECF No. 62.)

Plaintiffs' remaining state tort claims survive for the reasons set forth in in the Response to MTD, which is incorporated herein by reference.

        c.   <u>The Fair Report Privilege and the Arkansas Anti-SLAPP Statute Do Not Preclude Plaintiffs' Requested Leave To Amend</u>

Plaintiffs' Proposed Amended Complaint is not barred by the fair report privilege or the Arkansas Anti-SLAPP statute. As explained more fully in Plaintiffs' Response to MTD, which is incorporated herein by reference, the fair report privilege and anti-SLAPP statute do not apply here. The fair report privilege is lost where the party reporting on the privilege participates in the underlying improper conduct. *See Butler v. Hearst-Argyle Television, Inc.*, 49 S.W.3d 116 (Ark. 2001) (explaining the fair report privilege does not apply where individual makes the original defamatory statement and thereby confers the privilege on a third person). Thus, for the reasons set forth above, the fair report privilege does not apply.

Further, the Bauer Defendants misconstrue the purpose and intent of the Arkansas Anti-SLAPP statute. For the statute to apply, the lawsuit must be "because of [defendant's] communications *to the government*." Caleb Patterson, *Have I Been Slapped? Arkansas' Attempt to Curb Abusive Litigation: The Citizen Participation in Government Act*, 60 ARK. L. REV. 506, 520 (2007). In other words, the statute is designed to address lawsuits "that deal with the Petition Clause"; lawsuits based on other constitutional rights are not included in the traditional definition. *Id.* Plaintiffs' claims do not involve a communication to the government nor were Bauer Defendants' activities in connection with the Petition Clause. Arkansas' anti-SLAPP statute, therefore, does not apply nor serve as a bar to Plaintiffs' claims.

9

## III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant them leave to file the Proposed Amended Complaint submitted herewith.

Date: November 30, 2017

Respectfully submitted,

/s/ Shawn B. Daniels
Shawn B. Daniels, AR No. 99126
Sarah C. Jewell, AR No. 2015169
HARE, WYNN, NEWELL & NEWTON, LLP
129 W. Sunbridge Drive
Fayetteville, AR 72703
479-521-7000
shawn@hwnn.com
sjewell@hwnn.com

and

Robert C. O'Brien (admitted *pro hac vice*)
Steven E. Bledsoe (admitted *pro hac vice*)
Lauren S. Wulfe (admitted *pro hac vice*)
LARSON O'BRIEN LLP
555 South Flower Street, Suite 4400 Los Angeles, California 90071
213-436-4888
robrien@larsonobrienlaw.com
sbledsoe@larsonobrienlaw.com
lwulfe@larsonobrienlaw.com

*Attorneys for Plaintiffs JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR*

## CERTIFICATE OF SERVICE

      I hereby certify that on 11/30/2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Jason E. Owens
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas 72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
email: owens@rainfirm.com

ATTORNEYS FOR COUNTY DEFENDANTS

Susan Keller Kendall
Kendall Drewyor Law Firm
3706 Pinnacle Hills Parkway, Ste 201
Rogers, AR 72758
email: skk@kendalllawfirm.com

Thomas N. Kieklak
Robert Justin Eichmann
Harrington, Miller, Kieklak, Eichmann & Brown, P.A.
P.O. Box 687
113 East Emma Avenue
Springdale, AR 72765-6765
email: tkieklak@arkansaslaw.com
email: jeichmann@arkansaslaw.com

ATTORNEYS FOR CITY DEFENDANTS

Cynthia W. Kolb
Cross, Gunter, Witherspoon & Galchus, P.
500 President Clinton Avenue
Suite 200
Little Rock, AR 72201
ckolb@cgwg.com

Elizabeth Anne McNamara
Jamie Somoza Raghu
Davis Wright Tremaine LLP
1251 Avenue of the Americas
21st Floor
New York, NY 10020
lizmcnamara@dwt.com
jamieraghu@dwt.com

ATTORNEYS FOR BAUER DEFENDANTS


      **/s/Shawn B. Daniels**