IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JILL DILLARD; JESSA SEEWALD;  JINGER
VUOLO; and JOY DUGGAR                                                      PLAINTIFF

v.                                          Civil No. 5:17-CV-5089

CITY OF SPRINGDALE, ARKANSAS; WASH-
INGTON  COUNTY,  ARKANSAS;  KATHY
O'KELLEY, in her individual and official capaci-
ties; RICK HOYT, in his individual and official ca-
pacities; STEVE ZEGA, in his official capacity; and
DOES 1-10, inclusive                                              DEFENDANT(S)

## ORDER SETTING SETTLEMENT CONFERENCE

This case has been referred to the undersigned for a settlement conference.  All parties and their lead counsel are hereby **ORDERED TO APPEAR** before the undersigned at the U. S. Federal Building, 35 E. Mountain, Fayetteville, Arkansas, in Room 210 at **9:00 A.M.** on   **August 19, 2021**.  **All participating attorneys must be of record**. An insured party shall appear by a representative of the insurer with the complete authority to agree to a settlement up to the policy limits. An uninsured corporate party shall appear by a representative authorized to agree to a settlement.  If a public entity is a party, all of the members of the board of the public entity, or a quorum of the entity, who have complete authority to agree to a settlement or a representative given such authority by the board members shall appear.  **The complete authority to agree to a settlement means that the representative must have the authority to make an independent assessment of the value of the case and proposed settlement terms as the settlement discussions proceed.**

Each party shall, before arriving at the settlement conference, ascertain in good faith the best settlement proposal that such party can make and be prepared, if asked by the undersigned, to communicate that settlement proposal to the under-signed in confidence. If no settlement discussions have taken place, the court encourages an exchange of demands and offers prior to the settlement conference.

Each   party   shall   provide   the   undersigned   via   email   to   at ELWsettle@arwd.uscourts.gov a concise, confidential settlement statement **no later than one week prior to the scheduled conference.**   The statement shall contain a brief statement of the claims and defenses, a brief statement of the evidence which the party expects to produce at trial, an itemized statement of damages claimed or relief sought, and a description of settlement discussions to date.

The purpose of the settlement conference is to precipitate settlement of this case, if that is appropriate.  It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached.  To that end, all matters communicated to the

undersigned in confidence will be kept confidential by the undersigned, and will not be disclosed to the trial judge.  The undersigned, of course, will not serve as the trial judge in this case.

At the settlement conference, the parties' counsel shall give a brief (5 minute) presentation outlining the factual and legal highlights of their case.  Separate caucuses will then be held with each party and the party's representative(s).

The request for parties' personal appearance is intended to increase the efficiency and effectiveness of the settlement conference by reducing the time for communication of offers and expanding the ability to explore options for settlement.

**All parties and attorneys are to be aware the settlement conference will continue until adjourned by the undersigned.  The parties and attorneys should arrange their schedules accordingly.**

If a party has a conflict with the scheduled time, please **promptly** notify Roxana Guerrero, Courtroom Deputy, via email to ELWsettle@arwd.uscourts.gov or Roxana_Guerrero@arwd.uscourts.gov. In the event of settlement prior to the conference date, the court should be advised by notifying Ms. Guerrero, Courtroom Deputy, at the email addresses above or at (479) 251-1946.  Rescheduling requests 30 days or less prior to the scheduled settlement conference must be for good cause and by motion.

By motion, for good cause shown, the parties may request to be excused from the settlement conference requirement set out it this order.  "Good cause" will ordinarily be established by a statement that the parties have unsuccessfully participated in a private mediation, and/or the posture of the case is such that the parties believe settlement efforts would be futile and the parties intend to proceed to trial as scheduled.  **Motions to be excused from the settlement conference must be filed no later than 30 days prior to the scheduled conference.**

**If the trial is continued in this case, the settlement conference will remain as scheduled.**

IT IS SO ORDERED March 1, 2021.


*/s/ Erin L. Wiedemann*

HONORABLE ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE