**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**JILL DILLARD; et al**                                                                    **PLAINTIFFS**

**VS.**                                          **NO. 17-CV-05089-TLB**

**KATHY O'KELLY; et al**                                                          **DEFENDANTS**

**MOTION FOR EXPANSION OF DISCOVERY SCOPE AND PERIOD**

Come now the Defendants jointly, and for their motion for expansion of the discovery scope and period, do state the following:

1.      This case was originally filed on May 17, 2017, however, discovery between and among the remaining parties had actually not opened, at the earliest, until the Court issued its Case Management Order in this case last month.  This occurred because the remaining Defendants in this case all filed comprehensive motions to dismiss, followed by a lengthy interlocutory appeal (including a rehearing and two oral arguments) and a petition by the Plaintiffs for a writ of certiorari to the Supreme Court, which was denied earlier this year.  Discovery was stayed between and among the remaining parties virtually all of that time; in fact, the case was administratively terminated until the Court issued its Case Management Order last month.  No formal discovery has been conducted between and among the remaining parties.  While the Plaintiffs and/or their counsel have been provided a number of records from the remaining Defendants, the Plaintiffs have made no disclosures to date to the Defendants.

2.      Undersigned counsel, Mr. Owens, contracted a serious case of COVID-19 in February of this year and was out of the office unable to perform work until late March of 2021.  Upon receipt of the denial of the writ of certiorari before the United States Supreme Court, undersigned counsel awaited orders from this Court on whether the Court would retain jurisdiction

to the remaining state law claims.  Upon entry of the this Court's March 1, 2021 Case Management Order setting this case for trial for the September 20, 2021 trial term, the undersigned counsel reviewed the 2017 voluminous document production from the city and county in this matter, conferred with opposing counsel on discovery and advised the law clerk of need for additional time to conduct discovery and undersigned counsels' conflict with the trial term that would place it with three multi-day jury trials within the time of the trial term.

3.      Significant discovery will be needed in this case.  In addition to normal discovery related to the allegations, theories of liability, and defenses (there are 7 named parties remaining and a number of witnesses will also need to be deposed, possibly dozens in light of the size of the Plaintiffs' family and business and social/community networks), a large amount of discovery, possibly including, but not limited to expert witness discovery, regarding (1) damages to the Plaintiffs (the 4 Plaintiffs allege a variety of damages that are allegedly unique to each Plaintiff and which will require the acquisition of numerous financial, medical and other records and the depositions (probably after the records are acquired) of numerous individuals, possibly including TV executives, accountants, spouses, and others) (2) public knowledge of the subject reports prior to the redacted disclosures by the Defendants (the Defendants believe that these events recorded in the redacted reports disclosed by the Defendants were widely known in multiple circles - and by dozens, if not hundreds, of people - prior to the disclosures, potentially requiring numerous subpoenas, written discovery requests, and a number of depositions), (3) the timing and substance of the publication of the redacted disclosures from the respective Defendants (which may require discovery from several media entities and individuals, likely all out-of-state), and a number of other substantial discovery issues.

4.      Further, sufficient time for discovery is required prior to the expert disclosure deadline, which is currently set for May 3, 2021.  While the Defendants have previously produced a substantial number documents to the Plaintiff pursuant to an Arkansas Freedom of Information Act request in 2017, the Defendants have just received the Plaintiff's initial disclosures in this matter last week and have yet to receive any documents associated with the disclosures. Additionally, the Plaintiffs have identified 21 fact witness in their initial disclosures and through discussions with counsel, it is understood that the Plaintiffs intend to offer expert witnesses.

4.      The Defendants respectfully contend that nine (9) months of discovery will be necessary in this case to fully develop the claims and defenses and that the scope of discovery should be amended to allow 25 depositions to be taken by the Defendants and up to 50 interrogatories, requests for production, and requests for admissions be permitted without further leave of the Court.  The Defendants would respectfully request that case-in-chief expert disclosures be required within 6 months, with rebuttal expert reports within 45 days thereafter.  It will be impossible at this point for the Defendants to conduct sufficient discovery in order to meet the current expert disclosure deadline of May 3, 2021

5.      The expansion of the scope and timeline of discovery requested herein would obviously require a rescheduling of the trial date.  The Defendant would also respectfully request that the corresponding pretrial deadlines and the settlement conference also be reset.

6.      Undersigned counsel for the Defendants has conferred with counsel for all parties regarding this motion.  Counsel for the Separate Springdale Defendants agrees with the form and substance of, and joins in, this motion and has authorized the undersigned counsel to file this motion on behalf of all Defendants. Counsel for the Plaintiffs has indicated that while they are

willing to agree to extend the current pretrial deadlines, they are not agreeable to extending the trial date.

WHEREFORE, the Defendants jointly and respectfully request that nine (9) months of discovery be allowed in this case, with case-in-chief expert disclosures required within 6 months and rebuttal expert reports within 45 days thereafter, that the Defendants be allowed to take 25 depositions and to propound up to 50 interrogatories, requests for production, and requests for admissions without further leave of the Court, and that the settlement conferences, trial date, and pretrial and other scheduling deadlines be rescheduled accordingly.

Respectfully Submitted,

*Defendants*

Jason E. Owens
Ark. Bar. No. 2003003
JASON OWENS LAW FIRM, P.A.
**Mailing Address:** P.O. Box 850
Conway, Arkansas 72033-0850
**Physical Address:** 1023 Main Street, Suite 204
Conway, Arkansas 72032
Telephone: (501) 764-4334
Telefax: (501) 764-9173
email: owens@jowenslawfirm.com