## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

**JILL DILLARD, etal**                                                    **PLAINTIFFS**

**VS.**                        **NO. 17-CV-05089-TLB**

**KATHY O'KELLY; et al**                                              **DEFENDANTS**

## BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION
## FOR DISMISSAL WITH, AND WITHOUT, PREJUDICE

This case currently (after the resolution of motions to dismiss by all parties) proceeds on a the Plaintiffs' Complaint against multiple defendants[1] (all affiliated with the City of Springdale and Washington County, Arkansas) on one or more claims under the Arkansas Civil Rights Act (ACRA) and three claims arising under Arkansas tort law.  Doc. # 1; *see also* Doc. # 62 & *Dillard v. O'Kelley*, 961 F.3d 1048 (8th Cir. 2020) (*en banc*), cert denied, __ U.S. __ (2021). The Complaint invokes the original jurisdiction of this Court to hear questions of federal law and its pendent jurisdiction to hear state law claims.  *Id.* at ¶ 14.  Had this case been originally filed as it is currently situated, this Court would rather clearly have been compelled to dismiss it on the merits (the ACRA claim(s)) and/or for want of jurisdiction.  It should, respectfully, take the same action at this point.

## DISMISSAL WITH PREJUDICE - ACRA CLAIM(S)

The Plaintiffs' Complaint in this case made a number of constitutional claims under 42 U.S.C. 1983 and, to the Court's reading, under ACRA.  Doc. # 1.  All of the claims under section 1983 have been dismissed.  *See* Doc. # 62 & *Dillard v. O'Kelley*, 961 F.3d 1048 (8th Cir. 2020) (*en banc*), cert denied, __ U.S. __ (2021).  The Arkansas Supreme Court has long held that the legal principles that govern federal § 1983 claims also apply to claims brought under the Arkansas Civil Rights Act.  *See, e.g., Hudson v. Norris*, 227 F.3d 1047, 1054 (8th Cir. 2000); *see also Robinson v. Langdon*, 333 Ark. 662, 667, 970 S.W.2d 292, 295 (1998).  The Court and the Plaintiffs' counsel voiced agreement with the notion that the ACRA claim(s) should be dismissed at this point in light

---

[1] All but one of the parties resides in Arkansas, according to the Complaint, and diversity was not alleged a basis for jurisdiction, presumably because complete diversity of the parties does not exist.

of the Eighth Circuit's holding.  As such, the Defendants respectfully request that the Court dismiss the Plaintiffs' ACRA claim(s) with prejudice.

## DISMISSAL WITHOUT PREJUDICE - REMAINING CLAIMS

Unlike state courts, a federal district court is a court of limited jurisdiction. Before the Court will consider the substantive issues raised by the parties, the Court  must first determine whether it has jurisdiction over this action. "'Subject matter jurisdiction defines the court's authority to hear a given type of case.'" *Carlsbad Tech., Inc. v. HIF Bio. Inc.*, 129 S. Ct. 1862, 1866, 173 L. Ed. 2d 843 (2009) (quoting *United States v. Morton*, 467 U.S. 822, 828, 104 S. Ct. 2769, 81 L. Ed. 2d 680 (1984). It represents "'the extent to which a court can rule on the conduct of persons or the status of things.'" *Carlsbad Tech.*, 129 S. Ct. at 1866 (quoting Black's Law Dictionary 870 (8th ed. 2004)).

Federal district courts have original jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States" and (2) "all civil actions where the matter in controversy exceeds . . . $75,000" and diversity of citizenship exists. 28 U.S.C. §§ 1331, 1332. This Court certainly had original jurisdiction over the Plaintiffs' claims, now all dismissed,  under 28 U.S.C. §§1331 & 1343 because those claims arise under the Constitution and laws of the United States.

Once the Court has established original jurisdiction over some claims in an action, it may exercise supplemental jurisdiction over specified additional state law claims which it would otherwise have no independent basis for jurisdiction, such as the remaining claims in this case. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). A district court's supplemental jurisdiction over state law claims is governed by 28 U.S.C. § 1367.

A federal court may decline to exercise this authority under four circumstances enumerated in the statute: (1) if the state "claim raises a novel or complex issue of [s]tate law," (2) if the state "claim substantially predominates over the claim or claims over which the district court has original jurisdiction," (3) if "the district court has dismissed all claims over which it has original jurisdiction," or (4) if "other compelling reasons for declining jurisdiction" exist. 28 U.S.C. § 1367(c).  In addition, a federal court should abstain from deciding state-law claims if the abstention doctrines articulated

by the Supreme Court apply. *Wong v. Minn. Dep't of Human Servs.*, 820 F.3d 922, 931-932 (8th Cir. 2016) (citing *Int'l Coll. of Surgeons*, 522 U.S. 156, 174 (1997)).

Importantly, civil plaintiffs do not have a "right" to pendent jurisdiction. *Carnegie-Mellon Univ.*, 484 U.S. at 350 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)).

In this case, all four of the reasons for declination of jurisdiction exist and militate toward the dismissal of this action from federal court.

### Novel or complex issue(s) of state law

All Defendants in this case filed motions to dismiss.  In its Order denying the City and County Defendants' motion to dismiss the three remaining state law claims, the Court expressly recognized the novelty and complexity of the questions presented by those claims.  With respect to the Plaintiffs' claim of invasion of privacy by public disclosure of private facts, neither the Court nor the parties were able to find any Arkansas case that has ever even clearly set out the elements of the tort. Doc. # 62, pp. 21-22.  Instead, the Court used the standards set out in the Restatement (Second) of Torts and the Arkansas Model Jury Instructions (AMI), noting that the standards in those two sources did not match up.  *Id.* Thus, any statement of the applicable standard, much less the application of the incredibly unique facts of this case, would necessarily constitute a matter of first impression in Arkansas.

Likewise, Arkansas courts have never found outrage or invasion of privacy by intrusion upon seclusion under facts even remotely resembling those in this case. Such a finding would, thus, necessarily be a matter of first impression. In light of the litany of state statutory authorities, immunities, and other legal issues related to these claims, such findings would be inherently complex.  These novel and complex decisions about state law should, respectfully, be made be state courts.

### Arkansas claims substantially predominate
### over the claim or claims over which the district court has original jurisdiction

The Court has indisputably dismissed all claims over which it has/had original jurisdiction, so state claims do not merely "predominate" over federal claims, as state law claims are the only

claims in this lawsuit.

## **The  district court has dismissed all claims over which it has original jurisdiction**

The Court has indisputably dismissed all claims over which it has/had original jurisdiction.

## **Other compelling reasons for declining jurisdiction exist**

In addition to the three precisely delineated reasons for declining jurisdiction of state law claims by a federal court in 28 U.S.C. § 1367(c)(1)-(3), all of which are present here, the statute also allows for declination of jurisdiction where "other compelling reasons for declining jurisdiction exist." 28 U.S.C. § 1367(c)(4).  In this case, such compelling reasons abound. First, the fact of the matter is that the Plaintiffs could *not* have filed the this case, in its current procedural posture, precisely because jurisdiction would have been lacking.  This is important because, if a civil plaintiff is permitted to acquire and maintain federal court jurisdiction of state law claims simply by asserting federal claims that are dismissed in the pleading stage of the case, forum shopping and the corresponding filing of meritless federal claims would be incentivized.  Another compelling reason for declination of the jurisdiction by this Court is the general preference for allowing state courts to determine issue of state law.  See, e.g.,  In this case, the issue of jurisdiction effects this preference both at the trial court and the appellate court levels.  Simply put, Arkansas courts - and particularly appellate courts - should be permitted to rule on and form Arkansas law.  This is a case where there is effectively no Arkansas law on the application of several broadly stated tort standards to the unique facts of this case (or anything remotely similar), particularly considering the interplay of numerous state statutes, immunities, and other issues. The Defendants respectfully contend that these state law rulings should be made by the state courts.  Finally, the primary problem generally associated with the declination of jurisdiction of state claims by a federal court - duplication of effort - is not an issue here, as all federal claims have been dismissed and the remaining parties have only just begun discovery[2].  As such, dismissal of the state claims by this Court will not require the

---

[2] The Defendants have recently filed a motion for expansion of the scope and timeline of discovery in this case.  After filing that motion, and upon reflection and consultation, Defendants believe that remand to state court is the better approach, for the reasons expressed herein.  Of course, the dismissal requested in this case would moot the Defendants' discovery motion, which the Defendants would, therefore, now characterize as a motion for alternative relief.

litigation of two cases (as when a federal court declines to hear state claims, but has to continue presiding over federal claims arising from the same facts) and will not require duplication of effort by the parties, who can simply transition to state court (if the Plaintiffs wish) to conclude the litigation of the matter.

In the end, and as set out herein, the Plaintiffs' remaining claims should be dismissed, both with (ACRA claims) and without prejudice (remaining tort claims), depending on the claim.

Respectfully submitted,

Rick Hoyt, et al
*Defendants*

Jason E. Owens
Ark. Bar No. 2003003
JASON OWENS LAW FIRM, P.A.
**Mailing Address:** P.O. Box 850
Conway, Arkansas 72033-0850
**Physical Address:** 1023 Main Street, Suite 204
Conway, Arkansas 72032
Telephone: (501) 764-4334
Telefax: (501) 764-9173
email: owens@jowenslawfirm.com


and

Counsel for Springdale Defendants

Thomas N. Kieklak
Ark. Bar No. 92262
R. Justin Eichmann
Ark. Bar No. 2003145
Harrington, Miller, Kieklak, Eichmann & Brown P.A.
4710 S. Thompson, Ste 102
Springdale, AR 72764
tkieklak@arkansaslaw.com
jeichmann@arkansaslaw.com


and

Susan Keller Kendall
Ark. Bar No. 98119
Kendall Law Firm, PLLC
3706 Pinnacle Hills Parkway, Ste 201
Rogers, AR 72758
skk@kendalllawfirm.com