IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR,<br><br>Plaintiff,<br><br><br>CITY OF SPRINGDALE; WASHINGTON COUNTY; KATHY O'KELLEY; ERNEST CATE; RICK HOYT; STEVE ZEGA; BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 5:17-CV-05089-TLB |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
JOINT MOTION FOR DISMISSAL WITHOUT PREJUDICE**

1

**I.      INTRODUCTION**

Plaintiffs' journey to reach this point in the litigation has not been a short or easy one.  It began four years ago in May of 2017 when Plaintiffs Jill Dillard, Jessa Seewald, Jinger Vuolo, and Joy Forsyth (collectively, "Plaintiffs") brought claims of defamation, invasion of privacy, tort of outrage, and violation of Plaintiffs' constitutional rights in this Court against current Defendants[1] and other private entity defendants, for their callous disclosure of confidential, intimate details regarding Plaintiffs' experience of sexual abuse by their brother when Plaintiffs were minors.

Since the filing of the initial complaint, Defendants have brought multiple motions to dismiss, asserting, in part, that the City Defendants and the County Defendants were entitled to qualified immunity as to Plaintiffs' claims rooted in the U.S. Constitution.  This Court's opinion denying qualified immunity was appealed and affirmed by the Court of Appeals, before an *en banc* panel overruled the initial appellate ruling and held that the City Defendants and the County Defendants were entitled to qualified immunity as to Plaintiffs' constitutional claims.  A petition for writ of certiorari was sought and ultimately denied by the Supreme Court on January 11, 2021.  As a result, only Plaintiffs' tort claims and cause of action under the Arkansas Civil Rights Act ("ACRA") remain for trial.

After Plaintiffs' petition for writ was denied, this Court issued a scheduling order on March 1, 2021, setting trial for September 20, 2021.  (Doc. 105.)  Defendants thereafter moved the Court on April 14, 2021, to expand the scope of discovery and to continue the trial date,

---

[1] Current Defendants include the City of Springdale, Arkansas ("the City") and certain officers acting on the City's behalf (together with the City, "City Defendants"), Washington County, Arkansas ("the County") and certain officers acting on the County's behalf (together with the County, "County Defendants").  Current Defendants are collectively referred to as "Defendants" throughout this Opposition.

2

acknowledging this Court's authority to adjudicate Plaintiffs' remaining state law claims. (Doc. 107.) But, on April 26, 2021, in a turnabout of direction, Defendants brought the instant motion to dismiss Plaintiffs' remaining tort claims without prejudice (Doc. 109-110) insisting that they instead be litigated in state court.[2] In their motion to dismiss without prejudice (hereinafter "Motion,"), Defendants argue that the instant action does not belong in this Court and this Court should stop exercising its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), which allows a district court to decline supplemental jurisdiction in its discretion after it has dismissed all claims over which it has original jurisdiction. In essence, Defendants are attempting to reset the clock back by four years and force Plaintiffs to restart their case in state court, *after* this Court devoted substantial time and resources adjudicating multiple motions and administering this case, and *after* Plaintiffs spent substantial time and resources briefing at every level of the federal court system.

As this Court noted during the April 29, 2021, status conference, judicial economy, convenience, and fairness to Plaintiffs, support the denial of Defendants' Motion. To do otherwise would be extremely prejudicial to Plaintiffs and subvert judicial economy, particularly in light of the "tortured procedural history" that the Court referenced at the status conference. This Court should continue to exercise its supplemental jurisdiction over Plaintiffs' remaining claims and deny Defendants' Motion.

---

[2] As Plaintiffs' counsel mentioned at the April 29, 2021, status conference, Plaintiffs are willing to withdraw their cause of action under the Arkansas Civil Rights Act ("ACRA") and do not oppose Defendants' motion to dismiss Plaintiffs' ACRA claim.

## II. ARGUMENT

### A. This Court Has Proper Jurisdiction Over Plaintiffs' Remaining Claims.

As a threshold matter, it is undisputed that this Court has jurisdiction over Plaintiffs' remaining state law claims and the ability to grant relief pursuant to 28 U.S.C. § 1367(a)[3]. Defendants now request that the Court send this case to state court pursuant to 28 U.S.C. § 1367(c)(3) ("Section 1367(c)(3)"), which provides that a district court *may* decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. To be sure, Section 1367(c)(3) is purely discretionary: it does not mandate that the district court dismiss state law claims when all federal claims have been dismissed from a lawsuit, but rather allows the district court to make its own determination as to whether it should continue to exercise its supplemental jurisdiction. *See Cossette v. Minn. Power & Light*, 188 F.3d 964, 973 (8th Cir. 1999).

In making this determination under Section 1367(c), a district court's "discretion should be guided by considerations of judicial economy, convenience, and fairness to the litigants." *Id.* Further, within the Eighth Circuit, "the substantial investment of judicial time and resources in the case . . . justifies the exercise of jurisdiction over the state claim, even after the federal claim has been dismissed." *Pioneer Hi–Bred Int'l v. Holden Found. Seeds, Inc.*, 35 F.3d 1226, 1242 (8th Cir. 1994); *see also Grain Land Cooperative v. Kar Kim Farms, Inc.*, 199 F.3d 983, 993 (8th Cir.1999) (holding that district court did not abuse discretion in continuing to exercise supplemental jurisdiction over the state law claims after it dismissed plaintiff's federal claims on account of "the considerable resources invested by the court") (citing *Murray v. Wal–Mart, Inc.*,

---

[3] Section 1367(a) provides that: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

4

874 F.2d 555, 558 (8th Cir.1989)).

As the Court acknowledged at the April 29, 2021, status conference, judicial economy, convenience, and fairness to the parties militate against sending Plaintiffs' remaining claims to state court at this late time. For these reasons, this Court should deny Defendants' Motion and continue to retain supplemental jurisdiction over this case.

> **B.      Judicial Economy, Convenience, And Fairness Counsel In Favor Of This Court's Retention Of Supplemental Jurisdiction.**

This Court's retention of supplemental jurisdiction serves the interest of judicial economy, convenience, and fairness to the litigants. First, this case has been pending for nearly four years, during which time this Court has become intimately familiar with the facts and procedural posture of this case, especially having reviewed and ruled on multiple motions to dismiss by various defendants. This Court has also conducted numerous hearings and conferences with counsel. There is no dispute that the Court and litigants have spent considerable time and resources in the federal forum and that this Court is extremely well-equipped to adjudicate Plaintiffs' remaining claims. Sending Plaintiffs' case to state court now will duplicate work and waste the Court's and the parties' resources. *See e.g.*, *Rosado v. Wyman*, 397 U.S. 397, 405 (1970) ("common sense policy of pendent jurisdiction" is "the conservation of judicial energy and the avoidance of multiplicity of litigation"); *accord, Applebaum v. Ceres Land Co.*, 687 F.2d 261, 262 (8th Cir. 1982); *Graf v. Elgin, J. & E. Ry. Co.*, 790 F.2d 1341, 1347-48 (7th Cir. 1986) ("Judicial economy . . . supports the retention of pendant jurisdiction in any case where substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort. . . . If those resources are expended without a trial, the essential purpose of the doctrine of pendent jurisdiction may be served by retaining the case."), overruled on other grounds by *Hughes v. United Air Lines, Inc.*,

5

634 F.3d 391 (7th Cir. 2011)..  It would stand judicial economy on its head to dismiss the case without prejudice after four years of litigation.  *See, e.g., Murray, supra*, 874 F.2d at 558 ("Here, the district court properly exercised its discretion to retain jurisdiction over pendent state claims against Wal-Mart based on the substantial time expended in federal court and the potential hardship on the plaintiff.").  Thus, judicial economy weighs heavily on this Court's continued exercise of supplemental jurisdiction over Plaintiffs' claims.  *See, e.g.*, *Pioneer Hi–Bred Int'l.*, 35 F.3d at 1242 ("It is the law in this circuit that the substantial investment of judicial time and resources in the case . . . justifies the exercise of jurisdiction over the state claim, even after the federal claim has been dismissed.") (Internal quotation marks omitted).

Second, fairness to litigants also mandates that the Court retain jurisdiction over Plaintiffs' remaining claims.  After years of briefing on Plaintiffs' constitutional claims, a trial on Plaintiffs' remaining state law claims is finally less than five months away.  If the Motion is granted, Plaintiffs will be forced to initiate a brand new case in state court, and the trial of their claims will be further postponed.  Any further delay would be extremely prejudicial to Plaintiffs who have vigorously pursued their claims and spent significant time and resources litigating in federal court.  Witnesses' memories inevitably would fade, and Plaintiffs would be farther removed from obtaining relief.  *See Hansen v. Sioux By–Products*, 988 F. Supp. 1255, 1261 (N.D. Iowa 1997) (retaining jurisdiction where trial was three months away and it was uncertain whether the state court could accommodate trial in the same time frame); *Tinius v. Carroll County Sheriff Dep't*, 2004 WL 2943846, No. C03–3001 (N.D. Iowa Dec. 17, 2004) (finding uncertain availability of comparable trial date in state court a factor favoring exercise of jurisdiction).  More importantly, Plaintiffs have already disclosed their expert witness pursuant to the Court's Case Management Order dated March 1, 2021 (Doc. 105) and proffered their expert

reports, which describe in detail Plaintiffs' damages case and rely on highly confidential information about Plaintiffs. If Plaintiffs are forced to restart from the beginning, Defendants would gain a significant advantage from having years to rebut Plaintiffs' expert opinions.

Finally, this Court provides the most convenient forum for all litigants. All Defendants as well as a majority of witnesses and Plaintiffs reside in Arkansas. Defendants waited until five months before trial bringing the instant Motion. But Defendants will suffer no inconvenience as a result of trying this case in the federal forum. On the other hand, it would be extremely inconvenient for Plaintiffs to refile their complaint and start this case all over again in state court. This would also be fundamentally unfair to Plaintiffs who have diligently prepared their case for trial in this Court. Plaintiffs should not be forced to restart their case in state court when this Court is the most familiar with Plaintiffs' claims and provides the most efficient forum to try their case.

### C.   Discretionary Factors Under Section 1367(a) Do Not Tip the Scale In Favor Of Dismissal Without Prejudice.

When all three considerations—judicial economy, fairness, and convenience—favor the Court's retention of supplemental jurisdiction, discretionary factors under Section 1367(c) cannot tip the scale in favor of dismissal. In their Motion, Defendants contend that discretionary factors under the statute favor dismissing this action without prejudice. Under Section 1367(c)(3), a district court may consider the following factors in declining supplemental jurisdiction: (1) "claim raises a novel or complex issue of [s]tate law"; (2) plaintiff's state law "claim substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) the "district court has dismissed all claims over which it has original jurisdiction"; or (4) if "other compelling reasons for declining jurisdiction" exist. 28 U.S.C. § 1367(c)(3). Defendants insist that all of these factors exist and therefore the Court should send

this case to state court.

Defendants' contentions are without merit. Although state courts have the primary responsibility of developing and applying state law, the remaining claims' basis in Arkansas law does not tip the scale in favor of declining supplemental jurisdiction when judicial economy, convenience, and fairness weigh in favor of retaining jurisdiction. *See Carnegie Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) (in determining supplemental jurisdiction under section 1367(c), district court should balance judicial economy, fairness, and convenience and choose a course of action that "most sensibly accommodates a range of concerns and values").

Moreover, while the dismissal of federal claims is a factor for the court to consider in determining its supplemental jurisdiction under Section 1367(c), it is ultimately within the court's *discretion* to choose to retain the remaining supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3) (emphasis added); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 728 (1966).

Defendants' contention that "Arkansas courts have never found outrage or invasion of privacy … under facts even remotely resembling those in this case" (Mot. at 3) does not make Plaintiffs' tort claims unusually novel or complex. Rather, it shows that the facts underlying Plaintiffs' claims are unusual, primarily due to the widespread and extremely sensitive nature of disclosure at issue in this litigation. Generally, "state tort claims are not considered novel or complex." *See Parker v. v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743-44 (11th Cir. 2006). Indeed, all of Plaintiffs' remaining claims are intentional tort claims. They are not novel or complex. *Cf. Marianist Province of the United States v. City of Kirkwood*, 944 F.3d 996, 1003 (8th Cir. 2019) (comity favored remand in light of unusual nature of Missouri statute at issue); *Starkey v. Amber Enterprises, Inc.*, 987 F.3d 758, 766 (8th Cir. 2021) (identifying a novel issue

8

under a Nebraska statute); *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1038 (8th Cir. 1999) (finding an issue of first impression under the Missouri Motor Vehicle Time Sales Act). As Defendants concede, the Arkansas Supreme Court has already approved the model jury instructions on invasion of privacy claim by public disclosure of private facts, which this Court may adopt and utilize at trial.

In cases where, such as here, the balance of the three factors favors supplemental jurisdiction, a federal court does not violate the principles of comity by retaining a plaintiff's state law claims. *See Hansen*, 988 F. Supp. at 1261; *Tinius*, 2004 WL 2943846. Finally, no grounds for abstention or other compelling reasons exist for this Court to stop exercising supplemental jurisdiction at this juncture.

Simply put, if this Court continues to exercise supplemental jurisdiction, Defendants would be afforded the same procedural and substantive rights as in state court. There would be no detriment to Defendants to litigate this matter in the current forum. However, if their Motion is granted, Plaintiffs will have to refile their complaint in state court, duplicate their efforts, and litigate against Defendants who already have access to their expert reports and will have an unfair advantage. Defendants' request to continue to deny timely justice to Plaintiffs by seeking to have the case transferred to state court is not in the interests of justice and should be denied.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that Defendants' motion to dismiss without prejudice be denied.

Respectfully submitted,

Dated: May 10, 2021

By:     /s/ Steven E. Bledsoe

Stephen G. Larson (*admitted pro hac vice*)
*slarson@larsonllp.com*
Steve E. Bledsoe (*admitted pro hac vice*)
*sbledsoe@larsonllp.com*
Jen C. Won (*admitted pro hac vice*)
*jwon@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

- and –

Shawn B. Daniels (Ark. Bar No. 99126)
*shawn@danielsfirm.com*
**DANIELS LAW FIRM**
129 W. Sunbridge Drive
Fayetteville, AR 72703
Telephone: 479-521-7000
Fax: 479-437-2007

Attorneys for Plaintiffs JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY FORSYTH