IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JILL DILLARD; JESSA SEEWALD;
JINGER VUOLO; and JOY DUGGAR                                            PLAINTIFFS

V.                           CASE NO. 5:17-CV-5089

CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
KATHY O'KELLEY, in her individual and
official capacities; ERNEST CATE, in his
individual and official capacities; RICK HOYT,
in his individual and official capacities; and
STEVE ZEGA, in his official capacity                                    DEFENDANTS

## OPINION AND ORDER

Currently before the Court are Defendants' Joint Motion for Dismissal With and Without Prejudice (Doc. 109) and Brief in Support (Doc. 110) and Plaintiffs' Response (Doc. 115). Defendants suggest that, based on earlier rulings by the Court of Appeals, Plaintiffs' cause of action under the Arkansas Civil Rights Act ("ACRA") for alleged violations of the Arkansas Constitution should be dismissed with prejudice. Plaintiffs agree, and the Court will grant that portion of the Motion. Defendants also ask the Court to decline supplemental jurisdiction over the remaining state law torts and dismiss them without prejudice. Plaintiffs oppose this request, and the Court will deny it for the following reasons.

28 U.S.C. § 1367(c) explains that a district court "may decline to exercise supplemental jurisdiction" over pendent state law claims "if . . . the district court has dismissed all claims over which it has original jurisdiction." The United States Supreme Court has made clear that supplemental jurisdiction "is a doctrine of discretion." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997). Though the federal claims

1

in this case have now been dismissed, the Court declines Defendants' invitation to dismiss the remaining state law claims. As the parties are aware, this case is one of the oldest on the Court's docket and is unique in its rather tortured procedural history. The Court has invested significant time and resources over the years familiarizing itself with the facts and legal issues relevant to the case. The matter is set to be tried in December, and the parties are scheduled to meet with the Court next week to finalize a discovery plan in anticipation of trial. The Court finds no compelling reason to decline supplemental jurisdiction and, in fact, finds that retaining jurisdiction would best serve the interests of judicial economy, convenience, and fairness to the litigants.

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion for Dismissal With and Without Prejudice (Doc. 109) is **GRANTED IN PART** with respect to the ACRA claim, which is **DISMISSED WITH PREJUDICE**, and **DENIED IN PART** with respect to the remaining state law claims, which are preserved for trial.

**IT IS SO ORDERED** on this 14th day of May, 2021.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE