IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JILL DILLARD; JESSA SEEWALD;
JINGER VUOLO; and JOY DUGGAR                                    PLAINTIFFS

V.                              CASE NO. 5:17-CV-5089

CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
KATHY O'KELLEY, in her individual and
official capacities; ERNEST CATE, in his
individual and official capacities; RICK HOYT,
in his individual and official capacities;
STEVE ZEGA, in his official capacity;
and DOES 1-10, inclusive                                        DEFENDANTS

## AMENDED CASE MANAGEMENT ORDER

This Order amends and supersedes the Case Management Order dated March 1, 2021 (Doc. 105). The trial date has been reset and revised case management deadlines are set forth below. In this regard, IT IS HEREBY ORDERED:

1.   **TRIAL SETTING - DECEMBER 9, 2021**

The trial of this matter is scheduled for a **JURY TRIAL in FAYETTEVILLE, ARKANSAS, which begins on DECEMBER 9, 2021, at 9:00 a.m.** The parties have indicated that the case will take seven (7) days to try.

The case will be tried to an **eight (8)** person jury–unanimous verdict required. Counsel are directed to report to **the Fifth-floor Courtroom by no later than 8:30 a.m.** on the first day of trial unless otherwise notified.

2. **FINAL PRE-TRIAL CONFERENCE**

A Final Pre-Trial Conference shall be conducted pursuant to the provisions of Rule 16(e) on **DECEMBER 3, 2021, beginning at 9:00 a.m.**

3. **EXPERT WITNESSES**

The deadline to provide expert witness disclosures or amended disclosures and written reports pursuant to Rule 26(a)(2) is **JULY 30, 2021**. The deadline to provide disclosures and reports of rebuttal experts (*i.e.* whose testimony will be offered solely to contradict or rebut the expert opinions offered by an opposing expert) is **AUGUST 30, 2021**.

4. **DISCOVERY**

The discovery deadline is **OCTOBER 4, 2021**. The parties may conduct discovery beyond this date if all parties are in agreement to do so. To avoid later misunderstandings, such agreements should be reduced to a writing which describes the type, scope, and length of the extended period of discovery. That said, the Court will not resolve any disputes which may arise in the course of extended discovery.

All discovery requests must be propounded sufficiently in advance of the discovery deadline to allow for a timely response. Witnesses and exhibits not identified and produced in response to Rule 26(a)(1) Initial Disclosures, and/or in response to subsequent discovery requests, may not be used at trial except in extraordinary circumstances. The Court will not grant a continuance because a party does not have time in which to depose a lay or expert witness.

5.   **MOTION DEADLINES**

   (a)   **Summary Judgment.** The deadline to file dispositive motions is **OCTOBER 6, 2021.**

   (b)   *Daubert.* If applicable, *Daubert* and related expert disqualification motions should be filed no later than **OCTOBER 6, 2021**.

   (c)   **Discovery Motions.** Prior to filing a discovery motion the parties must (i) engage in a substantive good faith effort to amicably resolve the dispute without court intervention (to include at least one verbal discussion), and then, if necessary, (ii) the parties must schedule a conference call with the Court to discuss the dispute. In the event a discovery dispute cannot be informally resolved by the Court, then a formal motion must be filed sufficiently in advance of the discovery deadline to allow for a proper response time under the rules. The length of any such motions and supporting memorandum shall not exceed ten (10) pages in length (excluding exhibits). A response to a discovery motion, with the same page limitations, should be promptly filed.

   (d)   **Motions in Limine** must be filed on or before **NOVEMBER 12, 2021.** Responses must be filed within seven (7) days thereafter. Motions submitted after the deadline may be denied solely on that ground. Briefs in Support of such motions and responses shall not exceed three (3) pages per ruling sought, except on leave of Court for good cause shown.

6.   **MEMORANDUM BRIEFS**

   Page limits for discovery motions and liminal motions are noted above. Memorandum briefs filed in support or in response to other types of motions must not

exceed twenty-five (25) pages in length, without leave of court and for good cause shown. Reply briefs require leave of Court, and when permitted must not exceed seven (7) pages in length.

## 7. SETTLEMENT CONFERENCE

The parties are ordered to attend a Settlement Conference with Magistrate Judge Christy D. Comstock by no later than **AUGUST 20, 2021**. The exact date will be set by separate order.[1]

## 8. PRETRIAL DISCLOSURE SHEET

Pursuant to the provisions of Rule 26(a)(3), the parties shall simultaneously file Pretrial Disclosures on **NOVEMBER 8, 2021**, in a form consistent with the outline contained in Local Rule 26.2.

## 9. DEPOSITIONS TO BE USED AT TRIAL PURSUANT TO RULE 32[2]

The proffering party must designate the pertinent portions of a deposition to be used as evidence at trial by **NOVEMBER 12, 2021**. The opposing party must then provide notice of objections and/or counter-designations by **NOVEMBER 17, 2021**. These designations and objections should not be filed with the Court, but rather exchanged by the parties. The parties shall then confer in good faith to resolve any objections to designations.

---

[1]By motion, for good cause shown, the parties may request to be excused from this requirement. "Good cause" will be established by a statement that the posture of the case is such that the parties believe settlement efforts would be futile and the parties intend to proceed to trial as scheduled.

[2]Depositions to be used solely for impeachment are not contemplated by the requirements of this paragraph.

4

Any unresolved objections shall be made by a joint written motion filed no later than **NOVEMBER 23, 2021**. Instructions for preparing the joint motion and the form to be used are posted on the Court's website at http://www.arwd.uscourts.gov/judge-brooks-forms. Objections will be resolved during the Final Pre-Trial Conference.

**10.   JURY INSTRUCTIONS**

The parties must confer in advance regarding proposed jury instructions in an attempt to narrow areas of disagreement. The parties shall jointly submit a single agreed set of proposed instructions (clearly marked "AGREED") to Chambers on or before **NOVEMBER 30, 2021**. Proposed verdict forms should be submitted as well. Counsel should use model instructions whenever possible from the Eighth Circuit, AMI, or Federal Jury Practice and Instructions (5th Edition), as applicable, and should note the source and/or basis of the instruction at the end of each instruction.

If the parties cannot agree to a particular instruction(s), the party requesting a disputed instruction must submit it to the Court and to opposing counsel by the same date Agreed Instructions are due. Such instructions should be clearly marked as "[Plaintiff's/Defendant's] DISPUTED Instruction No. ___." The legal basis for the instruction and brief description of the parties' disagreement shall be provided with the instruction (either in the space below the form of the instruction or attached on a separate page).

The parties should follow the same process to submit "agreed" and "disputed" proposed verdict forms. Agreed and disputed instructions/verdict forms should be submitted electronically in WordPerfect or Word format to *tlbinfo@arwd.uscourts.gov*.

## 11. STATEMENT OF THE CASE

Each party must submit via email by **NOVEMBER 30, 2021** a concise non-argumentative statement/overview of the case, *no more than one double spaced page in length*, that it proposes the Court to read to the venire panel.

## 12. STIPULATIONS

The parties should stipulate in writing to the facts not in controversy and provide the same to the Court via email by no later than **NOVEMBER 30, 2021**. Stipulations will be marked and received as a joint exhibit, and may be read/shown to the jury at an appropriate time(s) during the trial. The parties are encouraged to use stipulations as a means of establishing the chronology of significant events, and to otherwise narrow and simplify fact issues submitted to the jury.

## 13. WITNESS AND EXHIBIT LISTS

Each party shall submit "final" witness and exhibit lists to the Court by no later than **NOVEMBER 30, 2021**. The lists should be in the format as posted on the Court's website at http://www.arwd.uscourts.gov/judge-brooks-forms. Witnesses shall be grouped together under headings indicating whether they "will be called" or merely "may be called" to testify.

Trial Exhibits must be identified, numbered, provided, and made available to opposing counsel in advance of the deadline. Counsel must then review and confer for the purpose of identifying any exhibits to which agreement or objections are contemplated. The final numbered exhibit list provided to the Court should therefore indicate—for each applicable exhibit—whether opposing counsel intends to "agree" (subject to proponent laying proper foundation) or "object" to its introduction. Prior to trial, the parties shall further

confer and identify which, if any, of the agreed exhibits may be stipulated into evidence *in mass* at the beginning of the trial. Please promptly notify the Court via email as to which exhibits will be received in this manner.

Each party shall provide a notebook of its final proposed exhibits(numbered, indexed, and tabbed) to Chambers by no later than **DECEMBER 3, 2021**.

## 14. DEADLINES

The deadlines set forth above are firm. Extensions and/or continuances will not be considered absent very compelling circumstances.

## 15. SUMMARY TABLE AND FORMS

A table summarizing the deadlines is attached. In the event of a discrepancy between this Order and the summary table, the deadline set forth in the Order is controlling. The forms are available for download on the Court's public website - http://www.arwd.uscourts.gov/judge-brooks-forms.

## 16. COMMUNICATION WITH COURT REGARDING TRIAL OR SETTLEMENT

Settlements should be immediately reported to the Court.[3] Please communicate any late developing settlement or problems/issues (*i.e.* over the weekend prior to trial) to the Courtroom Deputy, Sheri Craig, at (479) 695-4460 or *tlbinfo@arwd.uscourts.gov*. If notice of settlement is received after **1:00 p.m. on DECEMBER 7, 2021**, the parties will be assessed any costs associated with the Court's inability to timely recall the jury panel from

---

[3]This is especially true when there are ripe motions pending. Prompt notification is also of great help to the Court in the management of remaining cases set for a given trial term.

reporting. The parties are further advised that the case will not be removed from the trial docket until an order of dismissal has been entered.

**IT IS SO ORDERED** this 24th day of May, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

## DATES AND DEADLINES

| HEARINGS AND TRIAL DATE | |
|---|---|
| FINAL PRE-TRIAL CONFERENCE | 12/3/21 |
| **TRIAL DATE** | **12/9/21** |
| **DISCOVERY** | |
| EXPERT WITNESS DISCLOSURES/REPORTS | 7/30/21 |
| REBUTTAL EXPERT WITNESS DISCLOSURES/REPORTS | 8/30/21 |
| **DISCOVERY DEADLINE** | **10/4/21** |
| **MOTIONS** | |
| **DISPOSITIVE MOTIONS** | **10/6/21** |
| DAUBERT AND RELATED MOTIONS REGARDING EXPERT OPINION TESTIMONY (if applicable) | 10/6/21 |
| **SETTLEMENT CONFERENCE** | |
| SETTLEMENT CONFERENCE (to be separately scheduled no later than) | 8/20/21 |
| **FINAL TRIAL PREPARATIONS** | |
| PRETRIAL DISCLOSURES (per format of Local Rule 26.2) | 11/8/21 |
| MOTIONS IN LIMINE | 11/12/21 |
| DEPOSITION DESIGNATIONS (exchanged) | 11/12/21 |
| DEPOSITION COUNTER-DESIGNATIONS (exchanged) | 11/17/21 |
| JOINT MOTION TO EXCLUDE DEPOSITION TESTIMONY | 11/23/21 |
| JURY INSTRUCTIONS (submitted to the Court via email) | 11/30/21 |
| STATEMENT OF THE CASE (submitted to the Court via email) | 11/30/21 |
| STIPULATIONS (submitted to the Court via email) | 11/30/21 |
| WITNESS AND EXHIBIT LISTS (submitted to the Court via email) | 11/30/21 |
| EXHIBITS NOTEBOOK (INDEXED AND TABBED) TO CHAMBERS | 12/3/21 |