# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**JILL DILLARD, JESSA SEEWALD,**                               **PLAINTIFFS**
**JINGER VUOLO, and JOY DUGGAR**

vs.                         **CASE NO. 5:17-5089-TLB**

**CITY OF SPRINGDALE, ARKANSAS;**                              **DEFENDANTS**
**WASHINGTON COUNTY, ARKANSAS;**
**KATHY O'KELLEY, in her individual and**
**official capacities;**
**ERNEST CATE, in his individual and official capacities;**
**RICK HOYT, in his individual and official capacities;**
**STEVE ZEGA, in his official capacity;**
**BAUER PUBLISHING COMPANY, L.P.;**
**BAUER MAGAZINE, L.P.;**
**BAUER MEDIA GROUP, INC.;**
**BAUER, INC.;**
**HEINRICH BAUER NORTH AMERICA, INC.;**
**BAUER MEDIA GROUP USA, LLC; and**
**DOES 1-10, inclusive**

## AGREED PROTECTIVE ORDER

With the parties' agreement, and pursuant to the Federal Rules of Civil Procedure, the Court orders:

1. In this Order, the following terms are defined as follows:

    a. "Challenging Party": a Party or Non-Party that challenges the designation of information or items under this Order.

    b. "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including confidential personal information, such as social security numbers, contact information, employment records, criminal records, dates of birth.

c. "Designating Party": a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

d. "Disclosure" or "Discovery Material": all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

e. "Expert": a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

f. "'HIGHLY CONFIDENTIAL' Information or Items": extremely sensitive "Confidential Information or Items," disclosure of which to another Non-Party or copies provided to another Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

g. "'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY' Information or Items": extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive

means and shall not be disclosed to any Parties in this litigation, including, but not limited to, medical records.

h. "Non-Party": any natural person, partnership, corporation, association, or other legal entity not named as a Party to his action.

i. "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

j. "Producing Party": a Party or Non-Party that produces a Disclosure or Discovery Material in this action.

k. "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

l. "Protected Material": any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

m. "Qualified Persons" include the parties to this action; any current or future counsel of record for the parties to this action; secretaries, para-professional assistants, experts, and other employees of counsel who are actively engaged in assisting counsel with this action; court personnel; witnesses at trial or deposition; and the jury.

n. "Receiving Party": a Party that receives Disclosure or Discovery Material from a Producing Party.

2. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

3. Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced, by affixing the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) and must specify, for each portion, the level of protection being asserted.

4. Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5. Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating

Party shall inform the court reporter of these requirements. Such transcripts shall be first designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Within 14 days of receiving the transcript, the Designating Party shall determine whether the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation level is appropriate or whether "CONFIDENTIAL" is more appropriate.

6. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7. A party may oppose a confidentiality designation per Paragraph 3 in writing within ten (10) days of the designation, at which time the parties shall engage in a good faith effort to resolve the issue. If negotiations fail, the objecting party may move to remove the confidentiality designation.

8. Except with the prior written consent of the party disclosing the Confidential Material, or pursuant to further Order of this Court, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    a. the Parties to this litigation;

    b. the Receiving Party's Outside Counsel of Record and Legal Defense or Risk Management Association, Pool or Program ("Risk Management Program"), as well as employees of said Outside Counsel of Record and Risk Management Program to whom it is reasonably necessary to disclose the

<ul><li style="list-style:none">information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;</li></ul>

c. the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

d. Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation as well as employees of said Expert and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

e. the Court and its personnel;

f. court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

g. during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed upon by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

h. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

6

9. Except with the prior written consent of the party disclosing the Confidential Material, or pursuant to further Order of this Court, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

    a. the Parties to this litigation, provided that information designated as Highly Confidential may only be shown, but not furnished, and only in the presence of Outside Counsel of Record, to the individual parties and to the officers, directors, and employees of the governmental parties to whom disclosure is necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

    b. the Receiving Party's Outside Counsel of Record, and Legal Defense or Risk Management Association, Pool or Program ("Risk Management Program"), as well as employees of said Outside Counsel of Record and Risk Management Program to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    c. Experts of the Receiving Party as well as employees of said Expert (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) to whom the procedures set forth in Paragraph 10, below, have been followed;

    d. the Court and its personnel;

  e. court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

  f. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

10. Except with the prior written consent of the party disclosing the Confidential Material, or pursuant to further Order of this Court, any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", specifically including the medical records of any Parties shall not be shown or furnished to anyone other than those individuals identified in paragraph 9(b)-(f).

11. No Qualified Person may utilize any Confidential Material obtained in the course of this litigation in any other administrative complaint, proceeding, or civil action.

12. Any Confidential Material disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version delivered in hard copy to the Clerk's Office for filing under seal. The redacted version of a confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing.

13. Only the Court, court personnel, and the parties and their counsel of record shall have access to the sealed record in this action until further Order of this Court.

14. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify the Designated Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

15. Upon a violation of this Order, the non-violating Party may move the Court for sanctions or any other appropriate remedy.

16. This Order shall continue to be binding through and after the conclusion of this litigation, including all appeals. One year after the conclusion of this litigation, this Court shall lose jurisdiction to enforce this Order and it shall survive thereafter only as a contract between the parties.

17. No later than three (3) years after the conclusion of this litigation, all parties shall destroy all Confidential Material obtained during the course of this litigation, including correspondence, memoranda, notes, or any other documents embodying such information, in whole or in part.

18. Nothing in this Order shall prevent any party from seeking modification of this Order at any time as to specific matters designated Confidential Material in order to remove such designation from the application of this Order.

19. Any records or copies of records containing Confidential Material obtained in the course of this litigation shall be retained by the receiving party's counsel (including his/her paralegal, secretarial staff, and/or other staff members).

20. This Order is without prejudice to the rights of any party to make further objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

**IT IS SO ORDERED** this _____ day of _____, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

APPROVED BY:

Thomas N. Kieklak (Ark. Bar No. 92262)
Email:  tkieklak@arkansaslaw.com
R. Justin Eichmann (Ark. Bar No. 2003145)
Email:  rjeichmann@arkansaslaw.com
HARRINGTON, MILLER, KIEKLAK,
EICHMANN & BROWN, P.A.
4710 S. Thompson, Suite 102
Springdale, AR 72764
Telephone: (479) 751-6464
Fax: (479) 751-3715

Susan Keller Kendall (Ark. Bar No. 98119)
Email:  skk@kendalllawfirm.com
KENDALL LAW FIRM, PLLC
3706 Pinnacle Hills Parkway, Suite 201
Rogers, Arkansas 72758
Tel: (479) 464-9828
Fax: (479) 464-9768

*Attorneys for Defendants Kathy O'Kelley,
Ernest Cate and the City of Springdale*

**AND**

Jason Owens (Ark. Bar No. 2003003)
Email: owens@jowenslawfirm.com
JASON OWENS LAW FIRM, P.A.
1023 Main St., Suite 204
Conway, Arkansas 72033
Telephone: 501-764-4334

*Attorney for Rick Hoyt and Washington County*

**AND**

Shawn B. Daniels (Ark. Bar No. 99126)
Email:  shawn@danielsfirm.com
DANIELS FIRM
129 W. Sunbridge Drive
Fayetteville, AR 72703
Telephone: 479-521-7000
Fax: 479-437-2007

Steven E. Bledsoe (admitted *pro hac vice*)
Email: sbledsoe@larsonllp.com
Stephen G. Larson (admitted *pro hac vice*)
Email: slarson@larsonllp.com
Jen C. Won (admitted *pro hac vice*)
Email: jwon@larsonllp.com
LARSON, LLP
600 Anton Blvd., Suite 1270
Costa Mesa, CA 92626
Telephone: 949-516-7262

*Attorneys for Plaintiffs*

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for Western District of Arkansas on _____ [date] in the case of *Dillard, et al. v. City of Springdale, Arkansas, et al.*, Civil Action No. 5:17-5089-TLB.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to do so could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Arkansas for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____