IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD; JESSA SEEWALD; JINGER VUOLO; and JOY DUGGAR | PLAINTIFFS |
| V.     CASE NO. 5:17-CV-5089 | |
| CITY OF SPRINGDALE, ARKANSAS; WASHINGTON COUNTY, ARKANSAS; KATHY O'KELLEY, in her individual and official capacities; ERNEST CATE, in his individual and official capacities; RICK HOYT, in his individual and official capacities; STEVE ZEGA, in his official capacity; and DOES 1-10, inclusive | DEFENDANTS |

## ORDER TO SHOW CAUSE

Now before the Court is Separate Defendants Kathy O'Kelley, Ernest Cate, and City of Springdale's Motion for Order to Show Cause (Doc. 126). Defendants explain that they served a subpoena duces tecum (Doc. 126-1) on non-party Chad Gallagher and his business Legacy Consulting on June 3, 2021. Defendants received the green return-receipt card indicating that service was successful. The subpoena directed Mr. Gallagher to produce certain documents to Defendants by June 17, 2021. Mr. Gallagher failed to respond to the subpoena. On June 25, 2021, Defendants mailed him a certified letter as a follow-up to the subpoena. Again, he failed to respond. Defendants now ask the Court to order Mr. Gallagher to either respond to the subpoena by mailing or emailing the requested documents to Defendants' counsel[1] or to explain to the Court his lack of response. Given these facts, the Motion should be, and hereby is, **GRANTED**.

---

[1] Although the subpoena does not explicitly advise Mr. Gallagher that he may comply by mailing or emailing the requested documents, counsel confirms that mailing or emailing is acceptable to Defendants and that Mr. Gallagher's personal appearance at Defendants'

1

**IT IS THEREFORE ORDERED** that Chad Gallagher has until **August 31, 2021**, to comply with Defendants' subpoena and produce the requested documents or to file a response explaining why he cannot or will not produce the documents.  Failure to obey the Court's Order may result in the imposition of sanctions for contempt.  See Fed. R. Civ. P. 45(g).

**IT IS FURTHER ORDERED** that Defendants' counsel do the following:  (1) mail a copy of this Order, certified with return-receipt requested, to Mr. Gallagher at all known mailing addresses; (2) assure that such mailing is completed within two business days of the file-date of this Order; (3) email a copy of the Order to Mr. Gallagher if his email address is known to counsel; and (4) file an affidavit of record that details counsel's compliance with this Order, along with a copy of the green card indicating Mr. Gallagher's receipt of the Order.

**IT IS SO ORDERED** on this 20th day of August, 2021.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

counsel's law office is not required.  Mr. Gallagher lives and/or works more than 100 miles from counsel's law office in Springdale.  Federal Rule of Civil Procedure Rule 45(c)(2) states that a subpoena may command production "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ."  At the same time, Rule 45(d)(2)(A) states that a person who is commanded to produce documents "need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial."  The Court reasons that Mr. Gallagher may comply with the subpoena even though he is physically located more than 100 miles from Springdale by mailing or emailing the documents.