IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR | PLAINTIFFS |
| vs.       CASE NO. 5:17-5089-TLB | |
| CITY OF SPRINGDALE, ARKANSAS; WASHINGTON COUNTY, ARKANSAS; KATHY O'KELLEY, in her individual and official capacities; ERNEST CATE, in his individual and official capacities; RICK HOYT, in his individual and official capacities; STEVE ZEGA, in his official capacity; And DOES 1-10, inclusive | DEFENDANTS |

**BRIEF IN SUPPORT OF RESPONSE TO MOTION FILED BY ARKANSAS DEPARTMENT OF HUMAN SERVICES TO QUASH SUBPOENA DUCES TECUM AND REQUEST FOR ORDER TO COMPEL PRODUCTION OF SUBPOENAED DOCUMENTS**

**I. The Motion to Quash Should Be Denied**

A. The Motion to Quash is Untimely

The Sprindale Defendants served a Subpoena Duces Tecum upon the Department of Human Services ("DHS") on August 2, 2021, with a stated date of compliance of August 10, 2021. DHS filed a Motion to Quash the Springdale Defendants' Subpoena Duces Tecum ("DHS Motion") on August 16, 2021. Pursuant to Fed. R. Civ. P. 45(d)(2)(B)[1], the DHS Motion, filed beyond the date of compliance *and* 14 days after service, is untimely and should be denied.

---

[1] Fed. R. Civ. P. 45(d)(2)(B) states . . . "The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served".

B.  The DHS Motion Relies Solely on State Law which is Preempted by Federal Law

The DHS Motion cites to the Arkansas Child Maltreatment Act at Ark. Code Ann. §12-18-101 et seq. for its reason to withhold the records sought in the Springdale Defendants' Subpoena. No other justification was cited.  "Under the Supremacy Clause of the U.S. Constitution, federal law will override state law in three instances: (1) express preemption, *i.e.,* when Congress expressly preempts state law; (2) field preemption, *i.e.,* when congressional intent to preempt may be inferred from the existence of a pervasive federal regulatory scheme; or (3) conflict preemption, *i.e.,* when state law conflicts with federal law or its purposes and preemption is implied. "*Sykes v. Glaxo-SmithKline*, 484 F. Supp. 2d 289, 296 (E.D. Pa. 2007) (citing *English v. General Elec. Co.*, 496 U.S. 72, 78-79 (1990).   In the Enabling Act, codified at 28 U.S.C. § 2072, Congress gave the Supreme Court the power to promulgate the Federal Rules of Civil Procedure. The purpose of the Enabling Act "was to reverse the philosophy of conformity to local state procedure and establish, with but few specific exceptions, an approach of uniformity within the whole federal judicial trial system." *Monarch Ins. Co. of Ohio v. Spach*, 281 F.2d 401, 408 (5$^{th}$Cir. 1960); *see also Hanna v. Plumer*, 380 U.S. 460, 472 (1965) ("'One of the shaping purposes of the Federal Rules is to bring about uniformity in the federal courts by getting away from local rules"). The reliance by DHS on a state law to thwart a properly served subpoena under Fed. R. Civ. P. 45 is improper and the DHS Motion should be dismissed.

C.  The Documents Sought via the Subpoena are Material to the Defense

Further, the nexus of Plaintiffs' claims against the Springdale Defendants is the allegation that the molestation by their brother, Joshua Duggar, was private information not within the public knowledge.  Upon information and belief, after a call to the Arkansas Child Abuse Hotline on December 7, 2006, several state agencies, including DHS, were involved in the investigation of

the molestation claims and therefore would have relevant information to the Springdale Defendants' assertion that the facts surrounding the Plaintiffs' molestation by Joshua Duggar was within the public knowledge prior to the release of the redacted Springdale Police Report.

The Defendants have a substantial and compelling need for the documentation in the possession of DHS.  Upon information and belief, Joshua Duggar was placed on the sex offender registry and a legal proceeding was undertaken to remove Joshua Duggar from the sex offender registry.  The Defendants are entitled to this information and documentation due to one of the central elements of Plaintiffs claims being public disclosure of private information.  If Joshua Duggar was placed on the sex offender registry other information such as incest, molestation of family members, or other identifying information could have led to the disclosure of the information Plaintiffs claim was private and not known to the public.  Additionally, correspondence between Joshua Duggar and/or his agents in the possession of DHS regarding his removal from the sex offender registry could provide information as to the public knowledge of Joshua Duggar's acts of molestation and his victims.

 There is a Protective Order in this case that will adequately protect any privileged information and documentation received from DHS.

For these reasons the DHS Motion should be denied and this Court should enter an order compelling DHS to comply with the Springdale Defendants' Subpoena.

Respectfully Submitted,

Morgan S. Doughty (Ark. Bar No. 2010158)
Thomas N. Kieklak (Ark. Bar No. 92262)
R. Justin Eichmann (Ark. Bar No. 2003145)
HARRINGTON, MILLER, KIEKLAK,
EICHMANN & BROWN, P.A.
4710 S. Thompson, Suite 102
Springdale, AR  72764
Phone: (479) 751-6464
Fax: (479) 751-3715
Email:  mdoughty@arkansaslaw.com
Email:  tkieklak@arkansaslaw.com
E-mail:  jeichmann@arkansaslaw.com

and

Susan Keller Kendall (Ark. Bar No. 98119)
KENDALL LAW FIRM, PLLC
3706 Pinnacle Hills Parkway, Suite 201
Rogers, Arkansas 72758
Phone: (479) 464-9828
Fax: (479) 464-9768
Email:  skk@kendalllawfirm.com

**COUNSEL FOR SPRINGDALE DEFENDANTS**

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that on the 30th day of August 2021, a true and correct copy of the above and foregoing was filed using the Court's CM-ECF System, which effected service on all counsel of record:

| | |
|---|---|
| Steven E. Bledsoe<br>Stephen G. Larson<br>Jen C. Won<br>LARSON O'BRIEN, LLP<br>555 S. Flower Street<br>Suite 4400<br>Los Angeles, CA 90071<br>(213) 436-4888<br>sbledsoe@larsonobrienlaw.com<br>slarson@larsonllp.com<br>jwon@larsonllp.com | Shawn B. Daniels<br>DANIELS FIRM<br>129 W. Sunbridge Drive<br>Fayetteville, AR 72703<br>479-521-7000<br>Fax: 479-437-2007<br>shawn@danielsfirm.com |
| Jason Owens (Ark. Bar No. 2003003)<br>JASON OWENS LAW FIRM, P.A.<br>1023 Main St., Suite 204<br>Conway, Arkansas 72033<br>(501) 764-4334<br>owens@jowenslawfirm.com | |

                                                  <u>Morgan S. Doughty (Ark. Bar No. 2010158)</u>