IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JILL DILLARD, JESSA SEAWALD,
JINGER VUOLO, and JOY DUGGAR            PLAINTIFFS

VS.            NO. 17-CV-05089-TLB

CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
KATHY O'KELLEY, in her individual
and official capacities;
RICK HOYT, in his individual and official capacities;
STEVE ZEGA, in his official capacity;
BAUER PUBLISHING COMPANY, L.P.;
BAUER MAGAZINE L.P.;
BAUER MEDIA GROUP, L.P.;
BAUER, INC.;
HENRICH BAUER NORTH AMERICA, INC.;
BAUER MEDIA GROUP USA, LLC; and
DOES 1-10, inclusive            DEFENDANTS

## 28 U.S.C.A. § 1746 AFFIDAVIT

STATE OF ARKANSAS      )
                                   ) ss:
COUNTY OF WASHINGTON   )

       Comes now Debbie Norman, and states, upon oath and on personal knowledge (except where expressly indicated), the following:

       1.      My name is Debbie Norman. I am the Risk Management Director for the Association of Arkansas Counties (AAC) Risk Management Services in Little Rock, which administers the AAC Risk Management Fund (AACRMF).

       2.      The AACRMF is a non-insurance fund that combines the resources of 75 member counties to provide stable and competitive pricing for protection against certain claims of civil rights and/or constitutional violations. Washington County has been a member of the AACRMF for a number of years.

       3.      Washington County does not carry any general liability insurance or other

**Exhibit 7**

insurance, other than vehicle and property insurance (I am not aware of any such insurance carried by any of its officials or employees, either). Washington County is a member of the Association of Arkansas Counties Risk Management Fund (AACRMF), which provides non-insurance coverage for certain constitutional and civil rights claims, but expressly excludes and precludes all claims for tort, negligence and negligent conduct of any kind.

   4.  The AACRMF is <u>not</u> insurance and is not actuarially based (for instance, member counties pay for civil rights and constitutional claims protection on a per capita basis, not on the basis of any actuarial assessment).

### 28 U.S.C.A. § 1746 Affidavit Oath

I declare under penalty of perjury, upon oath and on personal knowledge (except where indicated), under the laws of the United States of America, that the foregoing is true and correct.

_____
Debbie Norman

_____10/5/2021_____
Date

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RICHARD ALLEN HEARNSBERGER and
PATRICIA HEARNSBERGER                                                                PLAINTIFFS

V.                                   CASE NO. 06-CV-1081

BRADLEY COUNTY, ARKANSAS                                                             DEFENDANT

## MEMORANDUM OPINION

Before the Court is Defendant Bradley County's Motion for Summary Judgment. (Doc. 12). Plaintiffs Patricia and Richard Hearnsberger have responded. (Doc. 15). The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiffs filed their complaint (Doc. 1) on August 11, 2006,[1] alleging that Bradley County negligently failed to guarantee Plaintiff Richard Hearnsberger's safety in violation of 42 U.S.C. § 1983 and Arkansas state law. Hearnsberger[2] slipped and fell into a dumpster at the county dump in 2004. The county dump is designed so that a person disposing of waste would drive onto the top of a man-made mound of dirt, or berm, and dump his or her waste into dumpsters located approximately nine feet below on each side of the berm. There were railroad ties located on the berm that served as "bumpers" and were designed to stop a vehicle from rolling off of the berm and into the dumpsters.

On February 27, 2004, Hearnsberger drove his truck to the top of the berm and began to push the waste away from the side of the berm so that it would fall into the dumpsters.

---

[1] Plaintiffs filed an amended complaint on October 13, 2006. (Doc. 5).

[2] The Court will use "Hearnsberger" to refer exclusively to Plaintiff Richard Hearnsberger throughout this opinion.

Hearnsberger tripped on the railroad-tie "bumper" and fell into the dumpster below. As a result of this fall, Hearnsberger suffered a broken back, broken arm, and other injuries to his legs and feet. According to Hearnsberger, he suffers from long-term and permanent loss of function and disability. Patricia Hearnsberger, Hearnsberger's wife, asserts that she is entitled to compensation for loss of consortium. Bradley County argues that it is entitled to summary judgment for the following reasons: (1) it is immune from negligence liability under state and federal law and (2) Plaintiffs offer no proof to support the substantive Due Process Constitutional claim. Bradley County also asserts that Patricia Hearnsberger's loss of consortium claim must also fail if her husband's claim fails.

## II. SUMMARY JUDGMENT STANDARD

The summary judgment standard is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed. 202 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist where "there is

sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Where no reasonable jury could render a verdict for the plaintiff, however, summary judgment is properly granted to a defendant. *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003).

## III. DISCUSSION

The Hearnsbergers allege that they were harmed because of Bradley County's negligent conduct of not providing a safety rail or other safety device at the city dump to keep people from falling into the dumpsters. The Hearnsbergers further allege that Bradley County's failure to install the guard rail or other safety device violated their Constitutional rights. Bradley County asserts that it is entitled to summary judgment because it is immune from negligence/tort liability under state and federal law.

### A. Negligence claim

The Hearnsbergers claim that their harm was a result of Bradley County's negligence. However, Bradley County is immune from negligence liability under Arkansas law. Arkansas Code Annotated section 21-9-301 provides:

> (a) It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, ... and all other political subdivisions of the state ... shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.
>
> (b) No tort action shall lie against such political subdivision because of the acts of their agents and employees.

The Hearnsbergers concede that Arkansas Code Annotated section 21-9-301 provides immunity to Bradley County for tort claims based in negligence except to the extent Bradley

County has liability insurance. The Hearnsbergers further concedes that "the weight of the law on this point is against their claim."

The Hearnsbergers assert in their complaint that Bradley County has liability insurance, but they do not make this assertion in their brief. Bradley County participates in the Association of Arkansas Counties Risk Management Fund (AACRMF), but coverage for negligent tort liability is expressly excluded. Moreover, this Court has held that the AACRMF is not liability insurance. *Kauffman v. Board of Trustees of the Ass'n of Ark. Counties Risk Mgmt. Fund*, No. 87-2076 (W. D. Ark. 1988). Additionally, even if Bradley County had negligence/tort liability insurance, the proper defendant to such a suit would be the alleged insurer. *See* Ark. Code Ann. § 23-79-210. For the above reasons, Hearnsberger's state negligence claims should be dismissed.

### B. Constitutional Claims

The Hearnsbergers allege that Bradley County's negligent conduct violated their Fourteenth Amendment rights—namely their substantive Due Process rights to bodily integrity and to be free from state created danger. The Hearnsbergers filed these claims against Bradley County under 42 U.S.C. § 1983. To survive a motion for summary judgment, the Hearnsbergers must show that the summary judgment record supports their claim that Bradley County's conduct rose to the level of a Constitutional tort for which section 1983 provides a remedy. *See Gregory v. City of Rogers*, 974 F.2d 1006, 1009 (8th Cir. 1992).

The Fourteenth Amendment forbids the states from depriving individuals of life, liberty, or property without due process of law and was intended to prevent government from abusing its power or using it as an instrument of oppression. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195–96, 109 S. Ct. 998 (1989). The Due Process Clause of the Fourteenth

Amendment is not violated where the state fails to protect members of the public generally, because it is "phrased as a limitation on a state's power to act, not as a guarantee of certain minimal levels of safety and security." *Id.*, 489 U.S. at 195. The Fourteenth Amendment is not implicated by the lack of due care by a government or government official that causes unintended injury to life, liberty, or property. *Gregory*, 974 F.2d at 1009.

The Due Process Clause does impose an affirmative duty on state actors to protect or care for citizens in two limited situations: (1) when an individual is in state custody and (2) when the state affirmatively places an individual in a position of danger that the individual would not have otherwise faced. *Id.* at 1010 (citing *DeShaney*, 489 U.S. 189). Here, the Hearnsbergers do not allege that they were in Bradley County's custody at the time of the incident, so this situation does not apply in the instant case. Therefore, to recover under section 1983, the Hearnsbergers must show that Bradley County placed them in a position of danger they would not have otherwise faced. In other words, the Hearnsbergers must prove a state-created danger.

The Hearnsbergers assert that Bradley County created the danger that caused Hearnsberger to fall into the dumpster because Hearnsberger had no choice but to use this county dump. The test for determining if there is a Due Process violation caused by a state-created danger is whether the behavior of the government is "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005). Under the state-created danger theory, the Hearnsbergers must prove: (1) that Hearnsberger is a member of a limited, precisely definable group; (2) that Bradley County's conduct put him at significant risk of serious, immediate, and proximate harm; (3) that the risk

was obvious or known to the county; (4) that the county acted recklessly in conscious disregard of the risk; and (5) that, in total, the county's conduct shocks the conscience. *Id.*

"[N]egligent or 'grossly negligent' conduct does not state a claim under 42 U.S.C. § 1983." *Roach v. City of Fredericktown, Mo.*, 882 F.2d 294, 297 (8th Cir. 1989); *Wells v. Walker*, 852 F.2d 368, 371 (8th Cir. 1988); *see Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662 (1986). Here, the Hearnsbergers allege no more than a failure of the county to measure up to the conduct of a reasonable person by not installing guard rails or another safety device at the county dump, which is an allegation of mere negligence. "Mere negligence can never be conscious shocking and cannot support a claim alleging a violation of substantive [D]ue [P]rocess rights " *Hart*, 432 F.3d at 805. The Eighth Circuit has held more than once that even gross negligence is not actionable under section 1983. *Id.* at 805–06 (stating that "actionable substantive due process claims involve a level of ... abuse of power so brutal and offensive that [they do] not comport with traditional ideas of fair play and decency" and "involve conduct so severe ... so disproportionate to the need presented, and ... so inspired by malice rather than carelessness that it amounts to a brutal and inhumane abuse of official power"). Thus, the instant allegations of negligence most certainly do not rise to the level of conduct that could sustain a claim under section 1983. Even if the Hearnsbergers could prove the first four elements of the state-created danger theory (and the Court is not convinced that they could), they can offer no proof of any conscience-shocking conduct by Bradley County. Accordingly, Hearnsberger's Constitutional claims should be dismissed because there is no genuine issue of material fact and Bradley County is entitled to judgment as a matter of law.

*C. Patricia Hearnsberger's Loss of Consortium Claim*

Patricia Hearnsberger's claim for loss of consortium must fail as a matter of law. Under Arkansas and federal law, a spouse's action to recover for loss of consortium is characterized as derivative to that of the injured spouse; thus, a judgment adverse to the injured spouse acts as a bar to the other spouse's action. *Phillips v. Ford Motor Co.*, 83 F.3d 235, 237 (8th Cir. 1996); *Ouachita Nat'l Bank v. Tosco Corp.* 686 F.2d 1291, 1299 n. 10 (8th Cir. 1982) (applying Arkansas law).

## IV. CONCLUSION

For reasons discussed herein and above, the Court finds that Defendant Bradley County's Motion for Summary Judgment should be and hereby is **GRANTED**. An order of even date, consistent with this opinion, shall issue.

**IT IS SO ORDERED**, this 16th day of August, 2007.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

IN THE CHANCERY COURT OF BENTON COUNTY, ARKANSAS

WICKYRD, INC., a Texas
Corporation                                              PLAINTIFF

v.                    NO. E-95-218-2

JO C. WELSH; FIRST FINANCIAL BANK,
F.S.B. OF EL DORADO, ARKANSAS;
BENTON COUNTY, ARKANSAS; SUE
HODGES, individually and in her
official capacity as Benton County
Circuit Clerk; ASSOCIATION OF
ARKANSAS COUNTIES RISK MANAGEMENT
FUND; and JOHN DOES 2 through 5              DEFENDANTS

Filed 5/8/95

## ORDER

Upon a hearing on all motions, held Monday, April 17, 1995, the Separate Defendants' Motion to Dismiss Plaintiff's Second Amended and Restated Complaint is granted.

Although Defendant Hodges is not absolutely judicially immune from suit, Plaintiff has alleged no more than a violation of a state statute. This violation as plead amounts to no more than negligence and Defendant Hodges, as a county employee, is statutorily immune from suit for negligence conduct. Benton County, Arkansas is also statutorily immune from suit. Additionally, other courts have held that the Association of Arkansas Counties Risk Management Fund (AACRMF) is not liability insurance and Plaintiff has not shown otherwise. The AACRMF is, therefore, not a proper defendant in this cause of action.

IT IS THEREFORE ORDERED that Plaintiff's Second Amended and Restated Complaint as against Defendants Sue Hodges, Benton County, Arkansas, and the Association of Arkansas Counties Risk Management


DEFENDANT'S EXHIBIT

Fund be dismissed without prejudice, *FOR FAILURE TO STATE A CAUSE OF ACTION & PLAINTIFF IS GRANTED 15 DAYS TO PLEAD FURTHER.*

IT IS FURTHER ORDERED that, because a ruling has been made on the Motion to Dismiss, the Protective Order preventing discovery is lifted.

IT IS SO ORDERED, this ___5___ day of ___May___, 1995.

JUDGE JOHN LINEBERGER
Chancery Court Judge

APPROVED AS TO FORM:

*Michelle Banks Odum*
Michelle Banks Odum
Attorney for Separate Defendants

DUNCAN & RAINWATER, P.A.
Attorneys for Separate Defendants
P.O. Box 25938
Little Rock, Arkansas 72221-5938



**ARKANSAS
INSURANCE
DEPARTMENT**



400 University Tower Building ■ Little Rock, Arkansas 72204

Robert M. Eubanks, III
Insurance Commissioner

Ph. 501-371-1325

December 4, 1986

Mr. Michael R. Rainwater
Skokos, Simpson, Graham & Rainwater, P.A.
300 Superior Federal Building
Capitol at Broadway
Little Rock, Arkansas  72201

RE:  Association of Arkansas Counties Risk Management Fund

Dear Michael:

I am in receipt of your letter of December 2, 1986, with attachments. Please be advised that I have reviewed the Membership Agreement for the Association of Arkansas Counties Risk Management Fund and am of the opinion that this agreement represents membership in a self-insured pl which is exempt from the regulation of this Department due to the application of Ark. Stat. Ann. §14-901, et seq.

Sincerely yours,

David B. Simmons
Assistant Commissioner/Chief Counsel
(501) 371-1811

DBS/tas