**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR** — **PLAINTIFFS**

**vs.** — **CASE NO. 5:17-5089-TLB**

**CITY OF SPRINGDALE, ARKANSAS; WASHINGTON COUNTY, ARKANSAS; KATHY O'KELLEY, in her individual and official capacities; ERNEST CATE, in his individual and official capacities; RICK HOYT, in his individual and official capacities; STEVE ZEGA, in his official capacity; And DOES 1-10, inclusive** — **DEFENDANTS**

## DECLARATION OF ERNEST CATE

I, Ernest Cate, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am over the age of 18 and have personal knowledge of the information set forth in this Declaration.

2. I am an attorney licensed to practice in the State of Arkansas and I have served as the City Attorney for the City of Springdale ("Springdale") since 2013. From 1998 until 2010, I served as a Deputy City Attorney for Springdale, and then in 2010 through 2012 I was appointed by the Governor of Arkansas to be a District Judge in Washington County, Arkansas in order to serve out a term due to a retirement.

3. I have been a licensed attorney since 1994, and since I have served as a Deputy City Attorney, a District Court Judge and a City Attorney since 1998, I have attended hundreds of hours of continuing education training which has included various trainings regarding the Arkansas Freedom of Information Act ("FOIA"). Much of training regarding the FOIA that I have attended or have reviewed in the past 25 years has emphasized the legislative intent found in Ark. Code.

EXHIBIT
1
tabbies

Ann. § 25-19-102, the instruction in Ark. Code. Ann. § 25-19-105(f) to redact exempt information and release the record, and the consistent direction by the courts in Arkansas that the FOIA is to be interpreted broadly, with the exemption interpreted narrowly with an interpretation favoring disclosure.

4.      I do not know any of the Plaintiffs in the *Dillard v. City of Springdale*, Western District of Arkansas Case No. 5:17-CV-0589 lawsuit (the "Lawsuit") and to my knowledge, I have never met any of the Plaintiffs.  I do not know and have never met Josh Duggar, or any other member of the Duggar family with the possible exception of a meeting I attended approximately 20 years ago where Jim Bob Duggar may have been in attendance concerning a planning or development concern that he had with Springdale.  I was not aware of the identities of the Plaintiffs as victims in the matter until Jill and Jessa Duggar disclosed it themselves on a television interview on the *Megyn Kelly Show* on the Fox News Network in early June of 2015, and later when Jinger Vuolo and Joy Duggar disclosed their identities through the filing of this lawsuit.   I have never held any person malice or ill will towards the Plaintiffs and I never intended any harm to any of the Plaintiffs through the actions described herein.  My only motivations in this matter was to perform my job duties and to follow the law as it written and has been interpreted by the courts in Arkansas.

5.      I first became aware of the Springdale Police Department Offense Report at issue in this litigation (the "SPD Offense Report") and the 2006 investigation into allegations that Josh Duggar had molested members of his family and possibly another person (the "Investigation") in the afternoon of May 20, 2015.  Before this date, I was not aware of the existence of either the SPD Offense Report or the Investigation.

6.     I was first made aware of the existence of the May 15, 2015 FOIA request from attorney Abtin Medizadegan (the "FOIA Request") when Captain Ron Hritz of the Springdale Police Department ("SPD") informed me of the FOIA request in the late morning of May 20, 2015 and provided me a redacted version of the SPD Offense Report to review. I have never reviewed an un-redacted version of the SPD Offense Report in this matter. From my review of the redacted SPD Offense Report, I could not ascertain the identity or any identifying information the alleged suspect or victims because the SPD Offense Report had been extensively redacted. I recall that Captain Hritz informed me that the SPD Offense Report concerned Josh Duggar, who was a minor at the time that the misconduct occurred but was an adult at the time of the investigation. I also recall being informed that there were minor victims, although I could not tell the age or any identifying information of the victims from the redacted SPD Offense Report. I recall that Captain Hritz asked me to review the redacted SPD Offense Report to see if any further redactions were necessary. I also recall understanding at that time that Springdale's response to the FOIA Request was late and that the FOIA contains both civil and criminal penalties which may be applied to any violation.

7.     After learning from Captain Hrtiz that the FOIA Request and the redacted SPD Offense Report concerned the Duggar family, I performed an internet search on my computer and found a news article that explained that Josh Duggar was the subject of an investigation into allegations of sexual misconduct and that the article contained details of the investigation. This concerned me at that time. Based on my understanding of Arkansas law, there was not any exception in Arkansas which would prohibit the release of the SPD Offense Report. Rather, it was my opinion that pursuant to Arkansas law, the SPD Offense Report must be redacted and released. I then proceeded that afternoon to obtain as much legal advice and opinions as was possible on the

FOIA Request and the SPD Offense Report.  I shared this legal advice with Chief O'Kelley throughout the day.

8.      I thereafter asked Sarah Sparkman, a deputy city attorney in my office who had a significant experience with the Arkansas Freedom of Information Act, to review the FOIA Request and SPD Offense Report and to provide to me with advice with regard to the obligation to respond to the FOIA Request.  Ms. Sparkman information me that in her opinion the law required the city to redact and release the SPD Offense Report.  I then called the Washington County Prosecutor's Office and I recall that I spoke to Terra Stephenson, who was the Juvenile Prosecutor at that time and is now a District Judge in Washington County.  After providing the Juvenile Prosecutor with the relevant facts related to the FOIA Request and the SPD Offense Report, she informed me of her opinion that there was not any exemption in law which would prohibit the release of the SPD Offense Report and that the SPD Offense Report must be redacted and released to the requestor. I also attempted to contact the Arkansas Department of Human Services ("DHS") and left multiple messages throughout the day to speak to various people at DHS, including the legal counsel for DHS, regarding the FOIA Request and SPD Offense Report.  I also recall that former Police Chief Kathy O'Kelley ("O'Kelley") was also attempting to contact individuals at DHS during that time as well.

9.      In the early afternoon of May 20, 2015, went to the O'Kelley's office and participated in a conference call with Colonel Bill Bryant, the Director of the Arkansas State Police, about the FOIA Request and SPD Offense Report.  I recall that an attorney with the Arkansas State Police was also on the conference call as was possibly one other person.  After providing Colonel Bryant and the legal counsel for the Arkansas State Police with the relevant facts related to the FOIA Request and the SPD Offense Report, we were informed by Colonel

Bryant and the Arkansas State Police legal counsel that they were not aware of any exemption in law that would prohibit the release of the SPD Offense Report and that it was their opinion that the SPD Offense Report must be redacted and released to the requestor.

10.     At a point in the afternoon of May 20, 2015, I also spoke to Judge Jeff Harper about the FOIA Request and SPD Offense Report.  Judge Harper was the former, long-serving City Attorney at Springdale, and was by that time was an elected District Judge in Washington County. After providing Judge Harper with the relevant facts related to the FOIA Request and the SPD Offense Report, I was informed by Judge Harper that he was not aware of any exemption in law that would prohibit the release of the SPD Offense Report and that it was his opinion that the SPD Offense Report must be redacted and released to the requestor.

11.     Also in the afternoon of May 20, 2015, I spoke to Mark Hayes, who is the current Director of the Arkansas Municipal League and at that time was the General Counsel of the Arkansas Municipal League.  I had attempted to contact Mr. Hayes several times throughout the afternoon and I recall that my first conversation with Mr. Hayes was in O'Kelley's office with O'Kelley present.  I explained to Mr. Hayes that the FOIA response was late.  After providing Mr. Hayes with the relevant facts related to the FOIA Request and the SPD Offense Report, we were informed by Mr. Hayes that he was not aware of any exemption in law that would prohibit the release of the SPD Offense Report and that he believed that the SPD Offense Report would have to be redacted and released to the requestor.  He added that he would look further into the issue.  I recall speaking to Mr. Hayes later in the day or early evening and I recall that Mr. Hayes informed me that nothing had changed with regard to his opinion offered to me and O'Kelley.  It is my recollection that Mr. Hayes was informed that subject to receiving any information which would

indicate that the SPD Offense Report should not be released, that it would be released to the requestor later that night.

12.     After these various conversations with attorneys throughout the afternoon, I approved the release of the SPD Offense Report pursuant to the FOIA Request later that night. My approval to release the SPD Offense Report followed a series of reviews by myself, Captain Hritz and O'Kelley of the SPD Offense Report to make further additional redactions. I specifically recall us discussing that we would prefer to over-redact, rather than to under redact, the report. When the SPD Offense Report was released by O'Kelley to Mr. Medizadegan, I was in church and was notified by O'Kelley of the release. At some point during the afternoon of May 20, 2015, I was informed that a local reporter, Doug Thompson, with the Arkansas Democrat-Gazette had learned of the story of the SPD Offense Report and had made a request under the FOIA for copy. As a redacted copy of the SPD Offense Report was going to be provided to Mr. Medizadegan, it was my understanding that a copy would be later provided to Mr. Thompson in compliance with the FOIA.

13.     The next morning on May 21, 2015, I was informed by an attorney of the Arkansas Municipal League that the city should consider redacting the names of the parents, Jim Bob and Michelle Duggar, from the SPD Offense Report. Since the FOIA Request specifically included police reports involving Jim Bob and Michelle Duggar, I did not believe that such information could be redacted from the reports pursuant to the FOIA. Regardless, I understand that O'Kelley made contact with Mr. Medizadegan and Mr. Thompson and requested that they accept a version of the SPD Offense Report with those redactions. It is my understanding that this request from O'Kelley was not agreed to by both men. Despite this advice to further over-redact the SPD Offense Report which I believe was offered out of an abundance of caution, I never received any

opinion or advice from the Arkansas Municipal League that the report should not have been released.

14.     Also on May 21, 2015, I am aware that a representative DHS contacted my office and requested a copy of the redacted SPD Offense Report in order to review the redactions that were made.  A copy of the redacted SPD Offense Report was then provided to DHS.   Likewise, I never received any opinion or advice from DHS that the SPD Offense Report should not have been released.

15.     In or around May 21, 2015, I received an order from the Circuit Court of Washington County, Arkansas, Juvenile Division via email through an attorney representing Jim Bob Duggar.  The order referenced case *In Re: J.D. et al.* (JV 2007-038-3) and was ex parte as neither Springdale, nor any officer or official of Springdale, was a party to this legal action.  Prior to the receipt of this order, I was not aware of this legal action and had no information as to its existence.  This order contained a demand to Springdale destroy the SPD Offense Report and other associated documents.  In my career, I have never seen or heard of such an ex parte order being issued, but in compliance thereof the files were destroyed.  Following this order in the next week to 10 days, a series of ex parte orders were and letters were sent to me from the same court which pronounced various advisory opinions on the release of the SPD Offense Report.  Because of the unprecedented nature of these ex parte orders and advisory opinions, and for the lack of propriety in which they were issued and delivered to the city (which was through legal counsel for Jim Bob Duggar and in one instance, and in another instance through a citizen of Springdale who inexplicably delivered one of the orders to me personally), Springdale hired outside counsel to intervene *In Re: J.D. et al.* (JV 2007-038-3) in order to address the varying and changing opinions about the release of the SPD Offense Report and to have the court address additional records, such

as a 911 calls that were related to the subject matter in the SPD Offense Report.  It is my knowledge that Springdale's Motion to Intervene in *In Re: J.D. et al.* (JV 2007-038-3) was denied by that Court.

   16.  Following the issuance of the orders in *In Re: J.D. et al.* (JV 2007-038-3), it is my knowledge that the outside counsel for Springdale also represented Springdale in a FOIA lawsuit filed by the Arkansas Democrat-Gazette and Doug Thompson on September 3, 2015 which sought the release of the 911 call.  Due to the extraordinary orders and letters received by Springdale from the Washington County Juvenile Court, Springdale had denied the release of the 911 call as well as the letters sent by the Juvenile Court to Springdale to the Arkansas Democrat-Gazette and Mr. Thompson.  A true and correct copy of the September 3, 2015 FOIA Complaint is attached hereto as Exhibit "A".  It is my understanding that one of the Plaintiffs in this current lawsuit successfully intervened in this FOIA lawsuit in Washington County as a Jane Doe and argued against the release of the 911 call by putting forward the orders and letters issued by the Washington County Juvenile Court.  Following a hearing before the Circuit Court of Washington County, the Court ordered that the FOIA required the release of the 911 call to the Arkansas Democrat-Gazette and Mr. Thompson with the redaction of the telephone number that was stated in the recorded phone call, as well as the release of the letters from the Juvenile Court to Springdale.  A true and correct copy of the October 25, 2015 order from the Washington County Circuit Court is attached hereto as Exhibit "B".

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: October 5, 2021

Ernest Cate

IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
_______ DIVISION

FILED FOR RECORD
2015 SEP -3 AM 10: 59
WASHINGTON CO. AR
CIRCUIT CLERK
K. SYLVESTER

NORTHWEST ARKANSAS NEWSPAPERS LLC, and DOUG THOMPSON — PLAINTIFFS

v. No. CV15-1548-1

CITY OF SPRINGDALE, ARKANSAS — DEFENDANT

**COMPLAINT PURSUANT TO THE ARKANSAS FREEDOM OF INFORMATION ACT AND REQUEST FOR HEARING**

Northwest Arkansas Newspapers LLC and Doug Thompson, for their complaint against the City of Springdale, Arkansas, and for their request for a hearing, state:

**Nature of the Action**

1. Northwest Arkansas Newspapers LLC and Mr. Thompson bring this action pursuant to the Arkansas Freedom of Information Act of 1967, as amended, Ark. Code Ann. § 25-19-101 *et seq*. ("FOIA"), appealing the denial of their requests for public records pursuant to the FOIA. *See* Ark. Code Ann. § 25-19-107(a). The denial by the City of Springdale and the filing of this action entitle Northwest Arkansas Newspapers LLC and Mr. Thompson to a hearing within seven days of the filing of this action. *See* Ark. Code Ann. § 25-19-107(b).

**Parties**

2. Northwest Arkansas Newspapers LLC is an Arkansas limited liability company with its principal place of business located in the State of Arkansas. Northwest Arkansas Newspapers LLC publishes the *Northwest Arkansas Democrat-Gazette*, a newspaper of general circulation in Washington County, Arkansas. Northwest Arkansas Newspapers LLC is a citizen of the State of Arkansas for purposes of the FOIA. Northwest Arkansas Newspapers LLC will hereafter be referred to as the "Newspaper."



3. Mr. Thompson is a reporter for the *Northwest Arkansas Democrat-Gazette* and is a citizen of Washington County, Arkansas.

4. The City of Springdale is a municipality located primarily in Washington County, Arkansas.

**Jurisdiction and Venue**

5. This action to enforce compliance with the FOIA is properly filed in this Court pursuant to Ark. Code Ann. § 25-19-107(a). This Court has jurisdiction over the parties and the subject matter, and venue is proper.

**Factual Background**

6. On June 9 and 10, 2015, Mr. Thompson and the Newspaper sent to the City of Springdale requests for public records pursuant to the FOIA, including a request for records regarding a 911 call. *See* Exhibits 1, 2, and 3.

7. On June 10, 2015, Mr. Thompson and the Newspaper communicated with Susan Kendall, an attorney who represents the City of Springdale, regarding the FOIA request for the 911 call. *See* Exhibit 4. Ms. Kendall acknowledged that records relating to the 911 call existed and had been released in response to the FOIA requests from another media entity, InTouch Magazine. *See id.*

8. On June 11, 2015, Thomas Kieklak, another attorney who represents the City of Springdale, wrote a letter to Mr. Thompson. *See* Exhibit 5. With the letter, the City of Springdale produced documents responsive to Mr. Thompson's and the Newspaper's FOIA requests. *See id.* Mr. Kieklak wrote, however, that the City of Springdale was not producing records related to the 911 call:

> [P]lease be advised that with respect to the request regarding the May 27th 911 call, and in light of Judge Zimmerman's June 1, 2015 order, the Springdale Police

> Department is not releasing any additional records relating to the call and is currently in the process of evaluating the appropriate action to take with respect to such records.

*Id.*

9. In view of the City of Springdale's reliance on an order from the Honorable Stacey A. Zimmerman in a juvenile action pending in the Circuit Court of Washington County, the Newspaper and Mr. Thompson moved to intervene in that juvenile action. *See* Circuit Court of Washington County, Case No. JV-2007-38-3. The Newspaper and Mr. Thompson filed their Motion to Intervene on June 12, 2015.

10. On August 18, 2015, Judge Zimmerman conducted a hearing on the Motion to Intervene and also on a Petition in Intervention for Limited Purpose filed on by the City of Springdale.

11. At the conclusion of the hearing, Judge Zimmerman denied both the Motion and the Petition, ruling that she did not have jurisdiction to decide whether the City of Springdale should release the records related to the 911 call and that her doing so would amount to an improper advisory opinion. Judge Zimmerman ruled that the legal issues related to the records should be decided in a new lawsuit that would be assigned to a different judge.

12. The transcript from the hearing provides Judge Zimmerman's ruling:

> And now we have new – a new call, a new 911 call, that wasn't in existence when the juvenile case was opened, and did not serve the basis of the juvenile case. And I believe that [Brandon] Cate [who is counsel for the Newspaper and Mr. Thompson] hit the nail on the head in his statements that the 911 call and these other documents relating to the 911 call were – are outside of this court's orders regarding this file. I believe he's exactly correct. And so the City of Springdale has been faced with whether or not to disclose these items, and so basically they're asking for me to give them an advisory opinion as to whether or not these new calls – this new call, these new documents, can be disclosed. And courts can't give advisory opinions. And it is outside of this court's order, and it's outside of the realm of what this juvenile case – when it was filed in 2007. So I'm going to deny the Motion to Intervene of the newspaper. I'm gonna deny the

> Motion to Intervene of the City of Springdale as it relates to all these events that have allegedly occurred after 2007 because the Juvenile Code, and I think [Brandon] Cate succinctly stated this, that the Juvenile Code states that FOIA does not apply when there are documents that serve the basis of a juvenile case unless authorized by written order. . . . And so these new items that have come into existence are not part of this Juvenile Code exception that I referred to. Now, whether or not it falls within the exemption under the Child Maltreatment Act, that's not for me to say because those records were not in existence and do not create the basis for this juvenile case. So I'm going to deny the Motion to Intervene filed by the City and the paper's Motion. And you're correct, then, you can go on to file your Complaint that was attached to the Motion to Intervene in another case. And I'll just let you know that as this case is closed, this FINS case is closed, it's not going to get assigned to me.

*See* Transcript (Aug. 18, 2015), Circuit Court of Washington County, Case No. JV-2007-38-3, at pp. 28 – 30.

13. After the hearing, Mr. Thompson and the Newspaper renewed their request to the City of Springdale for the records relating to the 911 call. *See* Exhibit 6.

14. Mr. Thompson and the Newspaper also made new FOIA requests to the City of Springdale, specifically requesting any correspondence between Judge Zimmerman and the City of Springdale regarding the prior FOIA request and the juvenile case, including a specific letter from Judge Zimmerman to City Attorney Ernie Cate. *See* Exhibit 7. Mr. Thompson wrote to Ms. Kendall:

> Judge Zimmerman mentioned a seven-page letter to [Springdale City Attorney] Ernie Cate. I'd like to see any correspondence she's had with the city regarding my FOI request or the [redacted] case.

*Id.*

15. On August 20, 2015, Ms. Kendall responded to Mr. Thompson. *See* Exhibit 8. The City of Springdale again refused to release the records regarding the 911 call, citing Ark. Code Ann. § 12-18-14 and comments that Judge Zimmerman made during the August 18, 2015, hearing. *See id.*

16. Ms. Kendall's letter also addressed Mr. Thompson's request for letters from Judge Zimmerman to the City of Springdale. Ms. Kendall acknowledged that the City of Springdale was in possession of two letters written by Judge Zimmerman to Ernie Cate, one dated May 27, 2015, and the other June 11, 2015. *See id.*

17. As of May 27, 2015, and June 11, 2015, the City of Springdale was not a party to the juvenile action, Case No. JV-2007-38-3. Upon information and belief, the City of Springdale did not file its motion to intervene in that juvenile action until June 12, 2015. Accordingly, the letters at issue from Judge Zimmerman were letters that the Court sent to what was then a non-party to the juvenile action.

18. Despite the fact that the City of Springdale was not a party to the juvenile action as of May 27, 2015, and as of June 11, 2015, the City of Springdale refused to produce the letters in response to Mr. Thompson's and the Newspaper's FOIA requests. Ms. Kendall wrote:

> Judge Zimmerman sent [Ernie] Cate two letters, one dated May 27, 2015, and another dated June 11, 2015. These letters addressed the release of a certain police report and inquired as to the City's policy on the release of police reports in the future. The letters specifically reference Case No. J2007-38. While it is unclear if these letters are part of the record in Case No. J2007-38, because of the references contained therein, we must assume so. As such, the letters are exempt from disclosure under the FOIA.

*See id.*

19. Mr. Thompson and the Newspaper take the position that the records relating to the 911 call and the May 27, 2015, and June 11, 2015, letters from Judge Zimmerman to Ernie Cate are subject to the FOIA and are not part of any exemption. Mr. Thompson and the Newspaper bring this action pursuant to the FOIA.

**COUNT I— THE FOIA CLAIM FOR RECORDS RELATED TO THE 911 CALL**

20. Mr. Thompson and the Newspaper incorporate paragraphs 1 through 19 of this complaint as if fully set forth herein.

21. Pursuant to the FOIA, the Court should order the City of Springdale to produce the records regarding the 911 call to Mr. Thompson and the Newspaper.

22. Records relating to 911 calls are subject to the FOIA. *See* Ark. Op. Atty. Gen. 90-236, 1990 WL 358960; Ark. Op. Atty. Gen. 95-018, 1995 WL 256775.

23. "Unlike many cases involving statutory interpretation, the FOIA specifically states the legislative intent." *City of Fayetteville v. Edmark*, 304 Ark. 179, 184, 801 S.W.2d 275, 277 (1990). The General Assembly's judgment, expressed in the FOIA, is that "it is vital in a democratic society that public business be performed in an open and public manner so that the electors shall be advised of the performance of public officials and of the decisions that are reached in public activity and in making public policy." Ark. Code Ann. § 25-19-102. "Toward this end," the General Assembly "adopted" the FOIA, "making it possible for [the electors] or their representatives to learn and to report fully the activities of their public officials." *Id.*

24. The Supreme Court's longstanding precedent recognizes that "the intent of the FOIA establishes the right of the public to be *fully apprised* of the conduct of public business." *Bryant v. Weiss*, 335 Ark. 534, 538, 983 S.W.2d 902, 904 (1998) (emphasis added). "[T]he Freedom of Information Act was passed wholly in the public interest and is to be liberally interpreted to the end that its praiseworthy purposes may be achieved. The language of the act is so clear, so positive that there is hardly any need for interpretation. . . ." *City of Fayetteville*, 304 Ark. at 184, 801 S.W.2d at 278 (ellipses in original; quoting *Laman v. McCord*, 245 Ark. 401, 432 S.W.2d 753 (1968)).

25. The City of Springdale has not released records related to the 911 call on the basis of a FOIA exemption provided in Ark. Code Ann. § 12-18-104, which Judge Zimmerman mentioned during the August 18, 2015, hearing. This statute provides:

> (a) Any data, records, reports, or documents that are created, collected, or compiled by or on behalf of the Department of Human Services, the Department of Arkansas State Police, or other entity authorized under this chapter to perform investigations or provide services to children, individuals, or families shall not be subject to disclosure under the Freedom of Information Act of 1967, § 25-19-101 et seq.

26. This Court must construe exemptions to the FOIA narrowly, and, "when the scope of an exemption is unclear or ambiguous, [the Court] interpret[s] it in a manner that favors disclosure." *Young v. Rice*, 308 Ark. 593, 596, 826 S.W.2d 252, 254 (1992). The party alleging an exemption "has the burden of proving the records are exempt from disclosure." *Id.*; *see also Orsini v. State*, 340 Ark. 665, 670-71, 13 S.W.3d 167, 170 (2000).

27. The Supreme Court recently explained:

> We liberally interpret the FOIA to accomplish its broad and laudable purpose that public business be performed in an open and public manner. Furthermore, this court broadly construes the Act in favor of disclosure. **In conjunction with these rules of construction, we narrowly construe exceptions to the FOIA to counterbalance the self-protective instincts of the government bureaucracy. A statutory provision for nondisclosure must be specific. Less than clear or ambiguous exemptions will be interpreted in a manner favoring disclosure. At the same time, we will balance the interests between disclosure and nondisclosure, using a common sense approach.**

*Thomas v. Hall*, 2012 Ark. 66, 4-5, 399 S.W.3d 387, 390 (emphasis added, internal citations omitted).

28. Applying these tenets of Arkansas FOIA law, the records related to the 911 call that are maintained by the City of Springdale do not fall within the exemption provided by Ark. Code Ann. § 12-18-104.

29. First, the 911 call was not created, collected, or compiled by or on behalf of the Department of Human Services, the Department of Arkansas State Police, or any other entity authorized under this chapter to perform investigations or provide services to children. Rather, the 911 call was created and/or maintained by the City of Springdale in its administrative function of providing 911 services. There is nothing clear and unambiguous in the statute specifically bringing a municipality—in its provision of administrative services—within this FOIA exception. There is nothing clear and unambiguous in the statute bringing 911 recordings within the exemption either. A statutory provision for nondisclosure must be specific, and there is nothing in the statute that specifically provides that the City of Springdale's 911 records are exempt from disclosure. Accordingly, the records should not be held exempt from the FOIA.

30. Second, the City of Springdale has already released the 911 records to another media entity. The City of Springdale released the 911 records to an attorney representing InTouch Magazine. Thus, applying the balancing test between disclosure and nondisclosure, disclosure to Mr. Thompson and the Newspaper is appropriate because the City has already rung the proverbial bell by releasing the same records to InTouch Magazine.

31. For these reasons, Ark. Code Ann. § 12-18-104 should not be interpreted to exempt from the FOIA's reach the records regarding the 911 call that Mr. Thompson and the Newspaper requested and the City of Springdale should be ordered to produce records relating to the 911 call in response to Mr. Thompson's and the Newspaper's FOIA request.

**COUNT II—THE FOIA CLAIM FOR JUDGE ZIMMERMAN'S LETTERS TO ERNIE CATE**

32. Mr. Thompson and the Newspaper incorporate paragraphs 1 through 31 of this complaint as if fully set forth herein.

33. Juvenile court records may be kept closed and confidential. *See generally* Ark. Code Ann. § 9-27-309.

34. The letters from Judge Zimmerman to City Attorney Ernie Cate are not juvenile court records.

35. The letters were sent from Judge Zimmerman to the City of Springdale at a time when the City of Springdale was *not a party* to the juvenile action. The letters were sent *before* the City of Springdale had moved to intervene in the juvenile action, much less before any time in which the City of Springdale may have become a party to the juvenile action.

36. Accordingly, the letters were sent to and maintained by a non-party to the juvenile action.

37. The City of Springdale does not claim that the letters were file-stamped in the juvenile action. *See* Exhibit 8.

38. The City of Springdale does not claim that the letters themselves indicate that they are confidential or otherwise exempt from the FOIA. *See id.*

39. Unless exempt, "all public records shall be open to inspection and copying by any citizen of the State of Arkansas" pursuant to the FOIA. *See generally* Ark. Code Ann. 25-19-105.

40. The letters from Judge Zimmerman to Ernie Cate, now held in possession of the City of Springdale, are not juvenile court records but are public records subject to the FOIA.

41. Even if the letters were confidential juvenile court records at some point in time, they ceased to be confidential when they were sent to a non-party to the juvenile action.

42. The City of Springdale should be ordered to produce the letters in response to Mr. Thompson's and the Newspaper's FOIA request.

**REQUEST FOR A HEARING**

43. Pursuant to Ark. Code Ann. § 25-19-107(b), Mr. Thompson and the Newspaper are entitled to a hearing within seven days of the filing of this complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Northwest Arkansas Newspapers LLC and Doug Thompson pray that the Court set a hearing within seven days; order the City of Springdale to make available the documents requested in the FOIA requests; award Northwest Arkansas Newspapers LLC and Doug Thompson their reasonable attorneys' fees and costs in bringing this action; and grant Northwest Arkansas Newspapers LLC and Doug Thompson all other proper relief.

John E. Tull III, Ark. Bar No. 84150
Lindsey C. Pesek, Ark. Bar No. 2009209
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701

QUATTLEBAUM, GROOMS & TULL PLLC
4100 Corporate Center Drive, Suite 310
Springdale, Arkansas 72762
Telephone: (479) 444-5200
Facsimile: (479) 444-5255

By: ______________________
Brandon B. Cate, Ark. Bar No. 2001203

*Attorneys for Northwest Arkansas Newspapers LLC and Doug Thompson*

Brandon Cate

From: Doug Thompson <dthompson@nwaonline.com>
Sent: Friday, June 12, 2015 2:44 PM
To: [redacted]
Subject: Fwd: Judge Zimmerman's order and e-mails.

[redacted]

Doug Thompson
Political/Enterprise Editor | dthompson@nwadg.com
479-872-5127 |

Northwest Arkansas Democrat-Gazette www.nwadg.com
Our community. Our paper.

2560 N. Lowell Road Springdale AR 72764

From: "Doug Thompson" <dthompson@nwaonline.com>
To: "slewis" <slewis@SpringdaleAR.gov>, "ecate" <ecate@springdalear.gov>
Cc: "kokelley" <kokelley@SpringdaleAR.gov>
Sent: Tuesday, June 9, 2015 3:52:12 PM
Subject: Judge Zimmerman's order and e-mails.

EXHIBIT 1

Lt. Lewis and Mr. Cate;

As you know, WashCo Juvenile Judge Stacey Zimmerman apparently issued some supplemental court orders that elaborated on her decision to order the destruction of that 2006 report involving [redacted]

I've known and dealt with the Arkansas Municipal League for more than 30 years. I would be quite surprised if any issue Judge Zimmerman brought up was not considered by the league's attorneys, much less Mr. Cate and the others involved.

However, there is no substitute for a good look. Therefore, and I apologize for the bother, but may I see copies of any e-mails, attachments, text communications, letters, etc. in the discussions on whether to release this file with anybody in the city or the Springdale PD, the chief included? This would include contact with outside parties, including but not limited to the people and entities named in the mayor's statement on Monday: the Arkansas Municipal League, the Arkansas State Police, the Washington County Juvenile Prosecuting Attorney within the Washington County Prosecuting Attorney's Office, and any appropriate officials within the Arkansas Department of Human Services. Also include such correspondence with the [redacted] or any of its members or legal representative and any interested media, including and especially In Touch.

For context, it would be best to include the original Freedom of Information Act request from In Touch magazine or its representative or agents. If there were any exchanges before In Touch filed that request, such as anything informing the magazine that they needed an Arkansas resident to file this, please include that.

On a related matter, please include any record of who accessed the [redacted] in the last year. I'm assuming here that the document was kept in some kind of storage or that the electronic file needed some kind of signed-in access to look at it.

Just to be clear, I am making this request under the state's FOI law. If there's anything else you need, please don't hesitate to contact me. Thank you.

**Doug Thompson**
Political/Enterprise Editor | dthompson@nwadg.com
479-872-5127 |

Northwest Arkansas Democrat-Gazette www.nwadg.com
Our community. Our paper.

2560 N. Lowell Road | Springdale, AR 72764

Brandon Cate

From: Rusty Turner <rturner@nwadg.com>
Sent: Thursday, June 11, 2015 8:58 AM
To:
Subject: Fwd: New FOI request — urgent.

Rusty Turner
Editor | rturner@nwadg.com
479-872-5001 |

Northwest Arkansas Democrat-Gazette www.nwadg.com
Our community. Our paper.

2560 N. Lowell Road | Springdale AR 72764

Begin forwarded message:

**From:** Doug Thompson <dthompson@nwaonline.com>
**Subject: Fwd: New FOI request — urgent.**
**Date:** June 10, 2015 at 5:01:09 PM CDT
**To:** Rusty Turner <rturner@nwadg.com>

Political/Enterprise Editor | dthompson@nwadg.com
479-872-5127 |

Northwest Arkansas Democrat-Gazette www.nwadg.com
Our community. Our paper.

2560 N. Lowell Road | Springdale AR 72764

EXHIBIT 2

**From:** "Susan Kendall" <skk@kendalllawfirm.com>
**To:** "Doug Thompson" <dthompson@nwaonline.com>
**Sent:** Wednesday, June 10, 2015 4:48:29 PM
**Subject:** RE: New FOI request — urgent.

With respect to your FOIA request regarding a 911 call of May 27, 2015, we are concerned with the potential effect or application of a supplemental court order that the City of Springdale became aware of only after the filing of a complaint by a citizen. This complaint was received after the initial release of the 911 audio pursuant to an earlier FOIA request. We are in the process of evaluating the appropriate

[illegible] status update of your second FOI request.

Susan Keller Kendall
Attorney at Law
Kendall Law Firm, PLLC
3706 Pinnacle Hills Parkway, Suite 201 Rogers, Arkansas 72758
Tel: (479) 464-9828
Fax: (479) 464-9768
skk@kendalllawfirm.com
http://www.kendalllawfirm.com

Please be advised that this e-mail and any files transmitted with it are confidential attorney-client communication or may otherwise be privileged or confidential and are intended solely for the individual or entity to whom they are addressed. If you are not the intended recipient, please do not read, copy or retransmit this communication but destroy it immediately. Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.

IRS Circular 230 Notice: Unless expressly stated otherwise, any tax advice contained in this communication (including attachments) is not intended to be used and cannot be used to avoid tax penalties or to promote, market or recommend to another party any tax related matter addressed herein.

---

**From:** Doug Thompson [mailto:dthompson@nwaonline.com]
**Sent:** Wednesday, June 10, 2015 12:54 PM
**To:** Susan Kendall
**Subject:** New FOI request — urgent.

In Touch magazine is reporting that someone claiming to be a state Department of Human Services caseworker called 911 on May 27 and requested police assistance after being refused admittance to the [redacted]. They received this through a Freedom of Information Act request.

We would like a copy of that transcript of the call ASAP. We'd also like an audio file of it and any document available that show if police responded to that call and any reports made subsequently.

But first priority is a transcript of the 911 call.

This assumes, of course, that it went through Springdale's dispatcher. If not, please advise — quickly.

Thanks.



Doug Thompson
Politics Enterprise Editor [illegible]
[illegible]

Northwest Arkansas Democrat-Gazette www.nwadg.com
Our community. Our paper

[illegible] N. Lowell Road Springdale AR 72764

Brandon Cate

| | |
|---|---|
| From: | Doug Thompson <dthompson@nwaonline.com> |
| Sent: | Thursday, June 11, 2015 11:14 AM |
| To: | Brandon Cate |
| Cc: | Rusty Turner |
| Subject: | Fwd: Amending my FOI request |

FYI

Doug Thompson
Political/Enterprise Editor | dthompson@nwadg.com
479-872-5127

Northwest Arkansas Democrat-Gazette www.nwadg.com
Our community. Our paper.

2560 N. Lowell Road Springdale, AR 72764

From: "Doug Thompson" <dthompson@nwaonline.com>
To: "Susan Kendall" <skk@kendalllawfirm.com>
Cc: "Rusty Turner" <rturner@nwadg.com>, "Lisa Thompson" <lthompson@nwadg.com>
Sent: Tuesday, June 9, 2015 5:27:20 PM
Subject: Amending my FOI request

TO: Susan Kendall
FROM: Doug Thompson
IN RE: Amending my FOI request

EXHIBIT 3

As per our discussion, you pointed out that the Springdale PD received quite a number of FOI request for the [redacted] police report of 2006 in the aftermath of In Touch magazine's stories. I can only imagine.

Therefore, with the understanding that the rest of my FOI request stands, I would like to amend the portion regarding my FOI request for copies of FOI requests.

May I see the copies of Freedom of Information Act requests for the [redacted] records and requests related to that from:

1. Abtin Mehdizadegan or any other member of the Cross, Gunter, Withersoon and Galchus firm, either on his or her own behalf or that of a client.

2. Any member of the family of [redacted] or an attorney representing same. This, of course, includes [redacted]

3. The Arkansas Times weekly newspaper from Little Rock. (Max Brantley, their editor, is married to a federal judge. His FOI requests tend to be detailed and have interesting nuances.)

4. Whichever FOI request got the information for In Touch magazine, to the best of your knowledge. It is my understanding that In Touch was represented by Mehdizadegan, but my understanding may not be accurate. Let's see.

===============

Also as per our discussion, you mentioned that some of the e-mails have attachments, and those attachments may include the police report that Judge Zimmerman ordered destroyed. You expressed some doubt that they could be separated.

First off, the legality of Judge Zimmerman's order has been openly questioned. Second, the order to destroy the police report does not include an order to destroy other documents along with it. Please advise before destroying ANY record that happens to have a copy of the report attached to it. Keep the records and we will find a way to NOT destroy them. If that means I'll have to read a lot of e-mails at police headquarters where you can make sure I don't open any attachments, so be it.

==========

Finally, you mentioned a case of a FOI request that was dismissed, involving a [redacted]. What case number was that?

**Doug Thompson**
Political/Enterprise Editor | dthompson@nwadg.com
479-872-5127 |

Northwest Arkansas Democrat-Gazette www.nwadg.com
Our community. Our paper.

2560 N. Lowell Road | Springdale, AR 72764

Brandon Cate

From: Doug Thompson <dthompson@nwaonline.com>
Sent: Thursday, June 11, 2015 10:47 AM
To: [redacted]
Cc:
Subject: Fwd New FOI request — urgent.

[redacted]

[redacted]

Doug Thompson
Political/Enterprise Editor | dthompson@nwadg.com
479-872-5127 |

Northwest Arkansas Democrat-Gazette www.nwadg.com
Our community. Our paper.

2560 N. Lowell Road | Springdale AR 72764

From: "Susan Kendall" <skk@kendalllawfirm.com>
To: "Doug Thompson" <dthompson@nwaonline.com>
Sent: Wednesday, June 10, 2015 4:48:29 PM
Subject: RE: New FOI request — urgent.

With respect to your FOIA request regarding a 911 call of May 27, 2015, we are concerned with the potential effect or application of a supplemental court order that the City of Springdale became aware of only after the filing of a complaint by a citizen. This complaint was received after the initial release of the 911 audio pursuant to an earlier FOIA request. We are in the process of evaluating the appropriate action. In the meantime, we are in the process of compiling the information that is responsive to your first FOIA request, but wanted to provide you a status update of your second FOIA request.

Susan Keller Kendall
Attorney at Law
Kendall Law Firm, PLLC
3706 Pinnacle Hills Parkway, Suite 201 Rogers, Arkansas 72758
Tel (479) 464-9828
Fax (479) 464-9768
skk@kendalllawfirm.com
http://www.kendalllawfirm.com

EXHIBIT
4
tabbies

[illegible] confidential attorney/client [illegible] for the individual or entity to whom they are [illegible] Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.

IRS Circular 230 Notice: Unless expressly stated otherwise, any tax advice contained in this communication (including attachments) is not intended to be used and cannot be used to avoid tax penalties or to promote, market or recommend to another party any tax related matter addressed herein.

---

**From:** Doug Thompson [mailto:dthompson@nwaonline.com]
**Sent:** Wednesday, June 10, 2015 12:54 PM
**To:** Susan Kendall
**Subject:** New FOI request — urgent.

In Touch magazine is reporting that someone claiming to be a state Department of Human Services caseworker called 911 on May 27 and requested police assistance after being refused admittance to the [redacted] They received this through a Freedom of Information Act request.

We would like a copy of that transcript of the call ASAP. We'd also like an audio file of it and any document available that show if police responded to that call and any reports made subsequently.

But first priority is a transcript of the 911 call.

This assumes, of course, that it went through Springdale's dispatcher. If not, please advise — quickly.

Thanks.

**Doug Thompson**
Political/Enterprise Editor | dthompson@nwadg.com
479-872-5127 |

Northwest Arkansas Democrat-Gazette www.nwadg.com
Our community. Our paper.

2560 N. Lowell Road | Springdale, AR 72764



June 11, 2015

Doug Thomspon
Northwest Arkansas Democrat Gazette
2560 N. Lôwell Road
Springdale, AR 72764

Re: Freedom of Information Act ("FOIA") Request date June 9, 2015

Dear Doug:

Enclosed please find those records that are responsive to your FOIA request dated June 9, 2015 (as amended June 10, 2015) and not otherwise subject to exemption pursuant to the FIOA. Further, as we have discussed, please be advised that with respect to the request regarding the May 27th 911 call, and in light of Judge Zimmerman's June 1, 2015 order, the Springdale Police Department is not releasing any additional records relating to the call and is currently in the process of evaluating the appropriate action to take with respect to such records.

Please be advised that the phone records which may be responsive to your request have been requested from the phone companies which maintain the records. We are still awaiting these documents. One we receive them we will forward them to you as soon as they are properly redacted. We will also notify you when we receive them.

If you have any questions or concerns with regard to the response to this request, please do not hesitate to contact me.

Sincerely,

Thomas N. Kieklak

Enclosure

cc: City of Springdale
Susan Keller Kendall

**Brandon Cate**

| | |
|---|---|
| **From:** | Doug Thompson <dthompson@nwaonline.com> |
| **Sent:** | Tuesday, August 18, 2015 2:55 PM |
| **To:** | Susan Kendall |
| **Cc:** | Brandon Cate; Rusty Turner; Lisa Thompson; Ron Wood |
| **Subject:** | FOI request |

Susan and all other interested parties;

As we heard Judge Zimmerman say this morning, the recording of that 911 call does not fall under protection of her court orders. Those orders were issued to protect records arising from the FINS case of 2007.

So there's no reason to wait any more on releasing those records. Let me know when and where I can come get them. Thanks.

---

On a related matter, there have been records and requests that were on-topic as far as my FOI request as recently as a week ago. We expect the FOI to cover those recent events too, and everything leading up to them.

**Doug Thompson**
Political/Enterprise Editor | dthompson@nwadg.com
479-872-5127 |

Northwest Arkansas Democrat-Gazette www.nwadg.com
Our community. Our paper.

2560 N. Lowell Road | Springdale, AR 72764

EXHIBIT
6
tabbies

**Brandon Cate**

| | |
|---|---|
| **From:** | Doug Thompson <dthompson@nwaonline.com> |
| **Sent:** | Tuesday, August 18, 2015 4:48 PM |
| **To:** | Susan Kendall |
| **Cc:** | Brandon Cate; Rusty Turner; Lisa Thompson |
| **Subject:** | More FOI |

Susan;

Sometime tomorrow or as soon as you can get to it, there's some other documents I'd like to see.

Judge Zimmerman mentioned a seven-page letter to Ernie Cate. I'd like to see any correspondence she's had with the city regarding my FOI request or the [redacted] case. I'd also like a look at any correspondence between the Friday firm and the city on this FOI matter including any correspondence on the Friday firm withdrawing as the Dugger's counsel. Of course, I'd also like to see any correspondence from Bud Cummins that refer to him taking over this case.

[redacted]

**Doug Thompson**
Political/Enterprise Editor | dthompson@nwadg.com
479-872-5127 |

Northwest Arkansas Democrat-Gazette **www.nwadg.com**
**Our community. Our paper.**

2560 N. Lowell Road | Springdale, AR 72764

EXHIBIT
7

tabbies

# KENDALL LAW FIRM, PLLC

3706 PINNACLE HILLS PARKWAY, SUITE 201
ROGERS, ARKANSAS 72758

DONALD B. KENDALL
SUSAN KELLER KENDALL
DANNA YOUNG, OF COUNSEL

TELEPHONE: (479)464-9828
FACSIMILE: (479) 464-9768
WWW.KENDALLLAWFIRM.COM

August 20, 2015

Mr. Doug Thompson
Northwest Arkansas Democrat-Gazette
2560 N. Lowell Road
Springdale, AR 72764

*VIA EMAIL: DTHOMPSON@NWAONLINE.COM*

RE: City of Springdale FOIA Requests dated August 18, 2015

Dear Doug:

This letter is written in response to your FOIA requests dated August 18, 2015.

With respect to the 911 call, you are correct that Judge Zimmerman ruled that the call does not fall under the protection of her court orders. However, Judge Zimmerman further opined that the 911 call was exempt from disclosure under Ark. Code Ann. § 12-18-104. As you are aware, in response to a FOIA request by a third party, the City of Springdale released the 911 call as it was the City's position that the record was not exempt from disclosure. However, in light of Judge Zimmerman's comments during Tuesday's hearing, the City of Springdale cannot release the 911 call at this time. The City has ordered a transcript of Tuesday's hearing to confirm Judge Zimmerman's comments with respect to the 911 call. Upon receipt of the transcript, I am happy to provide you with the relevant portions of the transcript upon which we are relying. I trust that you can appreciate the difficult position that the City is faced with in responding to your request. The City if very mindful of its obligations under the FOIA. However, in responding to your FOIA request, the City must also acknowledge the comments by Judge Zimmerman with respect to the 911 call.

In the same email in which you requested a copy of the 911 call, you also requested records that were on-topic to your FOIA request as recently as a week ago. I am unclear as to what FOIA request and records you are referring. If the records to which you were referring are not attached to this response, please let me know.

You have also requested a copy of a seven-page letter to Mr. Cate that Judge Zimmerman referenced during the course of the hearing. Judge Zimmerman sent Mr. Cate two letters, one dated May 27, 2015, and another dated June 11, 2015. These letters addressed the release of a certain police report and inquired as to the City's policy on the release of police reports in the future. The letters specifically reference Case No. J2007-38. While it is unclear if these letters are part of the record in Case No. J2007-38, because of the references contained therein, we must assume so. As such, the letters are exempt from disclosure under the FOIA.

EXHIBIT
8
tabbies

You have also requested the following: 1) correspondence between the Friday Firm and the City on this FOIA matter, including correspondence on the Friday Firm withdrawing as counsel of record; and 2) any correspondence from Bud Cummins that refer to him taking over the case. The responsive records that are not otherwise exempt under the FOIA are provided with this letter.

Please contact me if you should have any questions about this response.

Sincerely,

Susan Keller Kendall

cc: City of Springdale
Tom Kieklak
Justin Eichmann
Brandon Cate

IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
CIVIL DIVISION

NORTHWEST ARKANSAS NEWSPAPERS LLC, and DOUG THOMPSON — PLAINTIFFS

v. No. CV15-1548-5

CITY OF SPRINGDALE, ARKANSAS — DEFENDANT

JANE DOE — INTERVENOR

**FINAL ORDER AND JUDGMENT**

On September 3, 2015, Plaintiffs Northwest Arkansas Newspapers LLC and Doug Thompson initiated this action by filing a complaint pursuant to the Arkansas Freedom of Information Act appealing the Defendant City of Springdale's denial of records requests.

This action came on for hearing on October 6, 2015. Attorney Brandon B. Cate appeared for the Plaintiffs. Attorneys Susan Keller Kendall, Thomas N. Kieklak, and R. Justin Eichmann appeared for the Defendant. Attorney Bud Cummins appeared for the intervenor Jane Doe, a minor.

For the reasons stated on the record during the hearing, the Court granted Ms. Doe's motion to intervene. For the reasons stated on the record during the hearing, the Court granted Plaintiffs' and Defendant's joint motion for the Court to take judicial notice.

The parties then presented factual evidence to the Court through stipulations, exhibits, and the testimony of City of Springdale Police Captain Ron Hritz and editor of the *Northwest Arkansas Democrat-Gazette* Rusty Turner. After this factual presentation, the Court heard closing argument from the parties. The Court then reviewed *in camera* the records sought by Plaintiffs.

EXHIBIT
tabbies
B

The Court then made its factual findings and legal conclusions from the bench. Based on those factual findings and legal conclusions stated on the record during the hearing, the Court ruled in favor of Plaintiffs and against Defendant on both counts of Plaintiffs' Complaint. The Court ordered the Defendant to produce the 911 recording sought in Count 1 of the complaint after the City redacted the telephone number from the recording. The Court ordered Defendant to produce the letters sought in Count 2 of the complaint without any redactions.

For the reasons stated on the record during the hearing, the Court denied Plaintiffs' request for attorneys' fees under the standard set forth in Ark. Code Ann. § 25-19-107.

IT IS SO ORDERED this 14th day of October, 2015.

BETH STOREY BRYAN

THE HONORABLE BETH STOREY BRYAN
CIRCUIT JUDGE

AGREED TO AS TO FORM:

John E. Tull III, Ark. Bar No. 84150
Lindsey C. Pesek, Ark. Bar No. 2009209
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201

QUATTLEBAUM, GROOMS & TULL PLLC
4100 Corporate Center Drive, Suite 310
Springdale, Arkansas 72762
Telephone: (479) 444-5200

By: ______________________
Brandon B. Cate, Ark. Bar No. 2001203

*Attorneys for Northwest Arkansas Newspapers LLC and Doug Thompson*

Thomas N. Kieklak, Ark. Bar No. 92262
R. Justin Eichmann, Ark. Bar No. 2003145
Harrington, Miller, Kieklak, Eichmann & Brown, P.A.
P.O. Box 687
Springdale, Arkansas 72764

Kendall Law Firm, PLLC
3706 Pinnacle Hills Parkway, Suite 201
Rogers, Arkansas 72758
Telephone: (479) 464-9828

By: Susan Keller Kendall (w/permission BBC)
Susan Keller Kendall, Ark. Bar No. 98119

*Attorneys for City of Springdale, Arkansas*

Law Offices of Bud Cummins PLC
1818 North Taylor, Suite 301
Little Rock, Arkansas 72207
Telephone: (501) 831-6125

By: Bud Cummins (w/permission BBC)
Bud Cummins, Ark. Bar No. 89010

*Attorneys for Jane Doe*