**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | |
|---|---|
| **JILL DILLARD, JESSA SEEWALD,** | **PLAINTIFFS** |
| **JINGER VUOLO, and JOY DUGGAR** | |
| | |
| vs.           **CASE NO. 5:17-5089-TLB** | |
| | |
| **CITY OF SPRINGDALE, ARKANSAS;** | **DEFENDANTS** |
| **WASHINGTON COUNTY, ARKANSAS;** | |
| **KATHY O'KELLEY, in her individual and** | |
| **official capacities;** | |
| **ERNEST CATE, in his individual and official capacities;** | |
| **RICK HOYT, in his individual and official capacities;** | |
| **STEVE ZEGA, in his official capacity;** | |
| **And DOES 1-10, inclusive** | |

**FILED UNDER SEAL**

**BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO EXCLUDE**
**TESTIMONY OF WITNESSES DESIGNATED BY PLAINTIFFS AS EXPERTS**

### I.     Introduction

In this case of three state law torts, Plaintiffs have claimed damages in their complaint of monetary and mental nature. Plaintiffs have specifically abandoned any claim to monetary damages. To establish damages to the mental health of each Plaintiff, they have retained Robert Wynne, Ph.D. ("Wynne") who is a psychotherapist. Wynne interviewed each Plaintiff one (1) time via video conference and authored a report which was exchanged pursuant to Fed. R. Civ. P. 26(a)(2). A copy of this report is attached hereto as *Exhibit A*.

The Plaintiffs have also designated Dr. Gilbert Kliman, M.D. ("Kliman")1. As discussed more fully below, Kliman did not submit a report of his own and did not provide a basis for any expert opinion.

---

1 Gilbert Kliman, M.D., is misspelled "Kleinman" in Wynne's transcript which is attached hereto.

## II. Standard for Determining Admissibility vs Exclusion of Opinion Testimony

The admissibility of opinion testimony by expert witnesses is controlled by Federal Rule of Evidence 702. The Supreme Court held in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), that when faced with a proffer of expert scientific testimony, a trial judge must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning of methodology properly can be applied to the facts in issue." In *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 148 (1999), the Court held that *Daubert's* "gatekeeping" obligation, requiring an inquiry into both relevance and reliability, applies not only to "scientific" testimony, but to all expert testimony.

After these two Supreme Court decisions, Federal Rule of Evidence 702 was amended to provide guidelines that a trial court must use to assess the reliability and helpfulness of proposed expert testimony. The rule provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In order to satisfy the reliability requirement, the party offering the expert testimony "must show by a preponderance of the evidence that the expert is qualified to render the opinion and the methodology underlying his conclusions is scientifically valid." *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010) (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir.

2006)). "Expert testimony is inadmissible where, as here, it is excessively speculative or unsupported by sufficient facts." *Id*. at 981 (quoting *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1056-57 (8th Cir. 2000)).

An expert's testimony "is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704. However, opinions that "merely tell the jury what result to reach are not admissible." *Lee v. Anderson*, 616 F.3d 803, 809 (8th Cir. 2010). "The touchstone for the admissibility of expert testimony is whether it will assist or be helpful to the trier of fact." *Id*. at 808 (quoting *McKnight ex rel Ludwig v. Johnson Controls, Inc.,* 36 F.3d 1396, 1408 (8th Cir. 1994)). If the expert testimony is within the jury's knowledge or experience, then it remains subject to exclusion "because the testimony does not then meet the helpfulness criterion of Rule 702." *Id.* at 809 (quoting *United States v. Arenal,* 768 F.2d 263, 269 (8th Cir.1985)).

An additional requirement for the admissibility of expert testimony is that it must be relevant to the issues to be determined at trial. *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009). Relevant evidence is defined in Fed. R. Evid. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 provides that evidence which is not relevant is not admissible. Fed. R. Evid. 402. Finally, Rule 403 provides that even if evidence is relevant it may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The Arkansas Courts have spoken specifically to a certain level of certainty required for an opinion to be admissible. In Arkansas an expert's opinion must represent their professional

judgment as to the most likely or probable result. When an expert gives the opinion that a certain result "might" happen or "could" happen, that testimony is not admissible. *See E-Ton Dynamics Indus. Corp. v. Hall*, 83 Ark. App. 35, 39, 115 S.W.3d 816, 819 (2003)); *see also Jacuzzi Bros., Inc. v. Todd*, 316 Ark. 785, 791, 875 S.W.2d 67, 70 (1994).

### III.  ARGUMENT

#### A.  The Opinions as to Causation Should be Excluded.

The four Plaintiffs in this case were victims of incest when they were molested by their older brother as children.  The molestation occurred during the years 2002 and 2003. This history is noted in the "Molestation" section of each Plaintiff's summary in Wynne's report, attached hereto as *Exhibit A*.  Wynne testified that the trauma of the molestation coupled with the fact that none of the Plaintiffs have addressed this issue through any kind of treatment has had an effect on the Plaintiffs. *Ex. B*, 17-18.  It can fairly be said that the opinion of Wynne, as set forth in his report, is that the Plaintiffs have suffered trauma and are in need of a lifetime of treatment for it.  At the same time, Wynne seeks to attribute the greatest cause of any trauma visited upon the Plaintiffs and vast majority of the need for treatment to release of information pursuant to the Arkansas Freedom of Information Act (FOIA) in 2015.  This is despite the existence of the untreated, childhood trauma caused by the events of molestation by their brother.   When asked to explain his opinion in this regard, Wynne confirmed that the causes of the trauma are in fact both events and that the two sources of trauma are "entwined." *Ex. B*, 16, 21.

Wynne's admission that the source of trauma for each of the Plaintiffs is shared between these events results in grounds to exclude the testimony of Wynne pertaining to causation of the Plaintiffs' damages, as he offers no basis on which to reliably separate and attribute any damages

4

which may have been experienced by the Plaintiffs as a result of the FOIA release. Without a coherent basis to justify pointing to one source of trauma as a cause of the Plaintiff's conditions, Wynne's opinion that the FOIA release caused them is speculative and therefore should be excluded. *See Jacuzzi Bros., Inc.*, 316 Ark. 785, 875 S.W.2d 67 (1994) and *E-Ton Dynamics Indus. Corp.*, 83 Ark. App. 35, 115 S.W.3d 816, (2003).

### B. OPINION TESTIMONY REGARDING FUTURE TREATMENT SHOULD BE EXCLUDED

The Court should exercise its gatekeeping role to exclude any testimony regarding recommendations for future treatment for each of the Plaintiffs. The recommendations are not reliable whatsoever and certainly not enough to meet the standard to permit such testimony in Arkansas.

#### 1. All Opinions regarding Medical Injury, Diagnosis, and Pharmaceuticals Should be Excluded because Kliman did not Provide His Basis.

The advisory committee's note to Rule 702 states that experience based expert testimony is reliable if the expert "explains how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *United States v. Vesey*, 338 F.3d 913, 917 (8th Cir. 2003).

Kliman provided no medical diagnoses in the Report, performed no medical examination, and provided no report. *Ex. A.* Mere review is not a reliable opinion. Any medical component and any diagnosis must be excluded for lack of foundation.

The only contribution to the opinions advanced by the Plaintiffs from the only medical doctor involved in the Plaintiffs' expert opinions, Gilbert Kliman, are the words, "reviewed and approved by" which appear at the end of each section of Wyman's report. *Ex. A.* Missing is any explanation

5

of what, if any, experience, medical expertise, medical or scientific method or any basis whatsoever for his 'approval' of the opinions of Wynne. Kliman performed no examination of the Plaintiffs and issued no report. Without any basis whatsoever, the Court is unable to open the gate even a sliver to allow any of what would be medical testimony to be presented. Wynne himself described the need for a medical doctor to opine on the subjects of treatment for physical injuries, making diagnoses, and prescribing of medicine. *Ex. B*, 67. There is no basis at all to explain the opinion that Wynne attributes to Kliman and testifies are the purview of a medical doctor. Because of this, the participation of Kliman and any opinion of physical injury or the need for medical treatment, including medication should be excluded. *United States v. Vesey*, 338 F.3d 913.

### 2. Plaintiffs' "Life Care Plan" Opinion is not Based on Sound Scientific Principles, is Unreliable and Should be Excluded

Life Care Plans for four women who are fully functional and report that they are happy in their lives, marriages, as parents and on social media is specious at best. Each Plaintiff describes a happy marriage and the enjoyment of motherhood as well as an active life on social media. *Ex. A*.

The Life Care Plans are clearly an attempt to reach a quantity of money damages, not reasonably project the need for future treatment. As such, they should be excluded. This is demonstrated by the fact that the data contained in them is no more than random and has no basis.

The report and testimony reveal an opinion based in speculation, not analysis or expertise. To wit, Wynne provided no basis for the number of weeks and years of treatment needed by each Plaintiff and even testified that they may have been changed or edited by Kliman he is not sure *Ex. B*, 38.

Further evidence that the opinion in the Life Care Plan for each Plaintiff is speculative is Wynne's testimony regarding the amounts of therapy needed by the Plaintiffs. When questioned

about the basis for the number of sessions that appear in the Life Care Plans, he calls them "ballpark", a term Wynne reaches for several times in describing the data contained in his Report. *Ex. B*, 21, 22, 44, 45, 67.

"Estimates of Economic Costs" must be excluded as Dr. Wynne admits that he took the cost estimates from his own understanding of the going rate in the San Francisco, California area and it is undisputed that none of the Plaintiffs live in that area.

When asked for the foundation for his opinion about the need for future physical medical care, Wynne admitted that he included the identical, again, "ballpark", figure of three thousand dollars ($3,000.00) per year for each Plaintiff.  It is clear from a reading of the four opinion reports that this figure is identical for all four Plaintiffs and is unrelated in any way to their current physical condition or health history.  Wynne testified that he had not reviewed any medical history from any of the Plaintiffs, specifically including any medical conditions they may have had prior to the FOIA response. Ex. 2, 43.

Even the Life Expectancy, on which the dollar totals in Wynne's opinion reports, is a "ballpark" figure that is based on something Dr. Kliman "put out some time ago." *Ex. B*, 44.  The Life Care Plans contain numbers that are either meaningless or unsupported by medical opinion. Because there is no scientific basis even offered to justify an opinion by Dr. Kliman, any reference to the future need for medical or pharmacological treatment or an estimated cost for such should be excluded as should the very assertion that a medical doctor has participated in the formation of any opinion regarding the Plaintiffs' need for future medical care.

Plaintiffs' life care plan is entirely speculative.  The plan assigns more than 1.2 million dollars in purported damages for future therapy, medication consults, medication, and medical care

that has not yet been provided and for conditions that have not yet been diagnosed, despite the passage of more than six (6) years since the events allegedly giving rise to this action (during which time Wyman testifies that the Plaintiffs have improved. *Ex. B*, 16), but which "might" be needed at some point in the future. *Ex. B*, 66-67. Since there is no basis for the medical component of the Life Care Plans and the amounts of therapy that might be needed by each Plaintiff is merely a 'ballpark" figure, the Life Care Plans should be excluded.

When comparing the lack of foundation and the random nature of the opinions given to the requirements set forth in *Jacuzzi Brothers* and *E-Ton Dynamics* it is clear that the opinion testimony regarding the need for future medical treatment must be excluded.

Respectfully Submitted,

DEFENDANTS

Thomas N. Kieklak (Ark. Bar No. 92262)
Email:  tkieklak@arkansaslaw.com
R. Justin Eichmann (Ark. Bar No. 2003145)
E-mail:  jeichmann@arkansaslaw.com
HARRINGTON, MILLER, KIEKLAK,
EICHMANN & BROWN, P.A.
4710 S. Thompson, Suite 102
Springdale, AR  72764
Phone: (479) 751-6464
Fax: (479) 751-3715

and

Susan Keller Kendall (Ark. Bar No. 98119)
KENDALL LAW FIRM, PLLC
3706 Pinnacle Hills Parkway, Suite 201
Rogers, Arkansas 72758
Email:  skk@kendalllawfirm.com
Phone: (479) 464-9828
Fax: (479) 464-9768

and

Jason E. Owens
Ark. Bar No. 2003003
JASON OWENS LAW FIRM
Mailing Address: P.O. Box 850
Conway, AR 72033-0850
Physical Address: 1023 Main ST, Suite 204
Conway, AR 72032
Telephone: (501) 764-4334
Fax: (501) 764-9173
Email: owens@jowenslawfirm.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 6th day of October 2021, a true and correct copy of the above and foregoing was filed using the Court's CM-ECF System, which effected service on all counsel of record:

| | |
|---|---|
| Steven E. Bledsoe<br>Stephen G. Larson<br>Jen C. Won<br>LARSON O'BRIEN, LLP<br>555 S. Flower Street<br>Suite 4400<br>Los Angeles, CA 90071<br>(213) 436-4888<br>sbledsoe@larsonobrienlaw.com<br>slarson@larsonllp.com<br>jwon@larsonllp.com | Shawn B. Daniels<br>DANIELS FIRM<br>129 W. Sunbridge Drive<br>Fayetteville, AR 72703<br>479-521-7000<br>Fax: 479-437-2007<br>shawn@danielsfirm.com |

Thomas N. Kieklak