IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JILL DILLARD, JESSA SEEWALD,
JINGER VUOLO and JOY DUGGAR                                                  PLAINTIFFS

v.                              CASE NO. 5:17-5089

CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
KATHY O'KELLEY, in her individual and official
Capacities; ERNEST CATE, in his individual and
Official capacities; STEVE ZEGA, in his official
capacity; and DOES 1-10, inclusive                                           DEFENDANTS

## ORDER CLOSING SETTLEMENT CONFERENCE TO PUBLIC

On Friday, October 15, 2021, the parties to the above-captioned matter will be participating in a settlement conference with the undersigned. It is paramount to note that Arkansas law encourages state and local governments to use dispute resolution processes, Ark Code Ann. § 16-7-201(3) and Arkansas law provides that communications made during any alternative dispute resolution proceeding, such as a settlement conference, are confidential and not subject to disclosure. Ark. Code Ann. § 16-7-206(a). The Court simultaneously acknowledges the liberal interpretation of Arkansas's FOIA statute in allowing access to all governing body meetings. *See e.g., City of Fort Smith v. Wade*, 2019 Ark. 222 (2019); Ark Code. Ann. § 25-19-101, *et seq.* Importantly, while the government Defendants will be represented by legal counsel and other representatives during the Court's settlement conference, neither the Springdale City Council members nor the Washington County Quorum Court members will be in attendance or participate in any manner during the settlement conference. The Court thus finds that the settlement conference will not be a formal or informal, special or

regular, public meeting of either governmental entity in the context of Ark. Code Ann. § 25-19-106(a).  *See also Ark. Op. Atty. Gen. No.* 94-131 (discussing dispute resolution by government entities and opining that arbitration is not a meeting for purpose of FOIA).

Even if the settlement conference subsequently is construed as a meeting subject to FOIA, it is the role of federal courts to "foster an atmosphere of open discussion among the parties' attorneys and representatives so that litigation may be settled promptly and fairly so as to avoid the uncertainty, expense and delay inherent in a trial." *U.S. v. Glens Falls Newspaper*, 160 F.3d 853, 856 (2d Cir. 1998).  The Court must weigh the public's access to these settlement negotiations (keeping in mind that any settlement herein requires subsequent, transparent governmental approval) against the parties' right to have "frank discussion [with the Court] about the value of avoiding a trial."  *Glens Falls Newspaper*, 160 F.3d at 858 ("There is no question that fostering settlement in an important Article III function of the federal district courts.") "Few cases would ever be settled if the press or public were in attendance … or privy to settlement proposals." *Id*. at 858.  Here, the need for a fair and efficient resolution of this 2017 case outweighs any slight interest the public may have in accessing settlement negotiations. Pursuant to the Court's power under the Supremacy Clause, the Court *sua sponte* closes the settlement conference to the public.  *See In re Kansas City Star Co.,* 73 F.3d 191, 195 (8th Cir. 1996) (citing *Washington v. Fishing Vessel Ass'n*, 443 U.S. 658, 695 (1979)) (citing *Cooper v. Aaron*, 358 U.S. 1 (1958)).

**IT IS SO ORDERED** on this 12th day of October 2021.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE