IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR,<br><br>Plaintiff,<br><br><br>CITY OF SPRINGDALE; WASHINGTON COUNTY; KATHY O'KELLEY; ERNEST CATE; RICK HOYT; STEVE ZEGA; BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 5:17-CV-05089-TLB |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR JUDGMENT ON THE PLEADINGS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................5
II. LEGAL STANDARD..............................................................................................6
    A. Motion for Judgment on the Pleadings Standard......................................6
III. ARGUMENT...........................................................................................................7
    A. Defendants' Motion Is a Backdoor Motion for Reconsideration..............7
    B. Plaintiffs and Mr. Duggar's Lawsuits Are Fundamentally Different .......8
    C. The *Springdale* Decision Has No Bearing On Plaintiffs' Case .............10
IV. CONCLUSION......................................................................................................14

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ..................................................................................................................6

*Ashley County, Ark. v. Pfizer, Inc.*,
　552 F.3d 659 (8th Cir. 2009) ....................................................................................................6

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ..................................................................................................................6

*Coombs v. J.B. Hunt Transport, Inc.*,
　2012 Ark. App. 24 ...................................................................................................................12

*Duggar v. City of Springdale*,
　2020 Ark. App. 220 .......................................................................................................... passim

*Kimmel & Silverman, P.C. v. Porro*,
　969 F. Supp. 2d 46 (D. Mass. 2013) .....................................................................................7, 8

*NanoMech, Inc. v. Suresh*,
　777 F.3d 102 (8th Cir. 2015) ....................................................................................................6

*Reece v. Bank of New York Mellon, Trustee for CIT Mtg. Loan Tr.
2007-1*, 381 F. Supp. 3d 1009 (E.D. Ark. 2019) ....................................................................14

*Rochell v. Ross*,
　2017 WL 5957102 (W.D. Ark. Dec. 1, 2017) (Brooks, J.) ...................................................7, 8

*West v. Am. Tel. & Tel. Co.*,
　311 U.S. 223 (1940) ................................................................................................................10

**Statutes**

Ark. Code § 12-18-104(a) ........................................................................................................12, 13

Ark. Code § 16-90-1104 ................................................................................................................11

**Other Authorities**

Federal Rule of Civil Procedure 12 .................................................................................................7

Federal Rule of Civil Procedure 12(b)(6) ...........................................................................5, 6, 7

Federal Rule of Civil Procedure 12(c) ............................................................................................6

Federal Rule of Civil Procedure 59(e) .........................................................................................7, 8

Federal Rule of Civil Procedure 12(c) ............................................................................................7

Federal Rule of Civil Procedure 60(b) .......................................................................................7, 8

I.        **INTRODUCTION**

In September 2017, this Court *denied* Defendants' motion to dismiss Plaintiffs' tort causes of action. Weeks later, this Court *granted* Defendants' motion to dismiss Joshua Duggar's tort causes of action. And in doing so, this Court carefully explained the numerous critical differences between the two lawsuits. Despite this, Defendants now—more than four years later and two months before trial—seek judgment on the pleadings, based solely on the dismissal of Mr. Duggar's state court complaint. While styled as a motion for judgment on the pleadings, Defendants' motion is in reality a backdoor motion for reconsideration of their failed motion to dismiss.[1] And it should be denied.

Defendants' motion is based on the premise that Mr. Duggar's state court complaint presents the same issues as Plaintiffs' complaint, such that an order in the former dictates dismissal in the latter. But this premise is invalid. As this Court repeatedly emphasized in its prior orders on Defendants' motions to dismiss, there are significant differences between the two cases that bear directly on the remaining tort claims.

Unlike Plaintiffs, whose identities as Mr. Duggar's victims was not public knowledge until Defendants improperly released the Offense and Incident Reports, Mr. Duggar had already been referenced in an *In Touch Weekly* magazine about his sexual misconduct. Indeed, his complaint in his case acknowledges as much. And unlike Plaintiffs, who were *victims* of sexual assault, Mr. Duggar was the *assailant*. There was no reason for the Court of Appeals of Arkansas to follow this Court's lead in noting these key distinctions for the simple reason that

---

[1] Defendants' own conclusion confirms as much, as it requests dismissal of Plaintiffs' complaint "pursuant to Rule 12(b)(6)." Dkt. No. 135 at 14.

5

Plaintiffs have never litigated their claims in Arkansas state court. For that same reason, there is no valid reason to think that the Court of Appeals' decision that Defendants hinge their motion on applies in any way to Plaintiffs' case. Defendants' contrary argument is cynical, offensive, and legally and factually wrong.

Finally, the Court of Appeals' decision does not carry preclusive effect here. Defendants know they cannot satisfy either facet of res judicata, so they do not even try, instead hoping that the Court will overlook Defendants' indirect attempt to imbue the Court of Appeals' decision with preclusive effect. But to no avail. Defendants come nowhere close to meeting all of the elements of either facet of res judicata. And more fundamentally, res judicata is an affirmative defense under Arkansas law that can be waived, and Defendants did not specifically assert this defense in their answer in this action.

## II. LEGAL STANDARD

### A. Motion for Judgment on the Pleadings Standard

Courts review motions for judgment on the pleadings under Rule 12(c) under the same standard they review motions to dismiss under Rule 12(b)(6). *See NanoMech, Inc. v. Suresh*, 777 F.3d 102, 1023 (8th Cir. 2015) (citations omitted). Thus, courts consider whether the pleading contains "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And a complaint pleads facts sufficient to state a facially plausible claim "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion for judgment on the pleadings, courts must accept all factual allegations as true, construe them in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Ashley County, Ark. v. Pfizer,*

*Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

### B. Motion for Reconsideration Standard

Where, as here, a party moves unsuccessfully under Rule 12(b)(6) and then moves under Rule 12(c), courts will treat the Rule 12(c) motion as a motion for reconsideration if the new material "does not alter the court's analysis as to whether the plaintiffs have stated a plausible claim for relief." *Kimmel & Silverman, P.C. v. Porro,* 969 F. Supp. 2d 46, 50 (D. Mass. 2013). And as this Court has observed, "a motion for reconsideration may be made pursuant to either Federal Rule of Civil Procedure 59(e) or Rule 60(b)." *Rochell v. Ross*, 2017 WL 5957102, at *1 (W.D. Ark. Dec. 1, 2017) (Brooks, J.). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Lowry ex rel. Crow v. Watson Chapel Sch. Dist.*, 540 F.3d 752, 761 (8th Cir. 2008)). And "Rule 60(b) provides that a party may be relieved from an order of the Court under certain enumerated circumstances, including the existence of 'mistake, inadvertence, surprise, or excusable neglect' or 'any other reason that justifies relief.'" *Id.* (quoting Fed. R. Civ. P. 60(b)(1) and (6)).

### III. ARGUMENT

More than four years ago, this Court denied Defendants' motions to dismiss Plaintiffs' tort claims. *See* Dkt. No. 62. Now, more than four years later, Defendants again seek dismissal of these tort claims under the very same Rule 12 standard. The only difference this time is that Defendants now move under Rule 12(c), attempting to shoehorn the Arkansas Court of Appeals' decision in *Duggar v. City of Springdale,* 2020 Ark. App. 220, to obtain an eleventh-hour dismissal of Plaintiffs' complaint.

### A. Defendants' Motion Is a Backdoor Motion for Reconsideration

Despite its framing as a motion for judgment on the pleadings, Defendants' motion is a

7

motion for reconsideration.  And that is because the new "fact" the motion introduces beyond its prior motion to dismiss—the *Springdale* decision—"does not alter the court's analysis as to whether [Plaintiffs] have stated a plausible claim for relief."  *Porro*, 969 F. Supp. 2d at 50.  The question, then, is whether Defendants meet either the Rule 59(e) or Rule 60(b) standard for reconsideration.  The answer is a resounding no.

*Rule 59(e)*.  As this Court has noted, "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence."  *Ross*, 2017 WL 5957102, at *1.  As detailed below, there are no manifest errors of law in the Court's decision to deny Defendants' motion to dismiss.  The Court faithfully applied Arkansas law, and contrary to Defendants' arguments, the *Springdale* decision does not change Arkansas law such that allowing Plaintiffs' complaint to survive the pleadings stage would constitute a manifest error in law.

*Rule 60(b)*.  "Rule 60(b) provides that a party may be relieved from an order of the Court under certain enumerated circumstances, including the existence of 'mistake, inadvertence, surprise, or excusable neglect' or 'any other reason that justifies relief.'"  *Id.* (quoting Fed. R. Civ. P. 60(b)(1) and (6)).  Here, there is no way that any of Rule 60(b)'s enumerated circumstances apply, and the relief Defendants seek is entirely unjustified.

### B. Plaintiffs and Mr. Duggar's Lawsuits Are Fundamentally Different

However the Court ultimately construes Defendants' motion, it is meritless as a matter of fact and law.  To begin with, Defendants' motion is based on the offensive premise that Mr. Duggar's state court complaint and Plaintiffs' complaint raise the same allegations.  As this Court's prior opinions confirm, this premise is invalid.  Indeed, in *granting* Defendants' motion to dismiss against Mr. Duggar despite *denying* their motion to dismiss the claims at issue against

8

Plaintiffs, this Court explained that "unlike the *Dillard* Plaintiffs, Plaintiff Josh Duggar has failed to plead sufficient facts to state any claims against any of the Springdale and Washington County Defendants." Dkt. No. 70 at 10. This Court then walked through critical differences between the two lawsuits. Tellingly, neither the Arkansas Court of Appeals nor Defendants here make mention of these key differences.

Start with the key differences in the allegations supporting the Invasion of Privacy – Public Disclosure of Private Facts claim. As the Court explained, "[a] critical difference between the two cases is that while the *Dillard* Complaint alleged that the *Dillard* Plaintiffs' identities as Joshua Duggar's victims 'were not in the public record before the FOIA disclosures were made,' the same cannot be said for Joshua Duggar's role in the alleged offense." Dkt. No. 70 at 10 (quoting Dkt. No. 62 at 6). The Court also looked to this critical distinction in evaluating the Invasion of Privacy – Intrusion upon Seclusion claim. As the Court noted, "an essential element" of this claim is that the plaintiff's "solitude or seclusion be intruded upon." *Id.* at 11 (citations omitted). "And again, given that an article detailing his role in the offense had already been published, the allegations against Joshua Duggar cannot be said to have been a topic of 'seclusion' for him at the time the FOIA disclosures were made." *Id.* Contrast this with the Court's evaluation of Plaintiffs' Intrusion upon Seclusion claim, which resulted it in denying Defendants' motion because "sharing highly embarrassing information about someone with others who already knew (or knew of) the person but who did not know those embarrassing facts about the person can indeed constitute 'intrusion' upon 'seclusion.'" Dkt. No. 62 at 24.

Finally, the Court walked through the critical differences between the tort of Outrage claims. In denying Defendants' motion to dismiss this claim against Plaintiffs, the Court noted that "[w]hen evaluating the egregiousness of the conduct at issue, the Court must be '[m]indful

9

of the importance in which our society and the … law has held' the interest of which that conduct has run afoul." Dkt. No. 62 at 11 (quoting *Travelers Ins. Co. v. Smith*, 338 Ark. 81, 92 (1999)). It should go without saying that while there is a significant public interest in protecting the minor *victims* of sexual assault, there is no such interest in protecting minor sexual *assailants*. *See* Dkt. No. 70 at 12.

Had Defendants bothered to review the Court's prior rulings, they would have understood that treating Plaintiffs and Mr. Duggar the same is simply wrong—legally wrong, factually wrong, and morally wrong. And had Defendants bothered to review the Court's prior rulings, they also would have recognized the absurdity of their contention that the two cases arise out of "exactly the same factual context" and present "substantively identical pleadings." *See* Dkt. No. 135 at 2.

### C. The *Springdale* Decision Has No Bearing On Plaintiffs' Case

The legal basis for Defendants' motion is similarly lacking. Defendants primarily rely on *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223 (1940), but their reliance is misplaced. *West* set out how federal courts are to apply state law, explaining that when a state's highest court "has spoken, its pronouncement is to be accepted by federal courts as defining state law unless it has later given clear and persuasive indication that its pronouncement will be modified, limited, or restricted." *Id.* at 236.[2] From here, Defendants argue that *Springdale* should be treated as defining Arkansas law on the torts at issue that this Court is mandated to follow. But Defendants vastly overstate the impact the *Springdale* decision has on this case. If anything, the *Springdale* decision is markedly similar to this Court's dismissal of Mr. Duggar's complaint, thus

---

[2] *West* is inapposite for the simple reason that unlike here, the state litigation in *West* involved the same parties.

10

confirming that this Court has been right all along. And as previously noted, it is the differences in the two cases that led this Court to deny Defendants' motions to dismiss Plaintiffs' tort claims despite granting their motion to dismiss Mr. Duggar's same tort claims.

Start again with Mr. Duggar's Public Disclosure of Private Facts claim. The *Springdale* court expressly cited to *this* Court's dismissal of this claim, noting that Mr. Duggar "acknowledged in his complaint that *In Touch Weekly* had published a story about Duggar having been named in an underage sex probe before the City or the County made any records disclosures." *Springdale,* 2020 Ark. App. 220 at *15. This provides zero basis for the Court to deviate from its denial of Defendants' attempt to dismiss Plaintiffs' Public Disclosure of Private Facts claim.

Next, consider what the *Springdale* court said about Mr. Duggar's Intrusion upon Seclusion claim. The court first rejected Mr. Duggar's attempt to rely on Arkansas law prohibiting the disclosure of arrest records because he was no longer a minor at the time of the documents' release. *Id.* at *12-13. This has no bearing here because a *different* Arkansas law makes Defendants' disclosure unlawful, a law which Mr. Duggar is not protected under, and thus could not raise as a defense. Ark. Code § 16-90-1104 provides that "[a] law enforcement agency shall not disclose to the public information directly or indirectly identifying the victim of a sex crime" except under narrow circumstances that do not apply here. The *Springdale* court had no opportunity to rule on this statute, because unlike Plaintiffs, who were *victims* of sex crimes and thus protected under Ark. Code. § 16-90-1104, Mr. Duggar as the *perpetrator* of those sex crimes is not protected. And unlike Mr. Duggar, one of Plaintiffs was a minor when the records were released, which also significantly distinguishes this case from his case.

Moreover, unlike Mr. Duggar's state court complaint, which did not allege that the

11

release of the records were intentional, Plaintiffs' complaint does. *Compare* Request for Judicial Notice, Ex. 1 at ¶ 31[3], *with* Dkt. No. 1 at ¶¶ 102-103. The *Springdale* court's finding that Mr. Duggar's complaint failed to state facts establishing that the release of the records was intentional was key, as it defeated Mr. Duggar's attempt to rely on the Child Maltreatment Act. *Springdale*, 2020 Ark. App. at *13. That statute protects from FOIA disclosure "[a]ny data, records, reports, or documents that are created, collected, or compiled by or on behalf of the Department of Human Services, the Department of Arkansas State Police, or other entity authorized … to perform investigations or provide services to children, individuals, or families." Ark. Code § 12-18-104(a). And because Plaintiffs' complaint does allege that the release was intentional under Arkansas law, this statute applies and provides an additional basis to deny Defendants' motion.

And to the extent Defendants assert that *Springdale* stands for the proposition that under Arkansas law, Plaintiffs' fame means they cannot state an Intrusion upon Seclusion claim, Defendants are wrong. Discussing *Coombs v. J.B. Hunt Transport, Inc.*, 2012 Ark. App. 24, this Court has already explained why this argument fails: the Court of Appeals for Arkansas has held that "privacy, for purposes of the intrusion tort, is not a binary, all-or-nothing characteristic," that "[t]here are degrees and nuances to societal recognition of our expectations of privacy," and that "the seclusion referred to need not be absolute." Dkt. No. 62 at 23 (quoting *Coombs*, 2012 Ark. App. at *5-6). And as the Court put it, "sharing highly embarrassing information about someone with others who already knew (or knew of) the person but who did not know those embarrassing facts about the person can indeed constitute 'intrusion' upon 'seclusion.'" Dkt. No. 62 at 23-24. *Springdale* never holds otherwise.

---

[3] Defendants tellingly fail to attach Mr. Duggar's state court complaint to their motion.

Finally, take the *Springdale* court's analysis of Mr. Duggar's Outrage claim, which tracks this Court's analysis. Like this Court, the *Springdale* court rejected Mr. Duggar's reliance on Arkansas law that prohibits disclosure of juvenile records under FOIA. *Compare Springdale*, 2020 Ark. App. at *10-11, *with* Dkt. No. 70 at *12-13. Unsurprisingly, both courts found that Mr. Duggar failed to state an actionable claim for Outrage. And like the other two torts at issue, Defendants give no reason—beyond their lazy assertion that *Springdale* extends to Plaintiffs— for this Court to look at *Springdale* and reverse itself. This Court denied Defendants' motion to dismiss Plaintiffs' Outrage claim after thoughtfully analyzing the policy of protecting minor victims of sexual assault. *See* Dkt. No. 62 at 26. In doing so, the Court followed the guidance of the Arkansas Supreme Court to be "[m]indful of the importance in which our society and the law … has held" the interest at issue. *Id.* (citing *Smith*, 338 Ark. at 92).

### D. The *Springdale* Decision Carries No Preclusive Effect

Nor does the Arkansas Court of Appeals decision carry preclusive effect here. As the *Springdale* court noted, under Arkansas law, there are two facets to res judicata: issue preclusion and claim preclusion. *Springdale*, 2020 Ark. App. 220 at *8. Defendants do not even try to argue that either facet applies here.

*No claim preclusion.* "The claim-preclusion aspect of res judicata bars relitigation of a subsequent suit when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privities." *Id.* Here, claim preclusion does not apply for the simple reason that Josh Duggar's lawsuit does not involve the same parties or their privities as Plaintiffs' suit.

*No issue preclusion.* "Collateral estoppel, the issue-preclusion facet of res judicata, bars

13

relitigation of issues of law or fact previously litigated, provided that the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question and that issue was essential to the judgment. To apply collateral estoppel, the following elements must be present: (1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the issue must have been determined by a valid and final judgment, and (4) the determination must have been essential to the judgment." *Id.* Not only did Plaintiffs never have a full and fair opportunity to litigate the issues raised in Josh Duggar's state court lawsuit, the issues are different in any event for the many reasons detailed above.

*Waiver.* Finally, to the extent either res judicata facet applied, Defendants have waived the defense in any event. "Under Arkansas law, *res judicata* is an affirmative defense" that "can be waived." *Reece v. Bank of New York Mellon, Trustee for CIT Mtg. Loan Tr. 2007-1*, 381 F. Supp. 3d 1009, 1017 (E.D. Ark. 2019) (citing Ark. R. Civ. P. 8(c)). Because Defendants did not assert this affirmative defense specifically in their answers, they cannot rely on the res judicata defense here.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court deny Defendants' motion that is grounded upon unfounded propositions.

Respectfully submitted,


By: */s/ Steven E. Bledsoe*

Stephen G. Larson (admitted *pro hac vice*)
*slarson@larsonllp.com*
Steve E. Bledsoe (admitted *pro hac vice*)
*sbledsoe@larsonllp.com*
Jen C. Won (admitted *pro hac vice*)
*jwon@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Shawn B. Daniels (Ark. Bar No. 99126)
*shawn@danielsfirm.com*
**DANIELS FIRM**
129 W. Sunbridge Drive
Fayetteville, AR 72703
Telephone: (479) 521-7000
Facsimile: (479) 437-2007

Attorneys for Plaintiffs JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR

15