# EXHIBIT 1

IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
CIVIL DIVISION, AT FAYETTEVILLE

JOSHUA DUGGAR      PLAINTIFF

v.     Case No. 72CV-18-668-1

CITY OF SPRINGDALE, ARKANSAS, and
WASHINGTON COUNTY, ARKANSAS,      DEFENDANTS

## VERIFIED COMPLAINT

COMES NOW, the Plaintiff, Joshua Duggar, ("Plaintiff") and in bringing this action seeking damages against the Defendants, City of Springdale, Arkansas (the "City") and Washington County, Arkansas (the "County") for the Tort of Outrage, Invasion of Privacy by Intrusion upon Seclusion, Invasion of Privacy by Public Disclosure of Private Facts, False Light Invasion of Privacy and deprivation of rights under the Arkansas Civil Rights Act of 1993 ("ACRA"), states and alleges as follows:

1. That Plaintiff Josh Duggar ("Plaintiff") is a resident of Benton County, Arkansas.

2. That Defendant City of Springdale ("the City") is a municipal corporation organized and existing under the laws of the State of Arkansas and located in Washington County, and at all times relevant, responsible for the actions, errors or omissions of its officials and employees and the policies, procedures, customs and practices of the Springdale Police Department and Springdale City Attorney.

3. That Defendant Washington County ("the County") is a political subdivision of the State of Arkansas and at all times relevant, responsible for the actions, errors or omissions of its officials and employees and the policies, procedures, customs and practices of the Washington County Sheriff's Department and the Washington County Attorney.

4. This Court has jurisdiction pursuant to A.C.A. §§ 16-13-201, and 16-123-105.

5. That venue is proper pursuant to A.C.A. § 16-60-101 in that Washington County is the county in which a substantial part of the events giving rise to this cause of action occurred.

## INTRODUCTION

6. That on or about May 15, 2015, the City received a request pursuant to A.C.A. § 25-19-101 et seq., the Arkansas Freedom of Information Act ("FOIA), filed by a Little Rock law requesting copies of files and associated documents pertaining to Plaintiff, and his parents, Michelle Duggar and James Robert "Jim Bob" Duggar, specifically an "incident report" filed by an investigator for the Springdale Police Department by the name of Darrell Hignite "on or before 2008."

7. That on or about May 15, 2015, the County received a request pursuant to A.C.A. § 25-19-101 et seq., the Arkansas Freedom of Information Act ("FOIA), filed by a Little Rock law requesting copies of files and associated documents pertaining to Plaintiff, and his parents, Michelle Duggar and James Robert "Jim Bob" Duggar.

8. That sometime between May 15, 2017 and May 20, 2017, employees of the Springdale Police Department, under the direction of Springdale Chief of Police Kathy O'Kelley and with the legal advice of Springdale City Attorney Ernest Cate, identified the reports responsive to the request as an Offense Report of a juvenile investigation dated December 7, 2006 involving incidents occurring 3 ½ years earlier.

9. That sometime between May 15, 2017 and May 20, 2017, employees of the Washington County Sheriff's Office, under the direction of Enforcement Major Rick Hoyt and County Attorney Steve Zega, identified the reports responsive to the request as an Incident

2

Report of a juvenile investigation dated December 7, 2006 involving incidents occurring 3 ½ years earlier.

10. That said investigations were initiated by a referral from an investigator for the Arkansas State Police and proceeded under the terms of a formal cooperative agreement between the Arkansas State Police, the Springdale Police Department and the Washington County Sheriff's Office.

11. That since the allegations arising from the December 7, 2006 investigation occurred within the jurisdiction of the City of Springdale, the County turned over the bulk of the investigation to the City, specifically Detective Hignite.

12. That the allegations contained in said reports of juvenile investigation resulted in Detective Hignite filling out a Family in Need of Services ("FINS") affidavit for referral to the Washington County Juvenile Court on December 20, 2006 pursuant to the Arkansas Juvenile Code, A.C.A. § 9-27-301 et seq.

13. That the City police department had a policy in place prohibiting the public release of records of juvenile investigations as evidenced by the form provided by its Records Division which highlights the fact that "By law, juvenile arrest history is NOT available."

14. That the City failed to train its police department employees in its policy regarding the release of juvenile records.

15. That the County failed to train its officers and deputies in its policy reflected in state law regarding the release of juvenile records.

16. That since said report was of a juvenile investigation and that Arkansas law prohibits the public release of the reports of juvenile investigations, all the names of the juveniles involved, with the exception of Plaintiff, were redacted. Unredacted were the names of

3

Plaintiff's parents, Jim Bob and Michelle Duggar, as well as the addresses of both present and past residences, personal details about the family, including the age of their youngest child.

17. That Plaintiff, born in 1988, was a juvenile at the time of the incidents detailed in said report.

18. That said partial redaction made the redacted names of the remaining juveniles readily identifiable.

19. That at all relevant times the Duggar family was the subject of a reality television series on The Learning Channel ("TLC") from which a certain level of celebrity locally, nationally and internationally was attributable to each and every member of the immediate family, including those named and unnamed in said report.

20. That on or about May 20, 2017, Chief O'Kelly released to Cross Gunter said juvenile offense report, subsequent to which said report was released for international publication to the magazine publisher client of Cross Gunter in its magazine *In Touch*.

21. That on or about May 20, 2017, officials with the County Sheriff's released to Cross Gunter said juvenile incident report, subsequent to which said report was released for international publication to the magazine publisher client of Cross Gunter in its magazine *In Touch*.

## COUNT I. TORT OF OUTRAGE

22. That Plaintiff realleges and incorporates each allegation contained in Paragraphs 1-21 of this Complaint as if stated in full herein.

23. That A.C.A. § 9-27-309(j) of the Arkansas Juvenile Code states that "[r]ecords of the arrest of a juvenile, the detention of a juvenile, and the proceedings under this subchapter shall

4

be confidential and shall not be subject to disclosure under the Freedom of Information Act of 1967 . . . "without written order of the juvenile court.

24. That, likewise, the Arkansas Child Maltreatment Act, A.C.A. § 12-18-101 et seq., which attests to "[p]reserve the confidentiality of all records in order to protect the rights of the child and of the child's parents or guardians," (§ 12-18-102(5)), states that [a]ny data, records, reports, or documents that are created, collected, or compiled by or on behalf of the Department of Human Services, the Department of Arkansas State Police, or other entity authorized under this chapter to perform investigations or provide services to children, individuals, or families shall not be subject to disclosure under the Freedom of Information Act of 1967, § 25-19-101 et seq.

25. That the existence of public law prohibiting the disclosure of juvenile records represents a reckless disregard for the public policy that juvenile records should not follow individuals into adult life and the harmful consequences resulting from said disclosure.

26. That as a result of the disclosure of protected juvenile investigation offense reports by the City and the County, Plaintiff has sustained damages.

27. That the disclosure of protected juvenile records relating activities which occurred when Plaintiff was not in possession of the full faculties of personal discretion and discernment typically available to an adult, in violation of at least two provisions of Arkansas law constitutes willful, wanton, extreme and outrageous conduct.

28. That said conduct caused damage to Plaintiff in the nature of severe emotional distress.

## COUNT II. INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

29. That Plaintiff realleges and incorporates each allegation contained in Paragraphs 1-28 of this Complaint as if stated in full herein.

30. That as a result of the disclosure of protected juvenile investigation offense reports by the City and the County, Plaintiff has sustained damages in the form of significant emotional distress, mental anguish and substantial lost income.

31. That the City and the County intentionally intruded physically or otherwise upon Plaintiff's solitude or seclusion by the release of said records to the public and believed or was substantially certain based on the abundance of Arkansas law protecting said records, that it lacked not only the necessary legal authority but the personal permission, invitation or valid consent to commit to release said records.

32. That the intrusion represented by the public release of said juvenile records was of a kind that would be highly objectionable to a reasonable person, as the result of conduct to which any reasonable person would strongly object.

33. That Plaintiff conducted himself and engaged in a public life consisting of appearance in a popular reality TV series, leadership in national political and civic organizations, public speaking, and otherwise in a manner consistent with his actual expectation of privacy.

34. That the City's and County's intrusion was a proximate cause of Plaintiff's damages.

## COUNT III. INVASION OF PRIVACY BY PUBLIC DISCLOSURE OF PRIVATE FACTS

35. That Plaintiff realleges and incorporates each allegation contained in Paragraphs 1-34 of this Complaint as if stated in full herein.

36. That Plaintiff has sustained damages.

6

37. That the City and County made disclosures to the public at large, or to so many persons that the matter is substantially certain to become one of public knowledge of facts about Plaintiff not previously known to the public and that he had every reasonable expectation would remain private by virtue of representations made by police department investigators to his family pursuant to Arkansas law protecting from such disclosure the content of juvenile reports.

38. That before disclosure by the City and County, the content of the reports of said investigation was not known to the public.

39. That said public disclosures regarding conduct of a sexual nature that occurred while Plaintiff was a juvenile would be highly offensive to any reasonable person.

40. That City and County officials knew, or should have known, that records of juvenile investigations should not be disclosed under Arkansas law, and the facts disclosed therein were private.

41. That the public policy reasons behind the rules against public disclosure of the records of juvenile investigations that juvenile records should not follow individuals into adult life render said records not of legitimate public concern. i.e., the facts had no social value.

42. That the intrusion involved intensely personal affairs.

43. That at the time of the alleged juvenile misconduct Plaintiff had not voluntarily placed himself into a position of public notoriety.

44. That the state's interest in furtherance of juvenile investigations is that said records remain private

45. That facts included in said investigation records were not a matter of public records and, in fact, were protected from disclosure by Arkansas state law

46. That since the allegations contained in said records were at the time of the drafting of said reports 3 ½ years had elapsed, though Plaintiff was no longer a juvenile there could be no plausible continued public interest in the facts published and the statutory protections were still in place.

47. That the public disclosure of facts that would otherwise have, by law, remained private has caused Plaintiff significant emotional distress, mental anguish and substantial lost income.

### COUNT IV. FALSE LIGHT INVASION OF PRIVACY

48. That Plaintiff realleges and incorporates each allegation contained in Paragraphs 1-47 of this Complaint as if stated in full herein.

49. That Plaintiff has sustained damages.

50. That the City gave publicity to the records of a juvenile investigation performed by investigators of the Juvenile Division of the Springdale Police Department acting under a cooperative agreement with the Arkansas State Police, that placed Plaintiff before the public in the light of a sex offender when the records of said juvenile investigation by law should have remained sealed.

51. That the County gave publicity to the records of a juvenile investigation performed by investigators within their Criminal Investigation Division acting under a cooperative agreement with the Arkansas State Police, that placed Plaintiff before the public in the light of a sex offender when the records of said juvenile investigation by law should have remained sealed.

52. That the false light in which Plaintiff was placed would have caused any reasonable person to be justified in feeling seriously offended and aggrieved by the intensely negative publicity as a result of the illegal release of said records.

53. That Plaintiff had a reasonable expectation that said records were to be destroyed upon his 21st birthday in accordance with A.C.A. § 9-27-309, with the effect being, as set forth in the Arkansas Comprehensive Criminal Record Sealing Act of 2013, A.C.A. § 16-90-1417(b)(1), that he could attest for all future legal intents and purposes, that the underlying conduct had never occurred, that said records did not exist, and that said facts were untrue.

54. That the release of said protected records of said juvenile investigation and the resulting publicity was a proximate cause of Plaintiff's damages including significant emotional distress, mental anguish and substantial lost income.

**COUNT V. VIOLATION OF THE ARKANSAS CIVIL RIGHTS ACT OF 1993**

55. That Plaintiff realleges and incorporates each allegation contained in Paragraphs 1-54 of this Complaint as if stated in full herein.

56. That Plaintiff has sustained damages and costs, including reasonable attorneys' fees caused by the public release of his juvenile records.

57. That said records were highly personal in nature, represented the most intimate aspects of human affairs, and their public release subjected Plaintiff to shocking degradation and egregious humiliation.

58. That the release of said records breached pledges of confidentiality by which the personal statements included in said records were obtained.

59. That by the release of Plaintiff's juvenile records under color of regulation, custom or usage, the City and County have subjected Plaintiff, or caused him to be subjected, to the deprivation of his rights to privacy and protecting his reputation afforded him under the Arkansas Civil Rights Act, A.C.A. § 16-123-105, and by Article 2, Section 2 of the Arkansas Constitution.

60. That the City's and County's failure to properly train their personnel about the state of Arkansas law, and their own regulations, customs and usages regarding the release of juvenile records evidences a deliberate indifference to those juveniles whose rights were to be protected.

61. That based on the allegations contained herein, even in the absence of written policy, the acts and edicts of City and County officials may fairly represent official policy of the City and County regarding the illegal release of juvenile records.

62. That policymakers of the City and County made deliberate choices to follow courses of action from among various alternatives resulting in violations of Plaintiff's rights under ACRA.

WHEREFORE, Plaintiff demands Judgment against Defendant City of Springdale, Arkansas, and Washington County, Arkansas, for damages to be proven at trial, for an award of reasonable attorneys' fees, costs and expenses, and any such other and further relief the Court deems just and proper.

Respectfully submitted,

STORY LAW FIRM, PLLC

by _____
Travis W. Story (2008274)
Gregory F. Payne (2017008)
438 E. Millsap, Suite 103
Fayetteville, AR 72703
(479) 473-3700
Fax (479) 473-3701
travis@storylawfirm.com
greg@storylawfirm.com

ATTORNEYS FOR PLAINTIFF

## VERIFICATION

STATE OF ARKANSAS            )
                             ) SS.
COUNTY OF WASHINGTON         )

I, Joshua Duggar, on oath, states that the facts and allegations set forth in the foregoing Complaint are true and correct according to my best knowledge and belief.

_____
Joshua Duggar

Subscribed and sworn before me, the undersigned Notary, this ___ day of March, 2018.

_____
Notary Public

My commission expires:

```
OFFICIAL SEAL
T. MAJ
WASHINGTON COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires 9-04-2027
Commission No. 12701764
```

11