# EXHIBIT 31

Deposition of

# Jason W. Beaman, D.O., M.S., M.P.H., FAPA

September 30, 2021

Dillard

vs.

City of Springdale



Case 5:17-cv-05089-TLB Document 152-18 *SEALED* Filed 10/20/21 Page 3 of 11 PageID #: 3591
Case 5:17-cv-05089-TLB Document 153-18 Filed 10/20/21 Page 3 of 11 PageID #: 2329

Jason W. Beaman, D.O., M.S., M.P.H., FAPA

Dillard vs.
City of Springdale

```
 1              IN THE UNITED STATES DISTRICT COURT

 2             FOR THE WESTERN DISTRICT OF ARKANSAS

 3                     FAYETTEVILLE DIVISION

 4   JILL DILLARD, JESSA SEEWALD, JINGER    ) Case No.
     VUOLO, and JOY DUGGAR                  ) 5:17-CV-05089-TLB
 5                                          )
           Plaintiffs,                      )
 6                                          )
        vs.                                 )
 7                                          )
     CITY OF SPRINGDALE; WASHINGTON COUNTY; )
 8   KATHY O'KELLEY; ERNEST CATE; RICK HOYT;)
     STEVE ZEGA; BAUER PUBLISHING COMPANY,  )
 9   L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA)
     GROUP, INC.; BAUER, INC; HEINRICH BAUER)
10   NORTH AMERICA, INC; BAUER MEDIA GROUP  )
     USA, LLC; and DOES 1-10, inclusive,    )
11                                          )
           Defendants.                      )
12   _____)

13     DEPOSITION OF JASON W. BEAMAN, D.O, M.S., M.P.H., FAPA

14                  via Zoom videoteleconference

15                  Thursday, September 30, 2021

16

17


18             REPORTED BY: Derek L. Hoagland

19                     CSR No. 13445

20                     Job No. 10089281

21

22

23

24

25
```

Case 5:17-cv-05089-TLB Document 152-18 *RESTRICTED* Filed 10/21/21 Page 4 of 21 PageID #: 3591
Case 5:17-cv-05089-TLB Document 155-18 Filed 11/20/21 Page 4 of 21 PageID #: 4359
PageID #: 2330

```
 1                IN THE UNITED STATES DISTRICT COURT

 2              FOR THE WESTERN DISTRICT OF ARKANSAS

 3                       FAYETTEVILLE DIVISION

 4   JILL DILLARD, JESSA SEEWALD, JINGER    ) Case No.
     VUOLO, and JOY DUGGAR                  ) 5:17-CV-05089-TLB
 5                                          )
           Plaintiffs,                      )
 6                                          )
        vs.                                 )
 7                                          )
     CITY OF SPRINGDALE; WASHINGTON COUNTY; )
 8   KATHY O'KELLEY; ERNEST CATE; RICK HOYT;)
     STEVE ZEGA; BAUER PUBLISHING COMPANY,  )
 9   L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA)
     GROUP, INC.; BAUER, INC; HEINRICH BAUER)
10   NORTH AMERICA, INC; BAUER MEDIA GROUP  )
     USA, LLC; and DOES 1-10, inclusive,    )
11                                          )
           Defendants.                      )
12   _____)

13

14


15   Deposition of JASON W. BEAMAN, D.O, M.S., M.P.H., FAPA,

16   taken before Derek L. Hoagland, a Certified Shorthand

17   Reporter for the State of California, commencing at

18   9:09 a.m., Thursday, September 30, 2021, via Zoom

19   videoteleconference.

20

21

22

23

24

25
```

Case 5:17-cv-05089-TLB Document 152-18 *RESTRICTED* Filed 10/20/21 Page 5 of 11 PageID #: 2331

Jason W. Beaman, D.O., M.S., M.P.H., FAPA                        Dillard vs.
                                                              City of Springdale

```
 1    APPEARANCES:

 2    (ALL COUNSEL APPEARING VIA VIDEOTELECONFERENCE)

 3    COUNSEL FOR PLAINTIFF
      LARSON LLP
 4    555 South Flower Street, Suite 4400
      Los Angeles, California 90071
 5    BY:   STEVE E. BLEDSOE, ESQ.
            213.436.4888
 6          slarson@larsonllp.com

 7
      COUNSEL FOR DEFENDANTS RICK HOYT, ET AL., SEPARATE
 8                 WASHINGTON COUNTY
      JASON OWENS LAW FIRM, P.A.
 9    1023 Main Street, Suite 204
      Conway, Arkansas 72032
10    BY:   JASON E. OWENS, ESQ.
            501.764.4334
11          owens@jowenslawfirm.com

12
      COUNSEL FOR SPRINGDALE DEFENDANTS
13    HARRINGTON, MILLER, KIEKLAK,
      EICHMANN & BROWN, P.A.
14    4710 S. Thompson, Suite 102
      Springdale, AR 72764
15    BY:   R. JUSTIN EICHMANN, ESQ.
            479.751.6464
16          jeichmann@arkansaslaw.com

17    -- AND --

18    KENDALL LAW FIRM, PLLC
      3706 Pinnacle Hills Parkway, Suite 201
19    Rogers, Arkansas 72758
      BY:   SUSAN KELLER KENDALL, ESQ.
20          479.464.9828
            skk@kendalllawfirm.com
21

22

23

24

25
```

Case 5:17-cv-05089-TLB Document 152-18 *RESTRICTED* Filed 10/20/21 Page 6 of 11 PageID #: 2332
Case 5:17-cv-05089-TLB Document 155-18 Filed 11/20/21 Page 6 of 11 PageID #: 3610

Jason W. Beaman, D.O., M.S., M.P.H., FAPA                Dillard vs.
                                                    City of Springdale

1   to the eight domains. It makes comments on certain
2   domains, but I don't believe I go through each of the
3   eight domains.
4   **Q.    Okay. 1(a) says:**
5   **        "An individual must have one symptoms of**
6   **Criteria A, which is exposure to actual or threatened**
7   **death, serious injury, or sexual violence. Disclosure**
8   **of being sexually abused by a brother is not established**
9   **as a component of a criteria."**
10  **        Do you see that?**
11  A.    I do.
12  **Q.    What does the term "sexual violence" mean?**
13  A.    It is -- I take it to mean that it's assaulting
14  another person in regards to a sexual nature, the
15  physical assault of someone with the desire for sexual
16  gratification.
17  **Q.    And if someone experiences sexual violence or**
18  **re-experiences sexual violence, does that qualify as**
19  **meeting one of the symptoms of criteria A?**
20  A.    The DSM does not say re-experience. It says
21  that an individual is exposed to sexual violence.
22  **Q.    What does exposed mean?**
23  A.    That they have had sexual violence perpetrated
24  upon them.
25  **Q.    If someone re-experiences sexual violence, would**

Case 5:17-cv-05089-TLB Document 152-18 *RESTRICTED* Filed 10/20/21 Page 7 of 11 PageID #: 3601
Case 5:17-cv-05089-TLB Document 155-33 Filed 11/2/2021 Page 7 of 21 PageID #: 7361
PageID #: 2333

Jason W. Beaman, D.O., M.S., M.P.H., FAPA                                  Dillard vs.
                                                                           City of Springdale

```
 1   that be being exposed to sexual violence?
 2   A.      It would be -- I'm sorry.
 3           Can you repeat your question?
 4   Q.      Sure.  If someone re-experiences sexual
 5   violence, is that tantamount to experiencing sexual
 6   violence?
 7   A.      Well, they experience the sexual violence to
 8   begin with, so it would be an extenuation of the sexual
 9   violence that they initially had.
10   Q.      How traumatic is re-experiencing sexual
11   violence?
12   A.      That certainly depends on the individual and the
13   circumstances regarding that assault.
14   Q.      The criteria in Section A says:
15           "Exposure to actual or threatened," and it goes
16   on to say, "sexual violence."
17           Do you see that?
18   A.      I do.
19   Q.      How would you compare re-experiencing sexual
20   violence to exposure to actual or threatened sexual
21   violence?
22   A.      I would find it to be an extenuation of the
23   sexual violence.
24   Q.      What do you mean when you say an extenuation of
25   the sexual violence?
```

Case 5:17-cv-05089-TLB Document 152-8 *RESTRICTED* Filed 10/20/23 Page 8 of 11 PageID #: 2334

Jason W. Beaman, D.O., M.S., M.P.H., FAPA                Dillard vs.
                                                          City of Springdale

```
 1   A.      That someone is sexually assaulted and there's
 2   trauma associated with that, and if they reexperience
 3   that through reminders or something like that, it is an
 4   extenuation of the sexual violence that they had.  It's
 5   a -- it's part of that initial sexual assault.
 6   Q.      What is the definition of sexual trauma, if you
 7   know?  And, frankly, we can put it up on the screen.  I
 8   don't mean to -- this doesn't need to be a memory
 9   contest.  I don't want to be unfair.  Let's do that.
10   Let me withdraw the question.
11           We are going to put something up on the screen,
12   an exhibit.  Hang on.  It's going to take me a minute to
13   find my copy of this exhibit.
14           All right.  I will represent to you that we have
15   put up the definition of sexual trauma as found in the
16   American Psychological Association Dictionary of
17   Psychology.
18           Do you see that?
19   A.      I do.
20   Q.      Do you know what the American Psychological
21   Association Dictionary of Psychology is?
22   A.      No.
23   Q.      Okay.  Well, we'll go forward anyways.
24           Do you see in the American Psychological
25   Association Dictionary of Psychology that the definition
```

Case 5:17-cv-05089-TLB Document 152-18 *RESTRICTED* Filed 10/20/21 Page 10 of 11 PageID #: 9361
Case 5:17-cv-05089-TLB Document 155-18 Filed 11/20/21 Page 10 of 21 PageID #: 9360

PageID #: 2335

Jason W. Beaman, D.O., M.S., M.P.H., FAPA                        Dillard vs.
                                                                 City of Springdale

```
 1   of sexual trauma is:
 2            "Any disturbing experience associated with
 3   sexual activity.  Rape, incest and other sexual
 4   experiences may be causes of sexual trauma in older
 5   children and adults.  It is one of the most common
 6   causes of posttraumatic disorders and disassociative
 7   disorders."
 8            Do you see that?
 9   A.       I do.
10   Q.       Would you agree that sexual trauma is one of the
11   most common causes of posttraumatic disorders and
12   disassociative disorders?
13   A.       Yes.
14   Q.       Does the term "sexual violence" include incest?
15   A.       I would -- I mean, I think -- that's kind of a
16   tricky term.  Incest is, I think, broadly defined as
17   sexual relations between relatives, and that can be
18   under a lot of different circumstances.  I would think
19   that unwanted sexual contact by a brother would be
20   incest, and that would also be sexual violence.
21   Q.       You would agree that unwanted sexual touching by
22   a brother, such as what happened in this matter, each of
23   these girls qualifies as both sexual violence and sexual
24   trauma?
25   A.       Yes.
```

1  Q.     Okay.  Is it common for victims of incest to
2  disassociate, avoid, or suppress painful thoughts and
3  feelings surrounding the incest and become reawakened at
4  a later time when a new trauma occurs?
5  A.     I don't know of any prevalent studies to say if
6  it is common or how often it happens.  I would agree
7  that that is a recognized phenomenon.
8         MR. LEACH:  Okay.  We're going to take our last
9  break, ten minutes, and then we'll come back and we'll
10 finish up.  Thank you, Doctor.
11        (A recess transpires.)
12 BY MR. BLEDSOE:
13 ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████
████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████
22 ███ ████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████

```
 1              REPORTER'S CERTIFICATE
 2   STATE OF CALIFORNIA          )    ss.
 3   I, DEREK L. HOAGLAND, CSR #13445, State of California,
 4   do hereby certify:
 5   That prior to being examined, the witness named in the
 6   foregoing proceeding was by me sworn to testify to the
 7   truth, the whole truth and nothing but the truth;
 8   That said proceeding was taken down by me by stenotype
 9   at the time and place therein stated and thereafter
10   transcribed under my direction into computerized
11   transcription.
12   I further certify that I am not of counsel nor attorney
13   for nor related to the parties hereto, nor am I in any
14   way interested in the outcome of this action.
15   Further, that if the foregoing pertains to
16   the original transcript of a deposition in a federal
17   case, before completion of the proceedings, review of
18   the transcript [ X ] was [  ] was not requested.
19   In compliance with section 8016 of the Business and
20   Professions Code, I certify under penalty of perjury
21   that I am a certified shorthand reporter with license
22   number 13445 in full force and effect.
23   Witness my hand this October 15, 2021.
24                              _____
25                              DEREK L. HOAGLAND, CSR #13445
```