IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, et al., | Case No.: 5:17-CV-05089-TLB |
| Plaintiffs, | |
| CITY OF SPRINGDALE, et al. | |
| Defendant. | |

## PLAINTIFFS' OPPOSITION TO SPRINGDALE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................1

II.    FACTUAL BACKGROUND ...............................................................................3

    A.    Investigation into Plaintiffs' Sexual Assault.............................................3

    B.    Tabloid Publication of the City Defendants' "Redacted" Incident Report.............3

    C.    Public Backlash After the Release of the Offense Report .......................5

III.    LEGAL STANDARD .........................................................................................6

IV.    ARGUMENT .......................................................................................................6

    A.    The Evidence Supports a Finding That the City Defendants Intruded Upon Plaintiffs' Privacy. ...................................................................6

        1.    The City Defendants' Action Was An Intrusion.............................7

        2.    The Intrusion Was Highly Offensive to Any Reasonable Person...............8

        3.    The Evidence Supports That The City Defendants Believed Or Were Substantially Certain That They Did Not Have The Legal Authority To Release The Offense Report. ...................................9

        4.    Plaintiffs Had a Legitimate Expectation of Privacy in The Details Concerning Their Sexual Abuse. ......................................11

    B.    The Evidence Supports a Finding That The City Defendants Publicly Disclosed Private Facts. ..........................................................12

        1.    Material Issues of Fact Support a Finding That the City Defendants Publicly Disclosed Private Facts About Plaintiffs. ....................................13

        2.    Undisputed Facts Support A Finding That The City Defendants Believed Or Were Substantially Certain That They Were Publicly Disclosing A Private Information. ..........................................15

        3.    The Public Did Not Have a Legitimate Concern In The Sensitive Details Contained In The Offense Report..........................................16

    C.    Material Issues Of Fact Support Plaintiffs' Claim For The Tort Of Outrage........................................................................................18

        1.    Evidence Shows That the City Defendants Knew or Should Have Known That The Release of The Offense Report Would Inflict Emotional Distress Upon Plaintiffs. ..........................................18

        2.    The City Defendants' Conduct Was Extreme And Outrageous. ..............19

        3.    Plaintiffs Suffered Emotional Distress That No One Could Be Expected To Endure...................................................................20

    D.    The City Defendants' Contention That They Complied With The FOIA Does Not Preclude A Finding That As A Matter Of Law, The City

        Defendants Engaged In Intentional Torts Aimed at Plaintiffs.............................21

   E.      The Arkansas Appellate Court's Finding in *Duggar* is Irrelevant.........................22

   F.      The City Defendants Are Not Entitled To Immunity. ...........................................22

V.    CONCLUSION..............................................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Addington v. Wal-Mart Stores, Inc.*,
    81 Ark. App. 441 (2003) ................................................................................................13, 16

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ................................................................................................................11

*Ark. Gazette Co. v. Goodwin*,
    304 Ark. 204 (1990) ................................................................................................................27

*Baptist Health v. Murphy*,
    365 Ark. 115 (2006) ..........................................................................................................20, 26

*Bartnicki v. Vopper*,
    532 U.S. 514 (2001) ................................................................................................................23

*Coombs v. J.B. Hunt Transp., Inc.*,
    2012 Ark. App. 24 (2012) ................................................................................................ *passim*

*Crockett v. Essex*,
    341 Ark. 558 (2000) ................................................................................................................23

*Duggar v. City of Springdale*,
    2020 Ark. App. 220 (2020) .....................................................................................................27

*In re Dunbar*,
    446 B.R. 306 (E.D. Ark. Bkr. 2011) ................................................................................13, 17

*Fast v. Southern Union Co., Inc.*,
    149 F.3d 885 (8th Cir. 1998) ..................................................................................................11

*Fletcher v. Price Chopper Foods of Trumann, Inc.*,
    220 F.3d 871 (8th Cir. 2000) ...........................................................................11, 13, 14, 16

*Hamaker v. Ivy*,
    51 F.3d 108 (8th Cir. 1995) ....................................................................................................24

*Hopkins v. City of Brinkley*,
    2014 Ark. 139 (2014) ..............................................................................................................23

*Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ................................................................................................................11

*McCambridge v. City of Little Rock,*
    298 Ark. 219 (1989)................................................................23

*Michaels v. Internet Entertainment Grp., Inc.,*
    5 F. Supp. 2d 823 (C.D. Cal. 1998) ........................................22

*Peter v. Wedl,*
    155 F.3d 992 (8th Cir. 1998) ................................................11

*Time, Inc. v. Firestone,*
    424 U.S. 448 (1976)................................................................22

*U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press,*
    489 U.S. 749 (1989)................................................................26

*Wal-Mart Stores, Inc. v. Lee,*
    348 Ark. 707 (2002)..........................................................14, 16

*Williams v. Am. Broad. Cos., Inc.,*
    96 F.R.D. 658 (W.D. Ark. 1983) ............................................12

*Young v. Rice,*
    308 Ark. 593 (1992)................................................................27

**Statutes**

Ark. Code Ann. § 9-27-09 ...........................................................17

Ark. Code Ann. § 9-27-309 .........................................................22

Ark. Code Ann. § 9-27-309 .....................................................22, 24

Ark. Code Ann. §§ 16-90-1104 ..............................................10, 15

Ark. Code Ann. §§ 16-90-1104(b), 12-18-101 *et seq.*......................22

Freedom of Information Act ..........................................................6

**Other Authorities**

Abby Ohlheiser, *Josh Duggar molested four of his sisters and a babysitter,*
    *parents tell Fox News*, WASHINGTON POST, June 4, 2015 ...................25

## I.       <u>INTRODUCTION</u>

This case stems from Defendants' unauthorized release of confidential records containing the intimate details concerning sexual molestation that Plaintiffs suffered at the hands of their older brother when they were minor children.  Defendants' disclosure led to *In Touch Weekly* featuring the confidential information about Plaintiffs' sexual abuse in a magazine article that reached millions.  Unsurprisingly, unwarranted, outrageous public shaming and embarrassment ensued, which continues to haunt Plaintiffs to this day.

Material issues of fact exist regarding Plaintiffs' tort claims, all of which must be decided by a jury.  The following facts are undisputed:



[REDACTED]

Despite all of this, the City Defendants argue that there are no facts—even when construed in the light most favorable to Plaintiffs—that would support Plaintiffs' claims for invasion of privacy and tort of outrage. But this argument ignores both the facts and law. Start with Plaintiffs' first invasion of privacy claim for intrusion upon seclusion. There is a triable issue as to whether Mr. Cate and Ms. O'Kelley believed or were substantially certain they lacked the authority to release the Offense Report. [REDACTED] Next consider Plaintiffs' second invasion of privacy claim for public disclosure of private facts. [REDACTED] Nor is there any question Plaintiffs create a triable issue on the private facts part of this claim, as the shoddy redactions in the Offense Report left significant identifying private information available for the world to see for the first time. Finally, take Plaintiffs' outrage claim. Again, the City Defendants overstate the requisite intent. Contrary to their assertion, all Plaintiffs must show is that they knew or should have known that their conduct would naturally and probably result in emotional distress. And this issue is for a jury, too.

Simply put, the City Defendants ask the Court to outright ignore, if not excuse, their crass and unacceptable actions aimed at Plaintiffs who are minor victims of incestuous sexual abuse. The City Defendants' cynicism and callousness should not be rewarded. This case must be sent to a jury, and the City Defendants' motion must be denied.

## II.      FACTUAL BACKGROUND[1]

### A.      Investigation into Plaintiffs' Sexual Assault



### B.      Tabloid Publication of the City Defendants' "Redacted" Incident Report

---

[1] For sake of brevity, Plaintiffs incorporate herein by reference the procedural history set forth in their opposition to the County Defendants' motion for summary judgment.  (Dkt. 149.)





**C.**   <u>**Public Backlash After the Release of the Offense Report**</u>

On the same day, Judge Zimmerman, a juvenile court judge for the Circuit Court of Washington County, Arkansas ruled that the City's Offense Report should be destroyed in order to protect the identity of the victims, one of whom was still a minor.  (*Id.* ¶ 44.)  Judge Zimmerman pointed specifically to Arkansas Code Annotated section 16-90-1104's prohibition against law enforcement disclosure of information "directly or indirectly identifying the victim of a sex [crime]."  (*Id.*)

III.   **LEGAL STANDARD**

Summary judgment is only proper when the record shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Fast v. Southern Union Co., Inc*., 149 F.3d 885, 889 (8th Cir. 1998).  "At the summary judgment stage, the court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter.  Rather, the court's function is to determine whether a dispute about material fact is genuine."  *Peter v. Wedl*, 155 F.3d 992, 996 (8th Cir. 1998) (quoting *Quick v. Donaldson Co.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996)).  A genuine issue of material fact exists if: "(1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party."  *Peter*, 155 F.3d at 996  (quoting *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995)).  All factual inferences must be resolved in favor of the non-movant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant.  *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

IV.   **ARGUMENT**

A.   **The Evidence Supports a Finding That the City Defendants Intruded Upon Plaintiffs' Privacy.[2]**

To prevail on an invasion of privacy—intrusion upon seclusion, a plaintiff must prove: "(1) an intrusion (2) that is highly offensive (3) into some matter in which a person has a legitimate expectation of privacy."  *Fletcher v. Price Chopper Foods of Trumann, Inc.*, 220 F.3d

---

[2] Throughout their Motion, the City Defendants repeatedly overstate the intent that Plaintiffs must establish on their three remaining tort claims.  This misdirection is telling but unavailing. Plaintiffs' discussion of their claims below contains the correct statement of the law.

871, 875-76 (8th Cir. 2000) (citing *Williams v. Am. Broad. Cos., Inc.*, 96 F.R.D. 658, 669 (W.D. Ark. 1983)).  Material issues of fact exist for all three elements, which precludes summary judgment on this claim.

                1.       The City Defendants' Action Was An Intrusion.

But that is not the law.  Under Arkansas law, "[a]n intrusion may occur physically *or otherwise*."  *Coombs v. J.B. Hunt Transp., Inc.*, 2012 Ark. App. 24, *5 (2012) (citing Arkansas Model Jury Instructions; Civil 420) (emphasis added); *see also Williams*, 96 F.R.D. at 669 ("This tort requires actions on the defendant's part in the nature of prying or intrusion which is offensive or objectionable to a reasonable person.").  In *Coombs*, the appellate court reversed the trial court's order granting summary judgment on the plaintiff's intrusion upon seclusion claim, stating that "protection is afforded not just for the physical realm but for a person's emotional sanctum and to safeguard the notions of civility and personal dignity."  *Id.*  The *Coombs* court found that a factual issue existed on the plaintiff's intrusion upon seclusion claim when the defendants encroached upon the plaintiff's "personal dignity" while the plaintiff was intoxicated in his shared hotel room by inviting others to look at him in his debilitated state and subjecting him to ridicule.  *Id.* at *6.  Importantly, and contrary to the City Defendants' cramped reading, this finding was not limited to a physical, sensory, or investigatory intrusion.  *See id.* at *5 (citing *Sanders v. Am. Broadcasting Cos.*, 20 Cal. 4th 907, 909 (1999)).

       The evidence supports a finding that the City Defendants intruded upon Plaintiffs' seclusion by violating Plaintiffs' "emotional sanctum" and "notions of civility and personal dignity." *See id.*, at *5.  As a matter of common sense, revealing garish details about one's sexual abuse as a minor, which were obtained under the promise of confidentiality, violates a person's emotional sanctum and the notions of personal dignity.  The cases cited in the motion do not preclude a finding that the City Defendants, in releasing the intimate details about

Plaintiffs' sexual abuse to the media, intruded upon Plaintiffs' emotional sanctum and personal dignity. (*See* Mot. at 8, 9.)  For example, the City Defendants did not merely "disclose private information" as the defendant in *Dunbar* who failed to redact the plaintiff's date of birth and health information in its proof of claim filed with the bankruptcy court.  *In re Dunbar*, 446 B.R. 306, 308 (E.D. Ark. Bkr. 2011).

████████████████████████████████

*See In re Dunbar*, 446 B.R. at 313-14 (unreasonable intrusion upon seclusion requires "a specific intrusive action as opposed to disclosing private information"); *see also Fletcher*, 220 F.3d at 876 (a jury could find defendant's conduct intrusive when defendant misrepresented to a nurse to obtain a confidential medical information about plaintiff). Construing all facts in favor of Plaintiffs, a jury could find that the City Defendants took a specific intrusive action against Plaintiffs.

2.  <u>The Intrusion Was Highly Offensive to Any Reasonable Person.</u>

████████████████████████████████

This argument has no merit.  As stated above, Arkansas law has defined "intrusion" for purposes of this tort as a conduct that violates an "emotional sanctum" and "notions of civility and personal dignity."  *Coombs*, 2012 Ark. App. 24, *5.

A jury could find that the release of sensitive, lurid details of sexual abuse that was obtained from minor children under the promise of confidentiality is highly offensive to any reasonable person.  It does not take an expert to determine that an unauthorized disclosure of graphic details concerning one's sexual abuse would be highly offensive to anyone.  Moreover, Arkansas courts have upheld far less intrusive conduct to be "highly offensive."  *See, e.g.*, *Addington v. Wal-Mart Stores, Inc.*, 81 Ark. App. 441, 456 (2003) (reversing order granting summary judgment and finding that factual issues exist on whether search of employee's home

for stolen goods constituted intrusion upon seclusion); *Wal-Mart Stores, Inc. v. Lee*, 348 Ark. 707, 724-25 (2002) (substantial evidence supported a jury's finding that employer's search of stolen goods at employee's home constituted intrusion upon seclusion); *Coombs*, 2012 Ark. App. 24, *5 (subjecting a person to ridicule while he was intoxicated in a shared hotel room was highly offensive). The City Defendants failed to establish that in construing all facts in Plaintiffs' favor, there is no genuine dispute that the City Defendants' intrusion was highly offensive to any reasonable person. Common sense and Arkansas law dictate otherwise.

3. <u>The Evidence Supports That The City Defendants Believed Or Were Substantially Certain That They Did Not Have The Legal Authority To Release The Offense Report.</u>

An intrusion occurs when an actor "believes, or is substantially certain, that he lacks the necessary legal or personal permission to commit the intrusive act." *Fletcher*, 220 F.3d at 876 (citing *O'Donnell v. United States*, 891 F.2d 1079, 1083 (3d Cir. 1989)). Even assuming that the City Defendants relied on legal counsel's opinions in releasing the Offense Report, nothing in Arkansas law suggests that advice of counsel provides a defense to this tort. Based on the undisputed facts, a jury could find that the City Defendants rushed the release of the Offense Report because they believed that they did not have the legal authority to do so.



[redacted]

[REDACTED]

Their

contrary arguments are nothing more than advocate afterthoughts. Under these circumstances, a jury could find that the City Defendants believed or were substantially certain that they did not have the legal authority or permission to release the Offense Report.

             4.     <u>Plaintiffs Had a Legitimate Expectation of Privacy in The Details Concerning Their Sexual Abuse.</u>

[REDACTED]

This cynical claim is also without merit.

The plaintiff in an invasion-of-privacy case must have conducted himself or herself in a manner consistent with an actual expectation of privacy. *Lee*, 348 Ark. at 727 (citations omitted). It is the expectation of privacy that is the "touchstone" of a claim for intrusion upon seclusion. *Id*. at 720; *Addington*, 81 Ark. App. at 456. And, privacy "is not a binary, all-or-nothing characteristic." *Coombs*, 2012 Ark. App. 24, *5. "A person's visibility to some does not necessarily strip him of the right to remain secluded from others." *Id*. at *5 (citations omitted). As the Arkansas appellate court stated in *Coombs*, "There are degrees and nuances to societal recognition of our expectations of privacy: the fact that the privacy one expects in a given setting is not complete or absolute does not render the expectation unreasonable as a matter of law." *Id*. at **5-6.

[REDACTED]



Because genuine issues of fact support Plaintiffs' claim for invasion of privacy – intrusion upon seclusion, the City Defendants' motion for summary judgment must be denied.

  **B. <u>The Evidence Supports a Finding That The City Defendants Publicly Disclosed Private Facts.</u>**

   To prevail on an invasion of privacy—public disclosure of private facts claim, a plaintiff must show that the defendant publicized a matter which is "of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." *In re Dunbar*, 446 B.R. at 314. 

None of these offensive arguments have merit. The evidence supports a finding that the City Defendants publicly disclosed private facts about Plaintiffs that were highly offensive and not of legitimate concern to the public.

    1.  <u>Material Issues of Fact Support a Finding That the City Defendants Publicly Disclosed Private Facts About Plaintiffs.</u>

These undisputed facts support a finding that the City Defendants disclosed information about Plaintiffs, even with the purported redactions.

  Nor does the fact that the molestation was known to some people foreclose a finding that the disclosed matter was private.

But, a genuine dispute exists on whether the disclosed matter was private, and neither of these facts conclusively proves otherwise.



2. <u>Undisputed Facts Support A Finding That The City Defendants Believed Or Were Substantially Certain That They Were Publicly Disclosing A Private Information.</u>

Under Arkansas law, "intentional torts involve consequences which the actor believes are substantially certain to follow his actions." *Baptist Health v. Murphy*, 365 Ark. 115, 123 (2006) (citing *Miller v. Ensco, Inc.*, 286 Ark. 458, 460 (1985)).

But the relevant inquiry is not whether the City Defendants intended to violate the law; rather, it is whether the City Defendants believed or were substantially certain that they were disclosing a private fact about Plaintiffs.

Genuine issues of dispute exist as to whether the City Defendants actually believed their disclosure was permitted by the law.

On the other hand, ample evidence supports an inference that the City Defendants believed or were substantially certain that they were publicly disclosing private facts about Plaintiffs.

A jury could easily find that the City Defendants believed or were substantially certain that their release of the Offense Report—which was being released pursuant to the FOIA request about Josh Duggar and his family—would publicly disclose the confidential details contained in the Offense Report.

In any event, as a matter of law, even if the City Defendants believed their actions complied with Arkansas law, it does not preclude a finding that the City Defendants believed or were substantially certain that they were publicly disclosing private facts about Plaintiffs.

### 3. The Public Did Not Have a Legitimate Concern In The Sensitive Details Contained In The Offense Report.

The City Defendants contend that the matters contained in the Offense Report was disclosed pursuant to a FOIA request and therefore of a legitimate public concern. This argument defies common sense and the law.

The City Defendants' motion fails to establish that the disclosed matters were of a legitimate public concern. (*See* Mot. at 19-20.) Under Arkansas law, the following factors may weigh in on whether the disclosed matter was of a legitimate public concern: (1) the social value of the fact published; (2) the depth of the intrusion into a plaintiff's private affairs; (3) the extent

to which a plaintiff voluntarily placed herself into a position of public notoriety; (4) the nature of the state's interest in preventing the disclosure; and (5) whether the fact publicized concerned events that occurred in the past.  Ark. Model Jury Instruction; Civil 422.  None of the factors suggests that the matters contained in the Offense Report was of a legitimate public concern.

█████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████ The fact that Josh Duggar was charged with a federal crime over six years after the release of the Offense Report does not suggest that the Offense Report was of a legitimate public concern at the time of the disclosure.

And, as described above, there is no evidence even remotely suggesting that Plaintiffs voluntarily disclosed their molestation and its details prior to the release. ██████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████ *See Michaels v. Internet Entertainment Grp., Inc.*, 5 F. Supp. 2d 823, 841-42 (C.D. Cal. 1998) (broadcast of videotape recording of sexual relations between famous actress and rock star not a matter of legitimate public concern); W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser & Keeton on Law of Torts § 117, p. 857 (5th ed. 1984) (stating that there is little expectation of privacy in mundane facts about a person's life, but that "portrayal of ... intimate private characteristics or conduct" is "quite a different matter"); *Time, Inc. v. Firestone*, 424 U.S. 448, 454-55 (1976) (despite interest of public, divorce of wealthy person not a "public controversy").

Moreover, the public interest in disclosure of public record embodied in the FOIA does not override the state interest in preventing disclosure of the identity of sex crime victims. Indeed, the disclosure was prohibited by the law.  *See* Ark. Code Ann. §§ 16-90-1104(b), 12-18-101 *et seq.*, Ark. Code Ann. § 9-27-309 *et seq.*  And, pursuant to Arkansas law, FINS hearings are closed to the public, and all records are confidential.  Ark. Code Ann. § 9-27-309.

████████████████████████████████████████████████████

████████████████████████████████████████████████████ Certainly, disclosing

the details of sexual abuse that one suffered as a child is far more humiliating than a disclosure of

a person's home address in *Hopkins v. City of Brinkley*, 2014 Ark. 139 (2014); s*ee also Bartnicki*

*v. Vopper*, 532 U.S. 514, 533 (2001) ("some intrusions on privacy are more offensive than

others"); *Hopkins*, 2014 Ark. 139, 9 (person has privacy in matters "that the individual wants to

[keep] and has kept private or confidential . . . and that to a reasonable person would be harmful

or embarrassing if disclosed.").  Moreover, the public had no interest in disclosure of the

sensitive details about Plaintiffs' molestation, as it did in the disclosure of private matters in

*McCambridge v. City of Little Rock*, 298 Ark. 219, 230-31 (1989), which was disclosed by the

government to depict how the crime occurred, why the police considered the case closed, and

why no further government action should be taken.  (*See* Mot. at 20). ████████████████

███████████████████████████████████████████████████

███████████  This claim also must be heard by a jury.

### C. Material Issues Of Fact Support Plaintiffs' Claim For The Tort Of Outrage.

To prevail on a tort of outrage claim, a plaintiff must prove: (1) the actor intended to

inflict emotional distress or knew or should have known that emotional distress was the likely

result of his conduct; (2) the conduct was "extreme and outrageous," was "beyond all possible

bounds of decency," and was "utterly intolerable in a civilized community"; (3) the actions of the

defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by

the plaintiff was so severe that no reasonable person could be expected to endure it.  *Crockett v.*

*Essex*, 341 Ark. 558, 563 (2000).  Material issues fact support each of the elements, which

precludes summary judgment.

### 1. Evidence Shows That the City Defendants Knew or Should Have Known That The Release of The Offense Report Would Inflict Emotional Distress Upon Plaintiffs.

The evidence supports a finding that the City Defendants knew or should have known

18

that the release of the Offense Report would inflict emotional distress upon Plaintiffs.

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ Critically here, under

Arkansas law, FINS hearings are closed to the public, and all records are confidential.  Ark.

Code Ann. § 9-27-309.

As a matter of common sense, the disclosure to the world of lurid details about sexual

abuse against her will would cause severe emotional distress to anyone.



2.      The City Defendants' Conduct Was Extreme And Outrageous.

This case presents a textbook tort of outrage.  The public disclosure of the intimate details

of the minor victims' sexual molestation, which were only provided to the authorities under the

promise of confidentiality, amounts to conduct that goes beyond all possible bounds of decency.

*Hamaker v. Ivy*, 51 F.3d 108, 110 (8th Cir. 1995) (tort of outrage involves "conduct that is

so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society")(citations omitted).  Notably, some news outlets, including The Associated Press and The Washington Post, refrained from publishing the specific details from the Offense Report, recognizing that the disclosure is extreme and outrageous.  (Abby Ohlheiser, *Josh Duggar molested four of his sisters and a babysitter, parents tell Fox News*, WASHINGTON POST, June 4, 2015, https://www.washingtonpost.com/news/acts-of-faith/wp/2015/06/03/what-to-expect-from-the-fox-news-interview-with-josh-duggars-parents/.)  While the tort of outrage must be determined on a case-by-case basis, it does not take an expert to conclude that the City Defendants' improper disclosure amounted to an utterly atrocious, outrageous conduct that should not be tolerated in a civilized society.

        3.     <u>Plaintiffs Suffered Emotional Distress That No One Could Be Expected To Endure.</u>

The evidence also supports a finding that Plaintiffs sustained the type of emotional distress "so severe that no reasonable person could be expected to endure it." *Coombs*, 2012 Ark. App. 24 at *9.  The disclosure of intimate details about one's sexual abuse as a minor would be intolerably humiliating to anyone. A reasonable jury could find that as a result of the City Defendants' disclosure, Plaintiffs sustained

emotional distress that no reasonable person could be expected to endure.  Because these factual issues remain, a jury must hear Plaintiffs' claim for the tort of outrage.

### D. The City Defendants' Contention That They Complied With The FOIA Does Not Preclude A Finding That As A Matter Of Law, The City Defendants Engaged In Intentional Torts Aimed at Plaintiffs.

The City Defendants' contention that they released the Offense Report pursuant to the FOIA does not shield them from liability for their intentional torts. ████████████

████████████████████████████████████████████████████████ The City Defendants' disingenuous contention that they believed the FOIA required them to release the Offense Report does not preclude a finding that as a matter of law, the City Defendants committed intentional torts aimed at Plaintiffs.  *See, e.g.*, *U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 763 n.13 (1989) (the statutory meaning under the FOIA is not the same as "the question whether a tort action might lie for invasion of privacy").  Not surprisingly, the City Defendants fail to cite any law suggesting that compliance with the FOIA provides a defense to intentional tort claims.  Thus, whether the City Defendants complied with the FOIA or believed they were complying with the statute is irrelevant to whether they are liable for intentional torts.

████████████████████████████████████████████████████████ To begin, a genuine dispute exists whether the City Defendants believed or were substantially certain that they did not have the legal authority to release the Offense Report.  (*See supra*, at III.B.2.)  More importantly, Plaintiffs do not need to prove that the City Defendants intended to violate a law.  Plaintiffs' claim is that the City Defendants believed or were substantially certain that their conduct would invade Plaintiffs' privacy and inflict emotional distress upon them.  *See Murphy*, 365 Ark. at 123.  As described above, the evidence supports a finding that the City Defendants believed or were substantially certain that the release of the Offense Report would invade Plaintiffs' privacy and inflict emotional distress upon them.

Even if their intent to comply with the FOIA can negate the intent required for an intentional tort (it cannot), the scope of FOIA is not unfettered as the City Defendants claim. The City Defendants' suggestion that the FOIA required them to release the Offense Report is simply untrue.  The Arkansas Supreme Court has denied a disclosure pursuant to the FOIA when the disclosure would constitute an unwarranted invasion of privacy.  *See Young v. Rice*, 308 Ark. 593, 597 (1992).  In *Young v. Rice*, the Arkansas Supreme Court held that when a release of the record pertaining to an individual "might subject the person to embarrassment, harassment, disgrace," the public policy behind the FOIA does not outweigh an individual's right to privacy. *Id.* at 598; *see also Ark. Gazette Co. v. Goodwin*, 304 Ark. 204, 285 (1990) (public interest in disclosure under FOIA must yield to constitutional rights).  The City Defendants' reliance on the FOIA is misguided.

> **E.      The Arkansas Appellate Court's Finding in *Duggar* is Irrelevant.**

The Arkansas Court of Appeals' finding in *Duggar v. City of Springdale*, 2020 Ark. App. 220 (2020) is not binding on this Court and has no preclusive effect.  To the extent that the City Defendants' motion relies on the Arkansas Court of Appeals' ruling in *Duggar*, Plaintiffs incorporate their argument set forth in their opposition to the County Defendants' motion for summary judgment.  (Dkt. 149, at 18-19.)

> **F.      The City Defendants Are Not Entitled To Immunity.**

Finally, the City Defendants' argument that they are entitled to qualified, statutory, and vicarious liability (Mot. at 24) is unwarranted by existing law and presented for an improper purpose of causing an unnecessary delay.  Plaintiffs incorporate herein by reference their argument concerning Defendants' statutory, absolute, qualified, and vicarious immunity set forth in their opposition to the County Defendants' motion for summary judgment.  (Dkt. 149, at 8-18.)

## V.    CONCLUSION

Construing all facts in Plaintiffs' favor, there is more than sufficient evidence from which a jury could find for Plaintiffs on each of their claims.  The Court should deny the City

Defendants' motion for summary judgment.

Respectfully submitted,

By: _/s/ Steven E. Bledsoe_

Stephen G. Larson (admitted *pro hac vice*)
*slarson@larsonllp.com*
Steven E. Bledsoe (admitted *pro hac vice*)
*sbledsoe@larsonllp.com*
Jen C. Won (admitted *pro hac vice*)
*jwon@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Shawn B. Daniels (Ark. Bar No. 99126)
*shawn@danielsfirm.com*
DANIELS FIRM
129 W. Sunbridge Drive
Fayetteville, AR 72703
Telephone: (479) 521-7000
Facsimile: (479) 437-2007

Attorneys for Plaintiffs JILL DILLARD, JESSA
SEEWALD, JINGER VUOLO, and JOY
DUGGAR