IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JILL DILLARD, JESSA SEEWALD,
JINGER VUOLO, and JOY DUGGAR,

              Plaintiff,

CITY OF SPRINGDALE; WASHINGTON
COUNTY; KATHY O'KELLEY; ERNEST
CATE; RICK HOYT; STEVE ZEGA;
BAUER PUBLISHING COMPANY, L.P.;
BAUER MAGAZINE, L.P.; BAUER MEDIA
GROUP, INC.; BAUER, INC.; HEINRICH
BAUER NORTH AMERICA, INC.; BAUER
MEDIA GROUP USA, LLC; and DOES 1-10,
inclusive,

              Defendant.

Case No.: 5:17-CV-05089-TLB

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE IN SUPPORT OF CITY OF SPRINGDALE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs hereby object to the evidence submitted in support of the City of Springdale

Defendants' motion for summary judgment (Dkt. 141 Exs. 1 (Dkt. 141-1), 3 (Dkt. 139-8), 5

(Dkt. 139-10), 6 (Dkt. 139-11)) on the grounds that those evidence is inadmissible under the

Federal Rules of Evidence.

## I.    <u>DECLARATION OF EARNEST CATE (DKT. 141-1)</u>

Plaintiffs object to the declaration of Earnest Cate ("Cate Declaration") on the grounds

that it contains an improper opinion testimony and a legal conclusion (*See* Cate Aff. ¶¶ 3, 6, 15.)

The portions of the Cate Declaration containing legal conclusion and improper opinion testimony

are not admissible.  Fed. R. Evid. 401, 402, 701, 704.

## II.  <u>DECLARATION OF KATHY O'KELLEY (DKT. 141-2)</u>

Plaintiffs object to the declaration of Kathy O'Kelley ("O'Kelley Declaration") on the grounds that it contains hearsay (*see* O'Kelley Aff. ¶¶ 6, 7, 10, 12, 14), an improper opinion testimony and a legal conclusion (*see id*. ¶¶ 15, 17).  The portions of the O'Kelley Declaration containing hearsays, legal conclusions, and improper opinion testimony and are not admissible. Fed. R. Evid. 401, 402, 701, 704.

## III.  <u>DECLARATION OF RON HRITZ (DKT. 141-9)</u>

Plaintiffs object to the declaration of Ron Hritz ("Hritz Declaration") on the grounds that it contains an improper opinion testimony (*see* Hritz Aff. ¶ 13).  Hritz's improper opinion testimony is not admissible.  Fed. R. Evid. 401, 402, 702.

## IV.  <u>DECLARATION OF LESTER COGER (DKT. 141-11)</u>

Plaintiffs object to the declaration of Lester Coger ("Coger Declaration") on the grounds that it contains an improper opinion testimony (*see* Coger Decl. ¶¶ 13, 14) and violates the best evidence rule (*see id.*, ¶¶ 10-14).  The portions of the Coger Declaration containing hearsay statements and the testimony violating the best evidence rule are not admissible.  Fed. R. Evid. 801, 1002.

## V.  <u>AFFIDAVIT OF SHERRL COLVILLE (DKT. 141-12)</u>

Plaintiffs object to the affidavit of Sherrl Colville ("Colville Affidavit") on the grounds that it includes an improper opinion testimony (*see* Colville Affidavit, ¶¶ 1, ) and hearsay (*see id.*, ¶¶ 5, 7, 8).  The portions of the Colville Affidavit containing an improper opinion testimony and hearsay are inadmissible.  Fed. R. Evid. 401, 402, 701, 804.

## VI.  <u>DECLARATION OF MIKE PETERS (DKT. 141-13)</u>

Plaintiffs object to the declaration of Mike Peters ("Peters Declaration") on the grounds

that it violates the best evidence rule (*see* Peters Decl. ¶¶ 7-9).  The testimony violating the best evidence rule contained in the Peters Declaration are not admissible.  Fed. R. Evid. 1002.

## VII.   AFFIDAVIT OF ABTIN MEHDIZADEGAN (DKT. 141-14)

Plaintiffs object to the affidavit of Abtin Mehdizadegan ("Mehdizadegan Affidavit") on the grounds that it includes an improper opinion testimony (*see* Mehdizadegan Affidavit, ¶¶ 7, 9, 11), hearsay (*see id.*, ¶¶ 6, 7, 8, 10), and an improper legal conclusion (*id.* ¶ 13).  The portions of the Mehdizadegan Affidavit containing an opinion, hearsay, or legal conclusion are inadmissible. Fed. R. Evid. 401, 402, 701, 704, 801.

## VIII.   DECLARATION OF TANDRA BARNFIELD (DKT. 141-15)

Plaintiffs object to the declaration of Tandra Barnfield ("Barnfield Declaration") on the grounds that it lacks foundation (*see* Barnfield Decl., ¶ 2) and includes an improper opinion testimony (*see id.*, ¶ 2) and hearsay (*see id.*, ¶ 5).  The portions of the Barnfield Declaration that lacks foundation and contain an improper opinion testimony and hearsay are inadmissible.  Fed. R. Evid. 401, 402, 602, 701, 804.

Respectfully submitted,


By: */s/ Steven E. Bledsoe*
    Stephen G. Larson (admitted *pro hac vice*)
    *slarson@larsonllp.com*
    Steven E. Bledsoe (admitted *pro hac vice*)
    *sbledsoe@larsonllp.com*
    Jen C. Won (admitted *pro hac vice*)
    *jwon@larsonllp.com*
    **LARSON LLP**
    555 South Flower Street, Suite 4400
    Los Angeles, California 90071
    Telephone: (213) 436-4888
    Facsimile: (213) 623-2000

    Shawn B. Daniels (Ark. Bar No. 99126)
    *shawn@danielsfirm.com*
    DANIELS FIRM
    129 W. Sunbridge Drive
    Fayetteville, AR 72703
    Telephone: (479) 521-7000
    Facsimile: (479) 437-2007

    Attorneys for Plaintiffs JILL DILLARD, JESSA
    SEEWALD, JINGER VUOLO, and JOY
    DUGGAR