IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JILL DILLARD, JESSA SEAWALD,
JINGER VUOLO, and JOY DUGGAR                           PLAINTIFFS

VS.                           NO. 17-CV-05089-TLB

CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
KATHY O'KELLEY, in her individual
and official capacities;
RICK HOYT, in his individual and official capacities;
STEVE ZEGA, in his official capacity;
BAUER PUBLISHING COMPANY, L.P.;
BAUER MAGAZINE L.P.;
BAUER MEDIA GROUP, L.P.;
BAUER, INC.;
HENRICH BAUER NORTH AMERICA, INC.;
BAUER MEDIA GROUP USA, LLC; and
DOES 1-10, inclusive                                   DEFENDANTS

REPLY TO RESPONSE TO DEFENDANTS'
JOINT MOTION FOR JUDGMENT ON THE PLEADINGS

I. INTRODUCTION

There has been, to the undersigned counsel's knowledge, only one reported case in the history of Arkansas jurisprudence that has ever discussed, analyzed or ruled on a claim of the tort of invasion of privacy by public disclosure of private facts (one of the Plaintiffs' three remaining claims in this case). That same case is also the only case included in the annotations to Ark. Code Ann. §12-18-10, the "Confidentiality" provisions in the Child Maltreatment Act (and one of the statutes cited by the Plaintiffs in this case as a basis for their claim). That same case also appears to be the most recent ruling by any Arkansas appellate court on the invasion of privacy claims raised by the Plaintiffs in this case. That same case also addressed a challenge, under the exact same legal theories advanced in this case, to the exact same records disclosure (redacted in exactly the same way) challenged in this case. That same case was appealed to the Arkansas Supreme Court, which Court rejected the appeal, presumably because the opinion of the Court of Appeals was, as a matter of law, correct.

In response to the case referenced in the preceding paragraph, *Duggar v. City of Springdale*,

2020 Ark.App. 220, and the Defendants' joint motion for judgment on the pleadings based on that opinion, the Plaintiffs ultimately, and incredibly, conclude that the *Duggar* case "has no bearing on this case." Doc. # 148, p. 10. The Defendants respectfully disagree. For the reasons set out below, and in their motion, the *Duggar* opinion controls and should dictate the result in this case.

## II.  ARGUMENT

The Plaintiffs response to the Defendants' joint motion for judgment on the pleadings actually does very little responding to the Defendants' substantive arguments, opting instead (1) to recast the Defendants' motion through the use of several "straw man" arguments in an effort to minimize the impact of the *Duggar* opinion (and the Arkansas Supreme Court's implicit affirmance) and (2) to make attempts at distinction between the *Duggar* case and their case. Ultimately, though, these arguments cannot overcome the holdings and precedential authority of the *Duggar* opinion, which should, respectfully, control and dictate the dismissal of the Plaintiffs' Complaint on the pleadings in this case

**A.    Plaintiffs' Attempts to Recast the Defendants' Joint Motion For Judgment on the Pleadings are Irrelevant and Immaterial "Straw Man" Arguments**

The Plaintiffs' Response to the Defendants' Joint Motion for Judgment on the Pleadings (Doc. ## 147-148) attempts to recast Defendants' Motion for Judgment on the Pleadings in at least two ways. First, the Plaintiffs attempts to recast the Defendants' motion as one for reconsideration rather than for judgment on the pleadings, presumably because the Plaintiffs believe that a higher standard governs motions for reconsideration than motions for judgment on the pleadings. That is not accurate in the unique context of this case, however, and, at most, creates a distinction without a difference.

The Plaintiffs assert that the Defendants' motion is one for reconsideration because the Defendants in this case are attempting to introduce "a new fact - the [*Duggar v.]Springdale* decision." Doc. # 148, p. 8. The *Duggar* opinion, however, is not really a "fact" at all - it is a precedential decision of law issued by the Arkansas Court of Appeals after this Court's previous ruling on the pleadings and is unquestionably entitled to some level of deference in this Court's decision of this case. The level of deference owed by this Court to the *Duggar* opinion (persuasive, controlling, or

somewhere in between) is informed by the doctrine of stare decisis, the procedural posture of this case (a federal court interpreting mostly or entirely novel questions of state law), and the appellate history of the *Duggar* case (where the Arkansas Supreme Court rejected an appeal of the *Duggar* opinion, presumably because it thought the opinion was correct as a matter of law[1]).  The Plaintiffs' argument that the Defendants' motion is one for reconsideration, therefore, argues for, a most, a distinction without a difference.

Of course, the Defendants are aware of the Court's prior ruling on their motions to dismiss (and did, contrary to the Plaintiffs' unfounded and pejorative assertions, "bother to read" the Court's prior holding), but the law governing the Plaintiffs' Complaint in this case has since been stated for the first time, developed, and/or clarified by the Arkansas courts.  Based on these statements, developments, and/or clarifications, the Defendants now respectfully contend that the Plaintiffs' Complaint is subject to dismissal as a matter of law.  However the Court labels the Defendants' motion, the Court must, respectfully, engage in the same analysis, determining whether the Plaintiffs' Complaint states a plausible claim for relief under the law stated, developed, and/or clarified by the *Duggar* opinion ***unless*** the Court determines that the *Duggar* did not state, develop, and/or clarify the law relative to this case ***at all***.  As manifestly false as that notion appears to be, it is apparently the Plaintiffs' argument, as they assert that the *Duggar* opinion has "no bearing" on this case.  The Defendants respectfully disagree and contend that the Court should analyze the effect of the *Duggar* opinion on the analysis of the Plaintiffs' Complaint in this case (at least to the extent the Court believes the *Duggar* opinion to have some "bearing" on this case), which the Defendants believe to be governing and dispositive.

The Plaintiffs also attempt to recast the Defendants' Motion for Judgment on the Pleadings as res judicata and/or collateral estoppel arguments, presumably because that "straw man" argument is much easier to argue against (since these Plaintiffs were not parties to the *Duggar* case and, thus, had

---

[1] The Plaintiffs do not mention, and certainly do not discuss, what inferences should be drawn from the Arkansas Supreme Court's decision to reject the appeal of the *Duggar* opinion, presumably because only one inference can be drawn, namely, that the Supreme Court agreed with the opinion.

not opportunity to litigate their claims in that suit) than the stare decisis / *Erie* arguments actually advanced by the Defendants.  To be clear, the Defendants did not make a res judicata and/or collateral estoppel and make no argument in this reply for claim or issue preclusion; rather, they assert simply and respectfully that the law  stated, developed, and/or clarified by the *Duggar* opinion governs in this case and dictates, under the doctrine of stare decisis and the *Erie* doctrine, that the Plaintiffs' Complaint is subject to dismissal as a matter of law.

**B.**     **Plaintiffs' Attempts to Distinguish This Case From *Duggar* Are Inaccurate, Barred, and/or Do Not Change the Outcome**

In addition to their unfounded argument that the *Duggar* opinion "has no bearing" on this case, the Plaintiffs also make several arguments attempting to distinguish this case from *Duggar,* notably by resort to factual comparisons wholly outside of the analysis conducted by the *Duggar* court.  In fact, in the sections of their response discussing the purported distinctions between this case and *Duggar* (Doc. # 148, §§ B &C, pp. 8-13), the Plaintiffs (1) barely discuss (in § B relating to purported factual distinctions) and/or dismiss (in § C relating to purported legal distinctions) the actual holdings by the *Duggar* court and/or their underlying bases and (2) admit, on several occasions, that the purported distinctions raised in their response were ***not*** discussed or analyzed by the *Duggar* court.  See Doc. # 148, e.g., p. 9 (neither the Arkansas Court of Appeals nor Defendants here make mention of these ... differences").  The Plaintiffs appear to contend that the fact the purported distinctions raised in their response were not considered by the *Duggar* court inures to their benefit (as they appear to contend that those purported distinctions must be resolved in the same manner now as when this Court decided the initial motions to dismiss), but this is fundamentally wrong.  Respectfully, *Duggar* controls because, in addition to its precedential authority (certainly heightened by the rejection of Duggar's appeal), the *Duggar* court dismissed the identical claims remaining in this case, based on pleadings, fact, and analyses that apply in the same manner to these Plaintiffs as to *Duggar*[2]; thus, the Plaintiffs' remaining

---

[2] In their response, the Plaintiffs' counsel repeatedly chastises the undersigned counsel for "treating Plaintiffs and Mr. Duggar the same" and words to that effect.  As with virtually all of the Defendants' arguments, however, Plaintiffs' counsel misapprehends the Defendants' assertions about

claims in this case should be dismissed for the same reasons, and on the same bases (without every reaching any of the purported distinctions raised in the Plaintiffs' response), as the same claims in the *Duggar* case.

The Plaintiffs' attempts at distinction are illustrative.  First, in the context of their public disclosure of private facts claim, the Plaintiffs attempt to distinguish the level and nature of public knowledge of the underlying facts of their alleged molestations prior to the challenged disclosures, asserting that prior publicity about Duggar's involvement in and "underage sex probe" does not provide a basis for dismissal of their public disclosure claim.  This attempt at distinction ignores that, like their brother, the Plaintiffs in this case did not attach the redacted investigative reports upon which their complaint was based as exhibits to their complaint (as required by Arkansas law); notably, the Plaintiffs did not dispute this fact or offer any rebuttal or explanation.  *See* Doc. ## 1 & 148.  As such, and like the Court in *Duggar*, this Court cannot determine, at least from the pleadings, what information was contained in the redacted reports and whether they contained private facts.

The Plaintiffs also attempt to distinguish their intrusion upon seclusion claim from *Duggar* by comparison of Duggar's role with their roles in the underlying events, essentially arguing that their intrusion claim is actionable in this case (1) because they are victims and their brother was, allegedly, the perpetrator and (2) because the *Duggar* court's holding that the Arkansas Juvenile Code "does not protect the records" in this case from disclosure is unavailing because the Plaintiffs argue that another statute applies to protect the subject records from disclosure that applies only to victims.  With respect to the victim-perpetrator comparison, and even if the Court were to ignore the constitutional presumption of innocence (Duggar was never arrested or charged, much less convicted, yet the Plaintiffs seek to avail themselves of a broad array of legal authority that would apply only to convicted criminals), this attempt at distinction fails as a matter of law under *Duggar*.  In *Duggar*, the Arkansas

_____

the application of the *Duggar* opinion, which was the subject matter of the motion for judgment on the pleadings.  The Defendants did not "treat Plaintiffs and Mr. Duggar the same" for all purposes - that would be absurd; rather, the Defendants argued that the *Duggar* holdings, and the underlying bases for those holdings, apply equally to the Plaintiffs in this case.

Court of Appeals (with the implicit approval of the Arkansas Supreme Court) never cited Duggar's status as an alleged perpetrator as a basis for any of its holdings.  To the contrary, the *Duggar* court held that Duggar could not establish seclusion, much less intrusion thereon, because he "did not "conduct[] himself in a manner  consistent with an actual expectation of privacy," entirely because "he ***and his family***" were subjects of a reality television series 'from which a certain level of celebrity locally, nationally, and internationally was attributable to ***each and every member of the immediate family***.'"  *See Duggar, supra* (Emphases added).  Duggar's status as the alleged offender was not considered in this regard *at all*.

Likewise, the Plaintiffs' citation to another statute allegedly barring the subject disclosures is of no import as the *Duggar* court deferred on that question, effectively setting aside the questions of whether another statute (there, the Child Maltreatment Act) might bar the subject disclosures, but denying the claim anyway, for reasons that are every bit as applicable to the Plaintiffs in this case as they were to the Plaintiffs' brother in *Duggar*. The Plaintiffs are correct that the holding by the *Duggar* court appears to conflict with this Court's earlier holding in this case, but that is exactly the point.  The Defendants respectfully contend that the Plaintiffs' pleadings should now be considered in the light of the *Duggar* opinion. Since they are in exactly the same position as Duggar with respect to their relative celebrity from reality TV appearances and since the *Duggar* court essentially assumed that the subject disclosures violated Arkansas statute (by deferring the question and never answering it either way), but dismissed the claim anyway (for multiple reasons, any one of which would be sufficient, which apply in the same manner to the Plaintiffs in this case), their intrusion upon seclusion claim should likewise be dismissed.

With respect to their outrage claim, the Plaintiffs also attempt to distinguish this case from the *Duggar* case.  First, they again argue that their status as alleged victims and their brother's status as an alleged perpetrator should distinguish the two cases.  This argument fails, however, because Duggar's status as an alleged offender did not inform the *Duggar* court's dismissal of the outrage claim *at all*. Instead, the Duggar opinion dismissed the outrage because Duggar, like the Plaintiffs in this case,  made

no allegation that any person intended to inflict emotional distress upon them.  Instead, they allege that the City and County Defendants "acted intentionally and unreasonably ***in releasing***" the reports," ***not*** that they intentionally inflicted emotional distress.  Doc. # 1, ¶¶116 & 117 (emphasis added).  Such allegations were not sufficient for the Arkansas Court of Appeals in *Duggar* (or the Supreme Court, which rejected a subsequent appeal) and likewise call for dismissal in this case.

### III.  CONCLUSION

For the reasons set forth herein and in their motion for judgment on the pleadings, the Defendants respectfully request that Plaintiff's Complaint be dismissed on the pleadings.


Respectfully submitted,

Rick Hoyt, et al,
*Defendants*


By:      Jason E. Owens
Jason E. Owens, #2003003
Ark. Bar. No. 2003003
JASON OWENS LAW FIRM, P.A.
**Mailing Address:** P.O. Box 850
Conway, Arkansas 72033-0850
**Physical Address:** 1023 Main Street, Suite 204
Conway, Arkansas 72032
Telephone: (501) 764-4334
Telefax: (501) 764-9173
Email: owens@jowenslawfirm.com

and

Thomas N. Kieklak (Ark. Bar No. 92262)
R. Justin Eichmann (Ark. Bar No. 2003145)
Morgan S. Doughty (Ark. Bar No. 2010158)
HARRINGTON, MILLER, KIEKLAK,
EICHMANN & BROWN, P.A.
4710 S. Thompson, Suite 102
Springdale, AR  72764
Phone: (479) 751-6464
Fax: (479) 751-3715
Email:  mdoughty@arkansaslaw.com
Email:  tkieklak@arkansaslaw.com

E-mail:  jeichmann@arkansaslaw.com

and

Susan Keller Kendall (Ark. Bar No. 98119)
KENDALL LAW FIRM, PLLC
3706 Pinnacle Hills Parkway, Suite 201
Rogers, Arkansas 72758
Phone: (479) 464-9828
Fax: (479) 464-9768
Email:  skk@kendalllawfirm.com

COUNSEL FOR SPRINGDALE
DEFENDANTS