**FILED UNDER SEAL**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR | PLAINTIFFS |
| vs.                             CASE NO. 5:17-5089-TLB | |
| CITY OF SPRINGDALE, ARKANSAS; WASHINGTON COUNTY, ARKANSAS; KATHY O'KELLEY, in her individual and official capacities; ERNEST CATE, in his individual and official capacities; RICK HOYT, in his individual and official capacities; STEVE ZEGA, in his official capacity; And DOES 1-10, inclusive | DEFENDANTS |

**SPRINGDALE DEFENDANTS' RESPONSE TO EVIDENTIARY OBJECTIONS**

COME NOW the Separate Defendants, City of Springdale, Arkansas ("Springdale"), City Attorney Ernest Cate, in his individual and official capacities ("Cate") and retired Springdale Police Chief Kathy O'Kelley, in her individual and official capacities ("O'Kelley"), (collectively the "Springdale Defendants"), by and through their undersigned attorneys, and for their Response to Plaintiffs' Evidentiary Objections to Evidence in Support of Springdale Defendants' Motion for Summary Judgment states as follows:

1.  Separate Defendants deny each and every assertion and objection contained in paragraphs I, II, III, IV, V, VI, VII and VIII of Plaintiffs' Evidentiary Objections to Evidence in Support of Springdale Defendants' Motion for Summary Judgment ("Objections")

2.  Plaintiffs' Objections are merely cavalier assertions that list phrases and numbers from the Federal Rules of Evidence.  In several instances, the objection does not even direct the

1

Court to the allegedly objectionable content, but objects to entire affidavits or declarations, or points to "the portions" of a document that they contend are objectionable. See, e.g. Objections, Paragraphs I, IV.

3.     None of the Plaintiffs' objections contain a legal or factual analysis to justify why the Court should review the information or document. Such pronouncements, made without any analysis and only a simple citation to complicated Federal Rules of Evidence should be denied.

4.     Fed. R. Civ. P. 56(c)(1)(B)(2) provides: "Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."

5.     "The standard is not whether the evidence at the summary judgment stage would be admissible at trial—it is whether it could be presented at trial in an admissible form." *Gannon Int'l, Ltd. v. Blocker,* 684 F.3d 785, 793 (8th Cir. 2012)

6.     All of the testimony submitted by the Springdale Defendants is verified, based upon personal knowledge and admissible at trial. Each fact contained in the verified affidavits, declarations and deposition testimony can and will be made admissible at trial if and when there is a trial in this case, either through the testimony of original declarants or via testimony which is admissible under the Federal Rules of Evidence.

7.     **Declaration of Ernest Cate: (Doc. 141-1)**. The Plaintiffs object to "portions" of Ernest Cate's Declaration on the basis that "portions" contain legal conclusions and improper opinion testimony. In support of their arguments, Plaintiffs rely upon Fed. R. Evid. 401, 402, 701, and 704, none of which supports the exclusion of any portion of Cate's Declaration . As stated in the declaration, Ernest Cate is a licensed attorney with significant experience representing municipalities on various matters including the Arkansas Freedom of Information Act ("FOIA")

and his opinion testimony is admissible pursuant to Fed. R. Evid. 701 (rationally based on his perception and helpful to clearly understanding the witnesses' testimony or determining a fact in issue). Alternatively, it is admissible pursuant to Fed. R. Evid. 703 (expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed.) Fed. R. Evid. 703. The Plaintiffs' reliance upon Fed. R. Evid. 704 is wholly misplaced as it specifically states that "an opinion is **not** objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704 (emphasis added). For the reasons stated herein, the Plaintiffs' objection must be overruled.

8.    **Declaration of Kathy O'Kelley (Doc. 141-2)**.    The Plaintiffs object to "portions" of the declaration of Kathy O'Kelley on the basis that that it contains hearsay, an improper opinion testimony and a legal conclusion.    O'Kelley's Declarations at paragraph 15 contain her personal knowledge as a law enforcement officer for 34 years in Arkansas to what is a common practice – to redact and release police offense reports of adult offenders. Since the Plaintiffs are challenging O'Kelley's conduct in the release of the redacted SPD Offense to be "outrageous", "crass" and acting with "cynicism" and "callousness", it is relevant to the ministerial task of responding to a FOIA request that it is a common practice for law enforcement in Arkansas and that the common practice was to redact and release police offense reports of adult offenders.    O'Kelley's Declarations at paragraph 17 contains facts that she relied on the advice of counsel in the redaction and release of the report, that she acted in good faith and with the belief that it was her job to follow that advice and perform her duty under law, and that she was not aware of the 2006 molestations accusations. These facts, which are undisputed by the Plaintiffs, are relevant to the elements of the torts with regard to the level of intent that is required, including an element of the privacy torts that the accused lacked the legal authority to release the redacted report. The hearsay

3

objections are without merit. A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) is specifically allowed pursuant to Fed. R. Evid. 803. The evidence is admissible pursuant to Fed. R. Evid. 401, 402, 701, 801, and 803. The Plaintiffs' continued reliance on Fed. R. Evid. 704 is misplaced as it only limits opinions on ultimate issues in criminal matters.

9. **Declaration of Ron Hritz (Doc. 141-9).** It appears as though the Plaintiffs object only to Paragraph 13 of Ron Hritz's Declaration as containing improper opinion testimony regarding the redactions he personally made to the Springdale incident report. Any opinion offered in Ron Hritz's Declaration is admissible evidence. Contrary to the Plaintiffs' objections, not all opinions of witnesses are excluded under the Fed. R. Evid. 701. Mr. Hritz's opinion is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702 and, as such, is admissible under Fed. R. Evid. 701. For these reasons, the Plaintiffs' objections must be overruled.

10. **Declaration of Lester Coger (Doc. 141-11)**. Plaintiffs appear to argue that Paragraphs 13 and 14 of Coger's Declaration are inadmissible because they constitute both hearsay and opinion testimony. The Plaintiffs' argument is unsupported and without merit. Coger's declaration includes facts based upon his personal knowledge regarding the investigation that he conducted, none of which constitute hearsay, and all of which are relevant to rebut the Plaintiffs' allegations that the Springdale Defendants "leaked" the police report to tabloid media. To the extent that the Declaration includes opinion testimony regarding the investigation that Coger personally conducted, it is admissible pursuant to Fed. R. Evid. 701. The Plaintiffs further contend that Coger's Declaration violates the best evidence rule, Fed. R. Evid. 1002. The IA report is

attached to Coger's Declaration and properly authenticated. Defendants will have the original IA Report available at trial. As such, the best evidence rule is not a proper objection at the summary judgment stage and must be overruled.

11. **Affidavit of Cherrl Collville (Doc. 141-12).** The Affidavit of Collville does not lack foundation as she clearly states that the Affidavit is based upon her personal knowledge and belief. The Plaintiffs further objected that the Declaration includes inadmissible opinion testimony, but fail to specify the objectionable opinion. Nonetheless, any opinions offered by Collville in the Affidavit are proper pursuant to Fed. R. Evid. 701. Finally, the Plaintiffs' objections on the basis of hearsay are also without merit as the statements are not admitted for the truth of the matter asserted but to establish that prior statements had been made publicly about and that the public was aware of the allegations that Josh Duggar had molested the Plaintiffs. *See United States v. Tenerelli*, 614 F.3d 764, 772 (8th Cir. 2010) (citation omitted) (finding that a statement is not hearsay if it is being introduced to show that the statement was made). The Plaintiffs' objections must be overruled pursuant to Fed. R. Evid. 401, 402, 701, 801, and 803.

12. **Declaration of Mike Peters (Doc. 141-13).** Chief Mike Peters stated in his Declaration that Captain Coger reported the results of his Internal Affairs Investigation Report in Case No. IA 2015-0002, that he reviewed the report, and that the investigation revealed no evidence that a currently employed Springdale Police Department employee or any currently employed individual of the City of Springdale inappropriately released information of any type of document or information, which involved the Duggar Family, prompting the InTouch Magazine's release of Report 1-06-006986. This was Chief Peters conclusion and opinion after reviewing the IA report, which is admissible pursuant to Fed. R. Evid. 701. It appears as though Plaintiffs' object to the facts regarding Chief Peters' review of the report based upon the best evidence rule.

The IA report is attached to the Declaration of Lester Coger and properly authenticated (Doc. 141-11). The Chief is qualified to testify regarding his review of the IA report. Nonetheless, the Defendants will have the original internal affairs investigation report in its entirety available at trial. As such, the best evidence rule is not a proper objection at the summary judgment stage and must be overturned. The portions of the declaration objected to are admissible pursuant to Fed. R. Evid. 401, 402, 701, 801, and 803.

13.  **Affidavit of Abtin Mehdizadegan (Doc. 141-4).** The Plaintiffs object to "portions" of the affidavit of Abtin Mehdizadegan on the basis that that it contains opinion testimony, hearsay, and improper legal conclusions. In support of their arguments, Plaintiffs rely upon Fed. R. Evid. 401 (relevancy); 402 (relevancy); 701 (opinion testimony of lay witness); and 704 (opinion on an ultimate issue); 801 (exclusions from hearsay), none of which supports the exclusion of any portion of Mehdizadegan's affidavit. Paragraphs 7, 9 and 11 of Abtin Mehdizadegan's affidavit concern his receipt of the redacted SPD Offense Report pursuant to his May 15, 2015 FOIA request, that the redactions to the report were significant and that the unredacted portions of the report conformed to the information that he already knew. As stated in the affidavit, Abtin Mehdizadegan is a licensed attorney in Arkansas and any opinion testimony contained in these paragraphs is admissible pursuant to Fed. R. Evid. 701 (rationally based on his perception and helpful to clearly understanding the witnesses' testimony or determining a fact in issue). In addition, Abtin Mehdizadegan is the individual who submitted the May 15, 2015, FOIA request and who also provides testimony as to the public knowledge of the details of the molestations and the inevitable further disclosure of these details by former Arkansas State Trooper Joseph T. Hutchens and others. Paragraphs 6, 7, 8, and 10 of Abtin Mehdizadegan's affidavit contain the facts related to the letter that he sent on May 20, 2015, to request the interview

6

of Joseph Hutchens, the receipt of the redacted SPD Offense Report, his knowledge of the public knowledge of the details of the molestation, and the interview of Joseph T. Hutchens on May 21, 2015 that was made public.  Paragraphs 6 and 7 contain no hearsay statements.  Paragraphs 8 and 10 concerns public knowledge and the concurrent disclosure of the details of the molestations, which are facts relevant to the elements of the torts asserted by the Plaintiffs and are not offered under 801(c) to prove the truth of the matter asserted, but rather to establish public knowledge and eventual further disclosure.  Paragraph 13 of Abtin Mehdizadegan's affidavit concerns his testimony that the 2015 FOIA request was appropriate, an opinion that the Arkansas FOIA is one of the most liberal public records laws in the county and his knowledge of the FOIA and his understanding of the process.  Any opinion testimony offered by Abtin Mehdizadegan is admissible under Fed. R. Evid. 401, 402, 801, 803, 701 and 703.  The Plaintiff's reliance on Fed. R. Evid. 704 is misplaced as it only limits opinions on an ultimate issue in criminal matters.  The Plaintiffs' objections must be overruled.

14.     **Declaration of Tandra Barnfield (Doc. 141-15).**   The Declaration of Barnfield does not lack foundation as she clearly states that the Declaration is based upon her personal knowledge and belief.  The Plaintiffs further object that the Declaration includes inadmissible opinion testimony but fail to specify the objectionable opinion.  Nonetheless, any opinions offered by Barnfield in the Declaration are proper pursuant to Fed. R. Evid. 701.  Finally, the Plaintiffs' objections on the basis of hearsay are also without merit as the statements are not admitted for the truth of the matter asserted but to establish that prior statements had been made publicly about and that the public was aware of the allegations that Josh Duggar had molested the Plaintiffs.  *See United States v. Tenerelli*, 614 F.3d 764, 772 (8th Cir. 2010) (citation omitted) (finding that a

statement is not hearsay if it is being introduced to show that the statement was made). The Plaintiffs' objections must be overruled pursuant to Fed. R. Evid. 401, 402, 701, 801, and 803.

WHEREFORE, for the reasons set forth herein, the Springdale Defendants pray that this Court overrules and otherwise denies the Plaintiffs' Objections and grants summary judgment in their favor thereby dismissing Plaintiffs' Complaint with prejudice and in its entirety.

Respectfully Submitted,

R. Justin Eichmann (Ark. Bar No. 2003145)
Thomas N. Kieklak (Ark. Bar No. 92262)
Morgan S. Doughty (Ark. Bar No. 2010158)
HARRINGTON, MILLER, KIEKLAK,
EICHMANN & BROWN, P.A.
4710 S. Thompson, Suite 102
Springdale, AR  72764
Phone: (479) 751-6464
Fax: (479) 751-3715
Email:  mdoughty@arkansaslaw.com
Email:  tkieklak@arkansaslaw.com
E-mail:  jeichmann@arkansaslaw.com

and

Susan Keller Kendall (Ark. Bar No. 98119)
KENDALL LAW FIRM, PLLC
3706 Pinnacle Hills Parkway, Suite 201
Rogers, Arkansas 72758
Phone: (479) 464-9828
Fax: (479) 464-9768
Email:  skk@kendalllawfirm.com

**COUNSEL FOR SPRINGDALE DEFENDANTS**

## CERTIFICATE OF SERVICE

   I, the undersigned, do hereby certify that on the 27th day of October 2021, a true and correct copy of the above and foregoing was filed using the Court's CM-ECF System, which effected service on all counsel of record:

| | |
|---|---|
| Steven E. Bledsoe<br>Stephen G. Larson<br>Jen C. Won<br>LARSON O'BRIEN, LLP<br>555 S. Flower Street<br>Suite 4400<br>Los Angeles, CA 90071<br>(213) 436-4888<br>sbledsoe@larsonobrienlaw.com<br>slarson@larsonllp.com<br>jwon@larsonllp.com | Shawn B. Daniels<br>DANIELS FIRM<br>129 W. Sunbridge Drive<br>Fayetteville, AR 72703<br>479-521-7000<br>Fax: 479-437-2007<br>shawn@danielsfirm.com |
| Jason Owens (Ark. Bar No. 2003003)<br>JASON OWENS LAW FIRM, P.A.<br>1023 Main St., Suite 204<br>Conway, Arkansas 72033<br>(501) 764-4334<br>owens@jowenslawfirm.com | |

                 R. Justin Eichmann (Ark. Bar No. 2003145)