IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR,<br><br>    Plaintiff,<br><br>CITY OF SPRINGDALE; WASHINGTON COUNTY; KATHY O'KELLEY; ERNEST CATE; RICK HOYT; STEVE ZEGA; BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC; and DOES 1-10, inclusive,<br><br>    Defendant. | Case No.: 5:17-CV-05089-TLB |

**PLAINTIFFS' OPPOSITION TO SEPARATE WASHINGTON COUNTY DEFENDANTS' MOTION TO STRIKE OR REFORM EVIDENTIARY OBJECTIONS TO MOTION FOR SUMMARY JUDGMENT**

The County Defendants'[1] Motion to Strike does exactly what they accuse Plaintiffs of—"offering only conclusory assertions" (Mot. at 1)—and thus must be denied. The motion fails to rebut Plaintiffs' evidentiary objections and does not establish the admissibility of the affidavits and declarations submitted by the County Defendants. The Court should not rely on the County Defendants' evidence, which includes affidavits and declarations that contain inadmissible hearsay, improper opinion testimony, and are conclusory, lack personal knowledge, or are irrelevant to Plaintiffs' claims.

In ruling on a motion for summary judgment, the Court considers any objections to testimony presented in affidavits or any other form of evidence. *See Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012). A party may object to the portion of the affidavit or declaration that fails to satisfy the Federal Rules of Evidence. *See Duhe v. City of Little Rock, Arkansas*, 2017 WL 1536231, at *3 (E.D. Ark. Apr. 27, 2017), *aff'd sub nom., Duhe v. City of Little Rock*, 902 F.3d 858 (8th Cir. 2018) (citing *Blocker*, 684 F.3d 785, 793 (8th Cir. 2012)) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). To that end, Plaintiffs objected to the County Defendants' evidence on the grounds that portions of certain affidavits and declarations violate the Federal Rules of Evidence and the County Defendants provided the Court with insufficient information to make a determination "whether [the objectionable evidence] *could* be presented at trial in an admissible form." *See Blocker*, 684 F.3d at 793. (emphasis in original.)

Despite this, and in a desperate attempt to save the evidence upon which their motion for summary judgment relies, the County Defendants contend that Plaintiffs did not specifically identify any inadmissible evidence and did not offer any argument as to why the evidence might

---

[1] The "County Defendants" refers to Defendants Washington County, Arkansas and Rick Hoyt.

be inadmissible. Not so. Plaintiffs' evidentiary objections specifically refer to paragraphs in various affidavits and declarations submitted by the County Defendants, identifying precise Federal Rules of Evidence that those paragraphs fail to satisfy. (*See, e.g.*, Dkt. 156 ["Plaintiffs object to the affidavit of Abtin Mehdizadegan . . . on the grounds that it includes an improper opinion testimony (*see* Mehdizadegan Aff., ¶¶ 7, 9, 11) . . . Fed. R. Evid. . . . 801."].) The County Defendants cite no authority requiring Plaintiffs to include more to support their objections, or explain why Plaintiff's evidentiary objections are deficient.

As set forth in Plaintiffs' evidentiary objections (Dkt. 156), and as further explained below, the affidavits and declarations submitted by the County Defendants contain inadmissible hearsay, opinion testimony, and lack personal knowledge.

    **A.**    **Affidavit of Rick Hoyt (Dkt. 139-1)**

First, with respect to the Affidavit of Rick Hoyt, (Dkt. 139-1), Plaintiffs objected to paragraph 6 on the grounds that it violated Rules 401, 402, 701, and 704. (See Dkt. 156 at 1.) Paragraph 6 of the Hoyt Affidavit included Hoyt's own interpretation of the Arkansas Juvenile Code and Child Maltreatment Act. It offers improper opinion testimony about how Hoyt believes "any agency—or the numerous requesters and/or courts reviewing [FOIA] responses" should interpret those laws. It also offers a legal conclusion as to how the FOIA should be construed. As a lay witness, Hoyt's improper opinion testimony and legal conclusion are inadmissible. *See Hogan v. Am. Tel. & Tel. Co.*, 812 F.2d 409, 411-12 (8th Cir. 1987) ("Opinion testimony is not helpful to the factfinder if it is couched as a legal conclusion.").

    **B.**    **Affidavit of Abtin Mehdizadegan (Dkt. 139-8)**

Second, with respect to the Affidavit of Abtin Mehdizadegan, (Dkt. 139-8), Plaintiffs objected to paragraphs 7, 9, and 11 on the grounds that they violated Rules 401, 402, 701, and 704. (*See* Dkt. 156 at 2.) Paragraphs 7, 9, and 11 of the Mehdizadegan Affidavit discuss the

3

reports released by Defendants.  These paragraphs offer improper opinion testimony about how the received reports "contained significant redactions," and that the information they contained "added no new information or details that were not already public since at least 2007" and was "closely aligned with some of the allegations posted by 'Alice.'"  These conclusory opinions in fact seek to answer for the jury the ultimate question of whether (1) Defendants' redactions were sufficient to protect Plaintiffs' personal identifying information, (2) Defendants' disclosure disclosed any private facts about Plaintiffs, and (3) Plaintiffs had the legitimate expectation of privacy in the matters disclosed by Defendants.  Because these conclusory opinions do not assist the factfinder, they are irrelevant and thus inadmissible.  *See Hogan*, 812 F.2d at 411-12; Fed. R. Evid. 702.  They are also untrue.

Additionally, Plaintiffs objected to paragraphs 6, 7, 8, and 10 of the Mehdizadegan affidavit on the grounds that they included improper hearsay statements.  (*See* Dkt. 156.)  Fed. R. Evid. 401, 402, 801.  These paragraphs discuss the contents of out-of-court writings not authored by Mehdizadegan and an interview not conducted by Mehdizadegan.  Testimony about out-of-court statements offered to prove the truth of those statements is inadmissible hearsay.  *See* Fed. R. Evid. 801; *see also Cronquist v. City of Minneapolis*, 237 F.3d 920, 927 (8th Cir. 2001) (finding that party's "reliance on affidavits based on hearsay cannot defeat a motion for summary judgment.").  The County Defendants know these statements are inadmissible hearsay, which explains why they do not even attempt to defend the statements or contend the statements fall within one of the exceptions to hearsay under the Federal Rules of Evidence.

Plaintiffs also objected to paragraph 13 of the Mehdizadegan Affidavit on the grounds that it contained the improper legal conclusion that the FOIA requests Mehdizadegan sent were "entirely appropriate" in violation of Rules 401, 402, and 704.  (*See* Dkt. 156.)  But, this

4

statement, made by an attorney is a pure legal conclusion as to why Mehdizadegan's FOIA request was "appropriate" under applicable laws. Mehdizadegan is not an expert witness designated to assist the jury with a legal question pertaining to the FOIA requests. As such, paragraph 13 is inadmissible as an improper opinion testimony offered by a lay witness. *See Hogan*, 812 F.2d at 411-12; Fed. R. Evid. 704.

### C. Affidavit of Sherrl Colville (Dkt. 139-10)

Third, with respect to the Affidavit of Sherrl Colville, (Dkt. 139-10), Plaintiffs objected to Paragraph 1 on the ground that it included improper opinion testimony and to Paragraphs 5, 7, and 8 on the ground that they included improper hearsay testimony in violation of Rules 401, 402, 701, and 804. (*See* Dkt. 156 at 2.) Paragraph 1 of the Colville Affidavit included opinion testimony about how the fact that Josh Duggar molested his sisters was "well known throughout the community in Northwest Arkansas" before the release of the reports. This opinion goes to the ultimate question of whether the details about Plaintiffs' molestation were well-known such that Plaintiffs did not have the legitimate expectation of privacy in the matters disclosed by Defendants. *See Hogan*, 812 F.2d at 411-12 ("Opinion testimony is not helpful to the factfinder if it is couched as a legal conclusion").

Moreover, paragraphs 5, 7, and 8 of the Colville Affidavit include alleged out-of-court statements made by others to either Colville or other third parties, which is improper hearsay testimony. *See Cronquist*, 237 F.3d at 927. The County Defendants' motion fails to explain why Colville's statements are not hearsay and also fails to lay the foundation about how Colville has personal knowledge about the statements that were made by others to third parties. Fed. R. Evid. 602, 804.

### D. Affidavit of Tandra Barnfield (Dkt. 139-11)

Finally, with respect to the Affidavit of Tandra Barnfield, (Dkt. 139-11), Plaintiffs

objected to Paragraph 2 on the grounds that it lacks foundation and includes improper opinion testimony, and to Paragraph 5 on the ground that it includes improper hearsay in violation of Rules 401, 402, 602, 701, and 804. (*See* Dkt. 156 at 2.) Paragraph 2 of the Barnfield Affidavit states that the fact that Plaintiffs were molested by Josh Duggar was well known through the community in Northwest Arkansas, but fails to offer sufficient evidence to "support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. In fact, Barnfield admits she is from Houston, Texas, not Arkansas, offering no basis as to how she has personal knowledge of what a community in a small town in Arkansas knows. (See Dkt. 156, ¶ 2.) Nor can the County Defendants contend that Barnfield's personal knowledge is derived from communications with unidentified individuals in the "community" without running into a separate hearsay problem and as such, further emphasizes her statement is without support. It also is improper opinion testimony on the ultimate question of fact that must be decided by a jury. A jury must decide whether the details about Plaintiffs' molestation were well-known such that Plaintiffs did not have the legitimate expectation of privacy in the matters disclosed by Defendants. *See Hogan*, 812 F.2d at 411-12.

Paragraph 5 of the Barnfield Affidavit describes out-of-court conversations, including one of which Barnfield was not a participant, meaning Barnfield lacks personal knowledge; these out-of-court conversations are also inadmissible hearsay. Fed. R. Evid. 602, 804; *see Cronquist*, 237 F.3d at 927. The County Defendants' motion also fails to lay the foundation for Barnfield's personal knowledge, or explain why her statement are not improper hearsay or how they fall within one of the hearsay exceptions under the Federal Rules of Evidence.

The above-referenced portions of the affidavits and declarations submitted by the County Defendants are inadmissible, and the County Defendants' motion fails to establish their

admissibility. Accordingly, Plaintiffs request the Court deny the County Defendants' Motion to Strike.

                              Respectfully submitted,

By: */s/ Steven E.Bledsoe*
    Stephen G. Larson (admitted *pro hac vice*)
    *slarson@larsonllp.com*
    Steven E. Bledsoe (admitted *pro hac vice*)
    *sbledsoe@larsonllp.com*
    Jen C. Won (admitted *pro hac vice*)
    *jwon@larsonllp.com*
    **LARSON LLP**
    555 South Flower Street, Suite 4400
    Los Angeles, California 90071
    Telephone: (213) 436-4888
    Facsimile: (213) 623-2000

    Shawn B. Daniels (Ark. Bar No. 99126)
    *shawn@danielsfirm.com*
    **DANIELS FIRM**
    129 W. Sunbridge Drive
    Fayetteville, AR 72703
    Telephone: (479) 521-7000
    Facsimile: (479) 437-2007

    Attorneys for Plaintiffs JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY FORSYTH