IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JILL DILLARD; JESSA SEEWALD;
JINGER VUOLO; and JOY DUGGAR                              PLAINTIFFS

V.                          CASE NO. 5:17-CV-5089

CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
KATHY O'KELLEY, in her individual and
official capacities; ERNEST CATE, in his
individual and official capacities; RICK HOYT,
in his individual and official capacities;
and DOES 1-10, inclusive                                   DEFENDANTS

## ORDER

Now before the Court is a Motion to Quash Subpoena Duces Tecum (Doc. 127) was filed on August 16, 2021, by third party Arkansas Department of Human Services ("DHS"). Separate Defendants Kathy O'Kelley, Ernest Cate, and the City of Springdale (the "Springdale Defendants") served a subpoena for documents on DHS on August 2, 2021, with a compliance deadline of August 10, 2021. *See* Doc. 127-1. The subpoena asks DHS to produce the following:

> All investigation files, records, documents, communications, reports, and information regarding or related to Joshua Duggar, Jim Bob Duggar, Michelle Duggar, Jill Dillard (Duggar), and Joy Forsyth (Duggar) or representatives or agents acting on behalf of those listed herein.

*Id.* at p. 3.

DHS advises the Court in its brief (Doc. 127-2) that the records in its possession that are responsive to the subpoena are reports of child maltreatment, as defined in the Arkansas Child Maltreatment Act, Ark. Code Ann. § 12-18-101, *et seq.* Consequently, DHS moves to quash the subpoena, citing the Act's restrictions on disclosure of this

information under §§ 12-18-909 and 12-18-910.[1]  Federal Rule of Civil Procedure 45(d)(3)(A)(iii) requires a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies."

The Springdale Defendants respond that the Motion to Quash should be denied, first, because it was untimely filed, and second, because the disclosure provisions in the Arkansas Child Maltreatment Act are preempted by Rule 45.  In other words, Defendants argue that a properly served federal civil subpoena must always be obeyed by a state entity, even if state law prohibits disclosure of the documents sought.  Defendants also note that if DHS is truly worried about confidentiality, the fact that a protective order is in place should alleviate such concerns.

First, with respect to the timeliness of the Motion, Rule 45(d)(3) does not specify exactly when a motion to quash must be filed; instead, the Rule only requires that the motion be filed "timely"—but never defines that term.[2]  The Eighth Circuit has not interpreted the word "timely" in this context.  The Court in its discretion finds that DHS's Motion to Quash was timely, even though it was filed six days after the compliance deadline specified in the subpoena.  The Springdale Defendants fail to explain how a six-day delay has prejudiced them in any way.

Moving on to the Springdale Defendants' preemption argument, DHS is correct that under the Arkansas Child Maltreatment Act, true reports of child maltreatment "are confidential and may be disclosed only as provided in this chapter." Ark. Code Ann. § 12-

---

[1] Section 12-18-909 discusses disclosure of "true reports of child maltreatment," while Section 12-18-910 concerns "screened-out and unsubstantiated reports."

[2] Defendants suggest that the Motion to Quash is untimely under Rule 45(d)(2), but that portion of the Rule discusses timing for filing written objections to subpoenas.

18-909(a). The exceptions allowing disclosure are itemized at § 12-18-909(c), (d), (e), and (g). Defendants do not argue that their request for disclosure falls within any of these exceptions. The Act also provides that "[s]creened-out, administratively closed, and unsubstantiated reports of child maltreatment are confidential and may be disclosed only as provided in this chapter." Ark. Code Ann. § 12-18-910(a). These exceptions are itemized at § 12-18-910(c)–(f). Once again, Defendants do not contend that their request falls within one of these exceptions. Instead, they argue generally that state law is "preempted by federal law," (Doc. 130, p. 2), with the applicable "federal law" being Rule 45 of the Federal Rules of Civil Procedure. The Springdale Defendants point to no cases that hold that a state entity must obey a federal subpoena in a civil action without exception.[3] The subpoena will therefore be quashed.

**IT IS ORDERED** that the Motion to Quash Subpoena Duces Tecum (Doc. 127) is **GRANTED**.

**IT IS SO ORDERED** on this 4th day of November, 2021.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[3] On the other hand, there are at least some cases that hold that a state's confidentiality laws can justify quashing a subpoena under Rule 45. *See, e.g., Lee v. Glob. Tel\*Link Corp.*, 2017 WL 10575166, at \*9 (C.D. Cal. Sept. 6, 2017) ("[I]t is apparent that Rule 45 was not enacted to require disclosure of all material, and therefore a substantive state law protecting the confidentiality of certain matter poses no conflict with Rule 45." (emphasis in original)).