**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **JILL DILLARD, JESSA SEAWALD,** | | |
| **JINGER VUOLO, and JOY DUGGAR** | | **PLAINTIFFS** |
| | | |
| VS. | NO. 17-CV-05089-TLB | |
| | | |
| **CITY OF SPRINGDALE, ARKANSAS;** | | |
| **WASHINGTON COUNTY, ARKANSAS;** | | |
| **KATHY O'KELLEY, in her individual** | | |
| **and official capacities;** | | |
| **RICK HOYT, in his individual and official capacities;** | | |
| **STEVE ZEGA, in his official capacity;** | | |
| **BAUER PUBLISHING COMPANY, L.P.;** | | |
| **BAUER MAGAZINE L.P.;** | | |
| **BAUER MEDIA GROUP, L.P.;** | | |
| **BAUER, INC.;** | | |
| **HENRICH BAUER NORTH AMERICA, INC.;** | | |
| **BAUER MEDIA GROUP USA, LLC; and** | | |
| **DOES 1-10, inclusive** | | **DEFENDANTS** |

**RESPONSE TO PLAINTIFFS' AMENDED EVIDENTIARY OBJECTIONS
TO SEPARATE WASHINGTON COUNTY DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND EXHIBITS (DOC. # 170)**

**I. INTRODUCTION**

In conjunction with their Response to the County Defendants' Motion for Summary Judgment, the Plaintiffs filed "Evidentiary Objections to Washington County Defendants' Statement of Facts and Supporting Exhibits" (Doc. # 156). In that document, however, the Plaintiffs (1) did not specifically identify any allegedly inadmissible proof, instead asserting broadly that various affidavits offered by the Defendants "contain" inadmissible proof, without ever identifying the same, and (2) did not offer any argument as to why any of the referenced - but unidentified - proof might be inadmissible (effectively depriving the Defendants of their right to be heard), instead offering only conclusory assertions and broad citations to the Rules. The Separate County Defendants responded to this broad, vague objections with a motion to strike or reform the same, seeking clarity. Doc. # 169. The Plaintiffs have now filed a purported response that motion, however, the Plaintiffs' filing is, in actuality, an amended statement of their summary judgment evidentiary objection. Doc. # 170. For the reasons set forth herein, the Separate County Defendants respectfully request the denial of

the Plaintiffs' clarified/amended summary judgment objections.

## II.  ARGUMENT

The Plaintiff's amended summary judgment objections begin with a cursory defense of their initial filing, alleging that their objections to evidence "included" or "contained" within an affidavit or paragraph thereof, in conjunction with their bare citation to various Rules of Evidence by number alone, is sufficient.  The Separate County Defendants respectfully disagree, for reasons stated in their previous filing (Doc. # 169), which will not be unnecessarily belabored here.  There is little need to engage in extensive discussion of these questions because, in their amended objections, the Plaintiffs clarify the evidence to which they object and the basis for their objections.  As such, the Separate County Defendants will respond to those objections, in turn, below:

**A.**     **Affidavit or Rick Hoyt (Doc. # 139-1)**

The Plaintiffs object to a portion of the affidavit - paragraph 6 - of Defendant Rick Hoyt on the basis that it constitutes an improper legal conclusion.  The Plaintiffs misapprehend the testimony.  The testimony in paragraph 6 is critically probative because it speaks to Hoyt's understanding of the law, which is highly relevant both to the issue of his intent (which is an issue as to all 3 of the Plaintiff's claims) and to Hoyt's qualified immunity defense (i.e., speaking to the lack of clearly established law.  As the Arkansas Court of Appeals held in *Duggar v. City of Springdale*, 2020 Ark.App. 220, proof of intent by a public officer making disclosures under the FOIA is insufficient as a matter of law where it establishes only "negligence" or a "misinterpretation of the law." *Id.* at 14.  Hoyt has not held himself out as a lawyer or legal expert; to the contrary, part of his defense is that non-lawyers like him are almost universally charged with making FOIA decisions in Arkansas - on a short statutory deadline, under threat of prosecution and/or civil suit, with liberal construction and disclosure-with-redactions required and all without any statutory process for pre-disclosure judicial review - making their understanding of the law (particularly as undefined and undeveloped as the law being argued in this case) of paramount relevance.  On the other side, there is virtually no prejudice arising from this testimony, particularly in the summary

judgment context, as the Court can certainly separate opinion/conclusion testimony from understanding/intent testimony.

**B.     Affidavit of Abtin Mehdizadegan (Doc. # 139-8)**

The Plaintiffs first object to portion of the affidavit - in paragraph 7,9, and 11 - of attorney Abtin Mehdizadegan - the single individual to the whom the Defendants made any disclosure at all - on the basis that it constitutes an improper opinion testimony.  Actually, the Plaintiffs' object only to certain words in those paragraphs, in which the sole recipient of the challenged disclosures testified that the disclosures "contained significant redactions," "added no new information or details that were not already public since at least 2007," and were "closely aligned with some of the allegations posted by 'Alice.'" Interestingly, the Plaintiffs' objections claim that acceptance of these testimonial statement would invade the jury's (actually, the Court's in this context) province of deciding the ultimate issue.  In other words, the Plaintiffs appear to argue that, if the Court accepts these statements (which are, respectfully, manifestly correct and establish widespread public knowledge of the alleged molestations years before the subject disclosures), the ultimate issue would be decided, necessarily in the Defendants' favor.  Of course, that appears to be quite different from the Plaintiffs' summary judgment arguments.  In the end, though, at least with respect to this objection in this context, the objection appears academic.  The Court is certainly capable of determining the relative "significance" of the redactions, whether and/or what new information or details were added by the subject disclosures to the information publicly known theretofore, and/or whether and/or how "closely" the information provided aligns with the posts of "Alice" or any other prior public record of the alleged molestations.

The Plaintiffs also object to portions of Mehdizadegan's affidavit - discussing the contents of out-of-court writings not authored by Mehdizadegan and an interview not conducted by Mehdizadegan - but these statements are not hearsay because they are not offered for the truth of the matter asserted.  Like so many of the statements offered as evidence in this case, they are offered as proof of prior and/or alternative public knowledge of the alleged molestations.  As such, this proof

3

simply does meet the baseline definition of hearsay.

Finally, the Plaintiff objects to the testimony of Mehdizadegan, in paragraph 13 of his affidavit, which the Plaintiffs couch as an improper legal conclusion, "that the FOIA requests that Mehdizadegan sent were 'entirely appropriate." The problem with this objection is that the Plaintiffs misstates and/or mischaracterizes the challenged testimony. What Mehdizadegan actually testified was that he "believed" that the requests were appropriate. Of course, this changes the analysis, as this testimony is not a conclusion, but an appropriate statement probative on intent and on the relative good faith of the Defendants (since, without dispute, all the parties to the FOIA requests believed their conduct to be lawful, if not legally required).

### C-D.   Affidavits of Sherri Colville and Tandra Barnfield (Doc. # 139-10 & 139-11)

The Plaintiffs object to sworn testimony by witnesses Colville and Barnfield in two particulars. First, the Plaintiff object to their testimony about other individuals telling them about the alleged molestations of the Plaintiffs prior to this incident. They also object to their statements to the effect that many people knew about the incidents prior to the disclosures, on grounds of lack of personal knowledge. The first objection is, like Plaintiffs' other hearsay objections, unfounded because the testimony is not offered for the truth of the matter asserted, but to establish prior and/or alternative knowledge of the allegations. On the second objection, the Plaintiff has offered no proof of the lack of personal knowledge. These witnesses were disclosed and the Plaintiffs chose not to depose them (or even talk to them, apparently). Their affidavits establish that they were told about the events by several people, which testimony stands unrebutted, as has testimony from other witnesses about prior knowledge and even prior internet posts about the alleged molestations; the Plaintiffs' claims of a lack of personal knowledge are unsupported and should be rejected by the Court.

Wherefore, the Plaintiff's amended summary judgment evidentiary objections should be denied.

                          Respectfully submitted,
                          Rick Hoyt & Washington County,
                          *Separate Washington County Defendants*

By:     /s/Jason E. Owens
            Jason E. Owens, #2003003
            Ark. Bar. No. 2003003
            JASON OWENS LAW FIRM, P.A.
            **Mailing Address:** P.O. Box 850
            Conway, Arkansas 72033-0850
            **Physical Address:** 1023 Main Street, Suite 204
            Conway, Arkansas 72032
            Telephone: (501) 764-4334
            Telefax: (501) 764-9173
            Email: owens@jowenslawfirm.com