**FILED UNDER SEAL**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| **JILL DILLARD, JESSA SEEWALD,** **JINGER VUOLO, and JOY DUGGAR** | **PLAINTIFFS** |
| vs. | **CASE NO. 5:17-5089-TLB** |
| **CITY OF SPRINGDALE, ARKANSAS;** **WASHINGTON COUNTY, ARKANSAS;** **KATHY O'KELLEY, in her individual and** **official capacities;** **ERNEST CATE, in his individual and official capacities;** **RICK HOYT, in his individual and official capacities;** **STEVE ZEGA, in his official capacity;** **And DOES 1-10, inclusive** | **DEFENDANTS** |

**SPRINGDALE DEFENDANTS' PRETRIAL DISCLOSURES**

COME NOW the Separate Defendants, City of Springdale, Arkansas ("Springdale"), City Attorney Ernest Cate, in his individual and official capacities ("Cate") and retired Springdale Police Chief Kathy O'Kelley, in her individual and official capacities ("O'Kelley"), (collectively the "Springdale Defendants"), by and through their undersigned attorneys, and for their Pretrial Disclosures, states:

1. The identity of the party submitting the information.

**RESPONSE:** City of Springdale, Arkansas, City Attorney Ernest Cate, in his individual and official capacities and retired Springdale Police Chief Kathy O'Kelley, in her individual and official capacities.

2. The names, addresses, and telephone numbers of all counsel for the party.

**RESPONSE:**

**R. Justin Eichmann (Ark. Bar No. 2003145)**
E-mail: jeichmann@arkansaslaw.com
**Thomas N. Kieklak (Ark. Bar No. 92262)**
Email: tkieklak@arkansaslaw.com
**Morgan S. Doughty (Ark. Bar No. 2010158)**
Email: mdoughty@arkansaslaw.com
HARRINGTON, MILLER, KIEKLAK, EICHMANN & BROWN, P.A.
4710 S. Thompson, Suite 102
Springdale, AR  72764
Phone: (479) 751-6464
Fax: (479) 751-3715

**Susan Keller Kendall (Ark. Bar No. 98119)**
Email: skk@kendalllawfirm.com
KENDALL LAW FIRM, PLLC
3706 Pinnacle Hills Parkway, Suite 201
Rogers, Arkansas 72758
Phone: (479) 464-9828
Fax: (479) 464-9768

   3.  A brief summary of claims and relief sought.

**RESPONSE:**  The remaining claims for trial are whether the Defendants committed the state law torts of outrage, invasion of privacy – intrusion upon seclusion and invasion of privacy – public disclosure of private facts through the release of redacted incident reports pursuant to an Arkansas Freedom of Information Act requests.  Plaintiffs are seeking relief in the form of compensatory and punitive damages.

   4.  Prospects for settlement.

**RESPONSE:**  The parties participated in a settlement conference before the Honorable Christie D. Comstock on October 15, 2021 which did not result in settlement.  Settlement is not likely at this time.

   5.  The basis for jurisdiction and objections to jurisdiction.

**RESPONSE:** The Complaint invoked the original jurisdiction of this Court to consider questions of federal law and its pendent jurisdiction to hear Arkansas state law claims. All federal claims have been dismissed, and the only remaining claims are the Arkansas state law claims. This Court has continued to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. The Defendants respectfully object to this Court's continued exercise of supplemental jurisdiction for the reasons set forth in the Defendants' Joint Motion for Dismissal with, and without, Prejudice and Brief in Support (Doc. Nos. 109 and 110), which was previously denied by this Court (Doc. No. 118).

6.  A list of pending motions.

**RESPONSE:**

- Defendants Hoyt and Washington County, Arkansas' Motion for Summary Judgment (Doc. No. 137)

- Defendants O'Kelley, Cate and City of Springdale, Arkansas' Motion for Summary Judgment (Doc. No. 140)

- Defendants' Joint Motion to Exclude Testimony of Witnesses Designated by Plaintiffs as Experts (Doc. No. 143)

- Motion to Strike or Reform Plaintiffs' Evidentiary Objections to Separate Washington County Defendants' Motion for Summary Judgment and Exhibits (Doc. No. 165)

7.  A concise summary of the facts.

**RESPONSE:** On May 15, 2015, the Springdale Police Department received a request under the Arkansas Freedom of Information Act ("FOIA Request") from an Arkansas attorney seeking public records regarding Josh Duggar and his parents. In 2006, there was a Springdale

Police Department investigation of Josh Duggar regarding the sexual molestation of four of his sisters and another person (the "Molestations"). At the time of the 2006 investigation, Josh Duggar was over the age of 18 and the alleged victims were minors. A police report was created ("SPD Offense Report") in the course of the investigation. When the FOIA Request was reviewed by O'Kelley and Cate, the response pursuant to the FOIA was already past due. Cate determined that the Offense Report would have to be redacted and released in accordance with the FOIA, but Cate sought further legal advice from a deputy City Attorney, the Washington County Juvenile Prosecutor, a current Springdale District Judge, the Director and legal counsel for the Arkansas State Police and the General Counsel for the Arkansas Municipal League on the FOIA Request. Cate and O'Kelly attempted to also talk with officials of DHS. All officials and individuals consulted by Cate and O'Kelley believed that the SPD Offense Report would have to be redacted and released as required by the FOIA. Later that evening of May 20, 2015 O'Kelley then released the redacted SPD Offense Report to the requestor as well as a local reporter who had also issued a FOIA request after numerous redactions to remove the names, ages and other identifying information of the victims from the SPD Offense Report. O'Kelley and Cate believed that Arkansas law required the redaction and release of the SPD Offense Report and there is no evidence of O'Kelley or Cate having any malice or ill-will towards the Plaintiffs.

The day before the release of the redacted SPD Offense Report, *In Touch Weekly* published an article regarding Josh Duggar's involvement in an underage sex probe. The article included several details from the yet unreleased SPD Offense Report. Before the release of the SPD Offense Report, the attorney who issued the FOIA Request requested permission from Arkansas Department of Corrections to interview Joseph T. Hutchens regarding the Molestations. Mr. Hutchens' knowledge of the Molestations was set forth in the SPD Offense Report. Mr. Hutchens

was interviewed on the day following the release of the redacted SPD Offense Report and he told the publication of his knowledge of the details of the molestation incident. Prior to the release of the redacted SPD Offense Report, knowledge of the details of the Molestations were known on the internet and were known by various persons in the Northwest Arkansas community, including knowledge of dozens, up to at least a hundred, members of the Duggar Family' church group. Prior to the FOIA Request, *In Touch Weekly* became aware of the Molestations through individuals in the community who had information about or had reviewed the SPD Offense Report in the past. Following the release of the SPD Offense Report, the Plaintiffs claim that they received negative comments online. Two of the Plaintiffs revealed their identifies as victims of the Molestations on the Fox News Network shortly after the release of the SPD Offense Report. To date, the Plaintiffs have not sought any medical, psychological, psychiatric or therapy services for harm that they have alleged to have received from the release of the SPD Offense Report.

8. All proposed stipulations.

**RESPONSE:** Counsel for the Defendants will confer with counsel for the Plaintiffs and submit in writing the facts not in controversy and provide the same to the Court via email by no later than November 30, 2021, in accordance with this Court's Amended Case Management Order. The Defendants anticipate that the facts referenced in Paragraph 7 of this disclosure can be agreed to and stipulated by the parties, and that the issues of Plaintiffs' emotional distress and punitive damages remain. The Plaintiffs have represented to this Court and all counsel of record that they have abandoned their financial damages claims and the only remaining claims for damages are those for emotional distress and punitive damages

9. The issues of fact expected to be contested.

**RESPONSE:** The Defendants believe there are no genuine issues of material fact with respect to liability, therefore they are entitled to qualified, good faith, statutory and vicarious liability immunity summary judgment as a matter of law.  The Defendants dispute numerous facts with respect to the Plaintiffs claim for damages including, but not limited to the entitlement to and the amount of such damages.

10. The issues of law expected to be contested.

**RESPONSE:** The Plaintiffs are not entitled to the relief sought in their Complaint as a matter of law for the reasons set forth in the Defendants' Motions for Summary Judgment. These issues include, but are not limited to:

- Whether the Defendants were required to release the redacted reports pursuant to the Arkansas FOIA which requires that Defendants redact and release responsive documents and to interpret the FOIA broadly and the exceptions to the FOIA exceptions narrowly.

- Whether the Defendants' good faith conduct, which lacks malice or the intent to cause harm, and at worst would constitute negligence, is sufficient intent to establish the invasion of privacy torts and outrage.

- Whether prior public knowledge on the internet and in the community at large of the details of the molestations precludes the Plaintiffs' tort claims.

- Whether the Defendants are entitled to qualified, good faith, statutory, and vicarious liability immunities.

11. A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes,

6

whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.

**RESPONSE:** In addition to chart, graphs or visual aids setting forth the timeline of events or public knowledge of the events of molestation and other related issues, the Defendants intend to use and offer into evidence the following exhibits at the trial of this matter:

Expect to offer:

- Redacted Offense Reports – Springdale and Washington County;

- May 15, 2015 FOIA Request from Abtin Mehdizadegan;

- Instances of public knowledge of molestations from social media and internet sites prior to May 20, 2015;

- News articles about public knowledge of molestations prior to May 20, 2015;

- Relevant social media posts and news articles after May 20, 2015 regarding the Plaintiffs and others;

- Plaintiffs' emails communications with Chad Gallagher;

- Video and/or transcript of Megyn Kelley Interview of Duggar family and Plaintiffs Jill Dillard and Jessa Seewald on June 3, 2015 and June 4, 2015;

- *In Touch Weekly* articles regarding molestation incidents from May 19, 2015 until present;

- May 20, 2015 letter from Abtin Mehdizadegan to the Warden's Office of the Wrightsville Hawkins for Males Unit;

- Plaintiffs' medical records; and

- Expert Report of Dr. Jason Beamon

May offer:

- Internal Investigation file by Lester Coger;

- Any exhibit listed by Plaintiffs or the Washington County Defendants;

- Any document provided in discovery;

- Any exhibit necessary for rebuttal; and

- Expert Report of Robert Wynne.

12. The names, addresses, and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.

**RESPONSE:**

Expect to call:

- Defendants
- Chief Mike Peters
- Ron Hritz
- Captain Lester Coger

May call:

- Sherrl Townsend;
- Abtin Mehdizadegan;
- Dasha Nichols;
- Kaeleigh Holt Tull (by deposition);
- Joshua Duggar;
- Gabrielle Reno;
- Joseph T. Hutchins;
- Tandra Barnfield;
- Mark Hayes;
- Colonel Bill Bryant;
- Hon. District Judge Jeff Harper, Washington County, Division 1.
- Sarah Sparkman;
- Cecil Clifton;
- Sgt. Darrel Hignite;
- Carolyn Witherspoon;
- John Tull;

8

- Any witness who is the custodian of records;
- Representative of Arkansas Department of Health Services;
- Any witnesses listed by Plaintiffs or Washington County Defendants;
- Any witnesses disclosed in discovery or in initial disclosures; and
- Any witnesses needed for rebuttal.

13. The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.

**RESPONSE:** Discovery between the parties is complete, but third party discovery motions remain outstanding as set forth in paragraph above six (6) above.

14. An estimate of the length of trial and suggestions for expediting disposition of the action.

**RESPONSE:** Estimated length of trial is seven days. Granting qualified immunity and summary judgment, in addition to Defendant's Daubert motion will expedite this disposition of the action.

Respectfully Submitted,

R. Justin Eichmann (Ark. Bar No. 2003145)
Thomas N. Kieklak (Ark. Bar No. 92262)
Morgan S. Doughty (Ark. Bar No. 2010158)
HARRINGTON, MILLER, KIEKLAK,
EICHMANN & BROWN, P.A.
4710 S. Thompson, Suite 102
Springdale, AR  72764
Phone: (479) 751-6464
Fax: (479) 751-3715
E-mail:  jeichmann@arkansaslaw.com
Email:  tkieklak@arkansaslaw.com
Email:  mdoughty@arkansaslaw.com


and

Susan Keller Kendall (Ark. Bar No. 98119)
KENDALL LAW FIRM, PLLC
3706 Pinnacle Hills Parkway, Suite 201

        Rogers, Arkansas 72758
        Phone: (479) 464-9828
        Fax: (479) 464-9768
        Email:  skk@kendalllawfirm.com

**COUNSEL FOR SPRINGDALE DEFENDANTS**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 8th day of November, a true and correct copy of the above and foregoing was filed using the Court's CM-ECF System, which effected service on all counsel of record:

| | |
|---|---|
| Steven E. Bledsoe<br>Stephen G. Larson<br>Jen C. Won<br>LARSON O'BRIEN, LLP<br>555 S. Flower Street<br>Suite 4400<br>Los Angeles, CA 90071<br>(213) 436-4888<br>sbledsoe@larsonobrienlaw.com<br>slarson@larsonllp.com<br>jwon@larsonllp.com | Shawn B. Daniels<br>DANIELS FIRM<br>129 W. Sunbridge Drive<br>Fayetteville, AR 72703<br>479-521-7000<br>Fax: 479-437-2007<br>shawn@danielsfirm.com |
| Jason Owens (Ark. Bar No. 2003003)<br>JASON OWENS LAW FIRM, P.A.<br>1023 Main St., Suite 204<br>Conway, Arkansas 72033<br>(501) 764-4334<br>owens@jowenslawfirm.com | |

        R. Justin Eichmann (Ark. Bar No. 2003145)