IN THE UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JILL DILLARD, JESSA SEEWALD,                                         PLAINTIFFS
JINGER VUOLO, and JOY DUGGAR

V.

CITY OF SPRINGDALE, ARKANSAS;                                        DEFENDANTS
WASHINGTON COUNTY, ARKANSAS;
KATHY O'KELLEY, in her individual and
official capacities;
ERNEST CASE, in his individual and official capacities;
RICK HOYT, in his individual and official capacities;
STEVE ZEGA, in his official capacity;
BAUER PUBLISHING COMPANY, L.P.;
BAUER MAGAZINE, L.P.;
BAUER MEDIA GROUP, INC.;
BAUER, INC.;
HEINRICH BAUER NORTH AMERICA, INC.;
BAUER MEDIA GROUP USA, LLC; and
DOES 1-10, inclusive

PLAINTIFFS' PRETRIAL DISCLOSURE SHEET

1.      Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure and Local Rule 26.2, this

pretrial disclosure sheet is submitted by the Plaintiffs Jill Dillard, Jessa Seewald, Jinger Vuolo, and

Joy Forsyth (collectively, "Plaintiffs").

2.      Plaintiffs are represented by Stephen G. Larson, Steven E. Bledsoe, and Jen C. Won of

Larson LLP, 600 Anton Blvd., Suite 1270, Costa Mesa, CA 92626; Phone: (949) 516-7262; and

Shawn B. Daniels of Daniels Firm, 129 W. Sunbridge Dr., Fayetteville, AR 72703; Phone: (479)

521-7000.

3.      **Summary of Claims and Relief Sought**:  Plaintiffs allege claims of (1) invasion of privacy

– public disclosure of private fact; (2) invasion of privacy – intrusion upon seclusion; and (3) tort of

outrage against Defendants.  Plaintiffs allege that Defendants committed intentional torts against

Plaintiffs by releasing confidential official reports identifying Plaintiffs as minor victims of their older brother's sexual molestation and containing intimate, specific details of their molestation obtained under the promise of confidentiality.  Defendants released these reports to the media pursuant to Arkansas Freedom of Information Act ("FOIA") requests, despite the existence of Arkansas statutes prohibiting the release of such reports.  Defendants' actions not only forced Plaintiffs to re-live their traumatic assault, but also to do so on a worldwide stage, subjecting them to public harassment and vile and hurtful commentary.  As a result, Plaintiffs have suffered substantial pain and suffering, emotional distress, and physical injury.  Plaintiffs seek compensatory and punitive damages.  Additionally, Plaintiffs seek attorneys' fees and costs and prejudgment and post-judgment interest to the extent permitted by the law.

4.      **Prospects for Settlement**: A settlement conference was held on October 15, 2021, before the Hon. Christy Comstock, which was unsuccessful.  At this point, Plaintiffs believe that settlement is unlikely prior to the commencement of trial.

5.      **Basis for Jurisdiction**: This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c).  This Court retained supplemental jurisdiction over Plaintiffs' claims in its May 14, 2021, Order denying Defendants' joint motion for dismissal without prejudice.  (Dkt. 118.)

6.      **Pending Motions**:  Washington County Defendants' motion for summary judgment, City of Springdale Defendants' motion for summary judgment, Defendants' joint motion to exclude testimony of Plaintiffs' expert witnesses, and the Washington County Defendants' motion to strike or reform evidentiary objections to motion for summary judgment are currently pending before the Court.

7.      **Factual Background**:

Plaintiffs are sisters who were sexually assaulted by their older brother when they were minor children in or around March 2002 to March 2003.  The Arkansas State Police opened an

investigation into these assaults in December 2006 after the Arkansas State Police Child Abuse Hotline received an anonymous tip about the molestations.  Upon receiving the tip, the Arkansas State Police conducted interviews with various individuals including Plaintiffs and their family members.  Prior to giving their interviews, Plaintiffs were promised that their interviews would remain confidential.  As part of the investigation, the Springdale Police Department requested an agency assist from the Washington County Sheriff's Office.  The Springdale Police Department's and the Washington County Sheriff's Office's investigations were memorialized in an Offense Report and an Incident Report.  The Offense Report and the Incident Report detailed Plaintiffs and other interviewees' confidential responses to questions and included individually-identifying personal information and the intimate and specific details of Plaintiffs' molestations.

On May 15, 2015, Abtin Mehdizadegan, an attorney representing the Publishing Group of In Touch Magazine, sent a FOIA Request to the Springdale Police Department and the Washington County Sheriff's Office seeking documents related to Josh Duggar and his family, including, *inter alia*, the Offense and Incident Reports.  In violation of Arkansas law, Defendants released the Offense and Incident Reports to the media and did so in a form that allowed readers to identify Plaintiffs as the victims of the sexual assaults documented in the reports.  The City Defendants released the Offense Report late at night, over the objection of Plaintiffs' father Jim Bob Duggar and before he could get a court order to stop the release.  By the time Mr. Duggar got a court order the next day preventing the release of the Offense Report, Defendant O'Kelley had already rushed the report to the media.  Defendant Hoyt, for his part, received notice of the court order, but took no steps to attempt to retrieve the Incident Report that he had improperly sent out or to otherwise stop its publication.

Defendants have admitted that they did not perform any independent research to determine whether the Offense and Incident Reports were releasable under relevant Arkansas law and that

3

they did not perform any analysis to determine whether any person could, looking at the unredacted portions of the Reports, determine the identities of the minor victims of the sexual assaults.

Plaintiffs, who were featured in a reality television show called *19 Kids and Counting*, were almost immediately subjected to perverse abuse and harassment following the release of the Offense and Incident Reports.  The release of intimate details about their incestuous sexual abuse and resulting public backlash have harmed Plaintiffs mentally, emotionally, and physically. Plaintiffs received an enormous volume of hateful and hurtful comments on their social media accounts.  Despite all efforts to mitigate the harm, Defendants' improper release continues to impact Plaintiffs until this day.

8.      **Proposed Stipulations**: Plaintiffs agree to stipulate to the authenticity of all documents produced by the parties in this litigation and admissibility of certain documents produced in discovery.  Plaintiffs will meet and confer with Defendants and submit a joint stipulation of facts not in controversy by no later than November 30, 2021, pursuant to the Court's Case Management Order.  (*See* Dkt. 120.)

9.      **Issues of Fact to be Contested**:

Plaintiffs anticipate that the following facts will be contested at trial:

- Whether Defendants' release of the Offense and Incident Reports was highly offensive to any reasonable person;
- Whether Defendants, in releasing the Offense and Incident Reports, believed or were substantially certain that they lacked the legal authority or permission to do so;
- Whether Plaintiffs had a legitimate expectation of privacy in the details concerning their sexual abuse;
- Whether Plaintiffs sustained damage as a result of Defendants' improper disclosure;
- Whether Defendants believed or were substantially certain that they were publicly disclosing private information to the public;
- Whether the public did not have a legitimate concern in the sensitive details contained in the Offense and Incident Reports;

4

- Whether Defendants knew or should have known that in light of the surrounding circumstances that their conduct would naturally and probably result in emotional distress and continued such conduct in reckless disregard of the consequences;
- Whether Defendants' release of the Offense and Incident Reports was extreme and outrageous, beyond all bounds of decency, and was utterly intolerable in a civilized community; and
- Whether the emotional distress sustained by Plaintiffs was so severe that no reasonable person could be expected to endure it.

Plaintiffs maintain that the above list is not exhaustive.

10. **Issues of Law to be Contested**:

The issues of law to be contested are as follows:

- Whether Defendants invaded Plaintiffs' privacy by intruding upon Plaintiffs' seclusion;
- Whether Defendants invaded Plaintiffs' privacy by publicly disclosing private facts; and
- Whether Defendants committed the tort of outrage against Plaintiffs.

11. **Exhibits**:  Plaintiffs currently anticipate using the following exhibits:

- The May 25, 2015, FOIA requests sent to the Springdale Police Department and the Washington County Sheriff's Office
- A May 20, 2015, email chain alerting the recipients of a soon-to-be released article by In Touch
- A May 20, 2015, email from Defendant O'Kelley to Bill Bryant regarding the releasability of the Offense Report
- A May 20, 2015, email chain between Defendant O'Kelley and Defendant Cate regarding the releasability of the Offense Report
- May 20, 2015, emails confirming the sending of the Offense Report to Mr. Mehdizadegan and Doug Thompson
- A May 21, 2015, email chain from the Arkansas Municipal League regarding the releasability of the Offense Report
- A May 21, 2015, email chain requesting that Mr. Mehdizadegan not use the Offense Report
- A May 21, 2015, email requesting that Doug Thompson not use the Offense Report
- The redacted Offense Report released by Defendants on May 20, 2015
- The redacted Incident Report released by Defendants on May 21, 2015
- Court orders issued by and a letter written by Judge Zimmerman
- Arkansas statutes
- Springdale Police Department's Internal Investigative Report
- June 4, 2015, CNN article regarding Steve Zega's opinion on the releasability of the Incident Report

- Plaintiffs' Experts' reports and rebuttal reports as well as any supporting documents and exhibits
- Comments made on Plaintiffs' social media accounts

Additionally, Plaintiffs may introduce the following exhibits:

- Any exhibits, documents or demonstratives introduced by the other party during trial
- Any documents which have previously been attached to any pleadings in this case as exhibits
- Any documents which are identified by the other party in their Pretrial Information Sheets
- Any documents which have been produced during discovery or at depositions and which are called into question during the course of the case
- Any appropriate rebuttal evidence
- Any enlarged, summarized or demonstrative rendering of any of the above-referenced exhibits

Plaintiffs reserve the right to supplement the above exhibit list as the trial preparation continues and will submit a final exhibit list by no later than November 30, 2021, pursuant to the Court's Case Management Order.  (*See* Dkt. 120.)

12.     **List of Witnesses:**  Plaintiffs currently anticipate calling Plaintiff Jill Dillard; Plaintiff Jessa Seewald; Plaintiff Jinger Vuolo; and Plaintiff Joy Forsyth.  Plaintiffs may be contacted through Plaintiffs' counsel.  Plaintiffs also anticipate calling Dr. Robert Wynne at 2105 Divisadero Street, San Francisco, California; (415) 292-7119; Dr. Jason Beaman at 5310 E. 31st Street, Suite 903, Tulsa, Oklahoma; (918) 561-8474; and Jim Bob Duggar at 548 Arbor Acres Avenue, Springdale, Arkansas.

Additionally, Plaintiffs anticipate calling Defendant Kathy O'Kelley; Defendant Ernest Cate; Defendant Rick Hoyt; and Steve Zega (live or by deposition).  Plaintiffs are unaware of Defendants' and Mr. Zega's telephone numbers and addresses.

If it becomes necessary, Plaintiffs will meet and confer with Defendants and submit the proposed deposition designation by no later than November 12, 2021, pursuant to the Court's Case Management Order.  (*See* Dkt. 120.)

Plaintiffs may also call Derick Dillard and Jeremy Vuolo, Plaintiffs' Jill Dillard's and Jinger Vuolo's husbands.  Mr. Dillard and Mr. Vuolo may be contacted through Plaintiffs' counsel. Additionally, Plaintiffs may call the witnesses listed in the Defendants' pretrial disclosures. Plaintiffs reserve the right to examine or cross-examine any witnesses identified by the Defendants and the right to rely upon rebuttal testimony as may be allowed by the federal rules.

Plaintiffs further reserve the right to supplement the above witness list as the trial preparation continues and will submit a final witness list by no later than November 30, 2021, pursuant to the Court's Case Management Order.  (*See* Dkt. 120.)

13.     **Current Status of Discovery**:  The parties have completed discovery.

14.     **Suggestions for Expediting Disposition**:  Plaintiffs estimate the trial to take eight (8) days and do not suggest expediting disposition.

Respectfully submitted,

/s/ Steven E. Bledsoe
Steven E. Bledsoe (*admitted pro hac vice*)
Email: sbledsoe@larsonllp.com
Stephen G. Larson (admitted *pro hac vice*)
Email: slarson@larsonllp.com
Jen C. Won (admitted *pro hac vice*)
Email: jwon@larsonllp.com
LARSON LLP
600 Anton Blvd., Suite 1270
Costa Mesa, CA 92626
Telephone: 949-516-7262

- and-

/s/ Shawn B. Daniels
Shawn B. Daniels (Ark. Bar No. 99126)
Email:  shawn@danielsfirm.com
DANIELS FIRM
129 W. Sunbridge Drive
Fayetteville, AR 72703
Telephone: 479-521-7000 - Fax: 479-437-2007
***Counsel for Plaintiffs***

7

## PROOF OF SERVICE

*Jill Dillard, et al. v. City of Springdale, et al.*
**Case No. 5:17-5089-TLB**

**STATE OF , COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of . My business address is 555 South Flower Street, Suite 4400, Los Angeles, CA 90071.

On November 8, 2021, I served true copies of the following document(s) described as **PLAINTIFFS' PRETRIAL DISCLOSURE SHEET** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address nmorales@larsonllp.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 8, 2021, at Los Angeles, California.

Nannette Morales

Nannette Morales

1

**SERVICE LIST**
*Jill Dillard, et al. v. City of Springdale, et al.*
**Case No. 5:17-5089-TLB**

Shawn B. Daniels                                    Counsel for *PLAINTIFFS*
DANIELS LAW FIRM, PLLC
129 W. Sunbridge Drive
Fayetteville, AR 72703
Phone: 479-521-7000
Fax: 479-437-2007
Email:shawn@danielsfirm.com

Thomas N. Kieklak                                  Counsel for *SPRINGDALE DEFENDANTS*
R. Justin Eichmann
HARRINGTON, MILLER, KIEKLAK,
EICHMANN & BROWN, P.A.
4710 S. Thompson, Suite 102
Springdale, AR  72764
Phone: (479) 751-6464
Fax: (479) 751-3715
Email:  tkieklak@arkansaslaw.com
Email:  jeichmann@arkansaslaw.com

Susan Keller Kendall                               Counsel for *SPRINGDALE DEFENDANTS*
KENDALL LAW FIRM, PLLC
3706 Pinnacle Hills Parkway, Suite 201 Rogers,
Arkansas 72758
Phone: (479) 464-9828
Fax: (479) 464-9768
Email:  skk@kendalllawfirm.com

Jason E. Owens                                     Counsel for *RICK HOYT, et al. SEPARATE*
Brooklyn Parker                                    *WASHINGTON COUNTY DEFENDANTS*
JASON OWENS LAW FIRM, P.A.
1023 Main Street, Suite 204
Conway, Arkansas 72032
Tel: (501) 764-4334
Fax: (501) 764-9173
Email: owens@jowenslawfirm.com
Email: parker@jowenslawfirm.com
Email: miranda@jowenslawfirm.com