IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR, <br><br>        Plaintiff, <br><br><br> CITY OF SPRINGDALE; WASHINGTON COUNTY; KATHY O'KELLEY; ERNEST CATE; RICK HOYT; STEVE ZEGA; BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC; and DOES 1-10, inclusive, <br><br>        Defendant. | Case No.: 5:17-CV-05089-TLB |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE RELATING TO PLAINTIFFS' RELATIONSHIPS WITH THEIR PARENTS**

I. **INTRODUCTION AND FACTUAL BACKGROUND**

At Plaintiffs' and their spouses' depositions, the City of Springdale and Washington County Defendants (collectively, "Defendants") asked purely irrelevant questions about Plaintiffs' relationships with their parents. Plaintiffs are four sisters who suffered sexual abuse at the hands of their brother when they were minor children. This litigation arose from Defendants' improper release of confidential official reports documenting the details of Plaintiffs' sexual molestation. Plaintiffs' claims at trial include: (1) Invasion of Privacy – Public Disclosure of Private Fact; (2) Invasion of Privacy – Intrusion Upon Seclusion; and (3) Tort of Outrage, none of which involves Plaintiffs' relationships with their parents.

Evidence relating to Plaintiffs' relationships with their parents, including Plaintiffs' or their spouses' opinion of Plaintiffs' parents, are irrelevant to Plaintiffs' claims and would only serve to unfairly prejudice Plaintiffs and their father, Jim Bob Duggar, who is a witness in this case, and to waste the jury's time. Because this evidence is irrelevant and violates Rule 403, it should be excluded at trial.

II. **ARGUMENT**

Defendants deposed all four Plaintiffs and two of their spouses. At their depositions, counsel for Defendants asked Plaintiffs and their spouses a host of irrelevant questions about Plaintiffs' relationships with their parents, Jim Bob and Michelle Duggar. A copy of the pertinent portions of the deposition transcripts are attached as Exhibits to the accompanying declaration of Steven E. Bledsoe ("Bledsoe Decl."). Below are but a few examples of Defendants' irrelevant questions about Plaintiffs' relationship with their parents:

- What Plaintiffs or their husbands think of their "parents' handling of the molestations" (*see* Ex. B to Bledsoe Decl. [Dep. Tr. of Jessa Seewald] at 65:19-66:5.);

- Whether Plaintiffs' father Jim Bob Duggar verbally abused his children and is controlling (*see* Ex. A to Bledsoe Decl. [Dep. Tr. of Jill Dillard] at 109:5-12; 180:10-17; Ex. E to Bledsoe Decl. [Dep. Tr. of Derick Dillard] at 119:2-9.);

- Whether Plaintiff Jill Dillard's relationship with her parents became "pretty toxic" (*see* Ex. A to Bledsoe Decl. [Dep. Tr. of Jill Dillard] at 111:1-5);

- Whether Plaintiff Jill Dillard's husband, Derick Dillard, believes Plaintiffs' parents have treated him and his family poorly (*see* Ex. E to Bledsoe Decl. [Dep. Tr. of Derick Dillard] at 69:24-70:4.);

- Whether Plaintiffs experienced "repression and threats" from their parents (*see* Ex. E to Bledsoe Decl. [Dep. Tr. of Derick Dillard] at 150:2-151:8.); and

- Whether Plaintiffs' parents approve of Plaintiffs' lifestyle choices, such as having a nose ring, wearing pants, or drinking, and whether their parents' disapproval led to "confrontations or disputes" or "estrangement" (*see e.g.*, Ex. E to Bledsoe Decl. [Dep. Tr. of Derick Dillard] at 124:15-125:5; Ex. F to Bledsoe Decl. [Dep. Tr. of Jeremy Vuolo] at 33:2-15, 81:1-22.)

Evidence related to Plaintiffs' relationships with their parents is not relevant and violates Rule 403.

**Relevance.** Evidence related to Plaintiffs' relationships with their parents is inadmissible at trial because it is irrelevant. Rule 402 of the Federal Rules of Evidence provides that "[e]vidence which is not relevant is not admissible." Evidence is relevant if it has any tendency to make a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence of Plaintiffs' relationship with their parents does not make any fact more or less probable in the jury's determination of whether Defendants committed intentional torts aimed at Plaintiffs by releasing the official reports about Plaintiffs' molestations. Therefore, such evidence is inadmissible at trial. *See id.*

**Rule 403.** Even if evidence of Plaintiffs' relationships with their parents was relevant to Plaintiffs' claims (which it is not), it would still be inadmissible because its probative value is substantially outweighed by its potential prejudicial effect. Rule 403 of the Federal Rules of

Evidence provides that although relevant, the Court may exclude evidence if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

"The trial court has broad discretion in determining the relevancy and admissibility of evidence."  *United States v. Wallace*, 722 F.2d 415, 416 (8th Cir.1983).  The Advisory Committee Note to Rule 403 explains that unfair prejudice as used in Rule 403 is an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  Fed. R. Evid. 403, Advisory Committee notes.

Here, evidence related to Plaintiffs' relationships with their parents has no real probative value but could cause serious prejudice to Plaintiffs and their father, who is a witness in this case.  For example, members of the jury may base their determination of Jim Bob Duggar's credibility as a witness on allegations that Jim Bob Duggar is verbally abusive or engaged in behavior toward his children that Defendants' counsel has characterized as "toxic," "repressive," or "controlling" rather than based upon the witness's testimony at trial.  Evidence that any of Plaintiffs have an "estranged" relationship with their parents could also unfairly prejudice Plaintiffs, confuse the issues, and waste time.  When weighed against this evidence's lack of probative value, it should be excluded under Rule 403.

## III.   **CONCLUSION**

For the reasons stated herein, Plaintiffs respectfully request that the Court grant this motion and exclude all evidence relating to Plaintiffs' relationships with their parents at trial.

Respectfully submitted,


By: */s/ Steven E. Bledsoe*

Stephen G. Larson (admitted *pro hac vice*)
*slarson@larsonllp.com*
Steven E. Bledsoe (admitted *pro hac vice*)
*sbledsoe@larsonllp.com*
Jen C. Won (admitted *pro hac vice*)
*jwon@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000


Shawn B. Daniels (Ark. Bar No. 99126)
*shawn@danielsfirm.com*
**DANIELS FIRM**
129 W. Sunbridge Drive
Fayetteville, AR 72703
Telephone: (479) 521-7000
Facsimile: (479) 437-2007


Attorneys for Plaintiffs JILL DILLARD, JESSA
SEEWALD, JINGER VUOLO, and JOY
FORSYTH