IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SPRINGDALE; WASHINGTON COUNTY; KATHY O'KELLEY; ERNEST CATE; RICK HOYT; STEVE ZEGA; BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 5:17-CV-05089-TLB |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE RELATED TO JOSH DUGGAR'S CRIMINAL CASE**

I. **INTRODUCTION AND RELEVANT FACTUAL BACKGROUND**

Plaintiffs are four sisters who suffered sexual abuse at the hands of their brother, Josh Duggar, when they were minor children in or around 2002. This litigation arose from Defendants' improper release in May 2015 of confidential official reports documenting the details of Plaintiffs' sexual molestation by Josh. Plaintiffs' claims at trial are for: (1) Invasion of Privacy – Public Disclosure of Private Fact; (2) Invasion of Privacy – Intrusion Upon Seclusion; and (3) Tort of Outrage.

In April 2021, Josh was charged with receipt and possession of child pornography. Josh's federal criminal case is set for trial on November 30, 2021. *See United States v. Duggar*, Case No. 5:21-cr-50014-TLB (W.D. Ark. April 28, 2021).

At Plaintiffs' and their spouses' depositions, counsel for the City of Springdale and Washington County Defendants (collectively, "Defendants") asked questions about Josh Duggar's pending criminal case. For example, counsel for Defendants asked Plaintiffs how Josh's arrest affected Plaintiffs and their family (*see* Ex. A to Declaration of Steven E. Bledsoe ("Bledsoe Decl.") [Dep. Tr. of Jill Dillard] at 107:16-20), whether they discussed it among themselves (*see* Ex. B to Bledsoe Decl. [Dep. Tr. of Jessa Seewald] at 137:16-23), and whether they believe Josh is a "sexual predator." (S*ee* Ex. F to Bledsoe Decl. [Dep. Tr. of Jeremy Vuolo] at 60:9-10.)

Josh Duggar is not a witness in the case and evidence related to his criminal charges has no relevance to Plaintiffs' claims at trial. Moreover, evidence regarding Josh's criminal case violates Rule 403 because it has little probative value, if any, and would be unfairly prejudicial.

II. **ARGUMENT**

*Relevance.* Evidence related to Josh Duggar's criminal case is inadmissible at trial

because it is irrelevant. Rule 402 of the Federal Rules of Evidence provides that "[e]vidence which is not relevant is not admissible." Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. It is undisputed that Josh Duggar molested Plaintiffs when Josh and Plaintiffs were minor children. Evidence of Josh's criminal case, which commenced in 2021, does not make it more or less probable that Defendants committed torts against Plaintiffs by releasing the official reports about Plaintiffs' molestations in 2015. Therefore, such evidence is inadmissible as it is irrelevant. *See id.*

***Rule 403.*** Furthermore, even if evidence of Josh's criminal case was relevant to Plaintiffs' claims (which it is not), it should still be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and wasting the jury's time. Rule 403 of the Federal Rules of Evidence provides that although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. "The trial court has broad discretion in determining the relevancy and admissibility of evidence." *United States v. Wallace*, 722 F.2d 415, 416 (8th Cir. 1983). Under Rule 403, "great deference" is given to a district court's balancing of the relative value of a piece of evidence and its prejudicial effect. *United States v. Lupino*, 301 F.3d 642, 646 (8th Cir. 2002); *Wallace,* 722 F.2d at 416.

This case is about whether Defendants committed torts against Plaintiffs by releasing the official reports, and not about the current child pornography charges and case against Josh. Here, evidence related to Josh's criminal case has no probative value and would only serve to

2

unduly prejudice Plaintiffs, waste the jury's time, and mislead the jury by confusing the relevant issues. Thus, even assuming that evidence regarding Josh's criminal charges has any probative value (which it does not), such evidence should be excluded under Rule 403. Defendants' attempt to divert the jury's attention and confuse the issues must fail.

## III. CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court grant this motion and exclude all evidence relating to Josh Duggar's criminal case at trial.

Respectfully submitted,

By: */s/ Steven E. Bledsoe*
Stephen G. Larson (admitted *pro hac vice*)
*slarson@larsonllp.com*
Steven E. Bledsoe (admitted *pro hac vice*)
*sbledsoe@larsonllp.com*
Jen C. Won (admitted *pro hac vice*)
*jwon@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Shawn B. Daniels (Ark. Bar No. 99126)
*shawn@danielsfirm.com*
**DANIELS FIRM**
129 W. Sunbridge Drive
Fayetteville, AR 72703
Telephone: (479) 521-7000
Facsimile: (479) 437-2007

Attorneys for Plaintiffs JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY FORSYTH