IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR,<br><br>Plaintiff,<br><br>CITY OF SPRINGDALE; WASHINGTON COUNTY; KATHY O'KELLEY; ERNEST CATE; RICK HOYT; STEVE ZEGA; BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 5:17-CV-05089-TLB |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF DISCUSSIONS REGARDING PLAINTIFFS' MOLESTATIONS IN JOSH DUGGAR'S CRIMINAL CASE**

I.  **INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiffs are four sisters who suffered sexual abuse at the hands of their brother, Josh Duggar, when they were minor children in or around 2002. This litigation arose from Defendants' improper release in May 2015 of confidential official reports documenting the details of Plaintiffs' sexual molestation. Plaintiffs' claims at trial are: (1) Invasion of Privacy – Public Disclosure of Private Fact; (2) Invasion of Privacy – Intrusion Upon Seclusion; and (3) Tort of Outrage.

In April 2021, Josh Duggar was charged with receipt and possession of child pornography. *See United States v. Duggar*, Case No. 5:21-cr-50014-TLB (W.D. Ark. April 28, 2021). Josh's criminal case is set for trial on November 30, 2021. During Josh's detention hearing on May 14, 2021, in reviewing evidence of Josh's history and characteristics, the magistrate judge mentioned the fact that Josh previously admitted to molesting Plaintiffs when they were minor children. (*Duggar*, Case No. 5:21-cr-50014-TLB, Dkt. 24 [Tr. of May 5, 2021, Detention Hearing Before the Hon. Christy Comstock] at 175-76.) More recently, on November 3, 2021, the prosecution filed a notice of intent to introduce evidence at trial that Josh Duggar sexually assaulted Plaintiffs in 2002 and 2003. (*See id.*, Dkt. 68 [Government's Notice Pursuant to Federal Rule of Evidence 414 And Motion In Limine to Admit Evidence of the Defendant's Prior Child Molestation Conduct].)

Plaintiffs expect that Defendants will attempt to use evidence relating to discussions of Plaintiffs' molestations in Josh Duggar's criminal case to assert that the information in the reports would have inevitably been released to the public. This evidence should be excluded because it is irrelevant and could mislead the jury and confuse the issues.

1

## II.   ARGUMENT

Josh Duggar's recent criminal case (in 2021) involving child pornography has nothing to do with Defendants' actions (in 2015) that led to the instant litigation or Plaintiffs' claims at trial. But in their motion for summary judgment, the City of Springdale Defendants ("City Defendants") attempted to confuse the issue by pointing to public discussion of Josh Duggar's molestation of Plaintiffs during his May 5, 2021 detention hearing.  (Dkt. 142 at 16.)  According to the City Defendants, the discussion of Plaintiffs' molestations at Josh Duggar's detention hearing suggests that the information contained in the official report "was not private nor would it have otherwise remained private."  (*Id.*)  This argument is an advocate afterthought and makes no sense in any event.  If anything, it means that *as a result of* Defendants' improper release in 2015, a private fact about Plaintiffs became publicly known such that the private fact could be discussed in court *six years later*.

Evidence relating to the discussion of Plaintiffs' molestations in Josh Duggar's criminal case, including references to Josh Duggar's detention hearing or other evidence introduced at Josh Duggar's trial, should be excluded at trial in this case because it is irrelevant and violates Rule 403.

*Relevance.*  Evidence relating to the discussion of Plaintiffs' molestations in Josh Duggar's criminal case is inadmissible because it is irrelevant.  Rule 402 of the Federal Rules of Evidence provides that "[e]vidence which is not relevant is not admissible."  Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.  Fed. R. Evid. 401.

Here, any evidence introduced at Josh Duggar's criminal case is not relevant to whether

Defendants invaded Plaintiffs' privacy by publicly disclosing a private fact or committed the tort of outrage aimed at Plaintiffs. Defendants' improper release occurred in May 2015—*six years before* Josh was charged in his pending criminal case on separate child pornography charges. The discussion of Plaintiffs' molestations in Josh's criminal case in 2021 does not make any fact that is relevant to the jury's determination of whether Defendants publicly disclosed a private fact about Plaintiffs in 2015 by improperly releasing the official reports to the media more or less probable.

***Rule 403.*** Even assuming that such evidence is relevant to Plaintiffs' claims (which it is not), any probative value is substantially outweighed by the danger of misleading the jury, confusing the issues, and wasting the jury's time. Under Rule 403 of the Federal Rules of Evidence, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Evidence relating to the discussion about Plaintiffs' molestations in Josh Duggar's criminal case could potentially confuse and mislead the jury. For example, the jury may be misled to believe that because the magistrate judge or the prosecution publicly discussed Plaintiffs' molestations in Josh Duggar's criminal case, the information concerning Plaintiffs' molestations was publicly known all along, including at the time of Defendants' disclosure. It would also confuse the jury on the relevant issue of whether the details about Plaintiffs' molestations were kept private prior to Defendants' disclosure. Moreover, because the evidence is not relevant to Plaintiffs' claims, it would only waste the jury's time. Accordingly, any evidence of discussions concerning Plaintiffs' molestations in Josh Duggar's criminal case, including evidence introduced at Josh Duggar's trial, should be excluded pursuant to Rule 403.

Respectfully submitted,

By: */s/ Steven E. Bledsoe*
    Stephen G. Larson (admitted *pro hac vice*)
    *slarson@larsonllp.com*
    Steven E. Bledsoe (admitted *pro hac vice*)
    *sbledsoe@larsonllp.com*
    Jen C. Won (admitted *pro hac vice*)
    *jwon@larsonllp.com*
    **LARSON LLP**
    555 South Flower Street, Suite 4400
    Los Angeles, California 90071
    Telephone: (213) 436-4888
    Facsimile: (213) 623-2000

    Shawn B. Daniels (Ark. Bar No. 99126)
    *shawn@danielsfirm.com*
    **DANIELS FIRM**
    129 W. Sunbridge Drive
    Fayetteville, AR 72703
    Telephone: (479) 521-7000
    Facsimile: (479) 437-2007

    Attorneys for Plaintiffs JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY FORSYTH