IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SPRINGDALE; WASHINGTON COUNTY; KATHY O'KELLEY; ERNEST CATE; RICK HOYT; STEVE ZEGA; BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 5:17-CV-05089-TLB |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE CERTAIN EVIDENCE RELATING TO PLAINTIFFS' AND THEIR SPOUSES' FAITH**

I. **INTRODUCTION AND FACTUAL BACKGROUND**

At the depositions of Plaintiffs' spouses, Defendants[1] asked a substantial number of irrelevant questions about Plaintiffs and their faith. This case arises from Defendants' improper disclosure to the media of confidential reports that contained intimate, specific details of Plaintiffs' sexual molestations by their older brother when they were minor children. Plaintiffs' claims are: (1) Invasion of Privacy – Public Disclosure of Private Fact; (2) Invasion of Privacy – Intrusion Upon Seclusion; and (3) Tort of Outrage, and are based upon allegations unrelated to Plaintiffs' and their spouses' faith.

Evidence related to the role of Plaintiffs' and their spouses' faith in their lives and marriages is wholly irrelevant to Plaintiffs' claims or to Defendants' defenses, has no probative value, and may unduly prejudice Plaintiffs. As such, Plaintiffs respectfully request that the Court exclude evidence relating to Plaintiffs' and their spouses' faith, including whether Plaintiffs or their spouses believe in teachings in the epistles not to sue others, how their faith affects their marriage, Plaintiffs' parents' Quiverfull philosophy, their courting period, and how Plaintiffs or their spouses view women's role.

II. **ARGUMENT**

At Plaintiffs' spouses' depositions, Defendants asked Derick Dillard and Jeremy Vuolo a number of questions related their faith and the role it plays in their lives and marriages. For example:

- Whether Derick Dillard and Jill Dillard's faith teaches them not "to sue fellow brothers and sisters in Christ." (*See, e.g.*, Ex. E to Declaration of Steven E. Bledsoe ("Bledsoe Decl.") [Dep. Tr. of Derick Dillard] at 91:7-92:19.)

- When Derick Dillard and Jill Dillard's faith deems it appropriate to forgive. (*See,*

---

[1] "Defendants" refers collectively to Defendants the City of Springdale, Arkansas; Kathy O'Kelley; Ernest Cate; the Washington County, Arkansas; and Rick Hoyt.

1

    *e.g.*, Ex. E to Bledsoe Decl. [Dep. Tr. of Derick Dillard] at 110:10-22, 112:4-6.)

- How Derick Dillard and Jill Dillard's faith dictates the dynamics of their marriage. (*See, e.g.*, Ex. E to Bledsoe Decl. [Dep. Tr. of Derick Dillard] at 149:6-22.)

- Whether it is part of Derick Dillard's faith to confess when a wrong has been committed. (*See, e.g.*, Ex. E to Bledsoe Decl. [Dep. Tr. of Derick Dillard] at 157:18-158:6.)

- The Duggar's courting process according to their faith. (*See, e.g.*, Ex. F to Bledsoe Decl. [Dep. Tr. of Jeremy Vuolo] at 15:2-16:24].)

- Whether the Duggars ascribe to the Quiverfull philosophy and whether Jeremy and Jinger Vuolo's convictions differ from Jim Bob and Michelle Duggar's convictions. (*See, e.g.*, Ex. F to Bledsoe Decl. [Dep. Tr. of Jeremy Vuolo] at 28:18-29:4, 31:2-34:12.)

- The role of women in Jeremy Vuolo's and Jim Bob and Michelle Duggar's faith. (*See, e.g.*, Ex. F to Bledsoe Decl. [Dep. Tr. of Jeremy Vuolo] at 120:21-122:3.)

  Evidence related to the role Plaintiffs' and their spouses' faith plays in their lives is irrelevant and violates Rules 601 and 403 of the Federal Rules of Evidence. As such, it should be excluded at trial.

  ***Rule 610.*** Rule 610 of the Federal Rules of Evidence states, "[e]vidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature the witness's credibility is impaired or enhanced." *Firemen's Fund Ins. Co. v. Thien*, 63 F.3d 754, 761 (8th Cir. 1995). The only plausible reason for Defendants to introduce this evidence is to attack the credibility of Plaintiffs and their spouses. Because Rule 610 prohibits the introduction of evidence for such a purpose, this evidence is inadmissible.

  ***Relevance.*** This evidence should also be excluded because it is irrelevant. *See* Fed. R. Evid. 401, 402. "Relevant evidence" is evidence that has any tendency to make the fact that is of consequence in determining the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. Plaintiffs' and their spouses' faith has no bearing on Plaintiffs'

intentional tort claims. It does not make it more or less probable any fact that is of consequence to the jury's determination of whether Defendants invaded Plaintiffs' privacy or committed the tort of outrage against Plaintiffs. *See id.*

***Rule 403.*** Finally, evidence about the role that Plaintiffs' and their spouses' faith plays in their lives is highly prejudicial and of minimal probative value, if any. Even if the Court were to find this evidence to be relevant (it is not), the Court should nonetheless exclude it under Rule 403 because any probative value the evidence may have is substantially outweighed by the danger of unfair prejudice, confusing the issues, and wasting the jury's time. Evidence that is unfairly prejudicial is that which "tends to suggest decision based on an improper basis." *United States v. Augustine*, 663 F.3d 367, 372 (8th Cir. 2011). "Unfair prejudice 'speaks to the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged.'" *United States v. Frost*, 234 F.3d 1023, 1025 (8th Cir. 2000) (citing *Old Chief v. United States*, 519 U.S. 172, 180 (1997).). Evidence of the role Plaintiffs' and their spouses' faith plays in their lives invites the fact finder to make findings based on whether they agree with Plaintiffs' beliefs—and not by focusing on the relevant facts of this case, *i.e.*, whether Defendants committed torts against Plaintiffs by releasing the official reports to the media. Because the prejudicial nature of this evidence far outweighs any probative value it may have, the Court should exclude this evidence under Rule 403.

### III.   CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court grant this motion excluding evidence related to the role that Plaintiffs' and their spouses' faith plays in their lives.

Respectfully submitted,

By: */s/ Steven E. Bledsoe*

Stephen G. Larson (admitted *pro hac vice*)
*slarson@larsonllp.com*
Steven E. Bledsoe (admitted *pro hac vice*)
*sbledsoe@larsonllp.com*
Jen C. Won (admitted *pro hac vice*)
*jwon@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Shawn B. Daniels (Ark. Bar No. 99126)
*shawn@danielsfirm.com*
**DANIELS FIRM**
129 W. Sunbridge Drive
Fayetteville, AR 72703
Telephone: (479) 521-7000
Facsimile: (479) 437-2007

Attorneys for Plaintiffs JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY FORSYTH