IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR,<br><br>Plaintiff,<br><br>CITY OF SPRINGDALE; WASHINGTON COUNTY; KATHY O'KELLEY; ERNEST CATE; RICK HOYT; STEVE ZEGA; BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 5:17-CV-05089-TLB |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE ERNEST CATE'S TESTIMONY THAT HE PRAYED FOR PLAINTIFFS**

I.      **INTRODUCTION AND FACTUAL BACKGROUND**

This case arises from Defendants[1]' improper disclosure of confidential reports that contained intimate, specific details of Plaintiffs' sexual molestations by their older brother when they were minor children. Plaintiffs' claims are: (1) Invasion of Privacy – Public Disclosure of Private Fact; (2) Invasion of Privacy – Intrusion Upon Seclusion; and (3) Tort of Outrage.

On August 26, 2021, Plaintiffs took the deposition of Defendant Ernest Cate. During his deposition, Cate provided numerous non-responsive answers to Plaintiffs' counsel's questions. Among his non-responsive answers, Cate stated that he prayed for Plaintiffs and the Duggar family at church the Sunday after the Offense Report was released and subsequently published by *In Touch Weekly*.

Cate's testimony that he prayed for Plaintiffs is wholly irrelevant to Plaintiffs' claims or Defendants' defenses arising from Defendants' release of the reports. More than that, any probative value this evidence could have is vastly outweighed by the potential prejudice it could cause Plaintiffs. As such, Plaintiffs respectfully request that the Court preclude any testimony by Cate about prayers he supposedly offered following the release of the Offense Report.

II.     **ARGUMENT**

At Defendant Ernest Cate's deposition, in response to Plaintiffs' counsel's question, Defendant Cate provided the following non-responsive reply:

> **Q: After the release of the offense report on May 20th, 2015, have you ever done anything to look at the impact the release of the offense report has had on Jill, Jessa, Jinger or Joy?**

---

[1] "Defendants" refers collectively to Defendants the City of Springdale, Arkansas; Kathy O'Kelley; Ernest Cate; the Washington County, Arkansas; and Rick Hoyt.

1

> A: Mr. Bledsoe, I'll tell you what I did do.  This happened, this release was on Wednesday night.  The following Sunday, I don't know what the day was, the 24th, 25th, whatever date that was, I was in church and there is a portion during our service according to James, chapter five for any individuals who request prayer or would like to pray for someone can come forward to the elders of the church and have prayer.  You can sit there and insinuate that perhaps I should have apologized to someone in the Duggar family, you can insinuate that I should feel bad for doing my job, you can insinuate that I should have done something to determine some speculation whether there were damages to anyone in the Duggar family, but I will tell you that Sunday at church I went forward and I prayed for the Duggar family and asked for prayer for the Duggar family. . .

(Declaration of Steven E. Bledsoe ("Bledsoe Decl."), Ex. H [Dep. Tr. of Ernest Cate] at 87:2-88:16.)

*Relevance*.  This evidence is inadmissible because it is not relevant.  *See* Fed. R. Evid. 401, 402.  "Relevant evidence" is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.  Testimony of whether Defendant Cate prayed for Plaintiffs and their family after he had already released the Offense Report does not have any tendency to make the existence of any fact that is of consequence to the determination of the issues of fact to be contested, (*see* Plaintiffs' Pretrial Disclosure, [Dkt. 176]), more or less probable because Cate's purported prayers came *after* the release of the reports that is the focus of this lawsuit. Simply put, this evidence has no bearing on whether Defendants committed intentional torts aimed at Plaintiffs.  *See id.*

*Rule 403*.  Even if the Court were to find that such evidence is relevant (it is not), the

Court should nonetheless exclude the evidence as unfairly prejudicial under Rule 403 of the Federal Rules of Evidence. Evidence that is unfairly prejudicial is that which "tends to suggest decision on an improper basis." *United States v. Augustine*, 663 F.3d 367, 372 (8th Cir. 2011). "'Unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Watson*, 895 F.3d 589, 594 (8th Cir. 2018) (citing *United States v. Lupino*, 301 F.3d 642, 646 (8th Cir. 2002)). The only reasons for Cate to offer this testimony is to attempt to establish his sincerity and good faith in connection with the release of the report and to attempt to garner sympathy with the jury based on his supposed religiosity prompting it to decide this case on an improper and emotional basis. *See id.* Because the prejudicial nature of this evidence far outweighs any probative value it may have, introduction of this evidence should be precluded under Rule 403.

### III.  CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court grant this motion excluding evidence related to Defendant Cate's supposed prayers for Plaintiffs.

          Respectfully submitted,

         By: */s/ Steven E. Bledsoe*
          Stephen G. Larson (admitted *pro hac vice*)
          *slarson@larsonllp.com*
          Steven E. Bledsoe (admitted *pro hac vice*)
          *sbledsoe@larsonllp.com*
          Jen C. Won (admitted *pro hac vice*)
          *jwon@larsonllp.com*
          **LARSON LLP**
          555 South Flower Street, Suite 4400
          Los Angeles, California 90071
          Telephone: (213) 436-4888
          Facsimile: (213) 623-2000

          Shawn B. Daniels (Ark. Bar No. 99126)
          *shawn@danielsfirm.com*
          **DANIELS FIRM**
          129 W. Sunbridge Drive
          Fayetteville, AR 72703
          Telephone: (479) 521-7000
          Facsimile: (479) 437-2007

          Attorneys for Plaintiffs JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY FORSYTH