IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR,<br><br>Plaintiff,<br><br>CITY OF SPRINGDALE; WASHINGTON COUNTY; KATHY O'KELLEY; ERNEST CATE; RICK HOYT; STEVE ZEGA; BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 5:17-CV-05089-TLB |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE OF
PLAINTIFFS' FINANCIAL CONDITION**

**I.      INTRODUCTION AND FACTUAL BACKGROUND**

The case arises from Defendants' improper disclosure of confidential reports that contained intimate, specific details of Plaintiffs' sexual molestations by their older brother when they were minor children.  Plaintiffs' claims are: (1) Invasion of Privacy – Public Disclosure of Private Fact; (2) Invasion of Privacy – Intrusion Upon Seclusion; and (3) Tort of Outrage, and are based upon allegations unrelated to Plaintiffs' financial condition.   Plaintiffs seek compensatory and punitive damages—not damages related to lost income or other financial harm as a result of the disclosures.  Nonetheless, at the depositions of Plaintiffs and their spouses, counsel for Defendants asked various irrelevant questions about Plaintiffs' financial condition.

The evidence of Plaintiffs' financial condition is entirely irrelevant to Plaintiffs' claims or to Defendants' defenses and violates Rule 403.  As such, Plaintiffs respectfully request that the Court exclude any evidence relating to Plaintiffs' and their families' financial condition, including whether Plaintiffs' family has any financial hardship or stress, how Plaintiffs paid for their cars, whether Plaintiffs receive government assistance, and how much money Plaintiffs earn.

**II.     ARGUMENT**

At Plaintiffs' depositions, Defendants asked Plaintiffs various questions about their financial conditions.  For example:

- How much Plaintiffs and their families currently make annually, including questions about their promotions in social media. (*See, e.g.*, Ex. A to Declaration of Steven E. Bledsoe ("Bledsoe Decl.") [Dep. Tr. of Jill Dillard] at 14:3-18:19, 21:3-23:12; Ex. B to Bledsoe Decl. [Dep. Tr. of Jessa Seewald] at 27:20-28:19, 94:22-98:1; Ex. C to Bledsoe Decl. [Dep. Tr. of Jinger Vuolo] at 13:13-14:6, 15:5-17:20, 34:6-14, 101:12-107:24, 109:5-110:6; Ex. D to Bledsoe Decl. [Dep. Tr. of Joy Forsyth] at 63:19-65:14; Ex. E [Dep. Tr. of Derick Dillard] at 86:11-20, 104:3-17, 145:4-16, 146:9-16; Ex. F [Dep. Tr. of Jeremy Vuolo] at 56:16-59:1, 78:24-80:12.)

1

- How Jill and Derick Dillard financed their missionary work. (*See, e.g.*, Ex. E to Bledsoe Decl. [Dep. Tr. of Derick Dillard] at 25:2-12.)

- Derick Dillard's employment status. (*See, e.g.*, Ex. E to Bledsoe Decl. [Dep. Tr. of Derick Dillard] at 26:1-28:24, 36:5-37:19, 45:1-17, 143:16-145:2, 172:11-173:8.)

- Jim Bob and Michelle Duggar's compensation from their reality television show. (*See, e.g.*, Ex. E to Bledsoe Decl. [Dep. Tr. of Derick Dillard] at 70:13-71:13.)

- Whether Plaintiffs receive financial assistance from the government. (*See, e.g.*, Ex. E to Bledsoe Decl. [Dep. Tr. of Derick Dillard] at 147:17-148:16, 173:17-19; Ex. F to Bledsoe Decl. [Dep. Tr. of Jeremy Vuolo] at 59:2-7.)

- How Derick and Jill Dillard pay for their cars. (*See, e.g.*, Ex. E to Bledsoe Decl. [Dep. Tr. of Derick Dillard] at 171:18-172:10.)

***Relevance.*** Evidence of Plaintiffs' financial condition is not relevant and therefore is inadmissible. *See* Fed. R. Evid. 401, 402. "Relevant evidence" is evidence that has a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. Plaintiffs are not claiming damages from financial loss, including any loss of income, and therefore Plaintiffs' and their families' financial condition has no bearing on the damages sustained by Plaintiffs. (*See* Ex. I to Bledsoe Decl. [04/29/21 Status Conf. Hrg. Tr.] at 16:9-21.) This evidence does not make any fact relevant to the jury's determination of Defendants' liability or the damages that Plaintiffs sustained as a result of Defendants' improper disclosure more or less probable. *See id.*

***Rule 403.*** Evidence of Plaintiffs' financial condition also violates Rule 403 because any probative value this evidence could have is significantly outweighed by unfair prejudice. Evidence that is unfairly prejudicial is that which "tends to suggest decision based on an improper basis." *United States v. Augustine*, 663 F.3d 367, 372 (8th Cir. 2011). "'Unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Watson*, 895 F.3d 589, 594 (8th Cir. 2018)

(citing *United States v. Lupino*, 301 F.3d 642, 646 (8th Cir. 2002)).  Because Plaintiffs are not seeking economic damages for the harm they have suffered, evidence about their financial condition would invite the jury to make a determination about Plaintiffs' damages in this case on an improper basis.  For example, it may mislead the jury to conclude that Plaintiffs brought this suit because of their financial condition, even though Plaintiffs are not seeking economic damages and their financial condition is not at issue at trial.  Further, because economic damages are not at issue, evidence relating to Plaintiffs' financial condition would also waste the jury's time.  Because the prejudicial nature of this evidence far outweighs any probative value it may have, Defendants' introduction of such evidence must be excluded under Rule 403.

### III.     CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court grant this motion excluding evidence related to Plaintiffs' financial condition.

Respectfully submitted,

By: */s/ Steven E. Bledsoe*
Stephen G. Larson (admitted *pro hac vice*)
*slarson@larsonllp.com*
Steven E. Bledsoe (admitted *pro hac vice*)
*sbledsoe@larsonllp.com*
Jen C. Won (admitted *pro hac vice*)
*jwon@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Shawn B. Daniels (Ark. Bar No. 99126)
*shawn@danielsfirm.com*
**DANIELS FIRM**
129 W. Sunbridge Drive
Fayetteville, AR 72703
Telephone: (479) 521-7000
Facsimile: (479) 437-2007

Attorneys for Plaintiffs JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY FORSYTH

4