IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR,<br><br>Plaintiff,<br><br><br><br>CITY OF SPRINGDALE; WASHINGTON COUNTY; KATHY O'KELLEY; ERNEST CATE; RICK HOYT; STEVE ZEGA; BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 5:17-CV-05089-TLB |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 7 TO EXCLUDE REFERENCE TO PUBLIC INTEREST IN KNOWLEDGE OF SEXUAL PREDATORS AND WHETHER PLAINTIFFS BELIEVE JOSH DUGGAR TO BE A SEXUAL PREDATOR**

I.      **INTRODUCTION AND RELEVANT FACTUAL BACKGROUND**

Plaintiffs are four sisters who suffered sexual abuse at the hands of their brother, Josh Duggar, when they were minor children in or around 2002. This litigation arose from the City of Springdale and Washington County Defendants' (collectively, "Defendants") improper release of confidential reports documenting the details of Plaintiffs' sexual molestations, which occurred in May 2015. Plaintiffs' claims at trial include: (1) Invasion of Privacy – Public Disclosure of Private Fact; (2) Invasion of Privacy – Intrusion Upon Seclusion; and (3) Tort of Outrage.

In the depositions of Plaintiffs and their spouses, Defendants have sought to elicit testimony that they did the public a service by releasing the reports because it allowed the public to identify Josh Duggar as a sexual predator. (*See, e.g.*, Ex. C to Declaration of Steven E. Bledsoe ("Bledsoe Decl.") [Dep. Tr. of Jinger Vuolo] at 49:15-19; Ex. D to Bledsoe Decl. [Dep. Tr. of Joy Forsyth] at 51:5-16; Ex. F to Bledsoe Decl. [Dep. Tr. of Jeremy Vuolo] at 60:3-6, 62:4-17.)

Plaintiffs anticipate that Defendants will continue this at trial and ask Plaintiffs and their spouses whether they believe Josh Duggar is a sexual predator and whether they believe the public has the right to know about sexual predators. As detailed below, both types of evidence are inadmissible at trial for a number of reasons.

II.     **ARGUMENT**

Evidence relating to whether (1) Defendants' release of the reports was for the public benefit; and (2) Plaintiffs and their spouses believed Josh Duggar is a sexual predator is inadmissible at trial because it is irrelevant, violates Rule 403, and calls for improper opinion testimony.

*Relevance.* Rule 402 of the Federal Rules of Evidence provides that "[e]vidence which is

not relevant is not admissible." And, evidence is only relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. This case is about whether Defendants committed various intentional torts by releasing the reports containing details of sexual abuse of minors in violation of the law. Evidence of whether Plaintiffs and their spouses believed Defendants were acting for the public benefit simply has no bearing on whether Defendants committed intentional torts. The same goes for evidence of whether Plaintiffs and their spouses believe Josh Duggar to be a sexual predator. As such, both types of evidence are irrelevant and thus inadmissible. *See* Fed. R. Evid. 401, 402.

    ***Rule 403.*** Rule 403 of the Federal Rules of Evidence allows courts to exclude evidence, even if relevant, if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. Under Rule 403, "great deference" is given to a district court's balancing of the relative value of a piece of evidence and its prejudicial effect. *United States v. Lupino*, 301 F.3d 642, 646 (8th Cir. 2002).

    Here, questions about whether Plaintiffs believe that (1) Josh Duggar is a sexual predator, and (2) the public has a right to know about sexual predators are classic "gotcha" questions designed to insinuate that they did the public a service by disclosing the Incident and Offense Reports to the media. The questions (and answers) have no probative value in this case and will confuse the issues, waste time, and mislead the jury. This case is about whether *Defendants* committed torts by releasing confidential reports in violation of the law, not about what Plaintiffs and their spouses believe about Josh. Defendants' after-the-fact attempt to excuse their violation of the law by insinuating that it was for the greater good is not legally relevant and will be highly

2

prejudicial to Plaintiffs' case. Thus, even if the Court finds this evidence admissible under Rule 402, it should exclude the evidence under Rule 403.

***Improper Opinion Testimony.*** Finally, Rule 701 limits the scope of opinion testimony from a lay witness to opinions that are "rationally based on the witness's perception"; "helpful to clearly understanding the witness's testimony or to determining a fact in issue"; and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Asking Plaintiffs and their spouses to opine on whether there is a public interest in identifying sexual predators calls for improper opinion testimony. Not only would these opinions not be rationally based on the witness's perceptions, but also fall squarely within the scope of Rule 702. Similarly, asking Plaintiffs and their spouses to opine on their belief that Josh Duggar is a sexual predator calls for improper opinion testimony. This case is not about Plaintiffs' molestations, but rather is about Defendants' improper release of confidential details about these molestations. Thus, Plaintiffs' and their spouses' opinions about whether Josh Duggar is a sexual predator will not aid the jury in understanding their testimony or determining a fact in issue. Any opinion offered by Plaintiffs and their spouses would fall under Rule 702.

## III.   CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court grant this motion and exclude all evidence relating to whether Plaintiffs and their spouses' believe that (1) Defendants acted in the public interest by releasing the official reports documenting Josh Duggar's sexual molestations; and (2) Josh Duggar is a sexual predator.

Respectfully submitted,

By: */s/ Steven E. Bledsoe*
    Stephen G. Larson (admitted *pro hac vice*)
    *slarson@larsonllp.com*
    Steven E. Bledsoe (admitted *pro hac vice*)
    *sbledsoe@larsonllp.com*
    Jen C. Won (admitted *pro hac vice*)
    *jwon@larsonllp.com*
    **LARSON LLP**
    555 South Flower Street, Suite 4400
    Los Angeles, California 90071
    Telephone: (213) 436-4888
    Facsimile: (213) 623-2000

    Shawn B. Daniels (Ark. Bar No. 99126)
    *shawn@danielsfirm.com*
    **DANIELS FIRM**
    129 W. Sunbridge Drive
    Fayetteville, AR 72703
    Telephone: (479) 521-7000
    Facsimile: (479) 437-2007

    Attorneys for Plaintiffs JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY FORSYTH