IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SPRINGDALE; WASHINGTON COUNTY; KATHY O'KELLEY; ERNEST CATE; RICK HOYT; STEVE ZEGA; BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC; and DOES 1-10, inclusive,<br><br>    Defendant. | Case No.: 5:17-CV-05089-TLB |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 8 TO EXCLUDE REFERENCE TO WHETHER PLAINTIFFS HAVE FORGIVEN JOSH DUGGAR AND WHY THEY HAVE NOT SUED JOSH DUGGAR**

I.      **INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiffs are four sisters who suffered sexual abuse at the hands of their brother, Josh Duggar, when they were minor children in or around 2002. This litigation arose from Defendants' improper release of confidential official reports documenting the details of Plaintiffs' sexual molestations, which occurred in May 2015. Plaintiffs' claims at trial include: (1) Invasion of Privacy – Public Disclosure of Private Fact; (2) Invasion of Privacy – Intrusion Upon Seclusion; and (3) Tort of Outrage.

At Plaintiffs' depositions, counsel for Defendants asked questions about whether they have forgiven Josh Duggar and why they have not sued him. (*See, e.g.*, Ex. A to Declaration of Steven E. Bledsoe ("Bledsoe Decl.") [Dep. Tr. of Jill Dillard] at 201:13-16; Ex. B to Bledsoe Decl. [Dep. Tr. of Jessa Seewald] at 64:20-65:14; Ex. D to Bledsoe Decl. [Dep. Tr. of Joy Forsyth] at 47:25-48:10, 46:13-48:11.) Putting aside that both of these lines of inquiry are irrelevant and violate Rule 403, because this evidence is plainly inadmissible, Plaintiffs' motion should be granted.

II.     **ARGUMENT**

Evidence relating to whether Plaintiffs have forgiven Josh and why they have not sued him is irrelevant and violates Rule 403.

*Relevance.* Rule 402 of the Federal Rules of Evidence provides that "[e]vidence which is not relevant is not admissible." And evidence is only relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. This case is about whether Defendants committed various torts by releasing the reports containing details of sexual abuse of minors in violation of the law. Evidence relating to whether Plaintiffs have forgiven

1

their abuser and why they have not sued him has zero to do with whether *Defendants*' disclosure of confidential reports makes them liable for invasion of privacy and the tort of outrage. Because this evidence is irrelevant, it is inadmissible. *See* Fed. R. Evid. 401, 402.

*Rule 403.* And even if evidence about whether Plaintiffs have forgiven Josh Duggar and why they have not sued him was relevant (it is not), this evidence should still be excluded because it violates Rule 403 of the Federal Rules of Evidence. Rule 403 allows courts to exclude otherwise relevant evidence if its probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. This Court has "great deference" to balance the relative value of evidence against its prejudicial effect. *See United States v. Lupino*, 301 F.3d 642, 646 (8th Cir. 2002).

Here, evidence relating to whether Plaintiffs have forgiven Josh and why they have not sued him has no probative value whatsoever. Even worse, this evidence would only waste the jury's time and mislead the jury by confusing the relevant issues. This trial is about Defendants' intentional torts, and nothing else. Defendants' cynical attempt to divert the jury's attention should fail.

## III.   CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court grant this motion and exclude all evidence at trial relating to whether Plaintiffs have forgiven Josh Duggar and why they have not sued him.

Respectfully submitted,

By: */s/ Steven E. Bledsoe*
Stephen G. Larson (admitted *pro hac vice*)
*slarson@larsonllp.com*
Steven E. Bledsoe (admitted *pro hac vice*)
*sbledsoe@larsonllp.com*
Jen C. Won (admitted *pro hac vice*)
*jwon@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Shawn B. Daniels (Ark. Bar No. 99126)
*shawn@danielsfirm.com*
**DANIELS FIRM**
129 W. Sunbridge Drive
Fayetteville, AR 72703
Telephone: (479) 521-7000
Facsimile: (479) 437-2007

Attorneys for Plaintiffs JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY FORSYTH