IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR,<br><br>Plaintiff,<br><br><br>CITY OF SPRINGDALE; WASHINGTON COUNTY; KATHY O'KELLEY; ERNEST CATE; RICK HOYT; STEVE ZEGA; BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 5:17-CV-05089-TLB |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 9 TO EXCLUDE EVIDENCE THAT DEFENDANTS' DISCLOSURES COMPLIED WITH THE LAW**

I.     **INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiffs are four sisters who suffered sexual abuse at the hands of their brother when they were minor children. This litigation arose from Defendants' improper release of confidential official reports documenting the details of Plaintiffs' sexual molestations in May 2015. Plaintiffs' claims at trial include: (1) Invasion of Privacy – Public Disclosure of Private Fact; (2) Invasion of Privacy – Intrusion Upon Seclusion; and (3) Tort of Outrage.

Shortly after Defendants' disclosures, Judge Stacey A. Zimmerman in the Washington County Circuit Court, Juvenile Division, issued multiple orders finding that Defendants' disclosures violated several Arkansas statutes. (*See* Ex. K to Declaration of Steven E. Bledsoe ("Bledsoe Decl.") [Judge Zimmerman's Orders dated May 21, 2015, May 26, 2015, and June 1, 2015].) In ruling on Defendants' motions to dismiss, this Court likewise recognized that the Arkansas law "plainly stated" at the time of disclosures that the Arkansas State Police records relating to children are exempt from disclosure under the FOIA. (Dkt. 62 [Order denying motion to dismiss] at 24.)

Nevertheless, Defendants insisted that their disclosures complied with Arkansas law at their depositions and in their affidavits submitted in support of their motions for summary judgment. (*See* Bledsoe Decl., Ex. G [Dep. Tr. of Kathy O'Kelley] at 58:11-19, 60:13-20; Bledsoe Decl., Ex. H [Dep. Tr. of Ernest Cate] at 87:24-88:12, 89:9-14; *see also* Dkt. 141-2 [Declaration of Kathy O'Kelley], ¶ 15 ("[I]t was the practice of law enforcement agencies across Arkansas [] to redact the names and other identifying information of juveniles and victims of sexual offenses . . . prior to releasing the redacted reports pursuant to a FOIA request."); Dkt. 139-1 [Affidavit of Rick Hoyt], ¶ 6 (". . . the law required the FOIA to be construed in favor of disclosure . . .").) Defendants' testimony is directly contradicted by Judge Zimmerman's rulings

1

and the statutes themselves. Thus, the evidence that Defendants' disclosures were lawful is not true and would only serve to confuse the issues, mislead the jury, and waste the jury's time. Because the evidence is not relevant under Rule 402 and would also violate Rule 403, it should be excluded at trial.

## II.     ARGUMENT

Defendants' testimonies that their disclosures complied with the law is directly contradicted by Judge Zimmerman's rulings that their disclosures violated various Arkansas statutes, as well as the plain language of the statutes themselves. Following Defendants' disclosures, Judge Zimmerman issued several orders explicitly finding that Defendants' disclosures violated (1) Ark. Code Ann. § 9-27-309 (prohibiting disclosure of juvenile records in a Family In Need of Services case); (2) Ark. Code Ann. § 12-18-104 (forbidding disclosure of records relating to children kept by the Department of Human Services or the Arkansas State Police); and (3) Ark. Code Ann. § 16-90-1104 (prohibiting a law enforcement agency's disclosure of information identifying the victims of a sex crime). (*See* Bledsoe Decl., Ex. K [Judge Zimmerman's Orders dated May 21, 2015, May 26, 2015, and June 1, 2015].)

Indeed, Judge Zimmerman's letter to Defendant Cate on June 11, 2015, pointed out that the police report at issue expressly stated that a Family In Needs of Services ("FINS") petition was filed in connection with the case, and thus, made it clear that the disclosure of the report would violate Ark. Code Ann. § 9-27-309. Judge Zimmerman's letter stated that Cate's position that the "police report is subject to FOIA and not protected by the Juvenile Code is incorrect, misguided, goes against what the law and the [] Attorney General's Opinions . . . , and flies against the intent of the legislature." (Bledsoe Decl., Ex. J [Judge Zimmerman's letter dated June 11, 2015] at 6; see also Dkt. 62 [Order denying motion to dismiss] at 24 (recognizing that at

the time of Defendants' disclosures, Arkansas law "plainly stated" that the Arkansas State Police records relating to children shall not be subject to disclosure under the FOIA) (citing Ark. Code Ann. § 12-18-104(a)).)  Thus, Defendants' testimonies that their disclosures complied with the law directly contravenes Judge Zimmerman's rulings and the law.

Under Rule 402, irrelevant evidence is not admissible.  Rule 403 also allows courts to exclude otherwise relevant evidence if its probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence.  Under Rule 403, "great deference" is given to a district court's balancing of the relative value of a piece of evidence and its prejudicial effect.  *United States v. Lupino*, 301 F.3d 642, 646 (8th Cir. 2002); *United States v. Wallace*, 722 F.2d 415, 416 (8th Cir. 1983).

Here, Defendants' claim that their disclosures complied with Arkansas law has no probative value because it is simply untrue.  Moreover, such testimony would confuse the jury on the legality of Defendants' disclosures and mislead the jury to believe that the disclosures complied with the law, despite the plain language of the statutes themselves and Judge Zimmerman's explicit findings that the disclosures violated the law.

### III.    CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court grant this motion and exclude testimony or argument that Defendants' disclosures complied with the law.

Respectfully submitted,

By: */s/ Steven E. Bledsoe*
Stephen G. Larson (admitted *pro hac vice*)
*slarson@larsonllp.com*
Steven E. Bledsoe (admitted *pro hac vice*)
*sbledsoe@larsonllp.com*
Jen C. Won (admitted *pro hac vice*)
*jwon@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Shawn B. Daniels (Ark. Bar No. 99126)
*shawn@danielsfirm.com*
**DANIELS FIRM**
129 W. Sunbridge Drive
Fayetteville, AR 72703
Telephone: (479) 521-7000
Facsimile: (479) 437-2007

Attorneys for Plaintiffs JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY FORSYTH