IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR,<br><br>        Plaintiff,<br><br><br>CITY OF SPRINGDALE; WASHINGTON COUNTY; KATHY O'KELLEY; ERNEST CATE; RICK HOYT; STEVE ZEGA; BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC; and DOES 1-10, inclusive,<br><br>        Defendant. | Case No.: 5:17-CV-05089-TLB |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 10 TO EXCLUDE EVIDENCE REGARDING PRIOR COURT RULINGS AND JOSH DUGGAR'S STATE CASE**

## I.      INTRODUCTION AND FACTUAL BACKGROUND

This case is about Defendants'[1] improper disclosure of confidential reports that contained intimate, specific details of Plaintiffs' sexual molestations by their older brother when they were minor children.  Plaintiffs initially brought multiple claims against Defendants, Steve Zega, attorney for the Washington County, and Bauer Entities[2] asserting the following causes of action: (1) Invasion of Privacy – Public Disclosure of Private Fact; (2) Invasion of Privacy – Appropriation[3]; (3) Invasion of Privacy – Intrusion Upon Seclusion; (4) Tort of Outrage; (5) Violation of the Arkansas Constitution – Due Process; (6) Violation of 42 U.S.C. § 1983 – Fourteenth Amendment; and (7) Violation of 42 U.S.C. § 1983 – *Monell*.

On the Bauer Entities' motion to dismiss, however, this Court dismissed them from this action.  Plaintiffs also voluntarily dismissed Steve Zega as a defendant during discovery.  (*See* Dkts. 62, 70, 134.)  Additionally, following the Eighth Circuit's *en banc* ruling that Defendants are entitled to some qualified immunity, only the following claims now remain against Defendants: (1) Invasion of Privacy – Public Disclosure of Private Fact; (2) Invasion of Privacy – Intrusion Upon Seclusion; and (3) Tort of Outrage.  *See Dillard v. O'Kelley*, 961 F.3d 1048 (8th Cir. 2020) (en banc).

Plaintiffs' older brother, Josh Duggar, also filed his own lawsuit related to Defendants' improper disclosure of the official reports, first in federal court, and then in Arkansas State

---

[1] "Defendants" refers collectively to Defendants the City of Springdale, Arkansas; Kathy O'Kelley; Ernest Cate; the Washington County, Arkansas; and Rick Hoyt.

[2] Plaintiffs' complaint initially named Bauer Publishing Company, L.P.; Bauer Magazine L.P.; Bauer Media Group, Inc.; Bauer, Inc.; Henrich Bauer North America, Inc.; and Bauer Media Group USA, LLC (collectively, "Bauer Entities") as Defendants.  However, Bauer Entities were dismissed without prejudice on their motion to dismiss.  (Dkt. 70.)

[3] Plaintiffs' misappropriation claim was only asserted against Bauer Defendants and has been dismissed.  (Dkt. 70.)

Court.  *See Duggar v. City of Springdale*, 599 S.W.3d 672 (Ark. Ct. App. 2020).  Defendants

recently filed a Motion for Judgment on the Pleadings, (Dkts. 134, 135), in part based on Josh

Duggar's Arkansas State Court case ("Springdale State Case").  Defendants' Motion for

Judgment on the Pleadings was denied by this Court.  (Dkt. 172.)

The prior rulings in this case and the Springdale State Case are irrelevant to the

remaining claims to be tried by the jury and any probative value of such evidence is substantially

outweighed by the prejudice such evidence could cause.  As such, Plaintiffs respectfully request

that the Court preclude the introduction of prior rulings of this Court and the Eighth Circuit, and

rulings in Josh Duggar's Arkansas State Court case on the basis that they are not relevant and

violate Rule 403.

## II.   <u>ARGUMENT</u>

Any reference to prior rulings by this Court or the Eighth Circuit in this case or by the

court in the Springdale State Case should be excluded because such evidence is irrelevant and

any conceivable probative value would be substantially outweighed by the unfair prejudice such

evidence would cause to Plaintiffs' case.

*Relevance.*  Only relevant evidence is admissible at trial.  *See* Fed. R. Evid. 401, 402.

"Relevant evidence" is evidence having any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be

without the evidence.  Fed. R. Evid. 401.  References to complicated procedural history in this

case and the Springdale State Case have no bearing on any fact that is of consequence to the

jury's determination of whether Defendants invaded Plaintiffs' privacy or committed the tort of

outrage against Plaintiffs.  Additionally, this Court has already found that the Springdale State

Case has no bearing on this case.  (*See* Dkt. 172 [Order Denying Motion for Judgment on the

Pleadings].)

     ***Rule 403.***  References to the Court's prior ruling or the Springdale State Case and procedural history are highly prejudicial and of little probative value.  Even if the Court were to find that such evidence is relevant, which it should not, it should be excluded pursuant to Federal Rule of Evidence 403 as being unfairly prejudicial.  Evidence that is unfairly prejudicial is that which "tends to suggest decision based on an improper basis."  *United States v. Augustine*, 663 F.3d 367, 372 (8th Cir. 2011).  "Unfair prejudice 'speaks to the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged.'"  *United States v. Frost*, 234 F.3d 1023, 1025 (8th Cir. 2000) (citing *Old Chief v. United States*, 519 U.S. 172, 180 (1997).).  Allowing Defendants to make references to prior rulings dismissing previous claims and parties or to Josh Duggar's failed Springdale State Case will only serve to color the relevant facts, luring the fact-finder into making a decision about the merits of Plaintiffs' remaining claims based on the claims that are no longer issues in this case or Josh Duggar's unrelated case.  *See id.*  These rulings and procedural history would not assist the jury, but instead most likely confuse them.  The prejudicial nature of this evidence far outweighs any probative value it may have.  Therefore, introduction of such evidence should be precluded under Rule 403.

## III.    <u>CONCLUSION</u>

     For the reasons stated herein, Plaintiffs respectfully request that the Court grant this motion excluding evidence of prior rulings in this case and those in the Springdale State Case.

Respectfully submitted,


By: _____
　　　Stephen G. Larson (admitted *pro hac vice*)
　　　*slarson@larsonllp.com*
　　　Steven E. Bledsoe (admitted *pro hac vice*)
　　　*sbledsoe@larsonllp.com*
　　　Jen C. Won (admitted *pro hac vice*)
　　　*jwon@larsonllp.com*
　　　**LARSON LLP**
　　　555 South Flower Street, Suite 4400
　　　Los Angeles, California 90071
　　　Telephone: (213) 436-4888
　　　Facsimile: (213) 623-2000

　　　Shawn B. Daniels (Ark. Bar No. 99126)
　　　*shawn@danielsfirm.com*
　　　**DANIELS FIRM**
　　　129 W. Sunbridge Drive
　　　Fayetteville, AR 72703
　　　Telephone: (479) 521-7000
　　　Facsimile: (479) 437-2007

　　　Attorneys for Plaintiffs JILL DILLARD, JESSA
　　　SEEWALD, JINGER VUOLO, and JOY
　　　FORSYTH