IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JILL DILLARD, JESSA SEEWALD,
JINGER VUOLO, and JOY DUGGAR,

        Plaintiff,

Case No.: 5:17-CV-05089-TLB

CITY OF SPRINGDALE; WASHINGTON
COUNTY; KATHY O'KELLEY; ERNEST
CATE; RICK HOYT; STEVE ZEGA;
BAUER PUBLISHING COMPANY, L.P.;
BAUER MAGAZINE, L.P.; BAUER MEDIA
GROUP, INC.; BAUER, INC.; HEINRICH
BAUER NORTH AMERICA, INC.; BAUER
MEDIA GROUP USA, LLC; and DOES 1-10,
inclusive,

        Defendant.

**PLAINTIFFS' MOTION *IN LIMINE* NO. 11 EXCLUDING EVIDENCE OF SOCIAL
MEDIA AND INTERNET POSTINGS ABOUT THE PUBLIC'S PRIOR KNOWLEDGE
OF PLAINTIFFS' MOLESTATIONS**

## I.    <u>INTRODUCTION AND FACTUAL BACKGROUND</u>

This case is about Defendants'[1] disclosure of confidential reports that contained intimate, specific details of Plaintiffs' sexual molestations by their older brother when they were minor children.  As a result of Defendants' improper disclosure, Plaintiffs' identity as sexual assault victims and the details of their sexual assaults became publicly known.  Plaintiffs assert the following claims at trial: (1) Invasion of Privacy – Public Disclosure of Private Fact; (2) Invasion of Privacy – Intrusion Upon Seclusion; and (3) Tort of Outrage.

In Defendants' Pretrial Disclosures (Dkts. 174, 175), Defendants disclosed that they intend to offer social media and Internet postings about the public's knowledge of Plaintiffs' molestations prior to Defendants' release of the confidential reports at trial.  Such evidence should be excluded on the grounds that it is untimely and it cannot be authenticated.

## II.    <u>ARGUMENT</u>

Evidence relating to social media or Internet postings about Plaintiffs' molestations prior to Defendants' disclosure must be excluded at trial because it has not been previously produced in discovery and violates Rule 901.

***Untimeliness.***  Discovery in this case was closed on October 4, 2021.  (*See* Dkt. 120.) Prior to the close of discovery, Defendants made productions on May 11, 2021, June 10, 2021, and June 15, 2021.  However, no evidence of social media and Internet postings was included in these productions.  In fact, the only reference to Internet postings was provided by Defendants in support of their respective Motions for Summary Judgment in the form of a witness affidavit. (Dkt. 141-14 [Affidavit of Abtin Mehdizadegan].)  Plaintiffs' objection to the witness affidavit

---

[1] "Defendants" refers collectively to Defendants the City of Springdale, Arkansas; Kathy O'Kelley; Ernest Cate; the Washington County, Arkansas; and Rick Hoyt.

are currently pending before the Court.  In any event, the introduction of this evidence would be untimely and prejudicial to Plaintiffs.  Plaintiffs do not even know what social media or Internet postings evidence Defendants are referring to and did not have the opportunity to question a witness about the evidence or test its authenticity during discovery.  As such, Defendants' attempt to ambush Plaintiffs with undisclosed and unproduced documents at trial should be rejected and the evidence should be excluded.

*Rule 901.*  Rule 901 of the Federal Rules of Evidence requires each item of evidence to be authenticated and requires the proponent of evidence to provide "evidence sufficient to support a finding that the item is what the proponent claims it is."  Defendants failed to identify what the evidence is, let alone provide sufficient evidence to authenticate it. "'[A]uthentication of social media evidence … presents some special challenges because of the great ease with which a social media account may be falsified or a legitimate account may be accessed by an imposter.'" *United States v. Lamm*, 5 F.4th 942, 947 (8th Cir. 2021) (citing *United States v. Browne*, 834 F.3d 403, 412 (3d Cir. 2016).).  The Eighth Circuit has held that evidence of social media does not self-authenticate itself.  *Lamm*, 5 F.4th at 947.  Instead, the proponent of the evidence must provide extrinsic evidence to establish authenticity under Rule 901(a), such as witness testimony or circumstantial evidence establishing authorship.  *Id.*  Defendants provided no evidence whatsoever to authenticate social media or Internet postings made by third parties.  Because the evidence cannot be authenticated, it violates Rule 901 and is inadmissible at trial.

## III.   <u>CONCLUSION</u>

For the reasons stated herein, Plaintiffs respectfully request that the Court grant this motion to exclude evidence of social media and Internet postings about the public's prior knowledge of Plaintiffs' molestations.

Respectfully submitted,


By: */s/ Steven E. Bledsoe*

Stephen G. Larson (admitted *pro hac vice*)
*slarson@larsonllp.com*
Steven E. Bledsoe (admitted *pro hac vice*)
*sbledsoe@larsonllp.com*
Jen C. Won (admitted *pro hac vice*)
*jwon@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000


Shawn B. Daniels (Ark. Bar No. 99126)
*shawn@danielsfirm.com*
**DANIELS FIRM**
129 W. Sunbridge Drive
Fayetteville, AR 72703
Telephone: (479) 521-7000
Facsimile: (479) 437-2007


Attorneys for Plaintiffs JILL DILLARD, JESSA
SEEWALD, JINGER VUOLO, and JOY
FORSYTH

3