IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SPRINGDALE; WASHINGTON COUNTY; KATHY O'KELLEY; ERNEST CATE; RICK HOYT; STEVE ZEGA; BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 5:17-CV-05089-TLB |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 12 TO EXCLUDE EVIDENCE RELATED TO THE CHANGE IN ARKANSAS LAW CONCERNING MINOR OFFENDERS**

I.      **INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiffs are four sisters who suffered sexual abuse at the hands of their brother, Josh Duggar, when Plaintiffs and Josh were minor children in or around 2002. Although the molestations occurred in around 2002 or 2003, the law enforcement investigation into the sexual assaults took place in 2006, resulting in the official reports documenting the graphic details of Plaintiffs' molestations. This litigation arose from Defendants' improper release of the confidential official reports documenting the details of Plaintiffs' sexual molestation, which occurred in May 2015. Shortly after the disclosure, Judge Stacey A. Zimmerman in the Washington County Circuit Court, Juvenile Division ruled that those official reports must be protected from disclosure because they contain information about the victims of sex crime. (*See* Declaration of Steven E. Bledsoe ("Bledsoe Decl."), Ex. K [May 21, 2015; May 26, 2015; and June 1, 2015 Orders issued by Judge Stacey A. Zimmerman] at 1.) Plaintiffs' claims at trial include: (1) Invasion of Privacy – Public Disclosure of Private Fact; (2) Invasion of Privacy – Intrusion Upon Seclusion; and (3) Tort of Outrage.

At Defendant Ernest Cate's deposition, Cate testified that the Arkansas Juvenile Code changed in 2017, two years after the disclosure, to prevent the disclosure of sex crimes committed by a juvenile offender. (Bledsoe Decl., Ex. H [Dep. Tr. of Ernest Cate] at 25:17-24, 78:21-79:8.) Cate's testimony insinuated that at the time of the disclosure, Defendants' conduct did not violate the Arkansas Juvenile Code governing the disclosure of juvenile offenders of sex crime. This testimony is irrelevant and any minimal probative value is substantially outweighed by the danger of confusing the issues and misleading the jury. Because the evidence is inadmissible and violates Rule 403, it must be excluded at trial.

## II.     ARGUMENT

***Relevance.***  Rule 402 of the Federal Rules of Evidence provides that irrelevant evidence is inadmissible.  And, evidence is only relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.  *See* Fed. R. Evid. 401.

This case is about whether Defendants committed various torts by releasing the official reports containing details of sexual abuse of minor victims in violation of the law.  Here, whether the Arkansas law about the disclosure of juvenile sexual offenders changed *after* Defendants improperly released the official reports is plainly irrelevant, especially in light of the ruling from Judge Zimmerman that their disclosures violated the Arkansas law prohibiting disclosure of the identity of sex crime victims.  (Bledsoe Decl., Ex. K [May 21, 2015; May 26, 2015; and June 1, 2015 Orders issued by Judge Stacey A. Zimmerman].)

***Rule 403.***  While this evidence of change in the law has no probative value, any even conceivable probative value is substantially outweighed by the danger of confusing the issues and misleading the jury.  Rule 403 allows courts to exclude otherwise relevant evidence if its probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence.  "The trial court has broad discretion in determining the relevancy and admissibility of evidence." *United States v. Wallace*, 722 F.2d 415, 416 (8th Cir.1983). Under Rule 403, "great deference" is given to a district court's balancing of the relative value of a piece of evidence and its prejudicial effect.  *United States v. Lupino*, 301 F.3d 642, 646 (8th Cir. 2002); *Wallace,* 722 F.2d at 416.

Here, the evidence of the subsequent change in law regarding juvenile offenders would

2

confuse the relevant issues and mislead the jury.  For example, the testimony that the law changed in 2017 to prohibit disclosure of the identity of juvenile sex offenders may mislead the jury to believe that Defendants' disclosures were lawful in 2015, despite the multiple orders from Judge Zimmerman that Defendants' disclosures violated other Arkansas law.  (See Bledsoe Decl., Ex. K [May 21, 2015; May 26, 2015; and June 1, 2015 Orders issued by Judge Stacey A. Zimmerman].)  It will also confuse the jury about the relevant issues at trial and waste the jury's time.  For these reasons, such evidence should also be excluded under Rule 403.

### III.     CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court grant this motion and exclude all evidence relating to the subsequent change in law regarding disclosure of juvenile sex offenders.

Respectfully submitted,

By: */s/ Steven E. Bledsoe*
Stephen G. Larson (admitted *pro hac vice*)
*slarson@larsonllp.com*
Steven E. Bledsoe (admitted *pro hac vice*)
*sbledsoe@larsonllp.com*
Jen C. Won (admitted *pro hac vice*)
*jwon@larsonllp.com*
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Shawn B. Daniels (Ark. Bar No. 99126)
*shawn@danielsfirm.com*
**DANIELS FIRM**
129 W. Sunbridge Drive
Fayetteville, AR 72703
Telephone: (479) 521-7000
Facsimile: (479) 437-2007

Attorneys for Plaintiffs JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY FORSYTH

4