# EXHIBIT H

Deposition of

# Ernest Cate

August 26, 2021

Dillard

vs.

City of Springdale

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF ARKANSAS
 2                    FAYETTEVILLE DIVISION

 3   JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR,

 4       Plaintiffs,

 5   vs.                  No. 5:17-CV-05089-TLB

 6   CITY OF SPRINGDALE; WASHINGTON COUNTY; KATHY O'KELLEY;
     ERNEST CATE; RICK HOYT; STEVE ZEGA; BAUER PUBLISHING
 7   COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP,
     INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.;
 8   BAUER MEDIA GROUP USA, LLC; and DOES 1-10, Inclusive,

 9       Defendants.

10
     _____
11
            VIDEOCONFERENCE DEPOSITION OF ERNEST CATE
12           TAKEN ON BEHALF OF THE PLAINTIFFS
         ON AUGUST 26, 2021, BEGINNING AT 10:04 A.M.
13           ALL PARTIES APPEARING REMOTELY
             REPORTED BY KERRI PIANALTO, CCR
14
                    APPEARANCES:
15
     By videoconference on behalf of the PLAINTIFFS
16
         Steven E. Bledsoe
17        Nicole J. Kim
         LARSON, LLP
18         555 South Flower Street, Suite 4400
         Los Angeles, California 90071
19        213-436-4888
         sbledsoe@larsonllp.com
20
         Shawn B. Daniels
21         DANIELS LAW FIRM, PLLC
         129 W. Sunbridge Drive
22         Fayetteville, Arkansas 72703
         479-521-7000
23         shawn@danielsfirm.com

24

25   JOB NO. 10087126
```

Page 1

**Ernest Cate**  **Dillard vs. City of Springdale**

1  By videoconference on behalf of the DEFENDANTS CITY OF
2  SPRINGDALE, KATHY O'KELLEY AND ERNEST CATE
3  
4      Susan Keller Kendall
    KENDALL LAW FIRM, PLLC
    3706 Pinnacle Hills Parkway, Suite 201
5      Rogers, Arkansas 72758
    479-464-9828
6      skk@kendalllawfirm.com
7  
8      Thomas N. Kieklak
    R. Justin Eichmann
9      Morgan Doughty
    HARRINGTON, MILLER, KIEKLAK, EICHMANN & BROWN
10      4710 S. Thompson, Suite 102
    Springdale, Arkansas 72764
11      479-751-6464
    tkieklak@arkansaslaw.com
12  
13  By videoconference on behalf of the DEFENDANTS WASHINGTON
    COUNTY, RICK HOYT AND STEVE ZEGA
14  
    Jason E. Owens
15      JASON OWENS LAW FIRM, P.A.
    1023 Main Street, Suite 204
16      Conway, Arkansas 72032
    501-764-4334
17      owens@jowenslawfirm.com
18  
    Also present:  Kathy O'Kelley
19  
20  
21  
22  
23  
24  
25  

Page 2

1    You said earlier that you conveyed a fact
2 pattern to the people you talked to --
3    A   Sure.
4    Q   -- in connection with your inquiries about why
5 you did not have to redact and release the offense report.
6 What is the fact pattern you told them?
7    A   That it was an offense report, that the analysis
8 under the Freedom of Information Act, it was not an open
9 investigation, it was a closed investigation, that it
10 involved an adult offender at the time the report was
11 filed, that it involved a possible victim of a sex crime,
12 that it also involved a minor victim, and that, you know,
13 A, we wanted to see were there any exemptions under FOIA
14 that applied and, B, whether there was anything in any
15 other statute that would prohibit us from redacting and
16 releasing this report.
17    Q   As part of your explanation, you did not include
18 the fact that -- that the perpetrator was a minor at the
19 time of the alleged molestations, correct?
20    A   At the time in -- on May 20th of 2015, the way
21 the statue was written, it did not -- they changed it in
22 2017 to add that where that would've been a pertinent
23 question to ask, but at that time that was not a
24 distinguishing factor of the statute.
25    Q   So it might -- so it's true that when you were

1	Do you recall that you released your statement
2	concerning the release of the offense report that's been
3	marked as Exhibit 27 after Judge Zimmerman had issued her
4	orders dated May 21st, May 26th and June 1st, 2015?
5	A   I don't recall exactly when the press release
6	was issued.  I mean, certainly it shows that it was posted
7	on KNWA's website, but I -- I don't specifically remember
8	what date it was issued.  I apologize it doesn't have a
9	date on it.
10	Q   Your statement that you released concerning the
11	release of the offense report reads, "On 5/20/15 in full
12	compliance with Arkansas law the Springdale Police
13	Department responded to a records request under the
14	Arkansas Freedom of Information Act," then it goes on.  Do
15	you see that?
16	A   Yes.
17	Q   Is it your position that if today you were faced
18	with the same circumstances you would take the same
19	actions in connection with the offense report?
20	   MS. KENDALL:  Object to form?
21	A   Well, the law has changed since May 20th of
22	2015.  The juvenile code has changed.
23	Q   (BY MR. BLEDSOE)  So are you saying based on a
24	change in the juvenile code you would no longer release
25	the offense report if you were faced with that

1  circumstance today?
2       MS. KENDALL: Object to form. The witness may
3  answer.
4    A   Well, there was language added to the statute in
5  2017 that would have pertained to a situation when the
6  offender was an adult at the time the report was filed and
7  the alleged offense occurred when the offender was a
8  juvenile, that language was added in 2017.
9    Q   (BY MR. BLEDSOE) Is it your position --
10  withdrawn.
11      Is it your belief that insofar as your actions
12  in this case related to the release of the offense report
13  that you did nothing wrong and that the offense report was
14  properly released in the form it was released on the
15  evening of -- or on the night of May 20th, 2015?
16      MS. KENDALL: Object to form and calls for a
17  legal conclusion. The witness may answer.
18    A   It's my contention that what is stated in this
19  press release is still my position. It was released in
20  full compliance with Arkansas law.
21    Q   (BY MR. BLEDSOE) Prior to the release of the
22  offense report on the night of June 20th, 2015, did you do
23  any analysis to determine whether a person more familiar
24  with the Duggar family than you would be able to figure
25  out the identity of the persons whose names were redacted

1    Q   (BY MR. BLEDSOE)  Have you -- withdrawn.
2        After the release of the offense report on
3  May 20th, 2015, have you ever done anything to look at the
4  impact the release of the offense report has had on Jill,
5  Jessa, Jinger or Joy?
6        MS. KENDALL:  Object to form.  The witness may
7  answer.
8    A   Mr. Bledsoe, I'll tell you what I did do.  This
9  happened, this release was on Wednesday night.  The
10 following Sunday, I don't know what the day was, the 24th,
11 25th, whatever date that was, I was in church and there is
12 a portion during our service according to James, chapter
13 five for any individuals who request prayer or would like
14 to pray for someone can come forward to the elders of the
15 church and have prayer.  You can sit there and insinuate
16 that perhaps I should have apologized to someone in the
17 Duggar family, you can insinuate that I should feel bad
18 for doing my job, you can insinuate that I should have
19 done something to determine some speculation whether there
20 were damages to anyone in the Duggar family, but I will
21 tell you that Sunday at church I went forward and I prayed
22 for the Duggar family and asked for prayer for the Duggar
23 family.
24       Do you know why I did that?  Not because I did
25 anything wrong, because I didn't, because there are times

1  in my job when I have to make decisions I don't like, but
2  the law requires me to do so, so that Sunday I went
3  forward and I prayed for the Duggar family because at that
4  point my picture had been all over Fox News, I had people
5  saying that I was wrong in what I did, I had people saying
6  that I was right in what I did and I knew what the Duggar
7  family was experiencing as far as in the national media,
8  so I prayed for them for strength going forward because I
9  knew it was a difficult situation, not just for them, but
10 for everyone involved because sometimes we have to make
11 tough decisions that we don't like, but there were
12 consequences to not following the law.  And so I take
13 offense, quite honestly, sir, for you insinuating that I
14 should have to apologize to anyone in the Duggar family
15 because I don't because I did my job.  And I do want you
16 to know what I did that Sunday.
17     Q   (BY MR. BLEDSOE)  Going back to my question,
18 have you ever looked into the impact that the release of
19 the -- that the release of that offense report had on
20 Jill, Jessa, Jinger or Joy?
21         MS. KENDALL:  Object to form, asked and
22 answered.  The witness can answer again.
23     A   I've already answered that.
24     Q   (BY MR. BLEDSOE)  No, you didn't answer it.  My
25 -- you have not answered that question.  My question is

1  have you ever looked at the impact the release of the
2  offense report had on Jill, Jessa, Jinger or Joy?
3         MS. KENDALL:  Object to form.  The witness may
4  answer.
5     A    I did not know who the victims were in the
6  report when it was released, I did not know who they were
7  until Jim Bob Duggar said so on the Megyn Kelly interview,
8  so no.
9     Q    (BY MR. BLEDSOE)  Did you ever recommend that
10 anyone, including yourself, be disciplined for releasing
11 the offense report?
12        MS. KENDALL:  Object to form.  The witness may
13 answer.
14    A    No, because we followed the law.
15    Q    (BY MR. BLEDSOE)  So is it your position that
16 Judge Zimmerman's orders are wrong, the orders we have
17 referred to that she issued on May 21st, May 26th and June
18 1st, 2015?
19        MS. KENDALL:  Object to form, calls for a legal
20 conclusion.  The witness may answer.
21    A    Do I believe her orders were wrong?  What do you
22 mean by wrong?
23    Q    (BY MR. BLEDSOE)  Inconsistent with the law.
24        MS. KENDALL:  Object to form, calls for a legal
25 conclusion.  The witness may answer.

# C E R T I F I C A T E

I, Kerri Pianalto, Certified Court Reporter, do hereby certify that the above-named ERNEST CATE was by me first duly sworn to testify the truth, the whole truth, and nothing but the truth, in the case aforesaid; that the above and foregoing deposition was by me taken and transcribed pursuant to agreement, and under the stipulations hereinbefore set out; and that I am not an attorney for nor relative of any of said parties or otherwise interested in the event of said action.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal this 1st day of September, 2021.

_____
KERRI PIANALTO, CCR
State of Arkansas, No. 651

| | |
|---|---|
| 1 | DECLARATION UNDER PENALTY OF PERJURY |
| 2 | Case Name: Dillard vs. City of Springdale |
| 3 | Date of Deposition: 08/26/2021 |
| 4 | Job No.: 10087126 |
| 5 | |
| 6 | I, ERNEST CATE, hereby certify |
| 7 | under penalty of perjury under the laws of the State of |
| 8 | _____ that the foregoing is true and correct. |
| 9 | Executed this _____ day of |
| 10 | _____, 2021, at _____. |
| 11 | |
| 12 | |
| 13 | _____ |
| 14 | ERNEST CATE |
| 15 | |
| 16 | NOTARIZATION (If Required) |
| 17 | State of _____ |
| 18 | County of _____ |
| 19 | Subscribed and sworn to (or affirmed) before me on |
| 20 | this _____ day of _____, 20\_\_, |
| 21 | by_____,   proved to me on the |
| 22 | basis of satisfactory evidence to be the person |
| 23 | who appeared before me. |
| 24 | Signature: _____ (Seal) |
| 25 | |