# EXHIBIT J



**STACEY A. ZIMMERMAN**
CIRCUIT JUDGE

**STATE OF ARKANSAS**
CIRCUIT COURT
FOURTH JUDICIAL CIRCUIT
JUVENILE DIVISION
WASHINGTON & MADISON COUNTIES
885 CLYDESDALE DR.
FAYETTEVILLE, AR 72701
Tel.(479) 444-1739
FAX (479)444-1749

DELIA FOSTER
Trial Court Assistant

RICHARD FOURT
Official Court Reporter

June 11, 2015

Mr. Ernest Cate
City Attorney for Springdale                         *Via Facsimile and by Regular Mail*
201 Spring St
Springdale, AR 72764

*Re:*   *Washington County Circuit Court, Juvenile Division, Case J2007-38*
       *and Springdale City Attorney's Policy on the Release of Juvenile Records*

Dear Mr. Cate,

   I have not yet received a response from you regarding my letter of May 27, 2015 *inquiring of your policy as City Attorney on the release of police reports relating to and concerning Family In Need of Services cases which have been filed in Washington County Juvenile Court.*

   *Approximately 20% of the Family in Need of Services cases filed by Petition in Juvenile Court by the Washington County Prosecutor each year start with a Citizen's Affidavit signed by a law enforcement officer stating that "I wish to file a Petition on the following child/children to be made a Family in Need of Services" and the Affiant gives a narrative describing the reasons for the Petition. The law enforcement officer provides a narrative in the form of a police report which is part of the FINS Petition which is filed with the Circuit Clerk.*

   With respect to Juvenile Case J2007-38, on January 10, 2007, the Washington County Prosecutor filed a Petition for Family In Need of Services (hereinafter "FINS"), which included a "Citizen's Affidavit" signed by Detective D. Hignite with attached Springdale Police Department Report Case No. 1-06-006986, dated December 20, 2006 (hereinafter "Police Report"). The 33 page Police Report and the detective's Citizen's Affidavit are part of the FINS Petition filed in the Juvenile Division of Circuit Court. The end part of that Police Report contains this segment:

**EXHIBIT 18**

Springdale4440

Letter to Mr. Cate
June 11, 2015
Page 2 of 7

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*NARRATIVE#21\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FINS           Reported By: Hignite, Darrell D.           12/20/06
               Entered By: HIgnite, Darrell D.            12/20/06

**On Wednesday, December 20, 2006 at approximately 1320 hrs
Detective D. Hignite filled out a Family In Needs of Services Affidavit and
will fax it to the Washington County FINS office for a FINS case.....**

The Police Report that you advised, as City Attorney, should be released pursuant to a FOIA request on or about May 22, 2015 is the same Police Report that is part of the juvenile FINS Petition filed in juvenile court on January 10, 2007. Not only is that Police Report part of the Juvenile FINS Petition (which is still part of the juvenile court file which has NOT been expunged or destroyed) but also the last segment of the Police Report puts the reader on notice that a FINS Petition is forthcoming as of December 20, 2006. That sentence in the Police Report made clear that a FINS case was requested by the investigating officer who signed a Family In Needs of Services Affidavit for the FINS Petition to be filed. In fact, a FINS Petition was indeed filed by the Washington County prosecutor some twenty-one days later.

Section 9-27-309 (j) of the Arkansas Juvenile Code states:

> *Records of the arrest of a juvenile, the detention of a juvenile, and the proceedings under this subchapter [Family in Need of Services, Delinquency, and Dependent/Neglect] shall be confidential and shall not be subject to disclosure under the Freedom of Information Act of 1967, § 25-19-101 et seq., unless:*
>
> *(1) Authorized by a written order of the juvenile division of circuit court; or*
> *(2) The arrest or the proceedings under this subchapter result in the juvenile's being formally charged in the criminal division of circuit court for a felony.*

The various Attorney General Opinions, such as Opinion No. 92-237 of November 1992, Opinion No. 92-330 of December 1992, Opinion No. 98-151 of July 1998, Opinion No. 2003-157 of June 2003, and Opinion No. 2004-071 of April 2004 show the evolution of the law concerning confidentiality of juvenile records.

The July 1998 Attorney General Opinion No. 98-151 discusses the FOIA exemption for *ongoing investigations* (A.C.A. 25-19-105(b)(6)) and confidentiality of *juvenile records concerning a matter that has not been filed with the court*. That opinion goes on to cite *Troutt Bros v. Emison*, 841 SW2d 604 (Ark. 1992) for an interpretation of the phrase "proceedings

Springdale4441

Letter to Mr. Cate
June 11, 2015
Page 3 of 7

under this subchapter." In the *Troutt* case, unlike case J2007-38, "the Court held that because a petition has not been filed with the Court, the juveniles were not subjects of a proceeding under the subchapter....[t]he confidentiality requirement therefore did not apply to them". Attorney General Winston Bryant went on to state: "I must point out another significant aspect of the Troutt decision: the court's emphatic holding that exceptions to the FOIA must be explicit, and the task of creating such exceptions is one for the legislature".

In response to the Arkansas Supreme Court's decision in Troutt the Legislature did take action. In Opinion No.2003-157, Attorney General Mike Beebe stated that ACA Section 9-27-352 was enacted by the General Assembly which **"explicitly added protection for juveniles"**. Section 9-27-352 stated:

> Records of the arrest of a juvenile, the detention of a juvenile, and the proceedings under this subchapter shall be confidential and shall not be subject to disclosure under the Freedom of Information Act of 1967, § 25-19-101 et seq., unless:
>
> > (1) Authorized by a written order of the juvenile division of circuit court; or
> > (2) The arrest or the proceedings under this subchapter result in the juvenile's being formally charged in in the criminal division of circuit court for a felony.

A.C.A. Section 9-27-352 [Now found at A.C.A. Section 9-27-309]

Attorney General Beebe went on to state:

> *The statute thus now protects from disclosure certain records of juveniles in three scenarios: (1) The scenario in which the juvenile has been arrested; (2) The scenario in which the juvenile has been detained; and (3) the scenario in which the juvenile has otherwise been made the subject of a proceeding before the juvenile court, by filing of a petition with the court, pursuant to ACA Section 9-27-310.*

In Case J2007-38, the juveniles in the FINS case have *otherwise been made the subject of a proceeding before the juvenile court, by the filing of a petition with the court, and therefore, records of the proceedings under this subchapter shall be confidential and shall not be subject to disclosure under the Freedom of Information Act of 1967, § 25-19-101 et seq.*

Springdale4442

Attorney General Beebe goes on to state in his Opinion No. 2003-157 that the question becomes which of the juvenile's records constitute "records of the arrest of a juvenile, the detention of a juvenile, and the proceedings under this subchapter". "These terms are not defined by statute, nor has the court interpreted them". He states:

> It is my opinion that pending judicial or legislative guidance on this issue, *a reasonable approach to determining which records are protected from disclosure would be to interpret ACA Section 9-27-352 [now found at ACA Section 9-27-309] as protecting any record that is clearly related to the incident that gave rise to the juvenile's arrest or detention or that caused the juvenile to be made the subject of proceedings before the juvenile court.* This determination must be made on a case-by-case basis and each record must be individually evaluated. *[Emphasis added]*.

Section 9-27-309 (j) of the Arkansas Juvenile Code states:

> *Records of the arrest of a juvenile, the detention of a juvenile, and the proceedings under this subchapter [Family in Need of Services, Delinquency, and Dependent/Neglect] shall be confidential and shall not be subject to disclosure under the Freedom of Information Act of 1967, § 25-19-101 et seq., unless:*
>
> *(1) Authorized by a written order of the juvenile division of circuit court; or*
> *(2) The arrest or the proceedings under this subchapter result in the juvenile's being formally charged in the criminal division of circuit court for a felony.*

The Police Report in case J2007-38 clearly falls within the protections afforded by ACA Section 9-27-309 as juvenile records of the proceedings under this subchapter [Family in Need of Services case] which shall be confidential and shall not be subject to disclosure under the Freedom of Information Act of 1967, § 25-19-101 et seq. for any one of the following reasons:

(1) the Police Report is clearly related to the incident that caused the juveniles to be made the subject of the proceedings before the juvenile court; (2) the Police Report was [and still is] part of FINS Petition filed in juvenile court and is part of the juveniles' court file; (3) the Affiant who requested that the FINS Petition be filed was one of the law enforcement officers involved in investigating the facts set out in said Police Report; and (4) the Police Report, standing on its own,

informed the reader that indeed, the investigating officer "filled out a Family in Needs of Services Affidavit and will fax it to the Washington county FINS office for a FINS case".

The Police Report is not subject to disclosure under FOIA; the Police Report was clearly protected under the Arkansas Juvenile Code, Section ACA Section 9-27-309. You, as City Attorney, were not precluded from requesting a written order from this Juvenile Division of Circuit Court, pursuant to 9-27-309(j) of the Juvenile Code, to authorize release of protected juvenile records.

Furthermore, a police report with redactions does not meet the requirements of the Juvenile Code for release. A juvenile who has met the requirements of Section 9-27-309 to have his/her juvenile record confidential and not subject to FOIA disclosure does not lose that protection upon reaching age 18. It must be noted that when the incidents which form the basis for the FINS petition occurred as set out in the Police Report, all of the children were juveniles.

As far as I can remember in the over twenty-four years I've been in juvenile court as a deputy prosecutor, attorney ad litem for children and as a judge, these types of juvenile records involving a FINS case filed by the prosecutor at the request of law enforcement have not been released by city and county agencies. Over the years given the hundreds of police reports which form the basis of law enforcement officers' requests for a FINS case to be filed, Mr. Cate, what is your policy on releasing police reports in FINS juvenile cases in which a law enforcement officer from your department requests, by Affidavit with police report included, that the Washington County Prosecutor file a FINS case and the case is indeed filed?

Over the last several days, I have had inquiries from the families of juveniles and juveniles who had a FINS case filed, worried that the police report attached to the FINS petition which was filed to get help for their children will now be released to the public by city agencies. Please advise as to your policy on this.

As to my orders regarding the expungement of said Police Report pursuant to A.C.A. Section 9-27-309(b)(2), *this court "may expunge other juvenile records [which includes juvenile records involving a FINS case] at any time.* My orders directed said Police Report and copies thereof to "be destroyed and expunged from the *public records.*" This Court had the authority to do so to prevent the release of a Police Report that is part of a FINS petition which was filed in this juvenile court.

I did not direct the expungement or destruction of the juvenile court file, J2007-38 as no motion has been made requesting the juvenile court file's destruction and furthermore, the youngest juvenile in the FINS case has not yet reached the age of 21. The juvenile court

**file, J2007-38 in its entirety, is still housed with the Circuit Clerk's office, and is a confidential file and is not a public record.**

Attorney General Beebe discusses the destruction of juvenile records in his Opinion No. 2004-071 of April 2004: "The only provision of the Code mandating destruction of some juvenile records is ACA Section 9-27-309(b), which provides:

(1)(A) Records of delinquency adjudications for which a juvenile could have been tried as an adult shall be kept for ten (10) years after the last adjudication of delinquency or the date of a plea of guilty or nolo contendere or a finding of guilt as an adult.
(B) Thereafter they may be expunged."

This section is not applicable to J2007-38 as there was no delinquency adjudication. Case J2007-38 is a FINS case.

(2) The court may expunge other juvenile records at any time and shall expunge all the the records of a juvenile upon his or her twenty-first birthday, in other types of delinquency, dependency-neglect, or families in need of services cases.

(3) For purposes of this section, "expunge" means to destroy.

Paragraph (2) and (3) apply to J2007-38 and provide the basis for this Court to order the expungement/destruction of the Police Report.

Attorney General Beebe in that opinion also states that Subsection 9-27-309(b) affords the juvenile in certain delinquency cases a "clean slate". Certainly, that mind set applies to juveniles involved in a FINS case.

Therefore, your proposition that the Police Report is subject to FOIA and not protected by the Juvenile Code is incorrect, misguided, goes against what the law and the foregoing Attorney General's Opinions clearly state, and flies against the intent of the legislature.

**Section 12-18-104 (a) of the Child Maltreatment Act States:**

Confidentiality:
a) Any data, records, reports, or documents that are created, collected, or compiled by or on behalf of the Department of Human Services, the Department of Arkansas State Police, or other entity authorized under this chapter to perform investigations or provide services to children, individuals, or families shall not be subject to disclosure under the Freedom of Information Act of 1967.

Arkansas law recognizes that the best interest of children is paramount, and the *Arkansas Code Section 9-27-102, "Best Interest of the Child"* states:

*The General Assembly recognizes that children are defenseless and that there is no greater moral obligation upon the General Assembly than to provide for the protection of our children and that our child welfare system needs to be strengthened by establishing a clear policy of the state that the best interests of the children must be paramount and shall have precedence at every stage of the juvenile court proceedings.....*

These basic tenants should apply to every juvenile regardless of race, gender, socioeconomic standing, religion, or other labels. I take this strong stand for all the juveniles who have had proceedings in juvenile court that qualify for the protections of the Arkansas Juvenile Code regarding confidentiality of their juvenile records.

Over the many years, law enforcement in Washington County has worked hard to help children in our community, often times by requesting a FINS case be filed by the prosecuting attorney and then completing an Affidavit for a FINS case and attaching the officer's police report. I know law enforcement will continue their strong commitment to protecting our children.

The purpose of the FINS cases are to get help and services for children; often times the law enforcement officer's action in requesting the FINS case is to make sure the child gets the help he or she needs. I hope that law enforcement will continue in that fine endeavor and that you acquaint yourself with not only the Juvenile Code but also the Child Maltreatment Act.

Once again, I await your reply as to your policy on these types of FINS cases.

Sincerely,

Stacey Zimmerman
Circuit Judge

Cc:
Matt Durrett, Prosecuting Attorney
Steve Zega, Washington County Attorney
Seth Haines, Friday, Eldredge & Clark, Attorney for J.D. et al.

2015/06/11 11:24:51    1 /8

Washington County Juvenile Court
885 W Clydesdale Dr
Fayetteville
AR          72701

## FROM

Name: Judge Stacey Zimmerman

Phone: 973-8460    Fax: 479-444-1749

E-mail: szimmerman@co.washington.ar.us

## TO

Mr. Ernest Cate

9-750-4732

City of Springdale

Sent: 6/11/15    at: 11:24:51 AM    8 page(s) (including cover)

Subject:

Comments: