# EXHIBIT K

## IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
## JUVENILE DIVISION

JANE DOE 1

CASE NO. J 2007-38

### ORDER

COMES NOW the Court upon the Motion to Expunge filed by Jane Doe 1 (the "Movant") and hereby ORDERS and DECREES the following:

1. Pursuant to Ark. Code Ann. § 16-90-1104 ("Section 1104"), "[a] law enforcement agency shall not disclose to the public information directly or indirectly identifying the victim of a sex crime...."

2. Jane Doe 1 (the "Movant") is a minor citizen of Washington County Arkansas, and is one of the alleged victims in that certain Springdale Police Department Offense Report dated 5/19/15, and bearing RD# 1-06-006986 (the "Police Report"), a copy of which has been reviewed In camera.

3. The Police Report contains information, which may directly or indirectly identify the Movant as a victim of a sex crime, and Movant is a minor child.

4. Accordingly, to protect the identity of the Movant pursuant to Section 1104, this Court orders that the Police Report be destroyed and expunged from the public records, and further requires that any and all copies of the same be destroyed.

HONORABLE STACEY ZIMMERMAN
CIRCUIT JUDGE
DATED: May 21, 2015

EXHIBIT 24

1

## IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
## JUVENILE DIVISION

IN RE: J.D. et. al.                       JV2007-038-3

This Court finds that the juvenile records in this case are not subject to disclosure under the Freedom of Information Act, pursuant to the Arkansas Juvenile Code Section 9-27-309(i) which states:

> Records of the arrest of a juvenile, the detention of a juvenile, *and the proceedings under this subchapter [Family in Need of Services, Delinquency, and Dependent/Neglect] shall be confidential and shall not be subject to disclosure under the Freedom of Information Act of 1967, § 25-19-101 et seq., unless:*
>
> *(1) Authorized by a written order of the juvenile division of circuit court; or*
> *(2) The arrest of the proceedings under this subchapter result in the juvenile's being formally charged in the criminal division of circuit court for a felony.*

Arkansas law recognizes that the Best Interests of Children are Paramount, and the Arkansas Code Section 9-27-102, "Best Interest of the Child" states:

> The General Assembly recognizes that children are defenseless and that there is no greater moral obligation upon the General Assembly than to provide for the protection of our children and that our child welfare system needs to be strengthened by establishing a clear policy of the state that the best interests of the children must be paramount and shall have precedence at every stage of juvenile court proceedings...

Furthermore, the Arkansas Juvenile Code state: that it be "liberally construed" to the end that the purposes of the Arkansas Juvenile Code, which are listed below, may be carried out. The purposes of the Arkansas Juvenile Code are:

> *(1)  To assure that all juveniles brought to the attention of the courts receive the guidance, care, and control, preferably in each juvenile's own home when the juvenile's health and safety are not at risk that will best serve the emotional, mental, and physical welfare of the juvenile and the best interest of the state;*

(2)(A) *To preserve and strengthen the juvenile's family ties when it is in the best interest of the juvenile;*

(B) To protect a juvenile by considering the juvenile's health and safety as the paramount concerns in determining whether or not to remove the juvenile from the custody of his or her parents or custodians, removing the juvenile only when the safety and protection of the public cannot adequately be safeguarded without such removal;

(C) When a juvenile is removed from his or her own family, to secure for him or her custody, care, and discipline with a primary emphasis on ensuring the health and safety of the juvenile while in the out-of-home placement; and

(D) To assure, in all cases in which a juvenile must be permanently removed from the custody of his or her parents, that the juvenile be placed in an approved family home and be made a member of the family by adoption;

(3) To protect society more effectively by substituting for retributive punishment, whenever possible, methods of offender rehabilitation and rehabilitative, restitution, recognizing that the application of the sanctions that are consistent with the seriousness of the offense is appropriate in all cases; and

(4) To provide means through which the provisions of this subchapter are executed and enforced and in which the parties are assured a fair hearing and their constitutional and other legal rights recognized and enforced.

The juvenile records concerning this Family in Need of Services case are confidential and shall not be subject to disclosure under the Freedom of Information Act as no formal charges were ever filed, and the purposes of the Arkansas Juvenile Code will not be furthered by disclosure.

**IT IS SO ORDERED.**

_____
Stacey Zimmerman
Circuit Judge

IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
JUVENILE DIVISION

IN RE: JANE DOE, A Minor            JV2007-038-3

## SUPPLEMENTAL ORDER

Comes now the Court upon the Motion to Expunge filed by Jane Doe and hereby issues this Supplemental Order pursuant to Arkansas Rules of Civil Procedure, Rule 60 in which it orders the following:

1. The Court adopts and incorporates the previous Orders filed on May 21, 2015, and May 26, 2015.

2. The Springdale Police Report, referenced in the orders concerning an initial report date of December 7, 2006, was expunged by order of this Court pursuant to A.C.A. Section 16-90-1104 and is also expungeable pursuant to the Arkansas Juvenile Code, Section 9-27-309. The "juvenile records" which may be expunged include a police report that is clearly related to the incident that caused the juveniles to be made subject of the Family In Need of Services case before this Juvenile Court.

3. Furthermore, A.C.A. Section 12-18-104 of the Child Maltreatment Act states:

    (a) Any data, records, reports, or documents that are created, collected, or compiled by or on behalf of the Department of Human Services, the Department of Arkansas State Police, or other entity authorized under this subchapter to perform investigations or provide services to children, individuals, or families shall not be subject to disclosure under the Freedom of Information Act 1967 Section 25-19-101 et. seq.

    (b) Any data, records, reports, or documents released under this chapter to law enforcement, a prosecuting attorney, or a court by the Department of Human Services are confidential and shall be sealed and not re-disclosed without a protective order to ensure the items of evidence for which there is a reasonable expectation of privacy are not distributed to a person or institution without a legitimate interest in the evidence, provided that nothing in this chapter is deemed to abrogate the right of discovery in a criminal case under the Arkansas Rules of Criminal Procedure or the law.

4. All prior orders not in conflict shall remain in effect.

IT IS SO ORDERED.

Stacey Zimmerman, Circuit Judge

June 1, 2015



STACEY A. ZIMMERMAN
CIRCUIT JUDGE

**STATE OF ARKANSAS**
CIRCUIT COURT
FOURTH JUDICIAL CIRCUIT
JUVENILE DIVISION
WASHINGTON & MADISON COUNTIES
885 CLYDESDALE DR.
FAYETTEVILLE, AR 72701
Tel.(479) 444-1739
FAX (479)444-1749



DELIA FOSTER
Trial Court Assistant

RICHARD FOURT
Official Court Reporter

June 11, 2015

Mr. Ernest Cate
City Attorney for Springdale
201 Spring St
Springdale, AR 72764

*Via Facsimile and by Regular Mail*

Re: *Washington County Circuit Court, Juvenile Division, Case J2007-38 and Springdale City Attorney's Policy on the Release of Juvenile Records*

Dear Mr. Cate,

I have not yet received a response from you regarding my letter of May 27, 2015 *inquiring of your policy as City Attorney on the release of police reports relating to and concerning Family In Need of Services cases which have been filed in Washington County Juvenile Court.*

*Approximately 20% of the Family in Need of Services cases filed by Petition in Juvenile Court by the Washington County Prosecutor each year start with a Citizen's Affidavit signed by a law enforcement officer stating that "I wish to file a Petition on the following child/children to be made a Family in Need of Services" and the Affiant gives a narrative describing the reasons for the Petition. The law enforcement officer provides a narrative in the form of a police report which is part of the FINS Petition which is filed with the Circuit Clerk.*

With respect to Juvenile Case J2007-38, on January 10, 2007, the Washington County Prosecutor filed a Petition for Family In Need of Services (hereinafter "FINS"), which included a "Citizen's Affidavit" signed by Detective D. Hignite with attached Springdale Police Department Report Case No. 1-06-006986, dated December 20, 2006 (hereinafter "Police Report"). The 33 page Police Report and the detective's Citizen's Affidavit are part of the FINS Petition filed in the Juvenile Division of Circuit Court. The end part of that Police Report contains this segment: