**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**JILL DILLARD, JESSA SEEWALD,**                                    **PLAINTIFFS**
**JINGER VUOLO, and JOY DUGGAR**

**vs.**                                    **CASE NO. 5:17-5089-TLB**

**CITY OF SPRINGDALE, ARKANSAS;**                           **DEFENDANTS**
**WASHINGTON COUNTY, ARKANSAS;**
**KATHY O'KELLEY, in her individual and**
**official capacities;**
**ERNEST CATE, in his individual and official capacities;**
**RICK HOYT, in his individual and official capacities;**
**STEVE ZEGA, in his official capacity;**
**And DOES 1-10, inclusive**

## DEFENDANTS' JOINT MOTION IN LIMINE

COME NOW the Defendants, City of Springdale, Arkansas ("Springdale"), City Attorney Ernest Cate, in his individual and official capacities ("Cate") and retired Springdale Police Chief Kathy O'Kelley, in her individual and official capacities ("O'Kelley"), (collectively the "Springdale Defendants"), by and through their undersigned attorneys, and for their Motion in Limine state:

1.       Defendants anticipate that Plaintiffs may attempt to introduce evidence as to Defendants' partial financial coverage under the Arkansas Municipal League's Municipal Legal Defense Program and the Association of Arkansas Counties Risk Management Fund. For the reasons set forth more specifically in the accompanying brief, the above described information is inadmissible under Federal Rules of Evidence 401, 402, 403, and 411, and as such, should be excluded.

2.       Defendants anticipate that Plaintiffs may attempt to introduce evidence as to the sexual orientation of O'Kelley.  For the reasons set forth more specifically in the accompanying

brief, the above described information is inadmissible under Federal Rules of Evidence 401, 402, 403, and 411, and as such, should be excluded.

3.      Defendants anticipate that Plaintiffs may attempt to introduce evidence regarding the cancellation of the family's television show, *19 Kids and Counting*, by the television network TLC as well as evidence of the financial condition or financial loss of the Plaintiffs following the disclosures at issue in this matter.  For the reasons set forth more specifically in the accompanying brief, the above described information is inadmissible under Federal Rules of Evidence 401, 402, 403, and 411, and as such, should be excluded.

4.      Defendants anticipate that Plaintiffs will attempt to refer to themselves as victims or being "revictimized", and their counsel will attempt to give an opening statement and closing argument that will refer to the Plaintiffs as victims.  For the reasons set forth more specifically in the accompanying brief, the above described information is inadmissible under Federal Rules of Evidence 401 and 403, and as such, should be excluded.

5.      Defendants anticipate that Plaintiffs will attempt to offer testimony from Jim Bob Duggar at trial.  For the reasons set forth more specifically in the accompanying brief, Mr. Duggar should not be permitted to testify at trial.

6.      Defendants anticipate that Plaintiffs will offer out of court video or statements made to their expert witness.  For the reasons set forth more specifically in the accompanying brief, the above described information is inadmissible under Federal Rules of Evidence 403, 702, and 801, and as such, should be excluded.

7.      Defendants anticipate that Plaintiffs and their counsel will make pejorative remarks and speaking objections and this should be prohibited under Federal Rules of Evidence 402, 402 and 403.

8.      According to Plaintiffs Pretrial Disclosures, Defendants anticipate that Plaintiffs will introduce a life care plan expert Robert Wynne, Ph.D.   For the reasons set forth more specifically in the accompanying brief, the above described information is inadmissible under Federal Rules of Evidence 702 and Defendants' Daubert motion, and as such, should be excluded.

9.      Defendants anticipate that Plaintiffs will introduce testimony or evidence from a non-testifying expert, Gilbert Kliman, M.D.   For the reasons set forth more specifically in the accompanying brief, the above described information is inadmissible under Federal Rules of Evidence 401, 402, 403,702, 703 and 802 and as such, should be excluded

10.      Defendants anticipate that Plaintiffs will attempt to introduce evidence of alleged emotional distress caused by the actions of third parties.   For the reasons set forth more specifically in the accompanying brief, the above described information is inadmissible under Federal Rules of Evidence 401, 402, 403 and 802, and as such, should be excluded.

11.      Defendants anticipate that Plaintiffs will attempt to introduce evidence of the ex parte orders of Judge Stacy Zimmerman.   For the reasons set forth more specifically in the accompanying brief, the above described information is inadmissible under Federal Rule of Evidence 801, and as such, should be excluded.

12.      Defendants anticipate that Plaintiffs will attempt to introduce evidence of the City's policies or allegations that there was a failure to train or supervise on the part of the City.   For the reasons set forth more specifically in the accompanying brief, the above described information is inadmissible under Federal Rules of Evidence 401, 402 and 403.

13.      Based on the Plaintiffs' Pre-trial Disclosures, Defendants anticipate that Plaintiffs will call former Washington County Attorney Steve Zega to testify.   For the reasons set forth more

specifically in the accompanying brief, the above described information is inadmissible under Federal Rules of Evidence 401, 402, 403 and 704.

14.     Precluding Plaintiffs and their council and witnesses should be prohibited from making "golden rule" arguments.  For the reasons set forth more specifically in the accompanying brief, the above described information is inadmissible under Federal Rules of Evidence 401, 402 and 403.

15.     Defendants also request that the Court order all counsel to make the Court's ruling on the matter contained herein known to the parties and their witnesses so that the matters which the Court rules are inadmissible will not be inadvertently mentioned at trial.

16.     Therefore, Defendants move this Court in limine to exclude all evidence, testimony, or argument, regarding the information in the above enumerated paragraphs for the reasons set forth more fully in the accompanying brief.

17.     A Brief in Support has been filed contemporaneously herewith setting out the facts and the conclusions of law regarding these issues.

WHEREFORE, Separate Defendants pray that the Court grant their Motion in Limine and for all other just and proper relief to which they are entitled.

Respectfully Submitted,

R. Justin Eichmann (Ark. Bar No. 2003145)
Thomas N. Kieklak (Ark. Bar No. 92262)
Morgan S. Doughty (Ark. Bar No. 2010158)
HARRINGTON, MILLER, KIEKLAK,
EICHMANN & BROWN, P.A.
4710 S. Thompson, Suite 102
Springdale, AR  72764
Phone: (479) 751-6464
Fax: (479) 751-3715
E-mail:  jeichmann@arkansaslaw.com
Email:  tkieklak@arkansaslaw.com

4

Email:  mdoughty@arkansaslaw.com

and

Susan Keller Kendall (Ark. Bar No. 98119)
KENDALL LAW FIRM, PLLC
3706 Pinnacle Hills Parkway, Suite 201
Rogers, Arkansas 72758
Phone: (479) 464-9828
Fax: (479) 464-9768
Email:  skk@kendalllawfirm.com

 And

Jason E. Owens
Ark. Bar No. 2003003
JASON OWENS LAW FIRM
P.O. Box 850
Conway, AR 72032
Telephone: (501) 764-4334
Fax:  (501) 764-9173
Email:  owens@jowenslawfirm.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 12th day of November, a true and correct copy of the above and foregoing was filed using the Court's CM-ECF System, which effected service on all counsel of record:

| | |
|---|---|
| Steven E. Bledsoe<br>Stephen G. Larson<br>Jen C. Won<br>LARSON O'BRIEN, LLP<br>555 S. Flower Street<br>Suite 4400<br>Los Angeles, CA 90071<br>(213) 436-4888<br>sbledsoe@larsonobrienlaw.com<br>slarson@larsonllp.com<br>jwon@larsonllp.com | Shawn B. Daniels<br>DANIELS FIRM<br>129 W. Sunbridge Drive<br>Fayetteville, AR 72703<br>479-521-7000<br>Fax: 479-437-2007<br>shawn@danielsfirm.com |
| Jason Owens (Ark. Bar No. 2003003)<br>JASON OWENS LAW FIRM, P.A.<br>1023 Main St., Suite 204 | |

| | |
|---|---|
| Conway, Arkansas 72033<br>(501) 764-4334<br>owens@jowenslawfirm.com | |

R. Justin Eichmann (Ark. Bar No. 2003145)