**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**JILL DILLARD, JESSA SEAWALD,**
**JINGER VUOLO, and JOY DUGGAR**                          **PLAINTIFFS**

**VS.**                          **NO. 17-CV-05089-TLB**

**CITY OF SPRINGDALE,**
**ARKANSAS; WASHINGTON**
**COUNTY, ARKANSAS;**
**KATHY O'KELLEY, in her**
**individual and official capacities;**
**RICK HOYT, in his individual and official**
**capacities; STEVE ZEGA, in his official capacity;**
**BAUER PUBLISHING COMPANY,**
**L.P.; BAUER MAGAZINE L.P.;**
**BAUER MEDIA GROUP,**
**L.P.; BAUER, INC.;**
**HENRICH BAUER NORTH AMERICA,**
**INC.; BAUER MEDIA GROUP USA, LLC;**
**and**
**DOES 1-10, inclusive**                          **DEFENDANTS**

**THE PARTIES' JOINT MOTION TO EXCLUDE DEPOSITION**
**TESTIMONY**

COME NOW the Parties, and for their Joint Motion to Exclude Deposition Testimony,

state as follows:

1. Steve Zega. Steve Zega is the former county attorney for separate defendant

Washington County. Zega was employed as the county attorney at the time Defendants disclosed

the Incident Report pursuant to the Arkansas Freedom of Information Act (FOIA) that is the

subject of this case. However, he was not physically present at the Washington County Sheriff's

Office at the time the report was actually released.  He was on National Guard duty in North Little

Rock prior to and the day of the FOIA release by Washington County. When he returned, he was

asked by Matt Durrett, the prosecuting attorney for Washington and Madison Counties, for his

1

opinion of the FOIA release. Zega stated  that the release was not appropriate and that it should not be released to any other parties.

Defendants object to any designation of Zega's deposition.

2. The Plaintiffs have designated the following portions, by page and line number, of the deposition of Zega (see Doc. # 191-4) for use at trial:

```
4:7-8
4:12-5:8
8:18-22
8:25-10:5
10:20-11:1
18:4-13
18:25-19:10
19:16-20:12
21:6-11
21:15-22:12
24:24-25:3, 8-25
32:14-33:14
33:22-34:3
36:23-38:2, 4-6
38:7-39:4
39:18-40:18
42:6-19
```

3. The Defendants respectfully object to the introduction of any testimony by Steve Zega, the former appointed County Attorney for Washington County. Zega indisputably had no part in the disclosures in this case and, thus, has no personal knowledge relevant to this case. The Plaintiffs want to call Zega as a witness - by deposition - because they want to elicit Zega's legal conclusions as to the relative legality of the subject disclosures (Zega largely believes, and has testified, that his legal opinion is that the disclosures were barred by Arkansas statutory law, despite the Court of Appeals' recent pronouncements to the contrary). Zega has not been retained by the Plaintiffs as an expert witness and has not been properly disclosed under Rule 26 as such. Instead, the Plaintiffs' interest in calling Zega - or otherwise getting his legal opinions in front of jury, including by use of a CNN article containing purported quotations from Zega - purely to offer legal conclusion from a witness with no personal knowledge relevant to the case and in

a manner that would invade - indeed, usurp - the provinces of both the court and the jury. Such proof is inadmissible and should be excluded. *See* Fed. R. Evid. 401-403 & 704; *see also Hogan v. Am. Tel. & Tel. Co.*, 812 F.2d 409, 411-412 (8th Cir. 1987).

4. Even if Zega had admissible testimony to offer, he is available to give testimony at trial. Zega is a practicing attorney who lives and works in Northwest Arkansas; he is not unavailable. He is also not a party to this action and was not an agent of Washington County when his deposition was taken. As such, the Plaintiffs cannot satisfy any of the prerequisite tests to use Zega's deposition under Rule 32(a)(2)-(8).

5. Plaintiffs' response:   As set forth in Exhibit A, Plaintiffs have designated certain deposition testimony in which Zega testifies about his communications with the County Defendants about the release of the Incident Report.  This deposition testimony is admissible for at least the following reasons.

*First*, Zega's testimony is admissible as a party admission under Federal Rule of Evidence 801(d)(2)(D) because "[t]he statement[s] [are] offered against an opposing party [here, the County Defendants] and . . . w[ere] made by the party's agent or employee on a matter within the scope of that relationship and while it existed [here, Zega]."  At the time of the County Defendants' disclosure, Zega was employed as the county attorney for the Washington County, and the County Defendants sought Zega's opinions about the releasability of the Incident Report in his capacity as the county attorney.  (*See, e.g.*, Ex. A [Dep. Tr. of Steve Zega] at 8:18-22; 8:25-10:5, 10: 20-11, 19:16-20:12, 21:15-22:12.)  Accordingly, Zega's statements were made within the scope of his employment and are clearly admissible as a party admission under the Federal rules.

*Second*, Zega's testimony is relevant to proving an element of Plaintiffs' claim for intrusion upon seclusion.  A claim for intrusion upon seclusion requires, among other things,  a showing that Defendants "believed or w[ere] substantially certain that" Defendants "lacked the necessary legal authority" to release the Incident Report.  *See* Civil AMI 420.  At his deposition,

3

Zega testified that shortly after the County Defendants released the Incident Report to the media, the Prosecuting Attorney in the Washington County asked him to provide guidance on whether the County Defendants' release was proper. (*See, e.g.*, Ex. A [Dep. Tr. of Steve Zega] at 21:6-11.) Zega testified that he told the Prosecuting Attorney that the Incident Report should not have been released and that the County should decline further FOIA requests seeking the release of Incident Report. (*Id.*, at 21:15-22.) Zega also testified that prior to the County Defendants' disclosure, no one at the Washington County Sheriff's Department asked him whether the Incident Report should be released pursuant to the FOIA request. (*Id.*, at 25:19-25.) Zega's testimony strongly suggests that the County Defendants knew or substantially certain that they lacked the necessary legal authority to release the report; otherwise, if they thought their actions were proper, there would have no reason to later seek Zega's guidance on the matter. Indeed, once Zega informed the County Defendants that the release of the report was improper, they told him they were "unhappy" with him "because it made it seem like the sheriff's office had something wrong in releasing the information" (*id.*, at 39:1-4)—suggesting that the County Defendants knew they had done something wrong and were upset that Zega had called them out on their wrongful behavior.

***Third***, Plaintiffs do not intend to offer Zega's testimony as an expert opinion, but rather as opinion testimony by a lay witness. As explained above, and in Plaintiffs' opposition to Defendants' motion *in limine* No. 13 (Dkt. 193), Zega has personal knowledge regarding whether Defendants believed, or were substantially certain, that they did not have the permission or legal authority to release the official reports to the media.

Accordingly, Plaintiffs request that the Court deny Defendants' motion to exclude Zega's deposition designation.

Respectfully Submitted,

By:  Thomas N. Kieklak (Ark. Bar No. 92262)
R. Justin Eichmann (Ark. Bar No. 2003145)
Morgan S. Doughty (Ark. Bar No. 2010158)
HARRINGTON, MILLER, KIEKLAK,
EICHMANN & BROWN, P.A.
4710 S. Thompson, Suite 102
Springdale, AR  72764
Phone: (479) 751-6464
Fax: (479) 751-3715
Email:  tkieklak@arkansaslaw.com
E-mail:  jeichmann@arkansaslaw.com
Email:  mdoughty@arkansaslaw.com

Susan Keller Kendall (Ark. Bar No. 98119)
KENDALL LAW FIRM, PLLC
3706 Pinnacle Hills Parkway, Suite 201
Rogers, Arkansas 72758
Phone: (479) 464-9828
Fax: (479) 464-9768
Email:  skk@kendalllawfirm.com
**COUNSEL FOR SPRINGDALE
DEFENDANTS**

And

Jason E. Owens
Ark. Bar No. 2003003
JASON OWENS LAW FIRM
P.O. Box 850
Conway, AR 72032
Telephone: (501) 764-4334
Fax: (501) 764-9173
Email: owens@jowenslawfirm.com
**COUNSEL FOR WASHINGTON COUNTY
DEFENDANTS**

Steven E. Bledsoe
Stephen G. Larson
Jen C. Won
LARSON O'BRIEN, LLP
555 S. Flower Street
Suite 4400

5

Los Angeles, CA 90071
(213) 436-4888
sbledsoe@larsonobrienlaw.com
slarson@larsonllp.com
jwon@larsonllp.com


Shawn B. Daniels
DANIELS FIRM
129 W. Sunbridge Drive
Fayetteville, AR 72703
479-521-7000
Fax: 479-437-2007
shawn@danielsfirm.com

**COUNSEL FOR PLAINTIFFS**