# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR,<br><br>Plaintiff,<br><br><br><br>CITY OF SPRINGDALE; WASHINGTON COUNTY; KATHY O'KELLEY; ERNEST CATE; RICK HOYT; STEVE ZEGA; BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 5:17-CV-05089-TLB |

**PLAINTIFFS' SUPPLEMENTAL RESPONSE TO
DEFENDANTS' MOTION *IN LIMINE* NO.13**

Defendants move to preclude the testimony of Steve Zega (deposition or otherwise) on the basis that his testimony is improper legal opinion. Plaintiffs have designated certain deposition testimony in which Mr. Zega testifies about his communications with the County Defendants about the release of the Incident Report in response to an Arkansas Freedom of Information Act (FOIA) request. Mr. Zega's testimony is admissible for at least the following reasons.

*First*, Mr. Zega's testimony is admissible as a party admission under Federal Rule of Evidence 801(d)(2)(D) because "[t]he statement[s] [are] offered against an opposing party [here, the County Defendants] and . . . w[ere] made by the party's agent or employee on a matter within

1

the scope of that relationship and while it existed [here, Zega]." At the time of the County Defendants' disclosure, Mr. Zega was employed as the county attorney for the Washington County, and the County Defendants sought Mr. Zega's opinions about the releasability of the Incident Report in his capacity as the county attorney. (*See, e.g.*, Ex. A [Dep. Tr. of Steve Zega] at 8:18-22; 8:25-10:5, 10: 20-11, 19:16-20:12, 21:15-22:12.) Accordingly, Mr. Zega's statements were made within the scope of his employment and are clearly admissible as a party admission under the Federal rules.

*Second*, Mr. Zega's testimony is relevant to proving an element of Plaintiffs' claim for intrusion upon seclusion. A claim for intrusion upon seclusion requires, among other things, a showing that Defendants "believed or w[ere] substantially certain that" Defendants "lacked the necessary legal authority" to release the Incident Report. *See* Civil AMI 420. At his deposition, Zega testified that shortly after the County Defendants released the Incident Report to the media, the Prosecuting Attorney in the Washington County asked him to provide guidance on whether the County Defendants' release was proper. (*See, e.g.*, Ex. A [Dep. Tr. of Steve Zega] at 21:6-11.) Mr. Zega testified that he told the Prosecuting Attorney that the Incident Report should not have been released and that the County should decline further FOIA requests seeking the release of Incident Report. (*Id*., at 21:15-22.) Mr. Zega also testified that prior to the County Defendants' disclosure, no one at the Washington County Sheriff's Department asked him whether the Incident Report should be released pursuant to the FOIA request. (*Id*., at 25:19-25.) Mr. Zega's testimony strongly suggests that the County Defendants knew or were substantially certain that they lacked the necessary legal authority to release the report; otherwise, if they thought their actions were proper, there would have no reason to later seek Mr. Zega's guidance on the matter. Indeed, once Mr. Zega informed the County Defendants that the release of the

report was improper, they told him they were "unhappy" with him "because it made it seem like the sheriff's office had done something wrong in releasing the information" (*id.*, at 39:1-4)—suggesting that the County Defendants knew they had done something wrong and were upset that Mr. Zega had called them out on their wrongful behavior.

*Third*, Plaintiffs do not intend to offer Zega's testimony as an expert opinion, but rather as opinion testimony by a lay witness.  As explained in Plaintiffs' opposition to Defendants' motion *in limine* No. 13 (Dkt. 193), Mr. Zega has personal knowledge regarding whether Defendants believed, or were substantially certain, that they did not have the permission or legal authority to release the official reports to the media.

Accordingly, the Court should deny Defendants' motion *in limine* No. 13.

By: */s/ Steven E. Bledsoe*
Stephen G. Larson (admitted *pro hac vice*)
slarson@larsonllp.com
Steven E. Bledsoe (admitted *pro hac vice*)
sbledsoe@larsonllp.com
Jen C. Won (admitted *pro hac vice*)
jwon@larsonllp.com
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Shawn B. Daniels (Ark. Bar No. 99126)
*shawn@danielsfirm.com*
**DANIELS FIRM**
129 W. Sunbridge Drive
Fayetteville, AR 72703
Telephone: (479) 521-7000
Facsimile: (479) 437-2007

Attorneys for Plaintiffs JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY FORSYTH