# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**JILL DILLARD, JESSA SEEWALD,**                                   **PLAINTIFFS**
**JINGER VUOLO, and JOY DUGGAR**

**vs.**                         **CASE NO. 5:17-5089-TLB**

**CITY OF SPRINGDALE, ARKANSAS;**                              **DEFENDANTS**
**WASHINGTON COUNTY, ARKANSAS;**
**KATHY O'KELLEY, in her individual and**
**official capacities;**
**ERNEST CATE, in his individual and official capacities;**
**RICK HOYT, in his individual and official capacities;**
**STEVE ZEGA, in his official capacity;**
**And DOES 1-10, inclusive**

**FILED UNDER SEAL PURSUANT TO ORDER ENTERED 6/8/2021**

### DEFENDANTS' JOINT MOTION TO AMEND CASE MANAGEMENT ORDER TO ALLOW FOR ADDITIONAL DISCOVERY, TO SUPPLEMENT EXPERT DISCLOSURES, AND TO SUPPLEMENT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND INCORPORATED BRIEF

COME NOW the Defendants, City of Springdale, Arkansas ("Springdale"), City Attorney Ernest Cate, in his individual and official capacities ("Cate") and retired Springdale Police Chief Kathy O'Kelley, in her individual and official capacities ("O'Kelley"), (collectively the "Springdale Defendants"), and Washington County, Arkansas ("Washington County"), and former Captain Rick Hoyt ("Hoyt") (collectively the "Washington County Defendants") by and through their undersigned attorneys, and for their Joint Motion states as follows:

### RELEVANT PROCEDURAL HISTORY

1. On May 24, 2021, this Court entered an Amended Case Management Order (Doc. No. 120) thereby establishing certain discovery, motion, and pre-trial deadlines and scheduled

1

this matter for trial beginning on December 9, 2021.

        2.       The Amended Case Management Order set forth a condensed discovery deadline with a dispositive motion deadline and trial date. The parties met all applicable deadlines set forth therein.

        3.       By Text Order dated November 30, 2021 the Court continued the scheduled December 9, 2021 jury trial due to a conflict with the Court's calendar and indicated that an Amended Case Management Order would be issued.

        4.       The conflict with the Court's calendar was, presumably, the trial of *United States of America v. Joshua James Duggar*, United States District Court, Western District of Arkansas, Case No. 5:21-cr-50014-TLB ("Duggar Case").

        5.       In the Duggar Case, Jim Bob Duggar[1] testified at a November 30, 2021 evidentiary hearing.

        6.       Bobye Holt testified at the same evidentiary hearing and also testified at the trial of the Duggar Case.

        7.       The testimony elicited at the evidentiary hearing and trial regarding the

---

[1] The Defendants have previously moved this Court to allow them to take the deposition of Jim Bob Duggar outside of the discovery deadline or, alternatively, to exclude his testimony at trial because Jim Bob Duggar had intentionally dodged and avoided service, refusing the service of process behind locked gates of the compound which surrounds his home and fleeing the state and avoiding service through his counsel, so he would not have to produce documents or answer questions under oath in a deposition during an expedited discovery period prior to trial. Despite multiple attempts over several months to serve Jim Bob Duggar with a subpoena *duces tecum* and for his deposition, Defendants have been unable to obtain service on Mr. Duggar. In addition to multiple attempts by a civil process server to obtain service, counsel for Defendants has contacted counsel for Mr. Duggar in good faith attempt to secure his attendance at a deposition as well as to obtain documentation responsive to the subpoena. Mr. Duggar, not unlike other witnesses involved in the control of the Plaintiffs' lives and affairs, have acted in bad faith to gain an unfair advantage. (Doc. Nos. 190, 191).

molestations by Joshua Duggar of his sisters varies significantly from that which the Plaintiffs testified to in the course of discovery in this case, what they described to their experts who were hired by the Plaintiffs for the purposes of this litigation, and what they were instructed to describe by their public relations representative, and what they did end up describing, in public statements on national television and elsewhere. Testimony at the evidentiary hearing and at trial also centered around the public knowledge of the molestation events, including Jim and Michelle Duggar informing Jim and Bobye Holt of the details of the molestation incidents that occurred in 2003 and 2004, an awareness of another incident or incidents of sexual impropriety of Josh Duggar that occurred later when Jim Holt was running for the United States Senate and the knowledge of the incident details by friends and church members in their community.  Just as Plaintiffs' names, ages and certain identifying information were anonymized for the purposes of the public hearing and trial, the offense reports at issue in this matter were likewise redacted and anonymized, as the Defendants have argued is required under the Arkansas Freedom of Information Act ("FOIA"), for the same purpose – the right of the public to receive information through the FOIA about the investigation of an adult for acts of rape, sexual assault and molestations and the need to disclose such information in a trial proceeding.

8. The Defendants have obtained the transcript of the November 30, 2021 evidentiary hearing and are in the process of making arrangements for the expedited purchase of the transcript of the trial testimony of Bobye Holt.

9. On December 22, 2021, this Court entered a Second Amended Case Management Order thereby setting this matter for a jury trial during a two week trial term beginning on April 18, 2022.  The Defendants' requested additional discovery and supplement to the dispositive motion deadline can be accomplished expeditiously and without a continuance of the currently

scheduled trial date.  As such, no parties will suffer prejudice as a result of the relief requested herein.

## ARGUMENTS

10. Testimony is relevant for purposes of summary judgment for the following reasons:

   a. the Defendants sought the testimony of Jim Bob Duggar in this matter, which he evaded over an extended period of time through refusing the service of process, leaving the state for a long period of time and working in bad faith through his counsel;

   b. the testimony elicited at the Duggar evidentiary hearing and at Duggar criminal trial goes to the very heart of the Dillard case that, fundamentally, the information regarding the molestations that was in the offense reports released by the City and the County was never kept or regarded as private by the Duggar family, and in fact was made public through the volunteer disclosure of these facts to others in the community and to the media, including an eventual email to the *Oprah Winfrey Show* in 2006;

   c. upon the publication of the *In Touch Weekly* stories beginning in May of 2015, Jim Bob and Michelle Duggar along with several of the Plaintiffs, through the aid of their public relations representative, went on television to describe the molestations in a manner that differs from the accounts provided at the Duggar evidentiary hearing and the Duggar criminal trial;

   d. the accounts at the Duggar evidentiary hearing and Duggar criminal trial of the

        incidents of molestation and sexual misconduct differ from the accounts provided by the Plaintiffs in deposition, and significantly, also differ from the accounts of these incidents that were provided to Plaintiffs' damages experts; and

    e.  the evidence of the molestations that the Plaintiffs contend in this case was unconditionally private information and the release of which they seek damages to compensate them for emotional distress for the remainder of their life is the very same evidence used in the public and very publicized Duggar evidentiary hearing and Duggar criminal trial to procure the conviction of a child sex predator, thus rendering the Plaintiffs' claims meritless.

11.    The testimony at the Duggar evidentiary hearing and Duggar criminal trial is relevant to specific elements of the state law torts that are being asserted, including but not limited to:

    a.  <u>Invasion of Privacy – Intrusion Upon Seclusion</u>: "that the plaintiff conducted himself or herself in a manner consistent with an actual expectation of privacy", *Coombs v. J.B. Hunt Transport, Inc.*, 2021 Ark. App. 24, 4-5, 388 S.W.3d 456, 460-61;

    b.  <u>Invasion of Privacy – Public Disclosure of Private Facts</u>: "that prior to disclosure the fact was not known to the public," *Dugger v. City of Springdale*, 2020 Ark. app. 22, 14-15, and "that the fact was not of legitimate public concern," *Id; Ark. Model Jury Instr. 422*; and

    c.  <u>Outrage</u>: "the conduct was extreme and outrageous" and "the emotional distress sustained by the Plaintiff was so severe that no reasonable person could be

expected to endure it," *Finch v. Texarkana Sch. Dist. No. 7 of Miller Cty.*, 557 F. Supp. 2d 976, 984-85 (W.D. Ark. 2008); *Thorton v. Squyres*, 317 Ark. 374, 376, 877 S.W.2d 921 (1994).

12. Ultimately, the testimony in the Duggar case speaks to the right and the importance of the public to be able to receive information about those who commit sexual crimes, information which was publicly disclosed to obtain the conviction of Joshua Duggar on child pornography charges.

13. The testimony also directly applies to Plaintiffs' claims for damages in this matter as they are seeking damages for the entirety of their life. The Plaintiffs' account of the molestations that they detailed to their own expert and then testified to in deposition differ in character from the depictions in testimony at the hearing and in trial.

14. REOPEN DISCOVERY for purposes of:

   a. The deposition of Bobye Holt and Jim Holt regarding communication of the information contained in the redacted report by the Duggars and others and public knowledge of such;

   b. An order for the deposition of Chad Gallagher, who to this point has failed to comply with this Court's Order to respond to the subpoena served on him and who, upon information and belief, possesses knowledge of the publication of information contained in the redacted report; pursuant to the Order to Show Cause (the "Order") entered on August 20th, 2021. (Doc. 128), Defendant's counsel mailed a copy of the Order, certified with return-receipt requested, to Mr. Gallagher at all known mailing addresses.  Mr. Gallagher received the Order as

   evidenced by the green card filed as an exhibit to Plaintiff's counsel's affidavit. Additionally, Defendant's counsel emailed a copy of the Order to Mr. Gallagher at all known email addresses. To date, Mr. Gallagher continues to ignore the Order of this Court.

 c. An order prohibiting the testimony of Jim Bob Duggar at any trial in this case, for the reasons set forth in Defendants' Brief in Support of Joint Motion in Limine (Doc. No. 191), or in the alternative, an order compelling Jim Bob Duggar to appear and sit for deposition.

15.  The testimony has obvious implications in support of the pending motions for summary judgment. In addition to the Duggar trial and hearing transcripts which have been ordered by Defendants, Defendants expect to supplement their pending, dispositive motions with additional, new evidence establishing that the information contained in the redacted reports was not private as well as pertaining to the damages claimed by the Plaintiffs. The Defendants jointly move that the Court permit Defendants to supplement the pending motions for summary judgment after conducting the limited discovery sought in this motion by February 1, 2022 and issue an order containing a date by which a response and reply, if appropriate, must be filed. Should this Court deny the Defendants' request to reopen discovery, the Defendants request that they be provided the opportunity to supplement the pending summary judgment motions with evidence elicited at trial that was not available to the Defendants at the time of the filing of the motions.

16.  Federal Rule Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." "What constitutes good cause

sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case." 6A Charles Alan Wright et al. *Federal Practice and Procedure Civil*, § 1522.2 (3d ed.)  The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements" *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006);  see also, <u>Murguia v. Childers,</u> No. 5:20-CV-05221, 2021 WL 5364197, at *5 (W.D. Ark. Nov. 17, 2021).  Prejudice to the nonmoving party resulting from modification of the scheduling order may also be considered.  *Rahn,* 464 F.3d. at 822.

17. Good cause exists as newly discovered facts arose after the discovery and dispositive motions deadline.  The additional relevant information for which the Defendants seek to conduct discovery and to supplement the dispositive motions did not exist at the time of the discovery and dispositive motions deadline.  Such information includes, but it not limited to, that the release of the same records that forms the basis of all three of the Plaintiffs' invasion of privacy claims was also publicly disclosed to obtain a conviction of a child sexual predator.  As such, good cause exists to grant the requested relief.   Indeed, the record that was allegedly wrongfully publicly released in this case is the very same record that was publicly introduced as evidence at the November 30, 2021 Duggar evidentiary hearing.  Furthermore, in the present case, the Defendants were extremely diligent in conducting discovery in this matter on a condensed schedule.  The Defendants were also diligent in seeking to obtain discovery from Jim Bob Duggar and Chad Gallagher, who have intentionally evaded all efforts of the Defendants as has previously and timely been reported to this Court.  Finally, as the Defendants do not seek a continuance of the currently scheduled trial, the Plaintiffs will suffer no prejudice.

18. Federal Rules of Civil Procedure 15 provides and 56 further provides this Court with the discretion to allow the Defendants to supplement their summary judgment based upon

newly discovered evidence. Fed. R. Civ. P. 56; Fed. R. Civ. P. 15 (court should "freely give leave [to amend] when justice so requires").

WHEREFORE, for the reasons set forth herein, the Defendants respectfully request that this Court grant their motion and for all other just and proper relief to which they are entitled.

Respectfully Submitted,

R. Justin Eichmann (Ark. Bar No. 2003145)
Thomas N. Kieklak (Ark. Bar No. 92262)
Morgan S. Doughty (Ark. Bar No. 2010158)
HARRINGTON, MILLER, KIEKLAK, EICHMANN & BROWN, P.A.
4710 S. Thompson, Suite 102
Springdale, AR 72764
Phone: (479) 751-6464
Fax: (479) 751-3715
Email: mdoughty@arkansaslaw.com
Email: tkieklak@arkansaslaw.com
E-mail: jeichmann@arkansaslaw.com

Susan Keller Kendall (Ark. Bar No. 98119)
KENDALL LAW FIRM, PLLC
3706 Pinnacle Hills Parkway, Suite 201
Rogers, Arkansas 72758
Phone: (479) 464-9828
Fax: (479) 464-9768
Email: skk@kendalllawfirm.com
**COUNSEL FOR SPRINGDALE DEFENDANTS**

And

Jason E. Owens
Ark. Bar No. 2003003
JASON OWENS LAW FIRM
P.O. Box 850
Conway, AR 72032
Telephone: (501) 764-4334
Fax: (501) 764-9173
Email: owens@jowenslawfirm.com
**COUNSEL FOR WASHINGTON COUNTY DEFENDANTS**

**CERTIFICATE OF SERVICE**

   I, the undersigned, do hereby certify that on the 22nd day of December 2021, a true and correct copy of the above and foregoing was filed using the Court's CM-ECF System, which effected service on all counsel of record:

| | |
|---|---|
| Hilary Potashner<br>Steven E. Bledsoe<br>Stephen G. Larson<br>Jen C. Won<br>LARSON O'BRIEN, LLP<br>555 S. Flower Street<br>Suite 4400<br>Los Angeles, CA 90071<br>(213) 436-4888<br>hpotashner@larsonllp.com<br>sbledsoe@larsonobrienlaw.com<br>slarson@larsonllp.com<br>jwon@larsonllp.com | Shawn B. Daniels<br>DANIELS FIRM<br>129 W. Sunbridge Drive<br>Fayetteville, AR 72703<br>479-521-7000<br>Fax: 479-437-2007<br>shawn@danielsfirm.com |
| Jason Owens (Ark. Bar No. 2003003)<br>JASON OWENS LAW FIRM, P.A.<br>1023 Main St., Suite 204<br>Conway, Arkansas 72033<br>(501) 764-4334<br>owens@jowenslawfirm.com | |

                 R. Justin Eichmann (Ark. Bar No. 2003145)