IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY DUGGAR,<br><br>Plaintiffs,<br><br><br><br>CITY OF SPRINGDALE; WASHINGTON COUNTY; KATHY O'KELLEY; ERNEST CATE; RICK HOYT; STEVE ZEGA; BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 5:17-CV-05089-TLB<br><br>**UNDER SEAL** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION TO AMEND CASE MANAGEMENT ORDER TO ALLOW FOR ADDITIONAL DISCOVERY, TO SUPPLEMENT EXPERT DISCLOSURES, AND TO SUPPLEMENT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND INCORPORATED BRIEF**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ....................................................................................................................1

II. LEGAL STANDARDS ..........................................................................................................2

    A. The Moving Party Must Show Good Cause to Amend the Scheduling Order ...........................................................................................................................2

    B. A Moving Party May Supplement a Motion for Summary Judgment Only Upon a Showing of Good Cause ...............................................................................3

III. ARGUMENT ........................................................................................................................4

    A. There Is No Good Cause to Amend the Case Management Order to Reopen Discovery, to Supplement Expert Disclosures, or to Supplement Motions for Summary Judgment ...............................................................................4

        1. There have been no new factual developments. .........................................4

        2. The testimony at the November 29 Hearing does not contradict the accounts provided to Plaintiffs' expert and does not render Plaintiffs' claims meritless. ..................................................................................6

        3. Defendants improperly seek to relitigate whether Mr. Duggar may be called to testify. ...............................................................................................7

        4. Defendants have waived their right to depose Bobye Holt or Chad Gallagher. ...................................................................................................7

    B. Defendants Failed to Satisfy the Requirements of Rule 56 For Leave to Supplement Their Motions for Summary Judgment ...............................................8

    C. Plaintiffs Will Be Unfairly Prejudiced If Defendants' Motion Is Granted .............9

IV. CONCLUSION ...................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Bell v. Allstate Life Ins. Co.*,
 160 F.3d 452 (8th Cir. 1998) ...................................................................................................10

*Harris v. Chi. Title Ins. Co.*,
 694 F.3d 935 (8th Cir. 2012) .....................................................................................................3

*Harris v. FedEx Nat. LTL, Inc.*,
 760 F.3d 780 (8th Cir. 2014) .....................................................................................................3

*IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*,
 326 F.R.D. 513 (D. Minn. 2018).................................................................................................3

*Johnson v. Mammoth Recreations, Inc.*,
 975 F.2d 604 (9th Cir. 1992) .....................................................................................................2

*Kirklin v. Benton*,
 No. 4:18CV00792 SWW, 2020 WL 6131251 (E.D. Ark. Aug. 17, 2020), ...............................8

*Kozlov v. Associated Wholesale Grocers, Inc.*,
 818 F.3d 380 (8th Cir. 2016) ...................................................................................................10

*Sherman v. Winco Fireworks, Inc.*,
 532 F.3d 709 (8th Cir. 2008) ............................................................................................2, 3, 9

*Wallace v. Ste. Genevieve Det. Ctr.*,
 No. 4:17-CV-490-PLC, 2019 WL 2774372 (E.D. Mo. July 2, 2019) .......................................8

*Wilkes v. Nucor-Yamato Steel Co.*,
 No. 3:14-CV-002240KGB, 2017 WL 4381684 (E.D. Ark. Sept. 29, 2017) .............................9

*Williams v. TESCO Servs., Inc.*,
 719 F.3d 968 (8th Cir. 2013) .....................................................................................................4

**State Cases**

*McMullen v. McHughes Law Firm*,
 2015 Ark. 15 (2015).....................................................................................................................5

*United States v. Joshua James Duggar*,
 Case No. 5:21-cr-50014-TLB ....................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 16 ................................................................................................................2, 4

Fed. R. Civ. P. 16(b) .......................................................................................................2, 3, 4

Fed. R. Civ. P. 16(b)(3)(A) ....................................................................................................2

Fed. R. Civ. P. 16(b)(4) .....................................................................................................2, 3

Fed. R. Civ. P. 56 ...............................................................................................................3, 8

Fed. R. Civ. P. 56(c) ...............................................................................................................3

Fed. R. Civ. P. 56(e) ...............................................................................................................3

I. **<u>INTRODUCTION</u>**

Less than four months before trial, Defendants City of Springdale, Arkansas, Ernest Cate, Kathy O'Kelley (collectively, the "City Defendants"), and Washington County, Arkansas, and Rick Hoyt (collectively, the "County Defendants") (jointly with City Defendants, "Defendants") have filed a Joint Motion to Amend Case Management Order to Allow for Additional Discovery, to Supplement Expert Disclosures, and to Supplement Defendants' Motion for Summary Judgment ("Motion"). Because good cause at this late date is wholly lacking, the Court should deny Defendants' Motion.

Defendants claim that Jim Bob Duggar's and Bobye Holt's testimony at a November 29, 2021 evidentiary hearing ("November 29 Hearing") and Ms. Holt's subsequent trial testimony ("Holt Trial Testimony") in *United States v. Joshua James Duggar*, Case No. 5:21-cr-50014-TLB present new facts that vary significantly from those to which Plaintiffs Jill Dillard, Jessa Seewald, Jinger Vuolo, and Joy Forsyth (collectively, "Plaintiffs") testified and were relied upon by Plaintiffs' expert. Based on these allegedly new facts, Defendants now seek permission to conduct a number of additional depositions, supplement their expert disclosure, and supplement their briefing in support of their motions for summary judgment. Additionally, Defendants contend that these requested amendments to the Second Case Management Order would not delay the trial date or otherwise prejudice Plaintiffs. These assertions are simply not true.

The November 29 Hearing did not present any new facts, undermine the opinions of Plaintiffs' expert, or render Plaintiffs' claims meritless, as Defendants now claim. Moreover, Defendants have not identified any specific facts revealed during the Holt Trial Testimony that would justify any amendment to the current case management order.[1] Instead, Defendants'

---

[1] Plaintiffs have ordered the transcript of Ms. Holt's trial testimony in *United States v. Joshua*

1

Motion boils down to nothing more than a veiled attempt to relitigate previously raised arguments and an improper grasp for a workaround to compensate for *their* failure to meet the Court's previously set deadlines. Because no good cause exists to amend the Second Case Management Order, and due to the prejudice that Plaintiffs would suffer from the inevitable delay that any amendment would cause, Defendants' Motion should be denied in its entirety.

## II.     LEGAL STANDARDS

### A.     The Moving Party Must Show Good Cause to Amend the Scheduling Order

Federal Rule of Civil Procedure 16 provides that the court enter an order that sets forth the case schedule, including the deadline to complete discovery and file dispositive motions. Fed. R. Civ. P. 16(b)(3)(A). Once a scheduling order has been entered, the "schedule may be modified *only for good cause and with the judge's consent.*" Fed. R. Civ. P. 16(b)(4) (emphasis added).

"'The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements'. . . [C]ases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment" such that, if "that party was not diligent, the inquiry should end."). "'[T]he "good cause" standard [of Rule 16(b)]

---

*Duggar*, Case No. 5:21-cr-50014-TLB. As of the date of this filing, it has not been received. It is important to note, however, that the Defendants failed to provide any transcript excerpts from the November 29 Hearing or the Holt Trial Testimony in support of their Motion.

2

is an exacting one, for it demands a demonstration that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension.'" *IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, 326 F.R.D. 513, 522 (D. Minn. 2018) (alterations in original).

Thus, absent a change in law, newly discovered facts, or any other changed circumstances, there is no good cause to amend. *Harris v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012); *see, e.g.*, *Harris v. FedEx Nat. LTL, Inc.*, 760 F.3d 780, 786-87 (8th Cir. 2014) ("Rule 16(b)(4) of the Federal Rules of Civil Procedure requires a showing of good cause to amend outside the court's scheduling order, and 'nothing in the plaintiffs' briefs explain, or seek to explain, why they only sought leave to amend their complaint over 17 months after the deadline for doing so had passed.'"); *IBEW*, 326 F.R.D. at 522 ("'[A] party does not meet the good cause standard under Rule 16(b) if the relevant information on which it based the amended claim was available to it earlier in the litigation.'"). In addition, "[w]hile the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [courts] will not consider prejudice if [as here] the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman*, 532 F.3d at 717.

**B. A Moving Party May Supplement a Motion for Summary Judgment Only Upon a Showing of Good Cause**

Federal Rule of Civil Procedure 56 provides that in the event "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the court may "give an opportunity to properly support or address the fact." Fed. R. Civ. P. 56(e).

If a request for leave to supplement motions for summary judgment is made outside of the court's case management order, leave should not be freely given, but must only be granted

3

upon a showing of good cause per Rule 16. *See Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 977 (8th Cir. 2013) ("[A] motion for leave to amend [complaint] filed outside the district court's Rule 16(b) scheduling order requires a showing of good cause.").[2]

### III. ARGUMENT

**A. There Is No Good Cause to Amend the Case Management Order to Reopen Discovery, to Supplement Expert Disclosures, or to Supplement Motions for Summary Judgment**

1. There have been no new factual developments.

First, there are no new facts to justify reopening discovery. Defendants argue there was allegedly "new" testimony that the information regarding the molestations in the reports at issue in this case was never kept or regarded as private. However, Defendants fail to identify any excerpts from either Mr. Duggar's or Ms. Holt's testimony that support this claim.

At the November 29 Hearing, Mr. Duggar testified about Joshua Duggar's prior molestations. He claimed to not remember much, and he could not answer any questions about the Springdale Police Report. (Declaration of Steven E. Bledsoe ("Bledsoe Decl."), Ex. A [November 29 Hearing Tr.] at 74:15-20, 78:4-12.) Yet, he did testify that when he took Joshua Duggar to speak with the elders in the church, his understanding was that those conversations would be confidential. (*Id.* at 71:22-25.)

Similarly, Ms. Holt testified that on two occasions, in 2003 and 2005, Joshua Duggar told Ms. Holt about the molestations. According to Ms. Holt's testimony at the November 29 Hearing, the only other people present were Ms. Holt's husband and Joshua Duggar's parents,

---

[2] Defendants cite to Federal Rule of Civil Procedure 15 to support their request to supplement their motions for summary judgment; however, Rule 15 applies to *pleadings*, not motions for summary judgment. Defendants' reliance on that rule is therefore inapposite.

4

and both conversations occurred in the privacy of Ms. Holt's home. Ms. Holt also testified that she did not tell anyone else about the conversations (other than her husband), and that their church was fairly "small" and had only a "few" families. (*Id.* at 14:3-23, 22:19-24:3, 29:23-30:2, 32:3-6, 40:5-11, 45:6-18, 56:24-57:3.)

None of the foregoing testimony can be construed as new facts. In fact, Defendants themselves reference these same facts in their already-filed motions for summary judgment, citing to the Holt family's knowledge as evidence that the information in the reports was not private. (*See* City Defendants' Motion for Summary Judgment, Dkt. 142, at 15; County Defendants' Motion for Summary Judgment, Dkt. 138, at 21.) Defendants also raised this same argument in their motions for summary judgment—that the non-redacted information contained in the report was not private. (*See* City Defendants' Motion for Summary Judgment, Dkt. 142, at 16.)

In addition, none of the testimony cited by Defendants demonstrates that the molestations in the reports were not private. Plaintiffs' claims require *mass knowledge* of the information—but here, both Mr. Duggar and Ms. Holt testified that their conversations regarding the molestations were made in private and Ms. Holt explained that she did not tell anyone else about her conversations with Joshua Duggar. Thus, there is nothing in Mr. Duggar or Mr. Holt's testimony that shows that the molestations in the reports were known by the masses *before* the Defendants released the reports in 2015. *See, e.g.*, *McMullen v. McHughes Law Firm*, 2015 Ark. 15, 15 (2015) (alleging public disclosure of private fact claim for defendant's filing of a general public-accessible action to collect a debt she did not owe).

/ / /

/ / /

5

        2.    <u>The testimony at the November 29 Hearing does not contradict the accounts provided to Plaintiffs' expert and does not render Plaintiffs' claims meritless.</u>

Second, Defendants argue that the accounts of Plaintiffs' molestations differ from the accounts provided by Plaintiffs in their depositions and to those provided to Plaintiffs' expert, and as such, merit supplementation of their expert disclosure and motions for summary judgment. (*See* Motion at ¶¶ 7, 10d.)[3] However, Defendants provide no support for their argument. They fail to cite to any specific testimony from the November 29 Hearing or Holt Trial Testimony, Plaintiffs' deposition transcripts, or Plaintiffs' expert reports to support their argument. (*See id.*) It is not in dispute that Plaintiffs were sexually molested by Joshua Duggar when they were minor children. The specific, graphic details of the molestations as provided by Plaintiffs in 2006 were recorded in the reports that Defendants released to the public.

Furthermore, Plaintiffs are not claiming damages resulting from the molestation itself, but from Defendants' release of the confidential reports. Defendants had the opportunity to have their expert, Dr. Beaman, interview Plaintiffs and include his opinion in his expert report, but declined to do so. Instead, Defendants only retained Dr. Beaman to comment on the credibility of Plaintiffs' expert opinions. (Bledsoe Decl., Ex. B [Beaman Dep. Tr.] at 13:11-14:25.) Defendants now seek leave to supplement their expert's report at this late date to rectify an issue previously created by Defendants themselves. Defendants' half-hearted attempt to claim a contradiction exists does not amount to good cause.

/ / /

---

[3] Although Defendants title their motion to seek supplementation of expert disclosures, they do not substantively discuss it in their motion.

       3.      <u>Defendants improperly seek to relitigate whether Mr. Duggar may be called to testify.</u>

Third, Defendants improperly seek to relitigate whether Mr. Duggar may be called to testify. Plaintiffs and Defendants have already briefed this issue at length in their motions *in limine* and responses. (*See* Dkts. 190, 193 at 5-6.) As explained in those filings, it has long been known, since the beginning of this litigation in 2017, that Mr. Duggar possessed potentially relevant information. Plaintiffs should not be penalized for Defendants' failure to timely secure Mr. Duggar's deposition before trial. The Amended Case Management Order set the close of discovery on October 4, 2021. (Dkt. 120.) Not only did Defendants decline to make any request prior to the close of discovery to extend the deadline to allow for the deposition of Mr. Duggar, but they declined to make any such request until now, over two months later. Defendants have failed to display any level of diligence establishing good cause.

       4.      <u>Defendants have waived their right to depose Bobye Holt or Chad Gallagher.</u>

Fourth, Defendants are barred from seeking Ms. Holt's or Mr. Gallagher's depositions. Defendants had every opportunity to depose Ms. Holt and Mr. Gallagher and chose not to do so. Defendants have been aware of the Holt family and the potentially relevant information they held. In fact, they deposed Kaeleigh Tull, Ms. Holt's daughter. Yet, knowing this, Defendants did not seek Ms. Holt's testimony prior to the close of discovery. This is not new information.

In addition, as Defendants concede, they have been fully aware of Chad Gallagher's relationship to the Duggar family and failed to depose him. They questioned Plaintiffs about Mr. Gallagher during their depositions. (Bledsoe Decl., Ex. C [Dillard Dep. Tr.], at 19:2-20:12; Ex. D [Seewald Dep. Tr.] at 111:24-112:15; Ex. E [Vuolo Dep. Tr.] at 76:15-16; Ex. F [Forsyth Dep.

7

Tr.] at 27:19-20.)  Defendants cannot now claim that the November 29 Hearing or the Holt Trial Testimony has uncovered a "new" potential witness.  Mr. Gallagher is a long known witness that Defendants failed to obtain discovery from and now are using this request as an opportunity to obtain late discovery.

As for Defendants' argument regarding the Court's Order Granting Defendants' Motion for Order to Show Cause ordered on August 20, 2021, (Dkt. 128), the Court ordered Mr. Gallagher to comply with Defendants' subpoena and produce the requested documents or file a response explaining why he cannot or will not produce the documents by August 21, 2021.  This deadline was before the close of discovery on October 4, 2021.  (*See* Dkt. 120.)  However, Defendants took no further action.  They did not serve a notice of deposition or request sanctions against Chad Gallagher for his noncompliance within the discovery period.  Defendants were not diligent in their efforts, and as such, should not be rewarded at the expense of Plaintiffs' ability to seek a speedy resolution of their claims.  *See Wallace v. Ste. Genevieve Det. Ctr.*, No. 4:17-CV-490-PLC, 2019 WL 2774372, at *2 (E.D. Mo. July 2, 2019) (finding no good cause where defendants had adequate time for discovery and defendants failed to show the diligence required to justify modification of the scheduling order).

### B.  Defendants Failed to Satisfy the Requirements of Rule 56 For Leave to Supplement Their Motions for Summary Judgment

As expounded upon above, there have been no new factual developments warranting leave to supplement Defendants' motions for summary judgment.  Defendants were provided with ample time to draft their motions, replies, and supporting documents, and thus, should not be allowed to supplement their motions.  *See, e.g.*, *Kirklin v. Benton*, No. 4:18CV00792 SWW, 2020 WL 6131251, at *3 (E.D. Ark. Aug. 17, 2020), aff'd, 848 F. App'x 675 (8th Cir. 2021)

(denying motion for relief under Fed. R. Civ. P. 56(e)(1) as movant received ample time to file her response and failed to provide any basis for relief); *Wilkes v. Nucor-Yamato Steel Co.*, No. 3:14-CV-002240KGB, 2017 WL 4381684, at *2 (E.D. Ark. Sept. 29, 2017), judgment entered, No. 3:14-CV-00224-KGB, 2017 WL 4402220 (E.D. Ark. Sept. 29, 2017) (denying motion for leave to file statement of undisputed facts as movant had available allegations of undisputed fact when she filed her response.)

### C.  Plaintiffs Will Be Unfairly Prejudiced If Defendants' Motion Is Granted

Because Defendants have failed to establish good cause, the Court need not reach the issue of prejudice to Plaintiffs.  *See Sherman*, 532 F.3d at 717.  However, even if this Court were to find that the testimony amounts to good cause, the Court should nonetheless deny Defendants' Motion as granting it would cause unfair prejudice to Plaintiffs.  Trial was originally scheduled in this matter on December 9, 2021.  Trial was reset by the Court for April 18, 2022.  As the trial date is currently scheduled, it will have been five years since Plaintiffs began this litigation and thus it will have taken five years for Plaintiffs to achieve justice.  If the Court were to grant Defendants' request and amend its case management order, it would cause unfair prejudice to Plaintiffs because it would inevitably cause a further delay of trial.

Defendants are requesting an amendment of the case management order to reopen discovery so that they can take the depositions of Mr. Duggar, Ms. Holt, and Mr. Gallagher. Thereafter, Defendants will endeavor to use the acquired testimony to supplement their motions for summary judgment and expert disclosure.  Defendants assert, without any support, that this additional discovery and supplemental briefing would be accomplished "expeditiously and without a continuance of the currently scheduled trial date." (Motion at 3-4.)  With less than four months before trial, it is unreasonable to conclude that Defendants will depose multiple

9

witnesses, supplement their motions for summary judgment, supplement their expert disclosure, and provide Plaintiffs with a reasonable opportunity to respond to their supplemental pleadings prior to the current trial date. This amounts to the kind of unfair prejudice that courts uniformly disfavor. *See Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016) (stating motions that prejudice nonmoving party including requiring a re-opening of discovery with additional costs, significant postponement of trial, and likely major alteration in trial tactics are disfavored); *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454-55 (8th Cir. 1998) (denying motion for leave to file amended complaint because of undue delay, prejudice to defendants in having to reopen discovery close to trial, and because the only reason for untimeliness was movant's lack of due diligence).

Allowing Defendants to reopen discovery to take the depositions of Mr. Duggar, Ms. Holt, and Mr. Gallagher, and to supplement their expert disclosure and motions for summary judgment due to their own lack of diligence would unfairly prejudice Plaintiffs by delaying trial and causing Plaintiffs to incur additional costs. Therefore, the Court should deny Defendants' Motion.

## IV. CONCLUSION

Accordingly, because there is no good cause to amend the Second Amended Case Management Order and because any delay in the case schedule will unfairly prejudice Plaintiffs, the Court should deny Defendants' Joint Motion to Amend Case Management Order to Allow for Additional Discovery, to Supplement Expert Disclosures, and to Supplement Defendants' Motion for Summary Judgment.

Respectfully submitted,

By: /s/ *Steven E. Bledso*e
    Stephen G. Larson (admitted *pro hac vice*)
    *slarson@larsonllp.com*
    Steven E. Bledsoe (admitted *pro hac vice*)
    *sbledsoe@larsonllp.com*
    Hilary Potashner (admitted *pro hac vice*)
    *hpotashner@larsonllp.com*
    Jen C. Won (admitted *pro hac vice*)
    *jwon@larsonllp.com*
    **LARSON LLP**
    555 South Flower Street, Suite 4400
    Los Angeles, California 90071
    Telephone: (213) 436-4888
    Facsimile: (213) 623-2000

    Shawn B. Daniels (Ark. Bar No. 99126)
    *shawn@danielsfirm.com*
    **DANIELS FIRM**
    129 W. Sunbridge Drive
    Fayetteville, AR 72703
    Telephone: (479) 521-7000
    Facsimile: (479) 437-2007

    Attorneys for Plaintiffs JILL DILLARD, JESSA SEEWALD, JINGER VUOLO, and JOY FORSYTH